ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
          wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

DIANE G. KINDERMANN (State Bar No. 144426)
GLEN C. HANSEN (State Bar No. 166923)
Abbott & Kindermann, Inc.
2100 21st Street
Sacramento, California 95818
Tel: (916) 456-9595
Fax: (916) 456-9599
E-mail:ghansen@aklandlaw.com
          dkindermann@aklandlaw.com

Attorneys for Defendants
BUTTE COUNTY DEPARTMENT OF
PUBLIC WORKS, DENNIS SCHMIDT,
ERIC MILLER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS, a non-profit land trust organization,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, a political subdivision of the State of California, DENNIS SCHMIDT, and individual, and ERIC MILLER, an individual,<br><br>Defendants. | Case No. 2:20-cv-00123-KJM-DMC<br><br><br><br>**JOINT STATUS REPORT** |

1   Pursuant to the Court's January 16, 2020 Order (ECF No. 3) and counsel's further meet and

2   confer regarding discovery pursuant to that order, the parties have prepared and submit the following

3   joint status report:

4   **I.     Brief Summary of the Claims and Legal Theories Under Which Recovery is Sought or**

5   **Liability is Denied.**

6      1. **Plaintiff's Statement.**  This is a citizen suit enforcement action filed by California Open

7   Lands ("COL") under section 505 of the Clean Water Act, 33 U.S.C. § 1365.  Defendants operate a

8   solid waste disposal site and transfer/processing facility located at 1023 Neal Road, in Paradise,

9   California.  The Complaint alleges that Defendants have violated and continue to violate Section

10  301(a) of the Clean Water Act, 33 U.S.C. § 1311(a) by discharging pollutant-contaminated storm

11  water from point sources at Defendants' facility in violation of the General Permit to a wetland

12  preserve protected by a conservation easement, which discharges into an unnamed tributary to

13  Hamlin Slough, then into Hamlin Slough, which is a tributary to Butte Creek, which discharges to

14  the Sacramento River, and the Sacramento-San Joaquin Delta, all of which are waters of the United

15  States.  More specifically, Plaintiff alleges that Defendants discharge storm water with excessive

16  pollutant concentrations from the Facility into waters of the United States without applying certain

17  requisite pollution control technologies, and that such pollutant concentrations exceed certain water

18  quality standards and benchmark levels established by the United States Environmental Protection

19  Agency ("EPA") and the California State Water Resources Control Board.  COL also alleges that

20  Defendants have failed to implement the required Best Available Technology Economically

21  Achievable ("BAT") for toxic and nonconventional pollutants and the Best Conventional Pollutant

22  Control Technology ("BCT") for conventional pollutants.  COL alleges that Defendants continue to

23  fail to develop and implement an adequate Storm Water Pollution Prevention Plan, and an adequate

24  Monitoring Implementation Plan.  Based upon these allegations, COL seeks civil penalties,

25  injunctive relief, and costs (including reasonable attorney, witness, and consultant fees) as

26  authorized by the Act, 33 U.S.C. § 1365(d).

27     2. **Defendants' Statement**.

1      The Neal Road Recycling and Waste Facility ("Facility") is a 189.8-acre Solid Waste Disposal

2   Site and Trans/Processing Facility in Paradise, California, of which 140 acres is for "Disposal," and

3   10 acres is for "Transfer/Processing." There is a preserve that is protected by a conservation

4   easement that is adjacent to the Facility, and such preserve flows into an unnamed tributary to

5   Hamlin Slough, then into Hamlin Slough, which is a tributary to Butte Creek, which in turn is a

6   tributary to the Sacramento River and the Sacramento-San Joaquin Delta, and the Delta and its

7   tributaries are waters of the United States within the meaning of the Clean Water Act.  Defendants

8   admit that storm water discharges at the Facility are directed through a series of basins, pipes and

9   ditches to a sedimentation basin located on the west part of the Facility; that the sedimentation basin

