1  ANDREW L. PACKARD (State Bar No. 168690)
   WILLIAM N. CARLON (State Bar No. 305739)
2  Law Offices of Andrew L. Packard
   245 Kentucky Street, Suite B3
3  Petaluma, CA 94952
   Tel: (707) 782-4060
4  E-mail: andrew@packardlawoffices.com
            wncarlon@gmail.com
5

6  Attorneys for Plaintiff
   CALIFORNIA OPEN LANDS

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 | CALIFORNIA OPEN LANDS, a non-profit land trust organization, | Case No. 2:20-cv-00123-KJM-DMC |
|---|---|
| Plaintiff, | **PLAINTIFF CALIFORNIA OPEN LANDS' NOTICE OF MOTION AND MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 36** |
| vs. | (Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387) |
| BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, a political subdivision of the State of California, DENNIS SCHMIDT, an individual, and ERIC MILLER, an individual, | Date: February 9, 2022 Time: 10:00 a.m. Hon. Magistrate Dennis M. Cota |
| Defendants. | |

21  TO DEFENDANTS BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, DENNIS

22  SCHMIDT, ERIC MILLER, and THEIR ATTORNEYS OF RECORD:

23      PLEASE TAKE NOTICE that on February 9, 2022, at 10:00 a.m., or as soon thereafter as

24  the matter can be heard, at the United States Federal Court in the Eastern District of California, in

25  the courtroom of the Honorable Magistrate Judge Dennis M. Cota, located at the Redding Federal

26  Courthouse, 2986 Bechelli Lane in Redding, California, Plaintiff California Open Lands (hereafter

27  "COL") will, and hereby does, move for an order granting COL's Motion To Compel Further

28  NOTICE OF MOTION AND MOTION            1                Case No. 2:20-cv-00123-KJM-DMC
    TO COMPEL RFA RESPONSES

Responses to Request for Admission Pursuant To Federal Rule Of Civil Procedure 36 ("Motion") and ordering Defendants to respond in a manner consistent with COL's requests, issued to Defendants on October 23, 2020 (attached hereto as **Exhibit A**).

The parties have met and conferred several times, exchanging letters and emails regarding this dispute and, having been unable to resolve it, now seek assistance from the Court.

COL further moves, pursuant to F.R.C.P. 37(a)(4), that Defendants be required to pay COL the reasonable expenses, including attorneys' fees, incurred by COL in bringing this motion. The motion is based on this Notice of Motion and Motion, the Joint Statement re Discovery Disagreements to be filed in accordance with Local Rule 37-251, all of the files and records in this action, and on any additional material that may be elicited at the hearing of this motion.

Dated: January 19, 2022          Respectfully Submitted,

                                 LAW OFFICES OF ANDREW L. PACKARD

                                 By:    /s/ Andrew L. Packard
                                        Andrew L. Packard
                                        Attorneys for Plaintiff
                                        CALIFORNIA OPEN LANDS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19               **PLAINTIFF'S EXHIBIT A**
20
21
22
23
24
25
26
27
28

ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
         wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| CALIFORNIA OPEN LANDS, a non-profit land trust organization, | Case No. 2:20-cv-00123-KJM-DMC |
|---|---|
| Plaintiff, | **PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE** |
| vs. | |
| BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, et al, | |
| Defendants. | |

PROPOUNDING PARTY:    Plaintiff California Open Lands

RESPONDING PARTIES:    Defendants Butte County Department of Public Works, Dennis Schmidt, and Eric Miller

SET NUMBER:    ONE

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff California Open Lands ("COL") hereby requests that Defendants Butte County Department of Public Works, Dennis Schmidt, and Eric Miller ("DEFENDANTS") respond to the following document requests within 30 days from the date of service.

## INSTRUCTIONS

A.    The subject matter of these Requests for Admission shall be deemed admitted unless, within 30 days after service of these Requests, DEFENDANTS serve upon PLAINTIFF a written answer or objection addressed to the matter, signed by DEFENDANTS or by the

DEFENDANTS' attorney(s).

