ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
E-mail: andrew@packardlawoffices.com
          wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

DIANE KINDERMANN (State Bar No. 144426)
GLEN HANSEN (State Bar No. 166923)
Abbott & Kindermann, Inc.
2100 21st Street
Sacramento, CA 95818
Tel: (916) 456-9595

Attorneys for Defendants
BUTTE COUNTY DEPARTMENT
OF PUBLIC WORKS, DENNIS SCHMIDT,
and ERIC MILLER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS, a non-profit land trust organization, <br><br> Plaintiff, <br><br> vs. <br><br> BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, a political subdivision of the State of California, DENNIS SCHMIDT, an individual, and ERIC MILLER, an individual, <br><br><br> Defendants. | Case No. 2:20-cv-00123- DJC-DMC <br><br> **JOINT STATEMENT RE DISCOVERY DISAGREEMENT NO. 2** <br><br> (Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387) <br><br> Date: May 31, 2023 <br> Time: 10:00 a.m. <br> Hon. Magistrate Dennis M. Cota |

//

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    Introduction

As required by Local Rule 251, the parties hereinafter briefly set forth their jointly held view on discovery issues raised by Plaintiff, unless otherwise specifically noted as being a view held separately by one or more of the respective parties.

## II.    Nature of the Action

### A.  Plaintiff's Statement

The case is a Federal Water Pollution Control Act ("Clean Water Act") citizen suit enforcement action filed by California Open Lands ("COL") under section 505 of the Clean Water Act, 33 U.S.C. § 1365.  The Complaint alleges that Defendants have violated and continue to violate the terms of the National Pollutant Discharge Elimination System ("NPDES") Permit[1] addressing storm water pollution discharged from Defendants' Neal Road Landfill ("Facility") just south of Chico, California.  Defendants Butte County Department of Public Works, Dennis Schmidt, and Eric Miller own and/or operate the Facility.

The Complaint more specifically alleges that Defendants have failed, and continue to fail, to (1) develop an adequate storm water pollution prevention plan for the Facility; (2) develop and implement the best available and best conventional treatment technologies at the Facility; (3) develop and implement an adequate monitoring implementation plan for the Facility; and (4) prevent discharges of contaminated storm water from the Facility in violation of the General Permit's water quality-based conditions and the Clean Water Act.

Factual disputes that are pertinent to this discovery dispute include: whether Defendants have stored, and continue to store, industrial materials outdoors without appropriate best management practices in place (60-Day Notice Letter ("NOV") at Section II.A.5; Complaint at ¶74); whether Defendants' storm water pollution prevention plan contains all required specificity and detail that is required by the General Permit (NOV at Section II.A.7; Complaint at ¶74); whether the Facility's site map contains all of the information required by the General Permit (NOV at Section II.A.7;

---

[1]   The NPDES Permit that COL alleges Defendants are violating is entitled "National Pollutant Discharge Elimination System (NPDES) General Permit for Storm Water Discharges Associated with Industrial Activities, Order 2014-0057-DWQ, NPDES No. CA2000001" ("General Permit").

Complaint at ¶74); whether Defendants allow industrial materials to be exposed to storm water flows (NOV at Section II; Complaint at ¶74); whether Defendants treat storm water associated with industrial activity generated at the Facility prior to discharge offsite (NOV at Section II.A.5; Complaint at ¶74); which pollutants are present, and where they are likely to be present, at the Facility (NOV at Section II.A.6; Complaint at ¶87); whether Defendants properly manage and identify storm water run-on at the Facility (NOV at Section II.A.5; Complaint at ¶81); whether Defendants properly collect samples as required by the General Permit (NOV at Section II.A.6; Complaint at ¶87); and whether the storm water generated at the Facility causes or contributes to exceedances of applicable water quality standards (NOV at Section II.A.4; Complaint at ¶92).

Plaintiff propounded a deposition notice for Defendant Butte County Department of Public Works ("County") on August 16, 2021.  The full text of that deposition notice is below:

**NOTICE OF DEPOSITION OF PERSON(S) MOST QUALIFIED TO TESTIFY ON BEHALF OF DEFENDANT BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS**

TO EACH PARTY AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that at 10:00 on September 22, 2021, pursuant to Federal Rule of Civil Procedure 30(b) (6), Plaintiff CALIFORNIA OPEN LANDS ("COL") will take the deposition(s) of the person or persons most qualified to testify on behalf of Defendant BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS ("the County") concerning the subject matters described below.

