1  Glen C. Hansen (SBN 166923)
   ghansen@aklandlaw.com
2  Diane G. Kindermann (SBN 144426)
   dkindermann@aklandlaw.com
3  ABBOTT & KINDERMANN, INC.
   2100 21st Street
4  Sacramento, California 95818
   Telephone:    (916) 456-9595
5  Facsimile:    (916) 456-9599

6  Attorneys for Defendants
   BUTTE COUNTY DEPARTMENT OF
7  PUBLIC WORKS, DENNIS SCHMIDT,
   ERIC MILLER

8

9
                    **UNITED STATES DISTRICT COURT**
10
                    **EASTERN DISTRICT OF CALIFORNIA**
11

12
   CALIFORNIA OPEN LANDS, a non-           No.  2:20-CV-00123-DJC-DMC
13 profit land trust organization,

14              Plaintiff,

15        v.                               **DEFENDANTS' OPPOSITION TO
                                           PLAINTIFF'S COST BILL RE
16 BUTTE COUNTY DEPARTMENT OF              DISCOVERY DISAGREEMENT NO. 2**
   PUBLIC WORKS, a political subdivision
17 of the State of California, DENNIS      **(Federal Water Pollution Control Act, 33
   SCHMIDT, an individual, and ERIC       U.S.C. §§ 1251-1387)**
18 MILLER, an individual,

19              Defendants.

20

21

22        Defendants BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, DENNIS

23 SCHMIDT, and ERIC MILLER (collectively, "Defendants") hereby oppose Plaintiff

24 CALIFORNIA OPEN LANDS' ("Plaintiff") Bill of Costs, which is attached as Exhibit 1 to the

25 Declaration of William Carlon in support of Plaintiff's Motion To Compel Deposition of

26 Defendant Butte County Department of Public Works ("Motion").  The hours being sought by

27 Plaintiff in the Motion (1) are not narrowly constrained to only those fees and costs associated

28
                                       -1-
   **DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2**

1  with the Schmidt deposition; and (2) include unreasonable efforts expended in pursuing this

2  unnecessary and premature motion.

3  **I.      THE COUNTY'S OFFER OF REIMBURSEMENT IS REASONABLE.**

4        As they stated in the Joint Statement and again at the hearing held by this Court on June 5,

5  2023, Defendants reasonably agree to the following:

6         We are willing to pay for the following:  (1) the costs, including court
          reporter fees and transcript fees, for the Dennis Schmidt deposition;
7         (2) the attorneys fees incurred during the Denis Schmidt deposition,
          itself; and (3) those attorneys' fees incurred in preparation before the
8         deposition for time spent solely preparing for Dennis Schmidt as the
          deponent (which we assume is very small), and not time spent for
9         overall preparation for the deposition of the County's PMQ for the
          2015-August 2020 time frame, which preparation will be duplicative of
10        what you will do for Eric Miller's deposition; and (4) those attorneys'
          fees incurred in the emails between counsel leading to the replacement
11        of Dennis Schmidt.  We do not believe that the attorneys' fees incurred
          in the preparation of a motion to compel are reasonable, especially in
12        light of the County's immediate willingness to replace Mr. Schmidt.

13 **II.     PLAINTIFF'S DEMAND FOR $6,258 IN FEES IS UNREASONABLE.**

14       Plaintiff's Cost Bill unreasonably seeks more than that, and should therefore be denied by

15 this Court, for the following reasons.

16       **A.      Plaintiff's Factual Statements In Support Of Its Cost Bill Are Misleading.**

17       The Cost Bill contains several misrepresentations.  Contrary to Plaintiff's statement, it did

18 not take filing the Motion and drafting the Joint Statement in support of the Motion to get

19 Defendant to redesignate the County's PMQ.  The true facts are as follows:

20       On the morning of May 5, 2023, Plaintiff took the deposition of Dennis Schmidt, who had

21 been designated by the County as one of its Persons Most Qualified.  (Declaration Of Glen C.

