1    Diane G. Kindermann (SBN 144426)
     dkindermann@aklandlaw.com
2    Glen C. Hansen (SBN 166923)
     ghansen@aklandlaw.com
3    ABBOTT & KINDERMANN, INC.
     2100 21st Street
4    Sacramento, California 95818
     Telephone:     (916) 456-9595
5    Facsimile:     (916) 456-9599

6    Attorneys for Defendants
     BUTTE COUNTY DEPARTMENT OF
7    PUBLIC WORKS, DENNIS SCHMIDT,
     ERIC MILLER

8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12   CALIFORNIA OPEN LANDS, a non-         No.  2:20-CV-00123-KJM-DMC
     profit land trust organization,
13
                 Plaintiff,
14
          v.                               **DECLARATION OF GLEN C. HANSEN IN**
15                                         **SUPPORT OF DEFENDANTS'**
                                           **OPPOSITION TO PLAINTIFF'S COST**
16   BUTTE COUNTY DEPARTMENT OF            **BILL RE DISCOVERY DISAGREEMENT**
     PUBLIC WORKS, a political subdivision **NO. 2**
17   of the State of California, DENNIS
     SCHMIDT, an individual, and ERIC
18   MILLER, an individual,

19               Defendants.

20

21   I, Glen Hansen, declare,

22        1.     I am a senior counsel with the law firm of Abbott & Kindermann, Inc., counsel of

23   record for Defendants BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, DENNIS

24   SCHMIDT, and ERIC MILLER ("Defendants" or "County").  If called as a witness, I could and

25   would competently testify to the following facts of which I have personal knowledge, except

26   those matters alleged upon information and belief, and as to those, I believe them to be true.

27        2.     On the morning of May 5, 2023, Plaintiff took the deposition of Dennis Schmidt,

28   who had been designated by the County as one of its Persons Most Qualified.  I was present at

that Zoom deposition, defending the County.  That deposition was stopped when Plaintiff

determined that Mr. Schmidt was not the most qualified or knowledgeable to testify on behalf of

the County as to the time from 2015 to August 2020 (Craig Cissell had been designated as the

PMQ for the time period August 2020 to the present).  The County immediately expressed its

willingness to replace Mr. Schmidt as the PMQ for the time period 2015 – August 2020.  Indeed,

Mr. Carlon admitted, in an email that he sent to me just a few hours later that same day as the

Schmidt deposition,

> During the deposition, you confirmed that the County would be
> designating a new deponent who will be prepared to answer questions
> about each of the topics in COL's notice.  You stated that you would need
> to confirm with your client whose those individuals would be, but that it
> would likely be Bill Mannel and Todd Storti (in addition to the already-
> designated Craig Cissell). [Email from Will Carlon to Glen Hansen, dated
> May 5, 2023, at 3:46 p.m., a true and correct copy of which is attached
> hereto as Exhibit 1.]

And yet, in that same email, which was sent only hours after the Schmidt deposition was

stopped, Mr. Carlon also announced that Plaintiff was done with the Meet and Confer process

and was already drafting a motion to compel!  Mr. Carlon wrote:

> COL will be seeking sanctions for the County's improper designation of
> Mr. Schmidt, and to compel the County to designate a deponent.  I believe
> that we have met the meet and confer requirements of the Court by our
> colloquy on the record, but if you disagree, please provide a time next
> week that we can discuss.  We will go ahead and file our Notice of Motion
> and Motion to Compel on Monday, and will send you a draft joint
> statement then as well. [Email from Will Carlon to Glen Hansen, dated
> May 5, 2023, at 3:46 p.m., attached hereto as **Exhibit 1**.]

In fact, approximately one hour later on that same day, Mr. Carlon sent another email to me

stating:

> Looks like I was able to get to this a little faster than I thought, here's the
> draft joint statement. *Please provide your response by close of business
> Wednesday*.  [Email from Will Carlon to Glen Hansen, dated May 5, 2023,
> at 4:58 p.m., a true and correct copy of which is attached hereto as
> **Exhibit 1** (emphasis added).]

In other words, within hours after the deposition, when Plaintiff was fully aware that the County

was still trying to determine who a replacement PMQ designee would be, Plaintiff had already

-2-

decided on filing a motion to compel and had already spent 1.8 hours that same day as the deposition preparing the motion documents.  (Declaration of Will Carlon In Support Of Plaintiff's Motion To Compel Deposition Of Defendant Butte County Department Of Public Works ("Carlon Decl."), ¶4, Ex. 1, 5/5/2023 entries.)  Again, no discussion about a replacement designee or any demand for monies had ever been discussed before Plaintiff started drafting the instant Motion.

3.      In fact, the following Monday, May 8, 2023, Plaintiff spent additional time to "edit and file notice of motion and motion to compel deposition." (Carlon Decl., Ex. 1, 5/8/2023 entry).)  Plaintiff actually went ahead and filed the Motion at 9:50 a.m. that morning (Docket No. 70), without the parties having even met and conferred on who the new designee would be, without the parties having met and conferred on the amount of monies Plaintiff wanted to be reimbursed, and days before the deadline that *Plaintiff* gave the County to respond to the draft joint statement.

4.      Well before that "Wednesday close of business" deadline that was set by Plaintiff, I sent an email to Mr. Carlon on Tuesday, May 9, 2023 at 7:02 p.m., suggesting in good faith several different witnesses for Plaintiff to consider deposing.  I explained:

> As I stated during the deposition, I needed to confer with my client in order to determine who likely has the most knowledge about the nine wide-ranging and multi-year topics listed in the Notice of Deposition for the County's PMQ.  Part of the problem here is that, even within the specific topic areas, there are persons who may be most knowledgeable about certain parts of the topics, but not all of the specific topics (let alone the extensive timeframes).  Also, former employees that no longer are with the County are most knowledgeable about certain areas, and only they (and not the County now) know what areas they or other persons have the most knowledge of during their former employment (such as Bill Mannel in the 2015-2016 time frame).  With that understanding and under those realities, Defendants hereby designate the following PMQs for the nine topics listed in the Notice of Deposition: [List Followed Under Each Category in the PMQ Deposition Notice]."  [Email from Glen Hansen to Will Carlon, dated May 9, 2023, at 7:02 p.m., a true and correct copy of which is attached hereto as **Exhibit 2**.]

