ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
E-mail: andrew@packardlawoffices.com
         wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS, a non-profit land trust organization, | Case No. 2:20-cv-00123- DJC-DMC |
| Plaintiff, | **REPLY RE COST BILL RE DISCOVERY DISAGREEMENT NO. 2** |
| vs. | |
| BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, a political subdivision of the State of California, DENNIS SCHMIDT, an individual, and ERIC MILLER, an individual, | Date: N/A<br>Time: N/A<br>Hon. Magistrate Dennis M. Cota |
| Defendants. | |

Pursuant to the Court's Minute Order, ECF No. 80, Plaintiff submits a Reply in response to Defendants' Opposition, ECF No. 82.

**I.     Plaintiff made good faith efforts to meet and confer with Defendants in order to resolve this dispute without the Court's involvement.**

Local Rule 251(a) provides that a hearing on a motion to compel under F.R.C.P. 37 may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service.  The rule explains that "[n]o other documents need be filed at this time." *Id.*  The meet and confer requirement, found at Local Rule 251(b) states that a motion made pursuant to F.R.C.P. 37 "shall not

1  be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the
2  parties have set forth their differences and the bases therefor in a Joint Statement re Discovery
3  Disagreement." The rule allows a party to file the motion first, and then confer, so long as the meet
4  and confer occurs prior to the noticed hearing. *Id.*

5  The parties met and conferred extensively about this dispute. ECF. Nos. 74 at 5:18-6:12, 74-
6  1. Defendants take issue with the fact that the meet and confer process occurred mainly after
7  Plaintiff filed this motion, but Defendants read an additional requirement into the Local Rules that
8  simply does not exist – that the parties must meet and confer prior to the filing of the motion. This is
9  contrary to the plain language of Local Rule 251(b) which states "[c]ounsel for all interested parties
10 shall confer in advance of the filing of the motion *or in advance of the hearing of the motion* in a
11 good faith effort to resolve the differences that are the subject of the motion." (Emphasis added).
12 Here, the parties met and conferred in advance of the filing of the joint statement, and well in
13 advance of the hearing. ECF. Nos. 74 at 5:18-6:12, 74-1. Thus, contrary to Defendants' accusations
14 of bad faith, Plaintiff followed the local rules and proceeded in a reasonable and logical manner.

15 Based on previous experience with Defendants in this case, Plaintiff elected to file the
16 motion at the earliest opportunity to ensure that this discovery dispute was resolved as quickly and
17 efficiently as possible. *See e.g.*, ECF Nos. 31, 35 (Court ordering inspections and sanctions opposed
18 by Defendants); ECF No. 36 (Plaintiff withdrew a motion to compel further discovery responses
19 after the parties were able to meet and confer successfully).

20
21  **II.    Plaintiff did not seek fees related to the resolution of the discovery dispute *until after* Defendants continued to take unreasonable positions regarding the designation of their 30(b)(6) deponent.**

22 Counsel for Plaintiff offered to resolve this dispute without seeking the fees related to the
23 filing of the motion. ECF No. 74-1 at 6-7 ("I incurred 9.2 hours of my time in preparing for Mr.
24 Schmidt's deposition, for a total of $3,864 attorney time. Note that this doesn't include the time I
25 spent on the joint statement, which I would be entitled to in a motion to compel"). It wasn't *until*
26 *after* Defendants designated five people and an organization and asked Plaintiff who they wanted to
27 depose that Plaintiff sought its fees on the motion to compel. *Id*. at 9. Defendants continued to take
28

COST BILL                                           2                            Case No. 2:20-cv-00123-DJC-DMC
RE DISCOVERY DISAGREEMENT NO. 2

unreasonable position after unreasonable position, and Plaintiff expended significant time bringing them around.  In fact, it appears Defendants stand by their decision to identify a number of deponents and ask Plaintiff to choose – *despite being provided with legal authority that explains this conduct is sanctionable*.  ECF No. 82 at 4:22-25; *see* ECF No. 74-1 at 8 ("An entity party served with a FRCP 30(b)(6) notice may also be sanctioned for requesting the deposing party to identify the witnesses it wished to depose…").

