IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS, | No. 2:20-CV-0123-DJC-DMC |
| Plaintiff, | |
| v. | ORDER |
| BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, et al., | |
| Defendants. | |

Plaintiff, which is proceeding with retained counsel, brings this civil action. Pending before the Court is Plaintiff's motion to compel, ECF No. 70.

Plaintiff filed a motion to compel the deposition of Defendant Butte County Department of Public Works' person most knowledgeable (PMQ). ECF No. 70. Plaintiff filed the motion after one of Defendant's initial PMQs declared at his deposition that he was indeed not the PMQ on a range of the deposition's topics. See ECF No. 74 at 5. The parties then filed a joint statement detailing their dispute and indicating they agree new PMQs should be designated and deposed. The only remaining dispute outlined by parties relates to the extent of appropriate attorney's fees justified by the replacement. ECF No. 74 at 6. The Court held a hearing on the matter and ordered Plaintiff to submit a cost bill. ECF No. 80.

///

1

The Court will deny the motion to compel as moot but will grant attorney's fees to Plaintiff in the amount of $5,048.

## I. BACKGROUND

Plaintiff brought suit against Defendant alleging violations of the Federal Water Pollution Control Act (Clean Water Act). ECF 74 at 2. Plaintiff claims Defendant is in violation of the National Pollutant Discharge Elimination System Permit by failing to adequately develop a storm water pollution plan at its Neal Road Landfill. Id.

Plaintiff gave notice of deposition to Defendant to produce the PMQ for nine matters related to the Landfill's discharge of stormwater and compliance with the Clean Water Act. See id. at 2-3. Defendant designated Craig Cissell and Dennis Schmidt to testify as the PMQs. Id. at 4. Immediately before Mr. Cissell's deposition was set to begin, Defendant's counsel informed Plaintiff's counsel that Mr. Cissell would not be able to attend the deposition because he had become sick. Id. Defendant agreed to cover the cost of the late cancellation fee for the court reporter and rescheduled the deposition. Id. at 4-5.

Mr. Schmidt made it to his deposition, but once the deposition began, he admitted he was not the PMQ for all but one of the nine designated topics. Id. at 5. After Defendant's counsel consulted with their client, counsel eventually identified new PMQs for all topics identified in the notice of deposition. Id. at 5-6. Defendant identified five individuals and an organization, offering to let Plaintiff select the deponents. Id. at 7-8. Plaintiff refused to pick and informed Defendant's counsel they would have to select who speaks on their behalf. Id.

The parties could not agree on monetary expenses sought by Plaintiff. Id. at 6. Plaintiff seeks reimbursement for attorney's fees incurred for the preparation of Mr. Schmidt's deposition and the fees incurred for the motion to compel and joint statement. Id. Defendant is agreeable to reimbursing costs for Plaintiff's preparation regarding Mr. Schmidt's deposition, but Defendant believes the motion to compel and joint statement were premature and unnecessary and so are not agreeable to those costs. Id. at 9. Defendant also believes Plaintiff cannot recover costs for the preparation of Mr. CIssell's deposition or preparation for the deposition of the new

PMQ.  See ECF 82 at 9.

## II.  DISCUSSION

Plaintiff urges the Court to sanction Defendant for violating Federal Rule of Civil Procedure 30(b)(6).  ECF No. 74 at 7-8.  Plaintiff's motion to compel is moot, but the Court agrees certain attorney's fees and costs are warranted under Federal Rule of Civil Procedure 30(d)(2).

### A.  Plaintiff's Motion to Compel

A motion to compel discovery becomes moot if the information the moving party seeks is shared by the non-moving party.  See W. Oil & Gas Ass'n v. Sonoma Cnty., 905 F.2d 1287, 1290 (9th Cir. 1990) (holding the mootness inquiry asks whether there is anything left for the court to do)).  Plaintiff requests in the motion to compel that Defendant appoint PMQs for the topics in the notice of deposition.  ECF No. 70 at 1-2.  Defendant has already done so.  ECF No. 74 at 9.  Because Plaintiff already has what it sought, there is nothing left for the Court to do with respect to PMQ depositions.  See W. Oil & Gas Ass'n v. Sonoma Cnty., 905 F.2d at 1290.  Plaintiff's motion to compel will be denied as moot.

### B.  Reasonable Expenses

The issue remains as to expenses sought by Plaintiff in connection with the unproductive depositions.  "The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).  Defendant designated a PMQ – Mr. Schmidt – who admitted at his deposition that he was not indeed the PMQ. ECF 74 at 5. This led to the need for scheduling a new deposition of a new PMQ. Id. Defendant should have known that Mr. Schmidt was not the PMQ, and so the need for deposing a new PMQ constituted a delay and frustration of the fair examination of Defendant's actual PMQs.

/ / /

/ / /

/ / /

    Defendant does not contest that some attorney's fees are reasonable, but it argues against most of the costs sought by Plaintiff.  See ECF 82 at 9.  Defendant does not contest that $420 is a reasonable hourly rate for Plaintiff's counsels' time.  See id.  The Court will award the following attorney's fees and costs:

> (1) $680 in costs for the court reporter in Mr. Schmidt's deposition.  Defendant does not contest the appropriateness of this cost and so it will be granted. See ECF No. 83 at 6; ECF No. 82 at 9.
>
> (2) $504 for attorney's fees incurred for the deposition of Mr. Schmidt.  Plaintiff spent 1.2 hours deposing Mr. Schmidt.  Defendant does not contest the appropriateness of this cost and so it will be granted.  See ECF No. 83 at 6; ECF No. 82 at 9.
>
> (3) Fees for the preparation of Mr. Schmidt's deposition shall not be granted, as Plaintiff would have to spend that time preparing for the PMQ even if Defendant had provided the PMQ originally.
>
> (4) $1,050 for preparation for the testimony of the replacement PMQ, Mr. Miller.  Plaintiff spent 5.1 hours preparing for Mr. Miller's testimony, but he did not seek to be reimbursed for the costs (presumably because he sought costs for the preparation for Mr. Schmidt).  The Court will grant 2.5 hours of cost to Plaintiff as time that it had to spend on preparing for Mr. Miller specifically rather than preparation for the PMQ in general.  See ECF No. 83 at 6.
>
> (5) $2,814 for preparation of motions and for communications about the motions and communications about the replacement of the PMQs.  Plaintiff requests 6.7 hours for making, filing, and communicating with Defendant about the motions.  See ECF No. 83 at 6.  Defendant argues Plaintiff should not recover for the preparation of the motions because it was willing to provide replacement PMQs before Plaintiff filed its motion to compel.  ECF 82 at 7. The Court finds that Plaintiff acted reasonably in filing its motion.  Even though Defendant may have been willing to designate new PMQs when it learned its original PMQs were insufficient, Plaintiff had a legitimate interest worthy of bringing to the Court's attention, specifically Plaintiff's need to ensure Defendant properly identified its own PMQs in a timely manner following the failure of Defendant to do so originally.  The Court will grant the cost.

 Based on the above, the Court will allow Plaintiff to recover reasonable expenses in the amount of $5,048 (10.4 hours x $420 = $4,368; $4,368 + $680 = $5,048).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, ECF No. 70, is DENIED as moot.

2. Plaintiff is awarded $5,048 in reasonable expenses, payable by Defendant within 30 days of the date of this order.

Dated:  September 8, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE