Diane G. Kindermann (SBN 144426)
dkindermann@aklandlaw.com
Glen C. Hansen (SBN 166923)
ghansen@aklandlaw.com
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone:   (916) 456-9595
Facsimile:    (916) 456-9599

Attorneys for Defendants
BUTTE COUNTY DEPARTMENT OF
PUBLIC WORKS, DENNIS SCHMIDT,
ERIC MILLER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS, a non-profit land trust organization,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, a political subdivision of the State of California, DENNIS SCHMIDT, an individual, and ERIC MILLER, an individual,<br><br>Defendants. | No. 2:20-CV-00123-KJM-DMC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(FRCP 56; Eastern District Civil L.R. 260)<br><br>Hearing:   February 29, 2024<br>Time:       1:30 p.m.<br>Location: Courtroom: 10<br>Judge:      Hon. Daniel J. Calabretta<br><br>Trial Date: June 24, 2024 |

-1-

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## REQUEST FOR JUDICIAL NOTICE

Defendants Butte County Department Of Public Works, Dennis Schmidt, and Eric Miller ("Defendants" or "County") hereby request, pursuant to Federal Rule of Evidence 201, that this Court take judicial notice of a document in the records of the Superior Court of California, in and for the County of Butte.

Under Federal Rule of Evidence 201, judicial notice may be taken of facts that are not in dispute either because they are (1) "generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(g) provides that in a civil action any judicially noticed fact must be accepted as conclusive. Fed. R. Evid. 201(g); *see also Korematsu v. United States* (N.D. Cal. 1984) 584 F. Supp. 1406, 1414-1416).

It is well established that federal courts may take judicial notice of the contents of the files and dockets of state court proceedings. The record of a state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1388 n. 9 (9th Cir.1987) ; *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.1981). Judicial notice of public records, such as those in the docket file of the Butte Superior Court, is limited to taking judicial notice of the existence of those records and the statements within those records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001).

Defendants request that this Court take judicial notice of (a) the *existence* of the following document; and (b) the fact that Plaintiff California Open Lands made the statements and claims within the following document. Defendants do *not* request that this Court take judicial notice of the *truth* of any of the statements or claims within the following document:

Complaint for Declaratory and Injunctive Relief filed on June 22, 2020, by California Open Lands, in the Superior Court of the County of Butte, Case

-2-

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

No. 20CV01220, which is attached as **Exhibit B** to the County's Appendix Of Exhibits In Opposition To Plaintiff's Motion For Partial Summary Judgment ("County's Appendix"), filed herewith.

Dated:  February 1, 2024            ABBOTT & KINDERMANN, INC.


By:   */s/ Glen C. Hansen*
    GLEN C. HANSEN
    DIANE G. KINDERMANN
    Attorneys for Defendants
    BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, DENNIS SCHMIDT, ERIC MILLER
    , DENNIS SCHMIDT, ERIC MILLER