Diane G. Kindermann (SBN 144426)
dkindermann@aklandlaw.com
Glen C. Hansen (SBN 166923)
ghansen@aklandlaw.com
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone: (916) 456-9595
Facsimile: (916) 456-9599

Attorneys for Defendants
BUTTE COUNTY DEPARTMENT OF
PUBLIC WORKS, DENNIS SCHMIDT,
ERIC MILLER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS, a non-profit land trust organization,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, a political subdivision of the State of California, DENNIS SCHMIDT, an individual, and ERIC MILLER, an individual,<br><br>Defendants. | No. 2:20-CV-00123-KJM-DMC<br><br>**DECLARATION OF GLEN C. HANSEN IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(FRCP 56; Eastern District Civil L.R. 260)<br><br>Hearing: February 29, 2024<br>Time: 1:30 p.m.<br>Location: Courtroom: 10<br>Judge: Hon. Daniel J. Calabretta<br><br>Trial Date: June 24, 2024 |

I, Glen Hansen, declare,

1. I am a Senior Counsel with the law firm of Abbott & Kindermann, Inc., counsel of record for Defendants Butte County Department Of Public Works, Dennis Schmidt and Eric Miller (collectively, "Defendants" or "County") in this action. If called as a witness, I could and would competently testify to the following facts of which I have personal knowledge, except those matters alleged upon information and belief, and as to those, I believe them to be true.

-1-

**DECLARATION OF GLEN C. HANSEN IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1    2.    Attached as **Exhibit C** to the Defendants' Appendix Of Exhibits In Opposition To Plaintiff's Motion For Partial Summary Judgment ("County's Appendix") are true and correct copies of selected pages of the transcript and exhibits of the Deposition of expert witness Eric Miller that was taken in this case on October 11, 2023.

3.    Attached as **Exhibit D** to the County's Appendix are true and correct copies of selected pages of Plaintiff's Responses to Defendant's Interrogatories (Set Two), which responses were served in this case on November 4, 2022.

4.    Attached as **Exhibit E** to the County's Appendix are true and correct copies of selected pages of the transcript and exhibits to the Deposition of the expert witness Travis Peterson that was taken in this case on October 10, 2023.

5.    Attached as **Exhibit G** to County's Appendix are true and correct copies of selected pages of the transcript and exhibits to the Deposition of the expert witness Sean Covington that was taken in this case on October 25, 2023.

6.    Attached as **Exhibit H** to the County's Appendix are true and correct copies of selected pages of Plaintiff's Responses To Defendant's Interrogatories (Set One), which responses were served in this case on November 4, 2022.  Special Interrogatory No. 1 requests that Plaintiff "State all facts upon which you base the allegation in paragraph 74 of the Complaint that 'Defendants have failed to develop and implement an adequate SWPPP for the Facility.'"  Nowhere in Plaintiff's responses to Special Interrogatory No. 1 is there any reference to the claim in the Motion For Partial Summary Judgment that the "2021 SWPPP and site maps fail to identify the advanced BMPs implemented as a result of the parties' State Court settlement agreement" or that "[t]he 2021 SWPPP and site map, was not revised or amended to identify either the flow control weir boxes or the secondary containment system" that was part of the parties' State Court settlement agreement.  Such claims were also not mentioned in the expert witness report that Plaintiff served on July 15, 2023.  In fact, Defendants did not even learn about such claims until Plaintiff filed its Motion For Partial Summary

**DECLARATION OF GLEN C. HANSEN IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Judgment; and therefore, Defendants were prevented from being able to conduct any discovery or expert report on these claims.

7. Attached as **Exhibit I** to the County's Appendix is a true and correct copy of an email that I received from William N. Carlon, counsel for Plaintiff, on August 16, 2023. I am informed that the email from Mr. Carlon was to "meet and confer" regarding Plaintiff's Motion For Partial Summary Judgment. (The last sentence of the email that is attached as Exhibit I is redacted because it solely addresses settlement discussions between the parties.) In that email of August 16, 2023, there is no discussion or mention of COL's standing in this case. At no time after that email was sent did the parties to this case ever discuss Plaintiff's standing in this case. The first time that Defendants were informed that Plaintiff sought to include Plaintiff's standing as an issue to be raised in summary judgment was went Defendants were served with a copy of the moving papers in support of Plaintiff's Motion For Partial Summary Judgment.

8. Attached as Exhibit A to the Complaint For Declaratory And Injunctive Relief And Civil Penalties in this case is a copy of a Notice Of Violations And Intent To File Suit Under The Federal Water Pollution Control Act, that was sent by William N. Carlon, counsel for Plaintiff, to Defendants, dated November 15, 2019. Docket No. 1, pp. 20 – 34. I am informed and believe that at no time since November 15, 2019, has Plaintiff ever sent to Defendants any other such Notice of Violation related to the Neal Road Recycling and Waste Facility pursuant to the federal Clean Water Act (33 U.S.C. §1365(b)). As counsel of record for Defendants in this action, this office would have received a copy of any such additional Notice of Violation if it had been sent by Plaintiff.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except as to those matters alleged on information and belief and, as to those matters, I believe them to be true. Executed on February 1, 2024, at Sacramento, California.

 */s/ Glen C. Hansen*
GLEN HANSEN

-3-

**DECLARATION OF GLEN C. HANSEN IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**