1  Diane G. Kindermann (SBN 144426)
   dkindermann@aklandlaw.com
2  Glen C. Hansen (SBN 166923)
   ghansen@aklandlaw.com
3  ABBOTT & KINDERMANN, INC.
   2100 21st Street
4  Sacramento, California 95818
   Telephone:   (916) 456-9595
5  Facsimile:   (916) 456-9599

6  Attorneys for Defendants
   BUTTE COUNTY DEPARTMENT OF
7  PUBLIC WORKS, DENNIS SCHMIDT,
   ERIC MILLER

8

9            **UNITED STATES DISTRICT COURT**

10           **EASTERN DISTRICT OF CALIFORNIA**

11

12  CALIFORNIA OPEN LANDS, a non-        No.  2:20-CV-00123-KJM-DMC
    profit land trust organization,
13                                       **DEFENDANTS' OBJECTION TO REPLY**
                  Plaintiff,             **EVIDENCE RE- MOTION FOR PARTIAL**
14                                       **SUMMARY JUDGMENT**
         v.
15                                       (Eastern District Civil L.R. 230(m)(1))
    BUTTE COUNTY DEPARTMENT OF
16  PUBLIC WORKS, a political            Hearing:    February 29, 2024
    subdivision of the State of California,   Time:       1:30 p.m.
17  DENNIS SCHMIDT, an individual,       Location:   Courtroom: 10
    and ERIC MILLER, an individual,      Judge:      Hon. Daniel J. Calabretta
18
                  Defendants.            Trial Date: June 24, 2024
19

20

21

22

23

24

25

26

27

28

                              -1-

**OBJECTION TO REPLY EVIDENCE RE- MOTION FOR PARTIAL SUMMARY JUDGMENT**

1   Pursuant to Local Rule 230(m)(1), Defendants Butte County Department Of

2   Public Works, Dennis Schmidt, and Eric Miller (collectively, "the County") object to the

3   new evidence brought in by Plaintiff California Open Lands ("Plaintiff") in the Reply

4   papers filed by Plaintiff on February 12, 2024.

5   **A.    Local Rule 230(m)(1) Allows The County To File An Objection To The New**
       **Evidence Submitted By Plaintiff In Its Reply Papers In Support Of The**
6       **Motion For Partial Summary Judgment.**

7       "[N]ew evidence is flatly prohibited in a reply in support of summary judgment."

8   *EEOC v. Swissport Fueling, Inc.*, 916 F. Supp. 2d 1005, 1015, 1016 (D. Ariz. 2013). As

9   this Court has held:  "'It is well accepted that the raising of new issues and submission of

10   new facts in [a] reply brief is improper.'" *Bruce v. Chaiken*, 2017 U.S. Dist. LEXIS 204491

11   at *1 (E.D.Ca., Dec. 12, 2017, case no. No. 2: 15-cv-960 TLN KJN P), quoting Schwartz

12   v. Upper Deck Co., 183 F.R.D. 672, 682 (S.D. Cal. 1999).  *See Pyramid Transp., Inc. v.*

13   *Greatwide Dallas Mavis, LLC,* No. 3:12-CV-0149-D2012 U.S. Dist. LEXIS 166217 at *4,

14   2012 WL 5875603 (N.D.Tex. 2012) ("The underlying premise for the rule prohibiting

15   summary judgment reply brief evidentiary appendixes as a matter of right is that a party

16   should not be permitted to submit new evidence by way of a reply brief.")

17       Plaintiff California Open Lands blatantly violated that prohibition. Plaintiff

18   submitted new Exhibits 30, 31, 32, and 33 with its Reply Brief In Support Of Plaintiff's

19   Motion For Partial Summary Judgment.  *See* Supplemental Declaration of William Carlon

20   In Support Of Plaintiff's Motion For Partial Summary Judgment, ¶¶3-6 (Docket No. 94-2);

21   Plaintiff's Supplemental Appendix Of Exhibits In Support Of Partial Motion For Summary

22   Judgment (Docket No. 94-1).

23       Local Rule 230(m)(1) therefore applies here, and provides:

24       If new evidence has been submitted with the reply brief, the

25       opposing party may file and serve, no later than seven (7) days after

26       the reply is filed, an Objection to Reply Evidence stating its

27       objections to the new evidence.  The Objection to Reply Evidence

28       may not include further argument on the motion.

-2-

**OBJECTION TO REPLY EVIDENCE RE- MOTION FOR PARTIAL SUMMARY JUDGMENT**

1   Pursuant to LR 230(m)(1), the County requests that this Court not consider any of the

2   new evidence submitted by Plaintiff, or alternatively allow the County to file a sur-reply to

3   address that new evidence.

**B.      Plaintiff Attempts To Circumvent The Standing Order By Wrongfully Arguing New Evidence In Its Reply Brief.**

6   The Standing Order In Civil Cases, page 3, lines 9-10, explicitly states that "the

7   moving party may not file a reply to the non-moving party's response to the Statement of

8   Undisputed Facts."  Yet that is essentially what Plaintiff does when it argues its new

9   evidence in the Reply Brief.  Instead of creating a new column in the Statement Of

10   Undisputed Facts (which would blatantly violate the explicit prohibition in the Standing

11   Order), Plaintiff seeks to accomplish exactly the same thing by making numerous

12   arguments and citations to the new evidence in its Reply Brief.  Plaintiff does that in the

13   following portions of the Reply Brief:

14   • Page 6, lines 12-18

15   • Page 9, line 27 – page 10, line 11

16   • Page 11, lines 13-18

17   • Page 11, line 28 – page 12, line 3

18   This Court should not countenance such circumvention of the rules and policies in

19   the Standing Order.  "The opposing party should not have to incur the cost and effort of

20   additional filings -- a motion for leave to file a sur-reply, and the sur-reply itself --

21   because the movants deliberately, or more likely inadvertently, held back part of their

22   case." *Gutierrez v. 78th Judicial Dist. Court*, No. 1:07-cv-1268, 2009 U.S. Dist. LEXIS

23   45215, 2009 WL 1507415, at *1, (W.D. Mich. May 29, 2009).

