UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS,<br>Plaintiff,<br>v.<br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, DENNIS SCHMIDT, and ERIC MILLER,<br>Defendants. | No. 2:20-cv-00123-DJC-DMC<br><br>ORDER RE SUPPLEMENTAL BRIEFING |

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment on its claims that Defendants (1) discharged contaminated storm water from their waste management facility ("Facility") in 2019, (2) failed to develop and implement an adequate Storm Water Pollution Prevention Plan, and (3) failed to develop and implement an adequate Monitoring Implementation Plan ("MIP"), all in violation of the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, and California's National Pollution Discharge Elimination System permit applicable to all industrial storm water dischargers ("General Permit"). (ECF No. 91.) The Court held a hearing on this Motion on February 29, 2024. (ECF No. 98.)

Concerning Plaintiff's MIP claim, Plaintiff argues, in short, that Defendants have failed to develop and implement an adequate MIP because none of Defendants' MIPs implemented during the relevant statute of limitations period require landfill

wastewater discharged from Defendants' Facility, which includes contaminated storm water, to be analyzed for certain "Regulated Parameters" set forth in Subchapter N, 40 C.F.R. §§ 401–471, *i.e.*, biochemical oxygen demand, ammonia (as nitrogen), α-Terpineol, benzoic acid, or p-Cresol. (ECF No. 91 at 26–28.) Plaintiff argues that such testing is required under the General Permit and the Clean Water Act. (*Id.* at 26–28.) Plaintiff argues that when the Facility discharged contaminated storm water in 2019, Defendants did not have the water analyzed for the Regulated Parameters. (*Id.* at 28.) Plaintiff argues that Defendants risk repeating these violations because, "[t]o the extent that the Facility discharges contaminated storm water in the future, the [MIP] would not provide for the analysis of the required Regulated Parameters." (*Id.*)

"[C]itizen plaintiffs may not sue to remedy 'wholly past' violations of the Clean Water Act; the Act confers jurisdiction over citizen suits that allege continuous or intermittent violations." *Waterkeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 921 (9th Cir. 2004); *see also Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 953 (9th Cir. 2002) ("To prevail at trial, a citizen-plaintiff must prove an ongoing violation."); *Sierra Club v. Union Oil Co.*, 853 F.2d 667, 670 (9th Cir. 1988) ("[C]itizen plaintiffs must eventually prove the existence of ongoing Clean Water Act violations or the reasonable likelihood of continuing future violations to prevail on the merits of a citizen enforcement action."). Otherwise stated, "citizens lack statutory standing under the [Clean Water Act] to sue for violations that have ceased by the time the complaint is filed." *S.F. Baykeeper, Inc. v. Moore*, 180 F. Supp. 2d 1116, 1122 (E.D. Cal. 2001). "[A] citizen plaintiff may prove ongoing violations 'either (1) by proving violations that continue on or after the date the complaint is filed, or (2) by adducing evidence from which a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations.'" *Sierra Club*, 853 F.2d at 671 (quoting *Chesapeake Bay Found. v. Gwaltney of Smithfield, Ltd.*, 844 F.2d 170, 171–72 (4th Cir. 1988)).

////

The Court has reviewed Defendants' MIPs.  The Court concurs with Plaintiff that the 2015 MIP, which was in place at the time of the alleged storm water discharges in 2019, did not require testing for the Regulated Parameters.  (*See* Pl.'s App., Ex. 11 (ECF No. 91-3) ("2015 MIP") at 391-97[1] (no required testing of biochemical oxygen demand, ammonia (as nitrogen), α-Terpineol, benzoic acid, or p-Cresol).)  However, the 2019 and 2021 MIPs appear to require the Facility to test landfill wastewater for the Regulated Parameters.  (*See* Pl.'s App., Ex. 4 (ECF No. 91-2) ("2019 MIP") at 153–54 (stating that "if the Facility discharges landfill wastewater, as defined in Part 445.2(f), then it will be subject to the storm water EGLs" and will analyze samples for biochemical oxygen demand, ammonia (as nitrogen), α-Terpineol, benzoic acid, and p-Cresol); Pl.'s App., Ex. 5 (ECF No. 91-2) ("2021 MIP") at 202 (same).)

The 2019 MIP was implemented on September 30, 2019.  (2019 MIP at 121.)  Plaintiff's Complaint was filed on January 16, 2020.  (ECF No. 1.)  Thus, the 2019 MIP was in effect when this action commenced.  Accordingly, the Court is not convinced that the alleged MIP violations are continuous or intermittent; that is, that the 2019 and 2021 MIPs do not comply with the General Permit, or that Defendants would not test contaminated storm water for the Regulated Parameters under those MIPs.

In accordance with the above, it is hereby ORDERED:

1. Plaintiff shall submit a supplemental brief within seven (7) days demonstrating why Defendants' alleged failures to develop and implement adequate MIPs are continuous or intermittent such that the Court may grant summary judgment on Plaintiff's claim.  Plaintiff's supplemental brief may not exceed ten (10) pages;
2. Defendants shall file an opposition to Plaintiff's supplemental brief within seven (7) days of the date Plaintiff's brief is filed.  Defendants' opposition may not exceed ten (10) pages;

---

[1] Citations to Plaintiff's Appendix refer to the page numbering of the Appendix, not the page numbering of the documents themselves.

3. Plaintiff is granted leave to file an optional reply to Defendants' opposition within seven (7) days of the date Defendants' opposition is filed. Plaintiff's reply may not exceed five (5) pages; and

4. Once the Court receives this supplemental briefing, the matter will be deemed submitted.

IT IS SO ORDERED.

Dated:   **March 18, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – CalOpenLands20cv123.SuppBriefing