10   is drained through a Portland Cement Concrete weir located on the west side of the basin; that the

11   discharge of storm water from the sediment basin only occurs when there are extreme weather

12   events known as an atmospheric river; that storm water discharges at the base of the weir pass over

13   large boulders, a gravel road, and then a gently sloping southwest trending grass covered field; that

14   storm water discharges from the weir would flow in a southwest direction by gravity sheet flow; that

15   no defined drainage channel exists in the grass covered field directly connecting the weir discharge

16   point to the unnamed intermittent drainageway located in Nance Canyon; that the southwest gravity

17   sheet flow of storm water discharged from the weir would flow about one mile to the unnamed

18   Nance Canyon intermittent drainageway; and that it is unlikely that Facility storm water discharges

19   enter this intermittent drainageway given the travel distance from the Facility discharge point to the

20   intermittent drainageway.  Defendants deny that they discharged polluted storm water from the

21   Facility in violation of Section 301 of the Clean Water Act and deny that any alleged violation is

22   ongoing and continuous. Also, contrary to Plaintiffs' allegations, the amended SWPPP, amended site

23   plans and other documents that Defendants uploaded to SMARTS between August 10, 2015 and

24   September 30, 2019, were not significant revisions, and therefore an amended SWPPP was not

25   required to be uploaded or certified. Furthermore, while on three occasions during February and

26   March 2019, Facility staff became aware of landfill leachate seeping out of the Facility's Module 4

27   face and into Sediment Basin 4 that is located downstream of Module 4, such landfill leachate was

Joint Status Report                                        3                          Case No. 2:20-cv-00123-KJM-DMC

1   not discharged into the preserve protected by the conservation easement, contrary to Plaintiff's

2   allegations.  In addition, contrary to Plaintiffs' allegations, Defendants' storm water controls and

3   management practices at the Facility achieve BAT and BCT standards.  Finally, contrary to

4   Plaintiff's' allegations, Defendants have fulfilled the requirements set forth in the General Permit for

5   discharges from the Facility; have developed and implemented an adequate Storm Water Pollution

6   Prevention Plan and adequate storm water monitoring, reporting and sampling programs at the

7   Facility; and have not discharged, and are not now discharging, unauthorized non-storm water from

8   the Facility.  Plaintiffs are therefore not entitled to any relief in this matter whatsoever.

9   **II.     Status of Service Upon All Defendants.**

10          Plaintiff perfected service of process on all Defendants on January 31, 2020.  Plaintiff filed a

11  Certificate of Service on February 5, 2020 (ECF No. 6).  Defendants responded to the Complaint by

12  filing an Answer on February 27, 2020 (ECF No. 8).  All parties have been served.

13  **III.    Possible joinder of additional parties**

14      A.  **Plaintiff's Statement.**  After receiving Defendants' discovery responses, COL may seek to

15  join additional defendants, but none are anticipated at this time.

16      B.  **Defendants' Statement.**  Defendants do not anticipate seeking leave to join additional

17  parties.

18  **IV.    Any expected or desired amendment of pleadings**

19      A.  **Plaintiff's Statement.**  After receiving Defendants' discovery responses, COL may seek to

20  amend the Complaint to reflect claims of additional violations by Defendants, but no amendments

21  are anticipated at this time.

22      B.  **Defendants' Statement.**  Defendants do not anticipate seeking leave to amend their

23  pleadings.

24  **V.     Jurisdiction and venue**

25          This Court has subject matter jurisdiction over the parties and the subject matter of this

26  action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A), and 28

27  U.S.C. § 1331 (action arising under the laws of the United States).  Venue is proper in the Eastern

1   District of California pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1), because the

2   source of the alleged violations is located within this judicial district.  Pursuant to Local Rule 120(d),

3   intra-district venue is proper in Sacramento, California because the sources of the violations are

4   located within Butte County.