B. If an objection is made, the reasons therefore shall be stated. If the answer is a denial it shall specifically deny the matter set forth in detail, and the reasons why YOU cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission and, when good faith requires that YOU qualify an answer or deny only a part of the matter of which an admission is requested, YOU shall specify so much of it as is true and qualify or deny the remainder. YOU may not give lack of knowledge as a reason for failure to admit or deny unless YOU state that YOU have made a reasonable inquiry, including a review of documents cited in these Requests for Admission and that the information known or readily obtainable by YOU is insufficient to enable YOU to admit or to deny. If YOU consider that a matter upon which an admission has been requested presents a genuine issue for trial, YOU may not, on that ground alone, object to the request. YOU may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why YOU cannot admit or deny it.

## DEFINITIONS

1) "ADDRESS" means the street address, including the city, state, and zip code.

2) "ANNUAL REPORT" refers to the Annual Report described in the GENERAL PERMIT to be submitted to the REGIONAL BOARD.

3) "BAT" or "BEST AVAILABLE CONTROL TECHNOLOGY ECONOMICALLY ACHIEVABLE" is used herein as defined in the Federal Water Pollution Control Act and its implementing regulations.

4) "BCT" or "BEST CONVENTIONAL POLLUTANT CONTROL TECHNOLOGY" is used herein as defined in the Federal Water Pollution Control Act and its implementing regulations.

5) "BMPs" or "BEST MANAGEMENT PRACTICES" are used herein as defined in the Federal Water Pollution Control Act and its implementing regulations.

6) "CAMP FIRE CLEANUP" shall refer to the efforts to remove ash, debris, concrete, metal, and contaminated soil from the areas impacted by the 2018 Camp Fire in Butte

County.

7) "CLEAN WATER ACT" or "CWA" means the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq*.

8) "CONSERVATION EASEMENT" shall mean document number 2007-0051757 that was recorded with the Office of the Butte County Recorder.

9) "DISCHARGE LOCATIONS" shall mean the same thing as it does in the GENERAL PERMIT.

10) "EPA" as used herein refers to the United States Environmental Protection Agency.

11) "FACILITY" as used herein refers to the FACILITY located at 1023 Neal Road, Paradise, California.

12) "FLOWING" as used herein shall mean "moving from."

13) "GENERAL PERMIT" refers to National Pollutant Discharge Elimination System Permit No. CAS000001, State Water Resources Control Board Water Quality Order No. 91-13-DWQ, as amended by Water Quality Order 92-12-DWQ, Water Quality Order 97-03-DWQ and Water Quality Order 14-57-DWQ.

14) "HAZARDOUS MATERIALS" or "HAZARDOUS SUBSTANCES" as used herein shall mean all substances designated under Section 101(14) of Comprehensive Environmental Response, Compensation and Liability Act.

15) "LANDFILL WASTEWATER" shall mean the same thing as it does in 40 C.F.R. § 445.2(f).

16) "MONITORING PROGRAM" or "MONITORING IMPLEMENTATION PLAN" refers to the written Monitoring Program/Plan that is required by the GENERAL PERMIT.

17) "NOTICE OF INTENT" or "NOI" shall mean the same as it does under Section II of the GENERAL PERMIT.

18) "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

19) "POLLUTANT" or "POLLUTANTS" shall mean the same as it does under

Section 502 of the Clean Water Act ("dredged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water").

20) "REGIONAL BOARD" as used herein refers to the Regional Water Quality Control Board, North Coast Region, and its agents, employees, staff, Board members and anyone else acting on its behalf.

21) "SMARTS" shall mean the Stormwater Multiple Application and Report Tracking System website operated by the California State Water Resources Control Board.

22) "STORM DRAIN" or "STORM DRAINS" refers to any drop inlets that collect or convey STORM WATER at the FACILITY.

23) "STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY" is used herein as that term is defined in the GENERAL PERMIT.

24) "STORM WATER CONVEYANCE" or "STORM WATER CONVEYANCES" refers to any conveyance within the FACILITY which is used for collecting and conveying STORM WATER.

25) "STORM WATER SAMPLING LOCATION" or "STORM WATER SAMPLING LOCATIONS" is used herein as defined in the GENERAL PERMIT.

26) "STORM WATER" means storm water runoff, snow melt runoff, and storm water surface runoff and drainage, as defined in the GENERAL PERMIT.