The deponent is not a natural person and is therefore directed to designate and produce the person(s) most qualified to testify as to each of the following matters:

(1) The County's discharges of storm water from the Neal Road Landfill (the "Facility") from 2015 through the present, including visual observations and/or testing, sampling or analysis and efforts or lack thereof to control the discharges of storm water therefrom;

(2) The County's methods, practices and procedures regarding compliance with the storm water pollution control requirements of the Federal Water Pollution Control Act ("Clean Water Act"), 33 U.S.C. § 1342, et seq., and NPDES Permit No. CAS000001, State Water Resources Control Board Water Quality Order No. 97-03-DWQ ("1997 General Permit"), and State

Water Resources Control Board Water Quality Order No. 14-57-DWQ ("2015 General Permit") at the Facility from 2015 through the present;

(3) Any spills or discharges of hazardous or toxic substances on or around the Facility, from 2015 through the present, including but not limited to, correspondence to or from, and disclosures to, state or local agencies, notices of violation, and clean-up orders or plans;

(4) The County's communications with the California Regional Water Quality Control Board regarding compliance or non-compliance with the Clean Water Act and/or the General Permit from 2015 through the present;

(5) The County's methods, practices and procedures regarding the development, implementation and updating of all Storm Water Pollution Prevention Plans ("SWPPPs") for the Facility, from 2015 through the present;

(6) The design, implementation, specific location at the Facility and the pollutant(s) intended to be addressed by the storm water best management practices ("BMPs") employed by the County from 2015 through the present;

(7) Any toxic chemicals and other pollutants that are likely to be present in storm water discharges from the Facility, from 2015 through the present;

(8) From 2015 through the present, the layout and/or design of the Facility's storm drain system and all drainage systems that contribute storm water and non-storm water thereto; and, (9) Any studies the County has conducted or had conducted for it regarding the geology, hydrology, hydrogeology and/or hydrochemistry of the Facility.

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded stenographically and by Zoom, and will continue from day to day, excluding Saturdays, Sundays and holidays thereafter until completed.

The County designated two persons who would testify on behalf of the County on the topics above: 1) Craig Cissell, and 2) Dennis Schmidt. Mr. Cissell's deposition was scheduled to occur on April 24, 2023, but just before the deposition was set to begin, counsel for the County informed Plaintiff's counsel that Mr. Cissell had become sick and was not going to make the deposition. The parties reached an agreement whereby Defendants would cover the cost of the late cancellation fee

1  ($350) of the reporter, and the parties would find another date to conduct Mr. Cissell's deposition.

2  Mr. Cissel was deposed May 16, 2023.

3      Mr. Schmidt's deposition was scheduled to take place on May 5, 2023, and did proceed as

4  scheduled.

5      In addition to meeting and conferring on this issue during the deposition of Mr. Schmidt, the

6  parties have continued to exchange emails in an attempt to resolve this dispute; however, the parties

7  were not successful.  Attached as **Exhibit 1** hereto are the parties' emails on this topic.

8      B.  Defendants' Statement

9      The range of nine categories of topics included within the Notice of the Deposition are

10  extremely broad, both in subject matter and in the time frame.  In good faith, the Defendants

11  designated Mr. Schmidt and Mr. Cissell as the people who worked at the County who had the

12  broadest knowledge of as many categories included in the Notice as possible.  Immediately after Mr.

13  Schmidt announced at his deposition that he is not the most knowledgeable about all but one of the

14  nine topics, counsel for Defendants assured Plaintiff's attorney taking the deposition that, after

15  consulting with Defendants, the latter would redesignate persons most knowledgeable about all nine

16  categories, including Craig Cissell, who had already been designated.  Indeed, that is what

17  Defendants have now done.

18  **III.    Parties' Meet and Confer Efforts**

19      A.  Plaintiff's Statement

20      On May 5, 2023, Plaintiff deposed, via video conference, Defendant Butte County

21  Department of Public Works("County") who designated a person most knowledgeable pursuant to

22  F.R.C.P. 30(b)(6) to testify on its behalf.  After it became clear that the County's designated

23  deponent was unknowledgeable about the topics of examination and did nothing to prepare for the

24  deposition, except review his own work history, counsel met and conferred by video conference

25  about how to resolve the issue.  Schmidt Deposition Transcript at 32:11-33:10.  The County agreed

26  to designate a new deponent, but were unable to identify with any certainty who that deponent

27  would be.  *Id.* 33:24-34:9.  Prior to this deposition, the County had already designated another

28  deponent Mr. Cissell, but Mr. Cissell was designated only on matters during a limited timeframe.