22 Hansen In Support Of Defendants' Opposition To Plaintiff's Cost Bill Re Discovery

23 Disagreement No. 2 ("Hansen Decl.), ¶2.)  That deposition was stopped when Plaintiff

24 determined that Mr. Schmidt was not the most qualified or knowledgeable to testify on behalf of

25 the County as to the time from 2015 to August 2020 (Craig Cissell had been designated as the

26 PMQ for the time period August 2020 to the present).  (Hansen Decl., ¶2.)  The County

27 immediately expressed its willingness to replace Mr. Schmidt as the PMQ for the time period

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2

1    2015 – August 2020.  (Hansen Decl., ¶2.)  Indeed, Mr. Carlon admitted, in an email that he sent

2    to counsel for Defendants just a few hours later that same day as the Schmidt deposition,

3
         During the deposition, you confirmed that the County would be
4        designating a new deponent who will be prepared to answer questions
         about each of the topics in COL's notice.  You stated that you would need
5        to confirm with your client whose those individuals would be, but that it
         would likely be Bill Mannel and Todd Storti (in addition to the already-
6        designated Craig Cissell). [Email from Will Carlon to Glen Hansen, dated
         May 5, 2023, at 3:46 p.m., attached to the Hansen Decl. as **Exhibit 1**.]

7    And yet, in that same email, which was sent only hours after the Schmidt deposition was stopped,

8    Mr. Carlon also announced that Plaintiff was done with the Meet and Confer process and was

9    already drafting a motion to compel!  (Hansen Decl., ¶2.)  Mr. Carlon wrote:

10
         COL will be seeking sanctions for the County's improper designation of
11       Mr. Schmidt, and to compel the County to designate a deponent.  I believe
         that we have met the meet and confer requirements of the Court by our
12       colloquy on the record, but if you disagree, please provide a time next
         week that we can discuss.  We will go ahead and file our Notice of Motion
13       and Motion to Compel on Monday, and will send you a draft joint
         statement then as well. [Email from Will Carlon to Glen Hansen, dated
14       May 5, 2023, at 3:46 p.m., attached to Hansen Decl. as **Exhibit 1**.]

15   In fact, approximately one hour later on that same day, Mr. Carlon sent another email to counsel

16   for Defendants stating:

17
         Looks like I was able to get to this a little faster than I thought, here's the
18       draft joint statement. *Please provide your response by close of business
         Wednesday*. [Email from Will Carlon to Glen Hansen, dated May 5, 2023,
19       at 4:58 p.m., attached to the Hansen Decl. as **Exhibit 1** (emphasis added).]

20   In other words, within hours after the deposition, when Plaintiff was fully aware that the County

21   was still trying to determine who a replacement PMQ designee would be, Plaintiff had already

22   decided on filing a motion to compel and had already spent 1.8 hours that same day as the

23   deposition preparing the motion documents.  (Declaration of Will Carlon In Support Of

24   Plaintiff's Motion To Compel Deposition Of Defendant Butte County Department Of Public

25   Works ("Carlon Decl."), ¶4, Ex. 1, 5/5/2023 entries.)  Again, no discussion about a replacement

26   designee or any demand for monies had ever been discussed before Plaintiff started drafting the

27   instant Motion.

28

-3-

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2**

1    In fact, the following Monday, May 8, 2023, Plaintiff spent additional time to "edit and

2    file notice of motion and motion to compel deposition." (Carlon Decl., Ex. 1, 5/8/2023 entry).)

3    Plaintiff actually went ahead and filed the Motion at 9:50 a.m. that morning (Docket No. 70),

4    without the parties having even met and conferred on who the new designee would be, without

5    the parties having met and conferred on the amount of monies Plaintiff wanted to be reimbursed,

6    and days before the deadline that *Plaintiff* gave the County to respond to the draft joint

7    statement.  (Hansen Decl., ¶3.)  The only conclusion that can reasonably be drawn is that the

8    instant Motion was filed in bad faith.

9    Well before that "Wednesday close of business" deadline that was set by Plaintiff,

10   counsel for Defendants sent an email to Mr. Carlon on Tuesday, May 9, 2023, at 7:02 p.m.,

11   suggesting in good faith several different witnesses for Plaintiff to consider deposing.  (Hansen

12   Decl., ¶4.)  Counsel for Defendants explained:

13   
> As I stated during the deposition, I needed to confer with my client in
> order to determine who likely has the most knowledge about the nine
14  > wide-ranging and multi-year topics listed in the Notice of Deposition for
> the County's PMQ.  Part of the problem here is that, even within the
> specific topic areas, there are persons who may be most knowledgeable
15  > about certain parts of the topics, but not all of the specific topics (let alone
> the extensive timeframes).  Also, former employees that no longer are
16  > with the County are most knowledgeable about certain areas, and only
> they (and not the County now) know what areas they or other persons
17  > have the most knowledge of during their former employment (such as Bill
> Mannel in the 2015-2016 time frame).  With that understanding and under
18  > those realities, Defendants hereby designate the following PMQs for the
> nine topics listed in the Notice of Deposition: [List Followed Under Each
19  > Category in the PMQ Deposition Notice]."  [Email from Glen Hansen to
> Will Carlon, dated May 9, 2023, at 7:02 p.m., a true and correct copy of
20  > which is attached hereto as **Exhibit 2**.]