5.      Further discussions took place between myself and Mr. Carlon by email to clarify which of the suggested witnesses should be the County PMQ and whether Plaintiff would seek to depose the other person with knowledge on the issues listed in the PMQ Deposition Notice.  (See

**DECLARATION OF GLEN C. HANSEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2**

email chain between Glen and Will Carlon, Thursday, May 11, 2023 - Friday, May 12, 2023, true and correct copies of which are attached hereto as **Exhibit 2**.)  At no time did the County refuse to replace Mr. Schmidt as the PMQ for the time frame 2015-August 2020.  Mr. Carlon incurred only 1.1 hours of work for such emails.  (Carlon Decl., Ex. 1 (5/11/2023 -5/12/2023 entries).)

6.      That culminated in Mr. Carlon stating on May 12, at 9:44 a.m., "Here is the joint statement back with our edits in redline. Please provide any edits by close of business Monday." (See email from Will Carlon to Glen Hansen, Friday, May 12, 2023, at 9:44 a.m., a true and correct copy of which is attached hereto as **Exhibit 2**.)  Additionally, Plaintiff then demanded far more than simply the fees and costs incurred in re-doing the Schmidt deposition with a new designee.  Mr. Carlon wrote the following on May 12:  "Based on your response that I received after I provided you with my hours, be advised that we are now seeking the time I've put into preparing the joint statement and resolving this discovery dispute.  Your client is continuing to take an unreasonable position with regard to the 30(b)(6) deposition, and the time I have to spend educating the County on their obligations under the Federal Rules is compensable.  That brings my total, to date, to 12.2 hours ($5,124 total for fees)."  (Email from Will Carlon to Glen Hansen, May 12, 2023, at 9:52 a.m., a true and correct copy of which is attached hereto as **Exhibit 3**.)  On Monday, May 15, Mr. Carlon then wrote this:  "We received the invoice from Nygard for Mr. Schmidt's deposition, attached. I'm informed that the County has paid the $350 cancellation fee for Mr. Cissell's deposition, and so here is the total COL is currently seeking: $680.18 + $5,124 = $5,804.18."  (Email from Will Carlon to Glen Hansen, May 15, 2023, at 11:35 a.m., a true and correct copy of which is attached hereto as **Exhibit 3**.)  Plaintiff never explained how those amounts were derived (until it filed the recent cost bill).

7.      On Monday, May 15, the County redesignated its PMQ to replace Mr. Schmidt.  I wrote to Mr. Carlon:

> The County's Persons Most Qualified, who have agreed to testify and will be prepared to address the nine categories in the Deposition Notice are (1) Eric Miller for the time frame of 2015 to August 2020, and (2) Craig Cissell for August 2020 to the present.  The other people we named in the prior emails have the most personal knowledge about certain matters within those nine categories, and that is why I presented their names to you.  However, they are not the persons designated by the County to have

**DECLARATION OF GLEN C. HANSEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2**

binding testimony on the County under Rule 30(b).  [¶] Let me know when you would like to take the deposition of Eric Miller.  [¶] Also, please forward tome the Zoom link for the deposition of Craig Cissell tomorrow at 10:00 a.m."  Email from Glen Hansen to Will Carlon, May 15, 2023, at 2:49 p.m., a true and correct copy of which is attached hereto as **Exhibit 4**.]

Approximately an hour later on Monday, May 15, I also wrote Mr. Carlon that "We are still working on your numbers, and I hope to get you a response by tomorrow." (Email from Glen Hansen to Will Carlon, May 15, 2023, at 4:03 p.m., a true and correct copy of which is attached hereto as **Exhibit 4**.)

8.      The next day, May 16, I wrote the following to Mr. Carlon:

We are willing to pay for the following:  (1) the costs, including court reporter fees and transcript fees, for the Dennis Schmidt deposition; (2) the attorneys fees incurred during the Denis Schmidt deposition, itself; and (3) those attorneys' fees incurred in preparation before the deposition for time spent solely preparing for Dennis Schmidt as the deponent (which we assume is very small), and not time spent for overall preparation for the deposition of the County's PMQ for the 2015-August 2020 time frame, which preparation will be duplicative of what you will do for Eric Miller's deposition; and (4) those attorneys' fees incurred in the emails between counsel leading to the replacement of Dennis Schmidt.  We do not believe that the attorneys' fees incurred in the preparation of a motion to compel are reasonable, especially in light of the County's immediate willingness to replace Mr. Schmidt. [¶] Accordingly, please let us know what is your estimate of the sum of items 1-4, above. [Email from Glen Hansen to Will Carlon, May 16, 2023, at 3:56 p.m., a true and correct copy of which is attached hereto as **Exhibit 4**.]

This office continued to edit the Joint Statement at Plaintiff's request.

9.      Prior to Plaintiff filing the Joint Statement on May 17, I explained to Mr. Carlon how Plaintiff's monetary demand was unreasonable.  I wrote:

As discussed below, COL is receiving everything it seeks by way of the PMQ depositions.  Thus, your rush to file the motion is not based on any deadline.  Furthermore, at this point it merely seeks money because of the Eric Miller (County PMQ) deposition scheduled for next Thursday, May 25.  We will provide you with a more detailed response to your emails and edits to the Joint Statement by end of business today. As I stated on the record at the Dennis Schmidt deposition, we could only give you the names of other persons most qualified after we spoke with our clients.  As soon as we were able to do so – which requires conferring with several County employees with limited availability on a Friday – we immediately gave you our response. [] Yesterday, Mr. Cissell testified that he did not know about the 2021 SWPPP.  After inquiring with County employees, we were able to find out who can testify about that 2021 SWPPP.  In fact, that person was already offered to testify on May 25 before Mr. Cissell's deposition began.  Therefore, there was no hiding, no evasion, and no

-5-

sanctionable conduct as you appear to allege.  Furthermore, you have failed to give us the breakdown in costs and fees that we requested yesterday.  Thus, you are preventing us from making a counteroffer to resolve the monetary amount based on accurate numbers.  We will provide edits to the Joint Statement by end of business today.  [Email from Glen Hansen to Will Carlon, May 17, 2023, at 11:59 a.m., a true and correct copy of which is attached hereto as **Exhibit 4**.]