To be clear, the burden is on Defendants to show that their positions taken in this discovery dispute were "substantially justified."  Adv. Comm. Notes to 1970 Amendment to former F.R.C.P. 37(a)(4); *see Lorillard Tobacco Co. v. Elston Self Service Wholesale Groceries, Inc,* 259 F.R.D. 323, 327, (N.D. Ill. 2009).  Defendants have not met this burden.  A glance at the Federal Rules and the relevant case law is enough to determine that Defendants did just about everything the wrong way first, before finally getting around to designating a deponent who could testify to the noticed topics.

### III.  Defendants' interpretation of Plaintiff's hours is incorrect and unreasonable.

Plaintiff spent 7.9 hours preparing for Mr. Schmidt's deposition.  Mr. Schmidt was the director of Public Works at Butte County, and was likely to have specific information about Defendants' industrial storm water management program that only a person in his position might have access to.  When it became apparent that Mr. Schmidt was the improperly designated by the County, and a new deponent was identified, Plaintiff had to prepare again for another deposition.  It is true that there were some efficiencies in preparing for Mr. Miller, after having prepared for Mr. Schmidt, but it is impossible to parse out which hours were specifically used only on Mr. Schmidt versus Mr. Miller.  At the time Plaintiff's counsel was preparing for Mr. Schmidt, there was no expectation that counsel would have to prepare for yet another deposition on the same topics, so no effort was made to parse the preparation time between Mr. Schmidt and anybody else.  Mr. Schmidt was supposed to be prepared to testify on behalf of the County, but he was not.  The time spent preparing for Mr. Schmidt was reasonably incurred, and Plaintiff should be awarded those fees.

### IV.  Plaintiff seeks an additional 0.9 hours for time spent on this Reply brief.

Attached hereto as **Exhibit 1** is an updated time sheet reflecting the 0.9 hours spent on this Reply.  This brings the total hours sought by Plaintiff to 15.8, for a total requested award of

1 | $7,316.18 in fees and costs.

Dated: June 9, 2023          LAW OFFICES OF ANDREW L. PACKARD

                              /s/ William Carlon  
                              By: William Carlon  
                              Attorneys for Plaintiff  
                              CALIFORNIA OPEN LANDS