24   Plaintiff also cites and argues some of the new evidence in items numbers 96 and

25   98 of its Response To Defendants' Statement Of Additional Undisputed Facts (Docket

26   No. 94-3).  That is improper. "The moving party may set forth objections to the

27   responsive statement of facts, and those objections 'may be set forth in a separate reply

28

**OBJECTION TO REPLY EVIDENCE RE- MOTION FOR PARTIAL SUMMARY JUDGMENT**

1  statement of facts, *but that filing may not introduce new facts or evidence.'" EEOC v.*

2  *Swissport Fueling, Inc.*, *supra*, 916 F. Supp. 2d at 1016. (emphasis added).

3        Plaintiff's tactics here are patently unfair to the County.  *See Baker v. Bowles*, No.

4  3:05-CV-1118-L (BH), 2007 U.S. Dist. LEXIS 118648 at * 17 (N.D.Tex. 2007) ("By filing

5  the grievances as a supplemental appendix to their Reply, Defendant deprived Plaintiff

6  of a meaningful opportunity to respond to the new evidence.")

7  **C.    This Court Should Not Consider The New Evidence Submitted By Plaintiff.**
   **Alternatively, This Court Allow The County To File A Surreply To Address**
8  **The New Evidence.**

9        This Court should not at all consider Plaintiff's new evidence (Exhibits 30, 31, 32

10  and 33) or its arguments based on such new evidence. "The remedy for dealing with

11  new evidence first appearing in a reply is that we will not consider issues or evidence

12  raised for the first time in plaintiff's reply." *American Traffic Solutions, Inc. v. Redflex*

13  *Traffic Sys. Inc.,* No. CV-08-2051-PHX-FJM, 2009 U.S. Dist. LEXIS 26727, 2009 WL

14  775104, at *1 (D. Ariz. Mar. 20, 2009).

15        Alternatively, this Court should allow the County an opportunity to respond to the

16  new evidence submitted by Plaintiff for the first time on Reply.  "We agree with the

17  Seventh Circuit, which held that '[w]here new evidence is presented in a reply to a

18  motion for summary judgment, the district court should not consider the new evidence

19  without giving the [non-]movant an opportunity to respond.'" *Provenz v. Miller*, 102 F.3d

20  1478, 1483 (9th Cir. 1996). *See e.g.,* Turner v. Salinas, No. 2: 10-cv-1848 MCE KJN P,

21  2011 U.S. Dist. LEXIS 100530 at *1 (E.D.Ca. 2011), *Wallace v. Countrywide Home*

22  *Loans, Inc.*, SACV 08-1463 AG (MLGx), 2009 U.S. Dist. LEXIS 110140, at *18-19, 2009

23  WL 4349534 (E.D. Cal. Nov. 23, 2009). However, the County recognizes that this Court

24  "generally views motions for leave to file a surreply with disfavor." *Perrotte v. Johnson*,

25  No. 1:15-cv-00026-LJO-SAB (PC), 2019 U.S. Dist. LEXIS 174803 at *1 (E.D.Ca. 2019).

26  Therefore, if this Court denies the County an opportunity to file a surreply to respond to

27  Plaintiff's new evidence, then this Court should simply not consider the new evidence

28  and related arguments submitted by Plaintiff in its Reply papers (i.e., Exhibits 30, 31,

-4-

**OBJECTION TO REPLY EVIDENCE RE- MOTION FOR PARTIAL SUMMARY JUDGMENT**

32, 33).  *See JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply).

**D.    Conclusion.**

This Court should disregard all of the new evidence submitted by Plaintiff in its Reply papers (Exhibits 30, 31, 32, and 33).  This Court should also disregard Plaintiffs' arguments based on that new evidence in the following documents:

- Reply Brief, page 6, lines 12-18;
- Reply Brief, page 9, line 27 – page 10, line 11;
- Reply Brief, page 11, lines 13-18;
- Reply Brief, page 11, line 28 – page 12, line 3;
- Plaintiff's Response To Defendants' Statement Of Additional Undisputed Facts (Docket No. 94-3), item nos. 96, 98.

Alternatively, this Court should provide the County with a reasonable opportunity to respond to all of the new evidence submitted by Plaintiff in its Reply papers.

Dated:  February 13, 2024                    ABBOTT & KINDERMANN, INC.

By:    */s/ Glen C. Hansen*
GLEN C. HANSEN
DIANE G. KINDERMANN
Attorneys for Defendants
BUTTE COUNTY DEPARTMENT OF
PUBLIC WORKS, DENNIS SCHMIDT,
ERIC MILLER

-5-

**OBJECTION TO REPLY EVIDENCE RE- MOTION FOR PARTIAL SUMMARY JUDGMENT**