5   **VI.    Anticipated Motions and the Scheduling of Motions**

6       **A.  Plaintiff's Statement.**  Plaintiff believes this matter is ripe for summary adjudication and

7   anticipates filing a motion for summary judgment as soon as practicable in the event that settlement

8   discussions should reach an impasse.

9       **B.  Defendants' Statement.**  Defendants' anticipate that the they will file a motion for summary

10  adjudication and/or summary judgment if a settlement is not reached between the parties.

11  **VII.   Anticipated discovery and the scheduling of discovery**

12              **a.  Changes to timing, form, or requirement for disclosures under Rule 26(a).**

13                  **i.   Plaintiff's Statement.**  No changes to the timing, form, or requirement for

14  disclosures under Rule 26(a) are necessary.  Defendants wish to delay these disclosures, but have not

15  provided a detailed explanation for why they are unable to comply with Rule 26(a).  The Facility is

16  an "Essential Business" under the Shelter-in-Place order and is allowed to continue operations.

17  While Plaintiff is keenly aware of the difficulties posed by the COVID-19 pandemic, Defendants

18  have not provided enough information to warrant a delay.  To the extent that specific information is

19  unavailable to Defendants because of difficulties arising from the COVID-19 pandemic, the specific

20  circumstances of their inability to provide that information should be provided to Plaintiff by May 6,

21  2020, as well as a plan for how they intend to overcome the difficulty, and a timeline for disclosure.

22  To the extent that information is already available to Defendants, that information should be

23  provided, pursuant to Rule 26(a), no later than May 6, 2020.

24                  **ii.  . Defendants' Statement.** Defendants request that the Court order (1) that the

25  deadline for initial disclosures to be exchanged be extended to no later than July 6, 2020, and (2) that

26  the deadline for initial exchange of documents be extended to no later than July 27, 2020.  The

27  County, as an essential business and local agency, is focused on responding to the COVID-19

pandemic and is not operating as it would normally.   March 6, 2020, due to the impacts of the pandemic on the County, Dr. Andrew Miller, the County's Health Officer issued a local health emergency declaration and the County's Assistant Chief Administrative Officer issued a local emergency proclamation, both of which were ratified by the Board of Supervisors.  As a result of the public health emergency, County Counsel attorneys working on this matter have been focused on legal concerns related to the pandemic.  In light of the Shelter-in-Place orders due to COVID-19 and related health concerns, County Counsel attorneys are rotating through the office on a staggered schedule and/or are working remotely entirely.  Due to social distancing requirements, it is difficult for staff and counsel to meet, review and discuss the disclosures in an efficient way.  Furthermore, Defendants have already responded to Plaintiff's California Public Records Act request(s) that have provided Plaintiff with a substantial amount of the information and documents to be included in the Rule 26(a) disclosure.  Also, Plaintiff has already made numerous site visits to the preserve area, and Defendants will continue to try to work cooperatively with them, including an additional site inspection as the Shelter-in-Place requirements allow.  In addition, the County has expressed its intention to mediate and settle this dispute. The parties have discussed the fact that copying and providing documents is not an efficient use of time and will result in less funds available for settlement.  As a result of the COVID-19 pandemic, the County's revenues are decreasing, which could further impact funds available for settlement; spending additional attorney time and fees on discovery when settlement is under discussion is not logical.  The July 6 and July 27 dates are reasonable times in light of the unpredictability of when Defendants' operations will be back to a more normal schedule and staff will be able to return to the workplace to meet and review the disclosures.