27) "SWPPP" refers to the "Storm Water Pollution Prevention Plan" as described in the GENERAL PERMIT.

28) "WATER QUALITY CRITERIA" or "WATER QUALITY CRITERION" is used herein as including both "criteria" and "Section 304(a) Criteria" as those terms are defined by EPA in Title 40, Section 131.3 of the Code of Federal Regulations (40 C.F.R. § 131.3).

29) "WATERS OF THE UNITED STATES" is used herein as defined in the Federal Water Pollution Control Act and its implementing regulations.

30) "WETLAND PRESERVE" shall mean the 6.08 acres of land covered under the CONSERVATION EASEMENT.

31) "YOU" and "YOUR" as used herein refers to DEFENDANTS, their agents, employees, consultants, insurance companies, attorneys, accountants, investigators, and anyone else acting on DEFENDANTS' behalf.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

That the FACILITY is subject to the GENERAL PERMIT.

**REQUEST FOR ADMISSION NO. 2:**

That DEFENDANTS operate the FACILITY.

**REQUEST FOR ADMISSION NO. 3:**

That the WETLAND PRESERVE contains three acres of created WATERS OF THE UNITED STATES.

**REQUEST FOR ADMISSION NO. 4:**

That the WETLAND PRESERVE contains three acres of avoided WATERS OF THE UNITED STATES.

**REQUEST FOR ADMISSION NO. 5:**

That the WETLAND PRESERVE contains three acres of preserved WATERS OF THE UNITED STATES.

**REQUEST FOR ADMISSION NO. 6:**

That STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITIES generated at the FACILITY is discharged into the WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 7:**

That HAZARDOUS MATERIALS are received, stored and handled at the FACILITY.

**REQUEST FOR ADMISSION NO. 8:**

That on February 14, 2019, LANDFILL WASTEWATER was pumped from Sediment Basin 4 into a storm water conveyance ditch which flows into the WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 9:**

That on February 14, 2019, LANDFILL WASTEWATER from Sediment Basin 4 discharged into the WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 10:**

That on February 27, 2019, LANDFILL WASTEWATER was pumped from Sediment Basin 4 into a storm water conveyance ditch which flows into the WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 11:**

That on February 27, 2019, LANDFILL WASTEWATER from Sediment Basin 4 discharged into the WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 12:**

That on October 16, 2019, LANDFILL WASTEWATER leaked from a broken leachate conveyance pipe onto soil in the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 13:**

That on October 16, 2019, LANDFILL WASTEWATER leaked from a broken leachate conveyance pipe into WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 14:**

That on October 17, 2019, YOU excavated soil within the WETLAND PRESERVE that had come into contact with LANDFILL WASTEWATER.

**REQUEST FOR ADMISSION NO. 15:**

That the excavated soil taken from the WETLAND PRESERVE on October 17, 2019 was removed from the created WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 16:**

That between August 10, 2015 and September 30, 2019, the FACILITY did not amend its SWPPP.

**REQUEST FOR ADMISSION NO. 17:**

That between August 10, 2015 and September 30, 2019, the FACILITY did not revise its SWPPP.

**REQUEST FOR ADMISSION NO. 18:**

That between August 10, 2015 and September 30, 2019, no amended SWPPP for the FACILITY was uploaded to SMARTS.

**REQUEST FOR ADMISSION NO. 19:**

That the FACILITY'S September 30, 2019 SWPPP does not describe any created WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 20:**

That the FACILITY'S September 30, 2019 SWPPP does not describe any avoided WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 21:**

That the FACILITY'S September 30, 2019 SWPPP does not describe any preserved WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 22:**

That none of the FACILITY'S site maps identify any created WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 23:**

That none of the FACILITY'S site maps identify any avoided WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 24:**

That none of the FACILITY'S site maps identify any preserved WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 25:**

That the FACILITY'S September 30, 2019 SWPPP does not identify the points at which STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY is discharged into the WETLAND PRESERVE as DISCHARGE LOCATIONS.