1    In the course of the parties' meet and confer efforts to resolve this dispute, the County

2 identified five individuals, including Mr. Schmidt, and one organization[2] as replacement deponents.

3 However, when asked whether each deponent had consent to testify on behalf of the County, the

4 County responded that these were just people who were knowledgeable about the noticed topics, and

5 that they'd have to check to see whether the individuals were prepared to testify.  The County has

6 since designated a deponent that is prepared to testify on behalf of the County for all topics

7 identified by Plaintiff's notice, and for the entire timeframe sought, and that deposition is scheduled

8 to go forward on May 25th.

9    The parties remain at odds with respect to the monetary sanctions sought by Plaintiff.

10 Defendants have refused to pay for all of Plaintiff's attorney fees incurred in the preparation of Mr.

11 Schmidt's deposition and for attorney fees incurred in association with this motion to compel and

12 joint statement.

13    B.  Defendants' Statement

14    Contrary to Plaintiff's Statement, within a reasonable time following the deposition of Mr.

15 Schmidt the list of persons most knowledgeable was redesignated by Defendants.  Plaintiff has

16 already been provided that redesignation, which includes Craig Cissell, who was one of the original

17 designees.

18    Prior to filing this motion, Plaintiff never met and conferred about all of the matters raised by

19 this motion.  Plaintiff knew that Defendants were going to redesignate the persons most

20 knowledgeable, but went ahead and filed this motion only because that redesignation was not done

21 "immediately" by Defendants' counsel without any opportunity to first confer with the County

22 client.  That is not a proper 'meet and confer.'

23    Also prior to filing this motion, Plaintiff did not disclose the reasonable amount the Plaintiff

24 seeks for attorneys' fees and costs incurred in taking the deposition of Mr. Schmidt, alone.

25 Defendants are willing to reimburse Plaintiff for such sums.  But Plaintiff has never had such a

26 discussion at any time with Defendants prior to filing this motion.

27

28 [2] Defendants have agreed to identify a person from this organization as the Federal Rules require.

1    Accordingly, the instant motion, as originally filed, was both unnecessary and premature.

2  The dispute now is merely over monies.

3  **IV.    Memorandum of Arguments Concerning Issues in Dispute**

4    A.  Plaintiff's Statement

5    A deposition may be taken of any entity by naming the entity as the deponent and describing

6  the matters on which examination is requested.  Fed. R. Civ. P. 30(b)(6).  If the notice of deposition

7  or subpoena served on the entity sufficiently describes the matters on which questions will be asked,

8  the entity is under a duty to designate and produce "one or more officers, directors, or managing

9  agents, or designate other persons who consent to testify on its behalf." *Id.*  The person so designated

10  must be able to testify fully as to the matters designated.  *Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d

11  118, 121 (5th Cir. 1967).  An entity owes a duty to educate its designees; i.e., to prepare them so that

12  they can answer fully questions posed as to the designated subject matters.  *Sony Electronics, Inc. v.*

13  *Soundview Technologies, Inc.* 217 F.R.D. 104, 112 (D. Conn. 2002); *see Coryn Group II, LLC v.*

14  *O.C. Seacrets, Inc.*, 265 F.R.D. 235, 238 (D. Md. 2010).  If an entity, intentionally or otherwise,

15  designates a witness who lacks knowledge of the matters specified in the notice, or otherwise

16  provides misleading information, the deposing party may seek reimbursement of expenses incurred

17  in taking the deposition (including reasonable attorney fees).  *Power Home Solar, LLC v. Sigora*

18  *Solar, LLC*, 339 F.R.D. 64, 80, 87-88 (W.D. Va. 2021) (corporate executive's lack of knowledge on

19  designated deposition topics warranted evidentiary sanction limiting scope of evidence to be

20  presented at evidentiary hearing and award of reasonable attorney fees).

21    The County designated a witness who lacked knowledge of the matters specified in the

22  Deposition Notice.  This was not apparent until after the deposition began and the witness was

23  unfamiliar with a key document.  Upon further questioning, the witness then admitted that he had

24  very little information or knowledge about each of the nine topics provided in the deposition notice.