21

22   Further discussions took place between counsel for Defendants and Mr. Carlon by email

23   to clarify which of the suggested witnesses should be the County PMQ and whether Plaintiff

24   would seek to depose the other person with knowledge on the issues listed in the PMQ Deposition

25   Notice.  (See email chain between Glen and Will Carlon, Thursday, May 11, 2023 - Friday,

26   May 12, 2023, attached to the Hansen Decl. as **Exhibit 2**.)  At no time did the County refuse to

27   replace Mr. Schmidt as the PMQ for the time frame 2015-August 2020.  (Hansen Decl., ¶5.)

28   Mr. Carlon incurred only 1.1 hours of work for such emails.  (Carlon Decl., Ex. 1 (5/11/2023 -

-4-

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2**

1   5/12/2023 entries).)

2   That culminated in Mr. Carlon stating on May 12, at 9:44 a.m., "Here is the joint

3   statement back with our edits in redline. Please provide any edits by close of business Monday."

4   (See email from Will Carlon to Glen Hansen, Friday, May 12, 2023, at 9:44 a.m., attached to

5   Hansen Decl. as **Exhibit 2**.)  Additionally, Plaintiff then demanded far more than simply the fees

6   and costs incurred in re-doing the Schmidt deposition with a new designee.  Mr. Carlon wrote the

7   following on May 12:  "Based on your response that I received after I provided you with my

8   hours, be advised that we are now seeking the time I've put into preparing the joint statement and

9   resolving this discovery dispute.  Your client is continuing to take an unreasonable position with

10  regard to the 30(b)(6) deposition, and the time I have to spend educating the County on their

11  obligations under the Federal Rules is compensable.  That brings my total, to date, to 12.2 hours

12  ($5,124 total for fees)."  (Email from Will Carlon to Glen Hansen, May 12, 2023, at 9:52 a.m.,

13  attached to Hansen Decl. as **Exhibit 3**.)  On Monday, May 15, Mr. Carlon then wrote this:  "We

14  received the invoice from Nygard for Mr. Schmidt's deposition, attached. I'm informed that the

15  County has paid the $350 cancellation fee for Mr. Cissell's deposition, and so here is the total

16  COL is currently seeking: $680.18 + $5,124 = $5,804.18."  (Email from Will Carlon to Glen

17  Hansen, May 15, 2023, at 11:35 a.m., attached to Hansen Decl. as **Exhibit 3**.)  Plaintiff never

18  explained how those amounts were derived (until it filed the recent cost bill).  (Hansen Decl., ¶6.)

19  On Monday, May 15, the County redesignated its PMQ to replace Mr. Schmidt.  (Hansen

20  Decl., ¶7.)  Counsel for Defendants wrote to Mr. Carlon:

21
22  The County's Persons Most Qualified, who have agreed to testify and will
    be prepared to address the nine categories in the Deposition Notice are (1)
    Eric Miller for the time frame of 2015 to August 2020, and (2) Craig
23  Cissell for August 2020 to the present.  The other people we named in the
    prior emails have the most personal knowledge about certain matters within
24  those nine categories, and that is why I presented their names to
    you.  However, they are not the persons designated by the County to have
25  binding testimony on the County under Rule 30(b).  [¶] Let me know when
    you would like to take the deposition of Eric Miller. [¶] Also, please
26  forward tome the Zoom link for the deposition of Craig Cissell tomorrow at
    10:00 a.m."  Email from Glen Hansen to Will Carlon, May 15, 2023, at
27  2:49 p.m., a true and correct copy of which is attached hereto as **Exhibit 4**.]

28

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2**

1    The total amount of time incurred by Plaintiff in those discussions that led up to the designation

2    of Mr. Miller, at the very most, was 2.1 hours.  (Carlon Decl., Ex. 1 (May 11-15, 2023 entries).)

3         Thus, the Motion to compel the PMQ Deposition, as well as the Joint Statement in support

4    of that motion, was completely unnecessary and premature.  Approximately an hour later on

5    Monday, May 15, counsel for Defendants also wrote to Mr. Carlon that "We are still working on

6    your numbers, and I hope to get you a response by tomorrow." (Email from Glen Hansen to Will

7    Carlon, May 15, 2023, at 4:03 p.m., attached to Hansen Decl. as **Exhibit 4**.)   Thus, the demand

8    for reimbursement related to the Schmidt deposition, which is included in the Motion, was also

9    completely unnecessary and premature.