The County's position regarding reimbursement of cost and fees was presented in Plaintiff in the County's edits to the Joint Statement.

10.     I have reviewed the Cost Bill presented by Plaintiff, as well as the spreadsheet for attorneys' hours provided by Plaintiff in support of the Cost Bill.  (Carlon Decl., Ex. 1 (May 2-5, 2023 entries).)  That spreadsheet shows that 7.9 hours were incurred in preparing for the deposition of Dennis Schmidt.  That spreadsheet also shows that 3.0 hours were spent in preparing for the deposition of Eric Miller, who replaced Mr. Schmidt, under the repeated entry "incurred as a result of Defendants' first two deponents not being prepared."  (Carlon Decl., Ex. 1 (May 17-24, 2023 entries).) However, there is no breakdown whatsoever in how much of the preparation for Mr. Schmidt's deposition ended up being used for the preparation of Mr. Miller, even though the subject matters were identical.  Thus, it appears from that spreadsheet that all 7.9 hours in preparing for Mr. Schmidt's deposition as the PMQ was used for Mr. Miller's deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 9, 2023, at Sacramento, California.


*/s/ Glen C. Hansen*
GLEN HANSEN

**DECLARATION OF GLEN C. HANSEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S COST BILL RE DISCOVERY DISAGREEMENT NO. 2**

# EXHIBIT 1

**Glen Hansen**

| | |
|---|---|
| **From:** | William Carlon <wncarlon@packardlawoffices.com> |
| **Sent:** | Friday, May 5, 2023 4:58 PM |
| **To:** | Glen Hansen; Diane Kindermann Henderson; Andrew Packard; Lisa Haddix; Acree |
| **Subject:** | Re: COL v. Butte County; Schmidt Deposition |
| **Attachments:** | COL v Butte County_Joint Statement_d1_230505.docx |

Glen,

Looks like I was able to get to this a little faster than I thought, here's the draft joint statement. Please provide your response by close of business Wednesday.

Thank you,

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Fri, May 5, 2023 at 3:46 PM William Carlon <wncarlon@packardlawoffices.com> wrote:
Dear Glen,

This will confirm that in the course of taking Mr. Schmidt's deposition today it became evident that he was not the person most qualified or knowledgeable to testify on behalf of the County on the topics identified in COL's August 16, 2021 deposition notice.  We can wait for the transcript, but Mr. Schmidt admitted that he had very little knowledge about all but topic number 4, and then only with regard to a narrow timeframe.  He admitted that he did not prepare for the deposition except for a few minutes this morning to review his work history to get his dates right.

During the deposition, you confirmed that the County would be designating a new deponent who will be prepared to answer questions about each of the topics in COL's notice.  You stated that you would need to confirm with your client whose those individuals would be, but that it would likely be Bill Mannel and Todd Storti (in addition to the already-designated Craig Cissell).

If you believe I have misstated anything above, please let me know.

COL will be seeking sanctions for the County's improper designation of Mr. Schmidt, and to compel the County to designate a deponent.  I believe that we have met the meet and confer requirements of the Court by our colloquy on the record, but if you disagree, please provide a time next week that we can discuss.  We will go ahead and file our Notice of Motion and Motion to Compel on Monday, and will send you a draft joint statement then as well.

Thank you,

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

**Glen Hansen**

---

| | |
|---|---|
| **From:** | William Carlon <wncarlon@packardlawoffices.com> |
| **Sent:** | Tuesday, May 9, 2023 3:35 PM |
| **To:** | Glen Hansen |
| **Cc:** | Diane Kindermann Henderson; Andrew Packard; Lisa Haddix; Acree |
| **Subject:** | Re: COL v. Butte County; Schmidt Deposition |

Thank you.

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Tue, May 9, 2023 at 3:21 PM Glen Hansen <GHansen@aklandlaw.com> wrote:

Will do.  You will have our edits by end of business tomorrow, May 10.

**Glen Hansen**

**Senior Counsel**



A Professional Corporation
**2100 21st Street | Sacramento, CA 95818**
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

---

This electronic message transmission contains information from the law firm of Abbott& Kindermann, Inc. which may be confidential or privileged.  Recipients should not file copies of this e-mail with publicly accessible records.  The information is intended to be for the use of the individual(s) named above.  If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott & Kindermann's compliance with these requirements, written communication from the U.S. Treasury contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Friday, May 5, 2023 4:58 PM
**To:** Glen Hansen <GHansen@aklandlaw.com>; Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** Re: COL v. Butte County; Schmidt Deposition

Glen,

==Looks like I was able to get to this a little faster than I thought, here's the draft joint statement. Please provide your response by close of business Wednesday.==

Thank you,

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952

Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential. It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Fri, May 5, 2023 at 3:46 PM William Carlon <wncarlon@packardlawoffices.com> wrote:

This will confirm that in the course of taking Mr. Schmidt's deposition today it became evident that he was not the person most qualified or knowledgeable to testify on behalf of the County on the topics identified in COL's August 16, 2021 deposition notice.  We can wait for the transcript, but Mr. Schmidt admitted that he had very little knowledge about all but topic number 4, and then only with regard to a narrow timeframe.  He admitted that he did not prepare for the deposition except for a few minutes this morning to review his work history to get his dates right.

During the deposition, you confirmed that the County would be designating a new deponent who will be prepared to answer questions about each of the topics in COL's notice.  You stated that you would need to confirm with your client whose those individuals would be, but that it would likely be Bill Mannel and Todd Storti (in addition to the already-designated Craig Cissell).

If you believe I have misstated anything above, please let me know.