# EXHIBIT 1

| Attorney | Description | Start date | Duration | Notes |
|---|---|---|---|---|
| W. Carlon | prepare for PMQ deposition | 3/10/2023 | 0.8 | Cissell Deposition - not sought in motion to compel |
| W. Carlon | draft outline for PMQ depo | 4/11/2023 | 3.4 | Cissell Deposition - not sought in motion to compel |
| W. Carlon | prep for pmq deposition | 4/18/2023 | 2.9 | Cissell Deposition - not sought in motion to compel |
| W. Carlon | prepare for PMQ deposition | 4/20/2023 | 3.9 | Cissell Deposition - not sought in motion to compel |
| W. Carlon | prepare for PMQ deposition | 4/21/2023 | 2.8 | Cissell Deposition - not sought in motion to compel |
| W. Carlon | prepare for PMQ deposition | 4/23/2023 | 2.1 | Cissell Deposition - not sought in motion to compel |
| W. Carlon | prepare for PMQ deposition | 4/24/2023 | 1.4 | Cissell Deposition - not sought in motion to compel |
| W. Carlon | prepare for no show while waiting for response from opposing counsel re costs and reschudle | 4/24/2023 | 0.5 | Cissell Deposition - not sought in motion to compel |
| W. Carlon | prepare for PMQ (Schmidt) Deposition | 5/2/2023 | 1.8 | Schmidt Deposition |
| W. Carlon | prepare for PMQ (Schmidt) Deposition | 5/3/2023 | 3.1 | Schmidt Deposition |
| W. Carlon | prepare for PMQ (Schmidt) Deposition | 5/4/2023 | 2.1 | Schmidt Deposition |
| W. Carlon | prepare for PMQ (Schmidt) Deposition | 5/5/2023 | 0.9 | Schmidt Deposition |
| W. Carlon | PMQ (Schmidt) deposition | 5/5/2023 | 1.2 | Schmidt Deposition |
| W. Carlon | draft letter to hansen; draft joint statment | 5/5/2023 | 0.6 | Schmidt Deposition |
| W. Carlon | draft MTC and JS re PMQ (Schmidt) depo | 5/5/2023 | 1.2 | Schmidt Deposition |
| W. Carlon | edit and file notice of motion and motion to compel deposition | 5/8/2023 | 0.1 | Schmidt Deposition |
| W. Carlon | draft email to Glen re depo fees | 5/11/2023 | 0.6 | Schmidt Deposition |
| W. Carlon | draft email to counsel re disco dispute | 5/12/2023 | 0.3 | Schmidt Deposition |
| W. Carlon | review/edit joint statement | 5/12/2023 | 0.2 | Schmidt Deposition |
| W. Carlon | confer w/AP re pmq depo (Schmidt) issues | 5/15/2023 | 0.2 | Schmidt Deposition |
| W. Carlon | review correspondence; draft email to court reporter re invoices; draft email to hansen re costs/fees and rescheduling expert deadline | 5/15/2023 | 0.5 | Schmidt Deposition |
| W. Carlon | review Glen's email re pmq disco dispute; draft response | 5/16/2023 | 0.2 | Schmidt Deposition |
| W. Carlon | review/edit joint statement | 5/17/2023 | 0.5 | Schmidt Deposition |
| W. Carlon | prepare for miller deposition | 5/17/2023 | 0.2 | Miller Deposition - not sought in motion to compel, but incurred as a result of Defendants' first two deponents not being prepared. |
| W. Carlon | prepare for miller deposition | 5/17/2023 | 1.3 | Miller Deposition - not sought in motion to compel, but incurred as a result of Defendants' first two deponents not being prepared. |
| W. Carlon | prepare for miller deposition | 5/19/2023 | 0.6 | Miller Deposition - not sought in motion to compel, but incurred as a result of Defendants' first two deponents not being prepared. |
| W. Carlon | draft and file request to appear by video | 5/22/2023 | 0.1 | Schmidt Deposition |
| W. Carlon | prepare for miller deposition | 5/24/2023 | 0.8 | Miller Deposition - not sought in motion to compel, but incurred as a result of Defendants' first two deponents not being prepared. |
| W. Carlon | prepare for miller deposition | 5/24/2023 | 1.1 | Miller Deposition - not sought in motion to compel, but incurred as a result of Defendants' first two deponents not being prepared. |
| W. Carlon | prepare for miller deposition | 5/24/2023 | 0.4 | Miller Deposition - not sought in motion to compel, but incurred as a result of Defendants' first two deponents not being prepared. |
| W. Carlon | prepare for miller deposition | 5/24/2023 | 0.3 | Miller Deposition - not sought in motion to compel, but incurred as a result of Defendants' first two deponents not being prepared. |
| W. Carlon | prepare for miller deposition | 5/24/2023 | 0.4 | Miller Deposition - not sought in motion to compel, but incurred as a result of Defendants' first two deponents not being prepared. |
| W. Carlon | Conduct pmq deposition (Miller) | 5/25/2023 | 6.5 | Miller Deposition - not sought in motion to compel, but incurred as a result of Defendants' first two deponents not being prepared. |
| W. Carlon | prepare for mtc hearing | 6/5/2023 | 0.2 | Schmidt Deposition |
| W. Carlon | hearing on mtc pmq depo | 6/5/2023 | 0.4 | Schmidt Deposition |
| W. Carlon | prepare timesheets per court order | 6/5/2023 | 0.5 | Schmidt Deposition |
| W. Carlon | draft bill of costs and file w/court | 6/6/2023 | 0.2 | Schmidt Deposition |
| W. Carlon | draft reply re bill of costs | 6/9/2023 | 0.9 | Schmidt Deposition |

| | | | | |
|---|---|---|---|---|
| **Total Hours Sought** | | | 15.8 | |
| Total Hours not Sought | | | 29.3 | |
| | | | | |
| Total Fees Sought (Rate = $420/hour) | | $ 6,636.00 | | |
| Total Costs Sought (Court Reporter, see invoice) | | $ 680.18 | | |
| **GRAND TOTAL** | | $ 7,316.18 | | |