      **iii.   Joint Statement.** The Parties agree to an electronic service agreement, with respect to the production of documents only, as follows.  Documents will be produced electronically, in .pdf format, except where the document is a photograph (in which case it can also be produced in .jpg format) or a video (in which case it shall be produced in either .mov or .mp4 formats).  All document production shall be made by email or, where the size of the production is too voluminous,

shared through DropBox or Google Drive, or other similar electronic repository with an on-line link readily available to the party receiving documents.  All productions shall be electronically Bates-stamped, with Plaintiff's production commencing with "PLF 000001" and Defendants' production commencing with "DEF 000001" or something similar.  The documents will be produced in one of the following ways: (a) in one or more large .pdfs in which multiple documents are combined into one .pdf file, but the .pdf will be bookmarked; or (b) where each document (not every page) will be produced as a separate .pdf file.

**b.   Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases, or limited.**

**i.   Plaintiff's Statement.**  Plaintiff will propound document requests, interrogatories, requests for admission, notices of inspection of the facility, and notices of deposition.  COL anticipates propounding discovery on Defendants' operations and management of the Facility; information relating to Defendants' collection and reporting of discharge samples; information relating to Defendants' interactions and communications with the Regional Water Quality Control Board, and the California State Water Resources Control Board; and all information pertinent to the penalty factors to be considered under the Act.  COL also intends to depose Defendants' employees, managers and other agents, as well as public agency personnel, who may have information relevant to the case.

**ii.   Defendants' Statement.**  Defendants will propound document requests, interrogatories, requests for admission and notices of deposition, as applicable, on each and every claim made by COL in the Complaint.

**c.   Timing.**  The Parties propose the following deadlines:

July 1, 2021:                      Completion of non-expert discovery;

July 22, 2021:                     Last day for expert disclosures and exchange of expert reports;

August 19, 2021:                   Last day to designate supplemental experts and exchange expert

rebuttal reports;

October 18, 2021:                    Completion of expert discovery;

March 28, 2022:                    Last day to file dispositive motions;

**Phases/Limits.**  At this point neither Plaintiff nor Defendants anticipate a need to separate discovery into phases or limit discovery to any particular issue.

**d. Changes, if any, in the limitations on discovery imposed under the Civil Rules.** The Parties do not anticipate any changes to the limitations on discovery imposed under the Civil Rules.

**e. Timing of the disclosure of expert witnesses and information required by Rule 26(a)(2).**  See proposed schedule above.

**VIII. Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and the scheduling of pretrial and trial.**  See proposed schedule above.

**IX. Appropriateness of special procedures**

**a.** This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**X. Estimate of trial time.**

Both parties estimate the trial will require five (5) to seven (7) court days.

**XI. Modification of standard pretrial procedures**

**a.** No modifications are requested or appear necessary.

**XII. Related cases**

**a.** There are no related cases.

**XIII. Settlement conference**

The Parties have discussed conducting a settlement-protected site visit; however, the COVID-19 pandemic has delayed those efforts.  Plaintiff will provide to Defendants a letter outlining a comprehensive settlement demand for Defendants' review once that site visit is arranged

1    and conducted.  The Parties have discussed stipulating to an order referring this matter to a

2    settlement conference with Magistrate Judge Kendall J. Newman.

3    **XIV.    Other matters.**  There are no other matters at this time.

4    Dated: May 6, 2020            Respectfully Submitted,

5                                  LAW OFFICES OF ANDREW L. PACKARD

6                                  By:      /s/ William N. Carlon
                                   William N. Carlon
7                                  Attorneys for Plaintiff
                                   CALIFORNIA OPEN LANDS
8
     Dated:  May 6, 2020           ABBOTT & KINDERMANN, INC.
9
                                   By:     /s/ Glen Hansen
10                                 Glen Hansen
                                   Attorneys for Defendants
11                                 BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS,
                                   DENNIS SCHMIDT, ERIC MILLER
12

13

14

15                                **ATTESTATION FOR E-FILING**

16          I hereby attest pursuant to Civil L.R. 5-1(i)(3) that I have obtained concurrence in the filing of
     this document from the other Signatory prior to filing.
17

18   Dated: May 6, 2020                  By: /s/ William N. Carlon

19

20

21

22

23

24

25

26

27