**REQUEST FOR ADMISSION NO. 26:**

That soil from the CAMP FIRE CLEANUP was placed within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 27:**

That soil from the CAMP FIRE CLEANUP was placed upstream of the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 28:**

That STORM WATER that had come into contact with soil from the CAMP FIRE CLEANUP discharged into the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 29:**

That the FACILITY'S MONITORING IMPLEMENTATION PROGRAM does not identify any WATERS OF THE UNITED STATES within the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 30:**

That the FACILITY'S MONITORING IMPLEMENTATION PROGRAM does not identify any sample locations for STORM WATER FLOWING into the WETLAND PRESERVE.

**REQUEST FOR ADMISSION NO. 31:**

That the FACILITY'S MONITORING IMPLEMENTATION PROGRAM does not require samples of STORM WATER collected at the FACILITY to be analyzed for biological oxygen demand.

**REQUEST FOR ADMISSION NO. 32:**

That the FACILITY has never analyzed samples of STORM WATER collected at the FACILITY for biological oxygen demand.

**REQUEST FOR ADMISSION NO. 33:**

That the FACILITY'S MONITORING IMPLEMENTATION PROGRAM does not require samples of STORM WATER collected at the FACILITY to be analyzed for ammonia (as nitrogen).

**REQUEST FOR ADMISSION NO. 34:**

That the FACILITY has never analyzed samples of STORM WATER collected at the

FACILITY for ammonia (as nitrogen).

**REQUEST FOR ADMISSION NO. 35:**

That the FACILITY'S MONITORING IMPLEMENTATION PROGRAM does not require samples of STORM WATER collected at the FACILITY to be analyzed for a-Terpineol.

**REQUEST FOR ADMISSION NO. 36:**

That the FACILITY has never analyzed samples of STORM WATER collected at the FACILITY for a-Terpineol.

**REQUEST FOR ADMISSION NO. 37:**

That the FACILITY'S MONITORING IMPLEMENTATION PROGRAM does not require samples of STORM WATER collected at the FACILITY to be analyzed for Benzoic acid.

**REQUEST FOR ADMISSION NO. 38:**

That the FACILITY has never analyzed samples of STORM WATER collected at the FACILITY for Benzoic acid.

**REQUEST FOR ADMISSION NO. 39:**

That the FACILITY'S MONITORING IMPLEMENTATION PROGRAM does not require samples of STORM WATER collected at the FACILITY to be analyzed for p-Cresol.

**REQUEST FOR ADMISSION NO. 40:**

That the FACILITY has never analyzed samples of STORM WATER collected at the FACILITY for p-Cresol.

**REQUEST FOR ADMISSION NO. 41:**

That the FACILITY'S MONITORING IMPLEMENTATION PROGRAM does not require samples of STORM WATER collected at the FACILITY to be analyzed for Phenol.

**REQUEST FOR ADMISSION NO. 42:**

That the FACILITY has never analyzed samples of STORM WATER collected at the FACILITY for Phenol.

**REQUEST FOR ADMISSION NO. 43:**

That between November 15, 2014 and the present, DEFENDANTS failed, with respect

to the metals analyses, to analyze all samples of STORM WATER ASSOCIATED WITH INDUSTRIAL ACTIVITY discharged from the FACILITY for the "Total Metal" with respect to each individual metal analyzed.

**REQUEST FOR ADMISSION NO. 44:**

That between November 15, 2014 and the present, DEFENDANTS failed to collect samples from all discharge points during each STORM WATER sampling event.

**REQUEST FOR ADMISSION NO. 45:**

That between November 15, 2014 and the present, DEFENDANTS failed to collect the required number of STORM WATER samples during each reporting period under the GENERAL PERMIT.

Dated: October 23, 2020                LAW OFFICES OF ANDREW L. PACKARD

_____
William N. Carlon
Attorneys for Plaintiff
California Sportfishing Protection Alliance

**PROOF OF SERVICE**

I, William N. Carlon, declare as follows:

I am a resident of the State of California, and employed in Petaluma, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 245 Kentucky Street, Suite B3, Petaluma, California, 94952.

On October 23, 2020, I served the following document(s):

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

by placing a true and correct copy thereof in a sealed envelope, first class postage prepaid, addressed to the party listed below, and depositing it in a United States Postal Service mail box:

Diane G. Kindermann Henderson
ABBOT & KINDERMANN, INC.
2100 21st Street
Sacramento, CA 95818

I certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2020, at Napa, California.

_____
William N. Carlon