25  The witness further admitted that he did not prepare for the deposition, except to review his own

26  work history to ensure his dates were correct.  In response, the County represented that it will

27  designate a new deponent, but it was unable to do so immediately.  When the County finally did

28  identify new deponents, it offered five individuals and an organization and asked Plaintiff to select

the deponent.  After Plaintiff filed the instant motion, and informed Defendants that they cannot just offer a list of people and have Plaintiff select who will speak on behalf of Defendant Butte County, Defendants designated a replacement deponent.  An entity party served with a FRCP 30(b)(6) notice may also be sanctioned for requesting the deposing party to identify the witnesses it wished to depose on behalf of the entity and what testimony it wished the entity to designate as Rule 30(b)(6) testimony. The request is improper because it attempts to shift to the deposing party the onus of identifying who best speaks for the entity on the matters in question. *Foster-Miller, Inc. v. Babcock & Wilcox Canada,* 210 F3d 1, 17 (1st Cir. 2000).

Plaintiff is entitled to monetary sanctions.  Defendants acknowledge this, and have agreed to pay some, but not all of the reasonable fees and costs sought by Plaintiff.  Defendants remain unwilling to reimburse Plaintiff for the reasonable attorney fees it incurred in preparing for the unknowledgeable witness, and for those fees associated with this motion.

Plaintiff seeks the following sanctions:

    I.    Order the County to pay Plaintiff's fees and costs associated with the May 5, 2023 deposition, including the cost of the court reporter and reasonable attorney fees incurred in the preparation and taking of the deposition; and,

    II.    Order the County to pay Plaintiff's attorney fees incurred as a result of resolving this discovery dispute.

Plaintiff has made several offers to settle this dispute, but Defendants have rejected each.

### B.  Defendants' Statement

At the deposition of Mr. Schmidt, Defendants immediately stated their intention to redesignate the persons most knowledgeable regarding the nine broad categories listed in the Notice of Deposition, including Mr. Cissel who had already been designated.  However, such a redesignation obviously cannot be done without consulting with the client.  But that is what Plaintiff unreasonably expected during the deposition.  And so Plaintiff went ahead and quickly drafted and filed this motion and drafted this document, without even receiving the redesignation, and without even asking Defendants if the latter would reimburse Plaintiff for the reasonable attorneys' fees and

costs incurred in taking the deposition of Mr. Schmidt.  Indeed, Defendants are willing to do just that - but Plaintiff has never even offered to state what those fees and costs are, and never even made a request for such fees and costs.  (Plaintiff could have done that, just like it did when the deposition was rescheduled for Mr. Cissell and the parties quickly resolved the matter, as Plaintiff explains above.)  And now Defendants have provided a redesignation of two persons most qualified to testify on behalf of the County for all nine categories listed in the Notice of Deposition, as well as a list of other individuals who have the best personal knowledge on certain matters in the nine categories but who are not the "designees" for the County under FRCP Rule 30(b).  In short, there presently is no discovery dispute.

The parties dispute the amount of monies the County will reimburse COL for regarding the deposition of Dennis Schmidt.  The County's position, as stated on May 16, is the following:

> We are willing to pay for the following:  (1) the costs, including court reporter fees and transcript fees, for the Dennis Schmidt deposition; (2) the attorneys fees incurred during the Denis Schmidt deposition, itself; and (3) those attorneys' fees incurred in preparation before the deposition for time spent solely preparing for Dennis Schmidt as the deponent (which we assume is very small), and not time spent for overall preparation for the deposition of the County's PMQ for the 2015-August 2020 time frame, which preparation will be duplicative of what you will do for Eric Miller's deposition; and (4) those attorneys' fees incurred in the emails between counsel leading to the replacement of Dennis Schmidt.  We do not believe that the attorneys' fees incurred in the preparation of a motion to compel are reasonable, especially in light of the County's immediate willingness to replace Mr. Schmidt.

Thus, Plaintiff will receive what it is just entitled to.

//

//

//

//

//

1  Dated: May 17, 2023          LAW OFFICES OF ANDREW L. PACKARD

2                                  _/s/ William Carlon_____

3                               By:  William Carlon
                                Attorneys for Plaintiff
4                               CALIFORNIA OPEN LANDS

5  Date: May 17, 2023           Abbott & Kindermann, Inc.

6                                  _/s/ Glen C. Hansen_____

7                               By:  Glen C. Hansen
                                Attorneys for Defendants
8                               BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS,
                                DENNIS SCHMIDT and ERIC MILLER

9

10

11          I hereby attest pursuant to Civil L.R. 5-1(i)(3) that I have obtained concurrence in the filing of

12  this document from the other Signatory prior to filing.

13  Dated: May 17, 2023                   By: /s/ William N. Carlon

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28