10        The next day, May 16, counsel for Defendants wrote the following to Mr. Carlon:

11           We are willing to pay for the following:  (1) the costs, including court
             reporter fees and transcript fees, for the Dennis Schmidt deposition; (2) the
12           attorneys fees incurred during the Denis Schmidt deposition, itself; and
             (3) those attorneys' fees incurred in preparation before the deposition for
13           time spent solely preparing for Dennis Schmidt as the deponent (which we
             assume is very small), and not time spent for overall preparation for the
14           deposition of the County's PMQ for the 2015-August 2020 time frame,
             which preparation will be duplicative of what you will do for Eric Miller's
15           deposition; and (4) those attorneys' fees incurred in the emails between
             counsel leading to the replacement of Dennis Schmidt.  We do not believe
16           that the attorneys' fees incurred in the preparation of a motion to compel
             are reasonable, especially in light of the County's immediate willingness
17           to replace Mr. Schmidt. [¶] Accordingly, please let us know what is your
             estimate of the sum of items 1-4, above. [Email from Glen Hansen to Will
18           Carlon, May 16, 2023, at 3:56 p.m., attached to Hansen Decl. as
             **Exhibit 4**.]

19

20   This office continued to edit the Joint Statement at Plaintiff's request. (Hansen Decl., ¶8.)

21        Prior to Plaintiff filing the Joint Statement on May 17, counsel for Defendants explained

22   to Mr. Carlon how Plaintiff's monetary demand was unreasonable:

23           As discussed below, COL is receiving everything it seeks by way of the
             PMQ depositions.  Thus, your rush to file the motion is not based on any
24           deadline.  Furthermore, at this point it merely seeks money because of the
             Eric Miller (County PMQ) deposition scheduled for next Thursday, May
25           25.  We will provide you with a more detailed response to your emails and
             edits to the Joint Statement by end of business today. As I stated on the
26           record at the Dennis Schmidt deposition, we could only give you the
             names of other persons most qualified after we spoke with our clients.  As
27           soon as we were able to do so – which requires conferring with several
             County employees with limited availability on a Friday – we immediately
28           gave you our response.  [] Yesterday, Mr. Cissell testified that he did not

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2**

1

2

3

4

5

6

> know about the 2021 SWPPP.  After inquiring with County employees, we were able to find out who can testify about that 2021 SWPPP.  In fact, that person was already offered to testify on May 25 before Mr. Cissell's deposition began.  Therefore, there was no hiding, no evasion, and no sanctionable conduct as you appear to allege.  Furthermore, you have failed to give us the breakdown in costs and fees that we requested yesterday.  Thus, you are preventing us from making a counteroffer to resolve the monetary amount based on accurate numbers.  We will provide edits to the Joint Statement by end of business today.  [Email from Glen Hansen to Will Carlon, May 17, 2023, at 11:59 a.m., attached to Hansen Decl. as **Exhibit 4**.]

7 The County's position regarding reimbursement of cost and fees was presented to Plaintiff in the

8 County's edits to the Joint Statement (Hansen Decl., ¶9), which was also then presented to this

9 Court.

10    In short, it did not take filing the Motion and drafting the Joint Statement in support of the

11 Motion to get Defendant to redesignate the County's PMQ.  This Motion was completely

12 unnecessary, premature, and originally filed in bad faith.  Plaintiff should not be compensated for

13 the preparation and filing of the instant Motion.

14    **B.    The Cost Bill Is Unreasonable Because It Is Not Limited To The Fees Incurred By Plaintiff When The County Replaced Mr. Schmidt As One Of The County's PMQ Designees.**

15

16    Another misrepresentation in the Cost Bill is the statement that the "subsection of hours

17 sought in the Motion is narrowly constrained to only those fees and costs associated with the

18 failed Schmidt deposition, and Plaintiff's efforts to resolve the attendant discovery dispute."