COL will be seeking sanctions for the County's improper designation of Mr. Schmidt, and to compel the County to designate a deponent.  I believe that we have met the meet and confer requirements of the Court by our colloquy on the record, but if you disagree, please provide a time next week that we can discuss.  We will go ahead and file our Notice of Motion and Motion to Compel on Monday, and will send you a draft joint statement then as well.

Thank you,

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

# EXHIBIT 2

**Glen Hansen**

| | |
|---|---|
| **From:** | William Carlon <wncarlon@packardlawoffices.com> |
| **Sent:** | Friday, May 12, 2023 9:44 AM |
| **To:** | Glen Hansen |
| **Cc:** | Diane Kindermann Henderson; Andrew Packard; Lisa Haddix; Acree |
| **Subject:** | Re: COL v. Butte County; Schmidt Deposition |
| **Attachments:** | COL v Butte County_Joint Statement_d3_230512 (COL).docx |

Glen,

Here is the joint statement back with our edits in redline. Please provide any edits by close of business Monday.

Thank you,

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Fri, May 12, 2023 at 9:15 AM William Carlon <wncarlon@packardlawoffices.com> wrote:
Glen,

1. Thank you.

2. It seems that you have a misunderstanding regarding your client's obligations under the Federal Rules.  Under FRCP 30(b)(6), Butte County must designate a person who is able to testify fully as to the noticed topics.  "If necessary, the entity has a duty to "educate" its designees, and prepare them to fully answer the questions posed as to the designated subject matters. See, e.g., *Sony Electronics, Inc. v. Soundview Technologies, Inc.*, 217 F.R.D. 104, 112 (D.Conn. 2002) ("the corporation being deposed must designate persons having knowledge of the subject areas identified by the discovering party and prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation.") (citations and internal quotations omitted)." *Minx Int'l, Inc. v. Vivace Design, Inc.*, No. CV 14-2787-SJO (PLAx), 2014 U.S. Dist. LEXIS 190398, at *6 (C.D. Cal. Sep. 17, 2014).  Defendants cannot just offer a list of people and have Plaintiff select who will speak on behalf of Defendant Butte County.  An entity party served with a FRCP 30(b)(6) notice may also be sanctioned for requesting the deposing party to identify the witnesses it wished to depose on behalf of the entity and what testimony it wished the entity to designate as Rule 30(b)(6) testimony. The request is improper because it attempts to shift to the deposing party the onus of identifying who best speaks for the entity on the matters in question. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F3d 1, 17 (1st Cir. 2000).

3. See response to 2.

1

At this point, you cannot pretend that a designee, once identified to fully designate somebody who (a) is prepared to fully answer the questions posed as to the designated subject matters; and, (b) that is authorized and has consented to testify on behalf of Butte County (and whose answers will be binding on the County). This behavior continues to be sanctionable.


William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952

Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential. It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.


On Thu, May 11, 2023 at 5:49 PM Glen Hansen <GHansen@aklandlaw.com> wrote:

Hi Will.


1. We will get the name of the SCS person.
2. We have had no contact with the former employees named in the redesignation – Bill Mannel and Todd Storti - other than Dennis Schmidt. We provided the names of those persons because they have the most knowledgeable on certain aspects of the subjects listed. Even though the former employees we identified, Todd Storti and Bill Mannel, have the most knowledge (as Dennis Schmidt believed) on certain subjects in the past, they might not be reachable for a deposition; in which case, Dennis Schmidt is the next in line as the most knowledgeable on some of those subjects for those times in the past. I will attempt to find and reach Bill Mannel and Todd Storti and ask if (a) they are willing to testify and (b) their availability. But I do not know at this time. If they do not, then we will have to resort to Craig Cissell or Eric Miller and have them testify, in part, based on information derived from older records and documents (which you already have) and not from personal first-hand information gleaned at the time.
3. As for Heidi Cummings of NV5, she again has the most first-hand knowledge of certain subjects listed in the Notice. I can attempt to find and reach Ms. Cummings and ask if (a) she is willing to testify and (b) her availability. But I do not know at this time. Again, if she does not, then we will have to resort to Craig Cissell or Eric Miller and have them testify based on information derived from records and documents (which you already have) and not from personal first-hand information gleaned at the time.


Do you have a preference?


**Glen Hansen**



**ABBOTT &
KINDERMANN, INC.**
ATTORNEYS AT LAW
Celebrating Over 25 Years

A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

---

This electronic message transmission contains information from the law firm of Abbott& Kindermann, Inc. which may be confidential or privileged.  Recipients should not file copies of this e-mail with publicly accessible records.  The information is intended to be for the use of the individual(s) named above.  If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice:  To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties.  Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Thursday, May 11, 2023 5:22 PM
**To:** Glen Hansen <GHansen@aklandlaw.com>
**Cc:** Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** Re: COL v. Butte County; Schmidt Deposition

Hi Glen,

Just to clarify, you are now designating six persons most knowledgeable to testify on the County's behalf?  One of those persons appears to be, in fact, not a person, but an organization (SCS).  FRCP 30(b)(6) requires the County to designate a person, not an organization.  Please designate a person.

Do each of these people consent to testify on behalf of the County?

Can you please give me the availability for each designee over the next few weeks?

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Tue, May 9, 2023 at 7:02 PM Glen Hansen <GHansen@aklandlaw.com> wrote:

Hi Will,

As I stated during the deposition, I needed to confer with my client in order to determine who likely has the most knowledge about the nine wide-ranging and multi-year topics listed in the Notice of Deposition for the County's PMQ.  Part of the problem here is that, even within the specific topic areas, there are persons who may be most knowledgeable about certain parts of the topics, but not all of the specific topics (let alone the extensive timeframes).  Also, former employees that no longer are with the County are most knowledgeable about certain areas, and only they (and not the County now) know what areas they or other persons have the most knowledge of during their former employment (such as Bill Mannel in the 2015-2016 time frame).  With that understanding and under those realities, Defendants hereby designate the following PMQs for the nine topics listed in the Notice of Deposition:

1.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

4

2.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5

3.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

4.

Todd Storti

Craig Cissell

Eric Miller

Dennis Schmidt

5.