19 (Cost Bill, 1:25-27.)  Contrary to that statement, the billing statements of Mr. Carlon that are

20 provided by Plaintiff actually proves the truth of what Defendants earlier represented to this Court

21 that County should not have to pay for "time spent for overall preparation for the deposition of

22 the County's PMQ for the 2015-August 2020 time frame," because such "preparation will be

23 duplicative of what [Plaintiff] will do for Eric Miller's deposition."  The spreadsheet for

24 attorneys' hours provided by Plaintiff in support of the Cost Bill (Carlon Decl., Ex. 1 (May 2-5,

25 2023 entries)) shows that 7.9 hours were incurred in preparing for the deposition of Dennis

26 Schmidt.  That spreadsheet also shows that 3.0 hours were spent in preparing for the deposition of

27 Eric Miller, who replaced Mr. Schmidt, under the repeated entry "incurred as a result of

28 Defendants' first two deponents not being prepared."  (Carlon Decl., Ex. 1 (May 17-24, 2023

-7-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2

1   entries).)  However, there is no breakdown whatsoever in how much of the preparation for

2   Mr. Schmidt's deposition ended up being used for the preparation of Mr. Miller, even though the

3   subject matters were identical.  Thus, it appears from that spreadsheet that all 7.9 hours in

4   preparing for Mr. Schmidt's deposition as the PMQ was used for Mr. Miller's deposition.

5   Plaintiff is not entitled to receive any compensation for those 7.9 hours because they had nothing

6   to do with the fact that a new deponent was designated, as the combined 3.0 hours for Mr. Miller

7   demonstrate.  In short, Plaintiff is using the instant Motion to pay for its preparation of the

8   County's PMQ, and not as a result of the County's PMQ having to be replaced.

9          Furthermore, the 3.0 hours "incurred as a result of Defendants' first two deponents not

10  being prepared" is not limited to Mr. Schmidt's deposition, but also references the deposition of

11  Craig Cissell, which is not at issue in the instant Motion.  Thus, there are no facts presented by

12  Plaintiff that indicate that the 3.0 hours were incurred due to Mr. Miller's replacement as the

13  PMQ for the time period 2015 – August 2020 instead of Mr. Schmidt.[1]  In other words, there is

14  no factual indication at all that any additional time was incurred in the preparation of Mr. Miller's

15  deposition due to Mr. Schmidt's replacement.

16         The reasonable conclusion from the billing spreadsheet is that Plaintiff is essentially

17  seeking to recover in this motion all of their preparation time for the PMQ deposition for the time

18  period of 2015-August 2020, which time was not incurred as a result of having to replace

19  Mr. Schmidt as the POMQ for that time period.  That is just wrong.  And its exactly what the

20  County believed Plaintiff was doing when Plaintiff presented the County with such an exorbitant

21  demand during the edits of the joint statement (after Plaintiff had already filed its Motion).

22  Defendants' earlier suspicion and resistance to the monetary demand of Plaintiff was well

23  founded, as is now proven by the recently-filed Cost Bill.

24         In short, Plaintiff's monetary demand in the instant Motion is unreasonable.

25

26

27  ---
    [1] On reply, Plaintiff should not be permitted to add additional factual argument and additional factual descriptions
    regarding those 3.0 hours.  Defendants would be highly prejudiced by their inability to respond to any such additional
28  factual arguments presented in reply papers.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2**

**III.     THIS COURT SHOULD ONLY AWARD $1,386 IN FEES AND $680.18 IN COSTS.**

In light of the above, this Court should award the following:

(1)      $680.18 for the costs, including court reporter fees for the Dennis Schmidt deposition, as stated in the billing spreadsheet provided by Plaintiff;

(2)      $504 ($420 x 1.2 hours = $504) for attorneys' fees incurred during the Denis Schmidt deposition, itself;

(3)      $0 incurred in preparing for the deposition for Dennis Schmidt as County's PMQ for the 2015-August 2020 time frame, because such preparation was then used to prepare for the Eric Miller deposition, who covered exactly the same issues, and (as discussed above), there is no evidence that additional time was incurred in the preparation of Mr. Miller's deposition due to Mr. Schmidt's replacement;

(4)      $882 ($420 x 2.1 hours = $882) for attorneys' fees incurred in the emails between counsel leading to the replacement of Dennis Schmidt, as discussed above;

(5)      $0 incurred in the preparation of the instant Motion and the related joint statement, which was unnecessary, premature and initially filed in bad faith.

Dated:  June 9, 2023                               ABBOTT & KINDERMANN, INC.


By:   _/s/ Glen C. Hansen_
       GLEN C. HANSEN
       DIANE G. KINDERMANN
       Attorneys for Defendants
       BUTTE COUNTY DEPARTMENT OF
       PUBLIC WORKS, DENNIS SCHMIDT,
       ERIC MILLER

DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2