Bill Mannel

Todd Storti

Craig Cissell

Stearns, Conrad & Schmidt

Heidi Cummings of NV5


6.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5


7.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5


8.

Bill Mannel

Todd Storti

Craig Cissell


9.

If you wish to discuss this further, please let me know.

**Glen Hansen**

Senior Counsel



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

This electronic message transmission contains information from the law firm of Abbott & Kindermann, Inc. which may be confidential or privileged. Recipients should not file copies of this e-mail with publicly accessible records. The information is intended to be for the use of the individual(s) named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott & Kindermann, Inc. Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Friday, May 5, 2023 3:46 PM
**To:** Glen Hansen <GHansen@aklandlaw.com>; Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** COL v. Butte County; Schmidt Deposition

Dear Glen,

This will confirm that in the course of taking Mr. Schmidt's deposition today it became evident that he was not the person most qualified or knowledgeable to testify on behalf of the County on the topics identified in COL's August 16, 2021 deposition notice. We can wait for the transcript, but Mr. Schmidt admitted that he had very little knowledge about all but topic number 4, and then only with regard to a narrow timeframe. He admitted that he did

7

not prepared for the deposition except to review this and mingled to review his work history to get his dates right.

During the deposition, you confirmed that the County would be designating a new deponent who will be prepared to answer questions about each of the topics in COL's notice. You stated that you would need to confirm with your client whose those individuals would be, but that it would likely be Bill Mannel and Todd Storti (in addition to the already-designated Craig Cissell).

If you believe I have misstated anything above, please let me know.

COL will be seeking sanctions for the County's improper designation of Mr. Schmidt, and to compel the County to designate a deponent. I believe that we have met the meet and confer requirements of the Court by our colloquy on the record, but if you disagree, please provide a time next week that we can discuss. We will go ahead and file our Notice of Motion and Motion to Compel on Monday, and will send you a draft joint statement then as well.

Thank you,

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952

Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential. It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

# EXHIBIT 3

**Glen Hansen**

| | |
|---|---|
| **From:** | William Carlon <wncarlon@packardlawoffices.com> |
| **Sent:** | Monday, May 15, 2023 11:35 AM |
| **To:** | Glen Hansen |
| **Cc:** | Diane Kindermann Henderson; Andrew Packard; Lisa Haddix; Acree |
| **Subject:** | Re: COL v. Butte County; Schmidt Deposition |
| **Attachments:** | 230515_Schmidt Depo Invoice.pdf; 230424_Cissell Late Cancellation Invoice.pdf; COL v Butte Count_Stip extending Expert Disco_230515 (COL d1).docx |

Hi Glen,

We received the invoice from Nygard for Mr. Schmidt's deposition, attached. I'm informed that the County has paid the $350 cancellation fee for Mr. Cissell's deposition, and so here is the total COL is currently seeking: $680.18 + $5,124 = $5,804.18.

I thought that we would be finished with the PMQ depositions by now, and would be able to complete our expert reports by May 24, as stipulated.  However, in light of the additional delay brought on by Defendant Butte County's inability to properly designate a deponent, and the fact that PMQ depositions are unfinished, we will need to seek yet another continuance of the expert discovery dates.  To that end, I've prepared the attached stipulation for your review and authorization to file.  Please let me know as soon as possible so that I can get this filed today.

Thank you,

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Fri, May 12, 2023 at 9:52 AM William Carlon <wncarlon@packardlawoffices.com> wrote:
> Thank you, Glen.

> Based on your response that I received after I provided you with my hours, be advised that we are now seeking the time I've put into preparing the joint statement and resolving this discovery dispute.  Your client is continuing to take an unreasonable position with regard to the 30(b)(6) deposition, and the time I have to spend educating the County on their obligations under the Federal Rules is compensable.  That brings my total, to date, to 12.2 hours ($5,124 total for fees).

> William N. Carlon

The Law Offices of William Carlon
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Fri, May 12, 2023 at 9:43 AM Glen Hansen <GHansen@aklandlaw.com> wrote:

Hi Will,

I will consult with my client and let you know.  I know that certain key persons at the County are not available on Fridays, but I will do what I can today to get you an answer.

**Glen Hansen**

**Senior Counsel**



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

This electronic message transmission contains information from the law firm of Abbott& Kindermann, Inc. which may be confidential or privileged.  Recipients should not file copies of this e-mail with publicly accessible records.  The information is intended to be for the use of the individual(s) named above.  If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice:  To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties.  Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Thursday, May 11, 2023 5:41 PM

**Cc:** Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard
<andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** Re: COL v. Butte County; Schmidt Deposition

Glen,

With regard to Defendants' representation in the Joint Statement that Defendants are willing to reimburse Plaintiff for the reasonable attorneys' fees and costs incurred in taking the deposition of Mr. Schmidt, I wanted to clarify what it is, exactly, that Defendants are offering.

Judge Cota awarded me rates of $400/hour over one year ago. Assuming a modest increase of 5% to account for inflation (https://www.bls.gov/cpi/), that puts me at $420/hr.  I incurred 9.2 hours of my time in preparing for Mr. Schmidt's deposition, for a total of $3,864 attorney time.  Note that this doesn't include the time I spent on the joint statement, which I would be entitled to in a motion to compel.

I'm still waiting on the reporter's invoice.

Will Defendants agree to pay, within 30 days, full payment of $3,864 in attorney fees and the full amount of the reporter's invoice (including the as-yet-unpaid invoice for $350 for the cancellation of Cissel's deposition)?

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Thu, May 11, 2023 at 5:21 PM William Carlon <wncarlon@packardlawoffices.com> wrote:

Hi Glen,

Just to clarify, you are now designating six persons most knowledgeable to testify on the County's behalf?  One of those persons appears to be, in fact, not a person, but an organization (SCS).  FRCP 30(b)(6) requires the County to designate a person, not an organization.  Please designate a person.

Do each of these people consent to testify on behalf of the County?

Can you please give me the availability for each designee over the next few weeks?

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Tue, May 9, 2023 at 7:02 PM Glen Hansen <GHansen@aklandlaw.com> wrote:

Hi Will,

As I stated during the deposition, I needed to confer with my client in order to determine who likely has the most knowledge about the nine wide-ranging and multi-year topics listed in the Notice of Deposition for the County's PMQ.  Part of the problem here is that, even within the specific topic areas, there are persons who may be most knowledgeable about certain parts of the topics, but not all of the specific topics (let alone the extensive timeframes).  Also, former employees that no longer are with the County are most knowledgeable about certain areas, and only they (and not the County now) know what areas they or other persons have the most knowledge of during their former employment (such as Bill Mannel in the 2015-2016 time frame).  With that understanding and under those realities, Defendants hereby designate the following PMQs for the nine topics listed in the Notice of Deposition:

1.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5

2.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5

3.

Bill Mannel

Todd Storti

Eric Miller

4.

Todd Storti

Craig Cissell

Eric Miller

Dennis Schmidt

5.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5

6.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5

7.

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5


8.

Bill Mannel

Todd Storti

Craig Cissell


9.

Stearns, Conrad & Schmidt


If you wish to discuss this further, please let me know.


**Glen Hansen**

Senior Counsel



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

This electronic message transmission contains information from the law firm of Abbott & Kindermann, Inc. which may be confidential or privileged. Recipients should not file copies of this e-mail with publicly accessible records. The information is intended to be for the use of the individual(s) named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice:  To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties.  Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Friday, May 5, 2023 3:46 PM
**To:** Glen Hansen <GHansen@aklandlaw.com>; Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** COL v. Butte County; Schmidt Deposition

Dear Glen,

This will confirm that in the course of taking Mr. Schmidt's deposition today it became evident that he was not the person most qualified or knowledgeable to testify on behalf of the County on the topics identified in COL's August 16, 2021 deposition notice.  We can wait for the transcript, but Mr. Schmidt admitted that he had very little knowledge about all but topic number 4, and then only with regard to a narrow timeframe.  He admitted that he did not prepare for the deposition except for a few minutes this morning to review his work history to get his dates right.

During the deposition, you confirmed that the County would be designating a new deponent who will be prepared to answer questions about each of the topics in COL's notice.  You stated that you would need to confirm with your client whose those individuals would be, but that it would likely be Bill Mannel and Todd Storti (in addition to the already-designated Craig Cissell).

If you believe I have misstated anything above, please let me know.

COL will be seeking sanctions for the County's improper designation of Mr. Schmidt, and to compel the County to designate a deponent.  I believe that we have met the meet and confer requirements of the Court by our colloquy on the record, but if you disagree, please provide a time next week that we can discuss.  We will go ahead and file our Notice of Motion and Motion to Compel on Monday, and will send you a draft joint statement then as well.

Thank you,

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952


Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com


The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

# EXHIBIT 4

**Glen Hansen**

---

| | |
|---|---|
| **From:** | Glen Hansen |
| **Sent:** | Wednesday, May 17, 2023 3:01 PM |
| **To:** | William Carlon |
| **Cc:** | Diane Kindermann Henderson; Andrew Packard; Lisa Haddix; Acree |
| **Subject:** | RE: COL v. Butte County; Schmidt Deposition |

I am examining the Joint Statement now.

**Glen Hansen**
**Senior Counsel**



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

This electronic message transmission contains information from the law firm of Abbott& Kindermann, Inc. which may be confidential or privileged.  Recipients should not file copies of this e-mail with publicly accessible records.  The information is intended to be for the use of the individual(s) named above.  If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice:  To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties.  Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Wednesday, May 17, 2023 11:59 AM
**To:** Glen Hansen <GHansen@aklandlaw.com>
**Cc:** Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** Re: COL v. Butte County; Schmidt Deposition

Glen,

Defendants continue to take an unreasonable position with regard to the fees that they say they wiill pay.  Plaintiff is entitled to its reasonable fees incurred as a result of having to prepare for a deposition of an improperly designated 30(b)(6) deponent, and for fees incurred in the preparation of the motion to compel, and Defendants have not provided a valid basis for denying those fees.  I have provided our breakdown several different times, and will do so again here, in an attempt to resolve this without the Court's involvement.

I have now incurred 13.5 hours in total as a result of preparing for, and conducting, Mr. Schmidt's deposition, and in working to resolve this discovery dispute.  We have incurred $680.18 in reporter costs.  The total COL seeks is now $6,350.18.

1

Today is the due date to file a joint statement, so please return it to me by the close of business by no later than 3pm.  Defendants have a habit of making material changes late in the meet and confer process, and I would like an opportunity to respond to any such material changes you might make today.

Thank you,
William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Wed, May 17, 2023 at 11:29 AM Glen Hansen <GHansen@aklandlaw.com> wrote:

Hi Will,

Right now we can only give you a short response because we are working on a response to a petition for certiorari to the U.S. Supreme Court and other deadlines.  As discussed below, COL is receiving everything it seeks by way of the PMQ depositions.  Thus, your rush to file the motion is not based on any deadline.  Furthermore, at this point it merely seeks money because of the Eric Miller (County PMQ) deposition scheduled for next Thursday, May 25.  We will provide you with a more detailed response to your emails and edits to the Joint Statement by end of business today.

As I stated on the record at the Dennis Schmidt deposition, we could only give you the names of other persons most qualified after we spoke with our clients.  As soon as we were able to do so – which requires conferring with several County employees with limited availability on a Friday – we immediately gave you our response.

Yesterday, Mr. Cissell testified that he did not know about the 2021 SWPPP.  After inquiring with County employees, we were able to find out who can testify about that 2021 SWPPP.  In fact, that person was already offered to testify on May 25 before Mr. Cissell's deposition began.  Therefore, there was no hiding, no evasion, and no sanctionable conduct as you appear to allege.

Furthermore, you have failed to give us the breakdown in costs and fees that we requested yesterday.  Thus, you are preventing us from making a counteroffer to resolve the monetary amount based on accurate numbers.

We will provide edits to the Joint Statement by end of business today.

**Glen Hansen**

Senior Counsel



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

This electronic message transmission contains information from the law firm of Abbott& Kindermann, Inc. which may be confidential or privileged. Recipients should not file copies of this e-mail with publicly accessible records. The information is intended to be for the use of the individual(s) named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Wednesday, May 17, 2023 10:34 AM
**To:** Glen Hansen <GHansen@aklandlaw.com>
**Cc:** Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** Re: COL v. Butte County; Schmidt Deposition

Hi Glen,

Here's our edits to the Joint Statement.

Please get me your edits by no later than noon today, and I will go ahead and get this filed.

3

Thank you,


William N. Carlon


The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952


Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com


The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.




On Tue, May 16, 2023 at 4:53 PM William Carlon <wncarlon@packardlawoffices.com> wrote:

Hi Glen,


The County did not immediately replace Mr. Schmidt. The County only replaced Mr. Schmidt *after* we explained, in our joint statement, that the County cannot simply offer a menu of deponents for Plaintiff to choose from.  The joint statement was absolutely necessary to moving the County to a more reasonable position, and all fees incurred as a result of that process are compensable.  Furthermore, Mr. Cissell was obviously not prepared for the deposition today - he didn't even know that there was a 2021 SWPPP, and he's the guy in charge of implementing it.


I will have to prepare, again, for yet another PMQ deponent for the County, even though I'm not convinced Mr. Miller will be any more prepared than the last two deponents the County has designated.  The County's abuse of the discovery process is inflicting a cost on plaintiff that it shouldn't have had to bear in the first place.  The total we are seeking now is $6,140.18  (up to 13 hours attorney time plus the reporter costs).


Since we still seem to have a dispute about this, I will revise the joint statement and send you our edits by 10am tomorrow.  Let me know if Defendants will agree to pay the above amount before 9am, and we can avoid the number going up any higher.

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Tue, May 16, 2023 at 3:56 PM Glen Hansen <GHansen@aklandlaw.com> wrote:

Hi Will,

We are willing to pay for the following:  (1) the costs, including court reporter fees and transcript fees, for the Dennis Schmidt deposition; (2) the attorneys fees incurred during the Denis Schmidt deposition, itself; and (3) those attorneys' fees incurred in preparation before the deposition for time spent solely preparing for Dennis Schmidt as the deponent (which we assume is very small), and not time spent for overall preparation for the deposition of the County's PMQ for the 2015-August 2020 time frame, which preparation will be duplicative of what you will do for Eric Miller's deposition; and (4) those attorneys' fees incurred in the emails between counsel leading to the replacement of Dennis Schmidt.  We do not believe that the attorneys' fees incurred in the preparation of a motion to compel are reasonable, especially in light of the County's immediate willingness to replace Mr. Schmidt.

Accordingly, please let us know what is your estimate of the sum of items 1-4, above.

**Glen Hansen**

5

Senior Counsel



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

This electronic message transmission contains information from the law firm of Abbott & Kindermann, Inc. which may be confidential or privileged. Recipients should not file copies of this e-mail with publicly accessible records. The information is intended to be for the use of the individual(s) named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott & Kindermann, Inc. Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** Glen Hansen
**Sent:** Monday, May 15, 2023 4:03 PM
**To:** William Carlon <wncarlon@packardlawoffices.com>
**Cc:** Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** RE: COL v. Butte County; Schmidt Deposition

We are still working on your numbers, and I hope to get you a response by tomorrow.

**Glen Hansen**

Senior Counsel



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

This electronic message transmission from Abbott & Kindermann, Inc. contains information which may be confidential or privileged. Recipients should not file copies of this e-mail with publicly accessible records. The information is intended to be for the use of the individual(s) named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice:  To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Monday, May 15, 2023 3:58 PM
**To:** Glen Hansen <GHansen@aklandlaw.com>
**Cc:** Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** Re: COL v. Butte County; Schmidt Deposition

Thanks Glen,

Also, I note that you added the following sentence to the joint statement: "The parties continue to negotiate the amount of monies the County will reimburse COL for regarding the deposition of Dennis Schmidt."

Did I miss an email from you responding to my emails? I haven't seen any response from the County, so I'm not sure it's accurate to say that there's a negotiation going on here.

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential. It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Mon, May 15, 2023 at 3:56 PM Glen Hansen <GHansen@aklandlaw.com> wrote:

 I will find out.


**Glen Hansen**

Senior Counsel



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

---

This electronic message transmission contains information from the law firm of Abbott& Kindermann, Inc. which may be confidential or privileged.  Recipients should not file copies of this e-mail with publicly accessible records.  The information is intended to be for the use of the individual(s) named above.  If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice:  To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties.  Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.


**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Monday, May 15, 2023 3:51 PM
**To:** Glen Hansen <GHansen@aklandlaw.com>
**Cc:** Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** Re: COL v. Butte County; Schmidt Deposition


Thank you, Glen. What is Mr. Miller's availability next week?


William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952


Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com


The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.


On Mon, May 15, 2023 at 2:49 PM Glen Hansen <GHansen@aklandlaw.com> wrote:

Hi Will,


The County's Persons Most Qualified, who have agreed to testify and will be prepared to address the nine categories in the Deposition Notice are (1) Eric Miller for the time frame of 2015 to August 2020, and (2) Craig Cissell for August 2020 to the present.  The other people we named in the prior emails have the most personal knowledge about certain matters within those nine categories, and that is why I presented their names to you.  However, they are not the persons designated by the County to have binding testimony on the County under Rule 30(b).


Let me know when you would like to take the deposition of Eric Miller.


Also, please forward tome the Zoom link for the deposition of Craig Cissell tomorrow at 10:00 a.m.


**Glen Hansen**

Senior Counsel



9

A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

This electronic message transmission contains information from the law firm of Abbott& Kindermann, Inc. which may be confidential or privileged. Recipients should not file copies of this e-mail with publicly accessible records. The information is intended to be for the use of the individual(s) named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** Glen Hansen
**Sent:** Thursday, May 11, 2023 5:49 PM
**To:** William Carlon <wncarlon@packardlawoffices.com>
**Cc:** Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** RE: COL v. Butte County; Schmidt Deposition

Hi Will.

1. We will get the name of the SCS person.
2. We have had no contact with the former employees named in the redesignation – Bill Mannel and Todd Storti - other than Dennis Schmidt. We provided the names of those persons because they have the most knowledgeable on certain aspects of the subjects listed. Even though the former employees we identified, Todd Storti and Bill Mannel, have the most knowledge (as Dennis Schmidt believed) on certain subjects in the past, they might not be reachable for a deposition; in which case, Dennis Schmidt is the next in line as the most knowledgeable on some of those subjects for those times in the past. I will attempt to find and reach Bill Mannel and Todd Storti and ask if (a) they are willing to testify and (b) their availability. But I do not know at this time. If they do not, then we will have to resort to Craig Cissell or Eric Miller and have them testify, in part, based on information derived from older records and documents (which you already have) and not from personal first-hand information gleaned at the time.
3. As for Heidi Cummings of NV5, she again has the most first-hand knowledge of certain subjects listed in the Notice. I can attempt to find and reach Ms. Cummings and ask if (a) she is willing to testify and (b) her availability. But I do not know at this time. Again, if she does not, then we will have to resort to Craig Cissell or Eric Miller and have them testify based on information derived from records and documents (which you already have) and not from personal first-hand information gleaned at the time.

Do you have a preference?

**Glen Hansen**

**Senior Counsel**



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

---

This electronic message transmission contains information from the law firm of Abbott& Kindermann, Inc. which may be confidential or privileged. Recipients should not file copies of this e-mail with publicly accessible records. The information is intended to be for the use of the individual(s) named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Thursday, May 11, 2023 5:22 PM
**To:** Glen Hansen <GHansen@aklandlaw.com>
**Cc:** Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** Re: COL v. Butte County; Schmidt Deposition

Hi Glen,

Just to clarify, you are now designating six persons most knowledgeable to testify on the County's behalf?  One of those persons appears to be, in fact, not a person, but an organization (SCS).  FRCP 30(b)(6) requires the County to designate a person, not an organization.  Please designate a person.

Do each of these people consent to testify on behalf of the County?

11

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email:  wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in  error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.

On Tue, May 9, 2023 at 7:02 PM Glen Hansen <GHansen@aklandlaw.com> wrote:

Hi Will,

As I stated during the deposition, I needed to confer with my client in order to determine who likely has the most knowledge about the nine wide-ranging and multi-year topics listed in the Notice of Deposition for the County's PMQ.  Part of the problem here is that, even within the specific topic areas, there are persons who may be most knowledgeable about certain parts of the topics, but not all of the specific topics (let alone the extensive timeframes).  Also, former employees that no longer are with the County are most knowledgeable about certain areas, and only they (and not the County now) know what areas they or other persons have the most knowledge of during their former employment (such as Bill Mannel in the 2015-2016 time frame).  With that understanding and under those realities, Defendants hereby designate the following PMQs for the nine topics listed in the Notice of Deposition:

1.

Bill Mannel

Todd Storti

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5


2.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5


3.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller


4.

Todd Storti

Craig Cissell

Eric Miller

Dennis Schmidt


5.

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5

6.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5

7.

Bill Mannel

Todd Storti

Craig Cissell

Eric Miller

Stearns, Conrad & Schmidt

Heidi Cummings of NV5

8.

Bill Mannel

Todd Storti

9.

Stearns, Conrad & Schmidt

If you wish to discuss this further, please let me know.

**Glen Hansen**

Senior Counsel



A Professional Corporation
2100 21st Street | Sacramento, CA 95818
tel: (916) 456-9595 | mobile: (916) 956-3842 | fax: (916) 456-9599
website | blog | email

This electronic message transmission contains information from the law firm of Abbott& Kindermann, Inc. which may be confidential or privileged.  Recipients should not file copies of this e-mail with publicly accessible records.  The information is intended to be for the use of the individual(s) named above.  If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited.

Abbott& Kindermann, Inc. Circular 230 Notice:  To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties.  Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

**From:** William Carlon <wncarlon@packardlawoffices.com>
**Sent:** Friday, May 5, 2023 3:46 PM
**To:** Glen Hansen <GHansen@aklandlaw.com>; Diane Kindermann Henderson <DKindermann@aklandlaw.com>; Andrew Packard <andrew@packardlawoffices.com>; Lisa Haddix <LHaddix@aklandlaw.com>; Acree <brian@brianacree.com>
**Subject:** COL v. Butte County; Schmidt Deposition

Dear Glen,

This will confirm that in the course of taking Mr. Schmidt's deposition today it became evident that he was not the person most qualified or knowledgeable to testify on behalf of the County on the topics identified in COL's August 16, 2021 deposition notice.  We can wait for the transcript, but Mr. Schmidt admitted that he had very little knowledge about all but topic number 4, and then only with regard to a narrow timeframe.  He admitted that he did not prepare for the deposition except for a few minutes this morning to review his work history to get his dates right.

During the deposition, you confirmed that the County would be designating a new deponent who will be prepared to answer questions about each of the topics in COL's notice.  You stated that you would need to confirm with your client whose those individuals would be, but that it would likely be Bill Mannel and Todd Storti (in addition to the already-designated Craig Cissell).

If you believe I have misstated anything above, please let me know.

COL will be seeking sanctions for the County's improper designation of Mr. Schmidt, and to compel the County to designate a deponent.  I believe that we have met the meet and confer requirements of the Court by our colloquy on the record, but if you disagree, please provide a time next week that we can discuss.  We will go ahead and file our Notice of Motion and Motion to Compel on Monday, and will send you a draft joint statement then as well.

Thank you,

William N. Carlon

The Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA  94952

Tel. (707) 782-4060 ext 2
Email: wncarlon@packardlawoffices.com

The communication contained in this message is considered privileged and confidential.  It is protected by attorney client privilege and the attorney work product doctrine. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please provide notification to the sender immediately by replying to the message and deleting it from your computer. This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged.