ANDREW L. PACKARD (State Bar No. 168690)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com

[Additional counsel listed on p. 2]

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| CALIFORNIA OPEN LANDS,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, ERIC MILLER, and DENNIS SCHMIDT,<br><br>Defendants. | Case No: 2:20-cv-00123-DJC-DMC<br><br>PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>(FRCP 56; Eastern District Civil L.R. 260)<br><br>Hon. Daniel J. Calabretta<br>Trial Date: June 24, 2024 |
| --- | --- |

Brian D. Acree (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
Tel: (510) 517-5196
E-mail: brian@brianacree.com

William N. Carlon (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115
E-mail: william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

## I.  INTRODUCTION

The Court ordered supplemental briefing for Plaintiff to demonstrate why Defendants' alleged failures to develop and implement adequate MIPs are continuous or intermittent such that the Court may grant summary judgment on Plaintiff's claim. ECF No. 99.

For the purpose of this motion, Plaintiff's allegations that Defendants failed to develop and implement adequate MIPs are based on two arguments, each of which is an independent basis to support a ruling in Plaintiff's favor.  First, each MIP fails to require that all samples of storm water are analyzed for parameters that are indicators of leachate, which Defendants have identified as a significant source of potential pollutants at the Facility.  ECF No. 91 at 27:10-15.  This is a violation of General Permit section XI.B.6.c.  More importantly, this failure to account for a significant source of pollutants deprives Defendants of the information necessary to properly manage their storm water in the future.

Second, Defendants also violated the General Permit and the Act when, in February of 2019, they failed to analyze samples of landfill wastewater discharges for the Regulated Parameters required by Subchapter N.  *Id.* at 27:16-28:15.  At the time of those discharges, the MIP did not require analysis for the Regulated Parameters, though subsequent amendments did include this requirement.  These violations are not wholly past, and they are likely to recur because Defendants' newer MIPs rely on Defendants knowing whether or not they are discharging landfill wastewater.  Because they do not sample for indicators of leachate, Defendants might not be aware of the presence of landfill wastewater in their storm water discharges.  If they are not aware of the presence of landfill wastewater in their storm water discharges, they will not analyze samples for the Regulated Parameters, even though that analysis would be required by the General Permit and the Act.  General Permit, section XI.B.6.g.

## II.  ARGUMENT

Plaintiff's allegations are based on two arguments: 1) that Defendants violated

the General Permit and the Act because their MIPs failed to require samples of storm water to be analyzed for parameters that are indicators of leachate, ECF No. 91 at 27:10-15; and, 2) that Defendants violated the General Permit and the Act because they failed to have samples of landfill wastewater discharges analyzed for the Regulated Parameters, *id.* at 27:16-28:15.

**A. The MIPs Do Not Require Analysis of Parameters that Are Indicators of Leachate.**

Plaintiff's first argument that Defendants' MIPs were deficient is based on the following undisputed facts: 1) leachate is an industrial pollutant found at the Facility; 2) Defendants identify leachate as a pollutant in their pollutant source assessments; and, 3) Defendants' MIPs do not require the analysis of storm water samples for parameters that are indicators of leachate.

General Permit, section XI.B.6.c requires dischargers to analyze all collected samples for "[a]dditional parameters identified by the Discharger on a facility-specific basis that serve as indicators of the presence of all industrial pollutants identified in the pollutant source assessment (Section X.G)."

The primary industrial activity at the Facility is the handling and disposal of solid waste.  SUF 13.  As a result of Defendants' primary industrial activities, the Facility generates landfill leachate.  *Id.*  Defendants are required by a number of permits to carefully manage landfill leachate, and discussed in Plaintiff's briefing, ECF No. 91 at 19:2-3 and ECF No. 94 at 13:12-14:12, Defendants are not authorized to discharge leachate.  Thus, Defendants must carefully retain, capture, and remove landfill leachate. However, the leachate collection and removal system has failed in the past, and in particular in February of 2019.  Each time leachate escapes the collection and removal system is an opportunity for leachate to enter into the storm water conveyance system and to discharge offsite.  Recognizing this, Defendants have identified leachate as an industrial pollutant that is likely to be present in industrial storm water discharges from the Facility.  ECF No. 91-2 at 140 (BUTTE02963) and 189 (COL09323).

Despite identifying leachate as a potential pollutant, Defendants' MIPs do not test for parameters that serve as indicators of the presence of leachate.  This fact was admitted by one of Defendants' experts, Travis Peterson.  When asked whether "any of the monitoring implementation plans include pollutants that are indicators of leachate in the storm water sampling requirements" Mr. Peterson responded, "[n]o, I don't believe so."  ECF No. 91-2 at 316:18-22.

Even though their MIPs identify leachate as a pollutant that is likely to be present in storm water discharges from the Facility, Defendants' MIPs do not require them to analyze their storm water for parameters that are indicators of leachate.  Defendants' failure to include parameters that are indicators of leachate in their MIPs is a violation of section XI.B.6.c of the General Permit.  Each day that Defendants operate their Facility with a deficient MIP is a separate violation of the Act.

**B. Defendants Violated the General Permit by Failing to Analyze Their Samples for the Regulated Parameters.**

Plaintiff also alleged that Defendants failed to have the storm water samples collected in 2019 analyzed for the Regulated Parameters, and that the MIPs do not require analysis for the Regulated Parameters.  The Court has noted that the 2019 and 2021 SWPPPs include a provision that requires Defendants to analyze for the Regulated Parameters if the Facility discharges landfill wastewater.  ECF No. 99 at 3:5-11.  In order to prevail on summary judgment, Plaintiff must establish that the alleged 2019 violations are not considered "wholly past" for the purposes of this citizen suit action, and that there is a reasonable likelihood that they will recur.

The alleged violations are likely to recur because the 2019 and 2021 MIPs only require sampling for the Regulated Parameters if Defendants are *aware* of a discharge of landfill wastewater.  Some discharges of landfill wastewater are visible and obvious, such as the discharges in February 2019 which were observed by landfill staff as originating from the visible seeps from the side of Module 4, however, some landfill wastewater may escape the confines of the waste modules and leachate collection and

1  removal system in ways that are not readily visible.  Leachate is liquid that comes into

2  contact with solid waste, and solid wastes are placed under cover at the Facility, so it is

3  not unreasonable to expect that leachate might leak from places that cannot be

4  observed.

5      This violation cascades from the violation discussed above.  The undisputed

6  evidence is that Defendants do not sample their storm water discharges for parameters

7  that are indicators of leachate.  *Supra*, section A.  Therefore, Defendants may not know

8  whether they are discharging leachate-contaminated storm water, because they

9  choose not to test their storm water for parameters that would indicate whether

10 leachate is present.  Defendants have identified leachate as a pollutant that is likely to

11 be present in storm water discharge, so it is not unreasonable to expect that it might be

12 discharged from the Facility again.  If Defendants are not looking for leachate, they are

13 not likely to find it.

14 **III. CONCLUSION**

15      For the purposes of Plaintiff's Motion for Partial Summary Judgment, Defendants'

16 MIPs are deficient for two reasons, each of which are separate violations of the General

17 Permit and the Clean Water Act.  Defendants fail to analyze their samples of storm

18 water for parameters that are indicators of leachate, and because of that, they may not

19 know whether they are discharging contaminated storm water, and are thus likely to

20 repeat the violations from February 2019 by not analyzing discharges of landfill

21 wastewater for the Regulated Parameters.

23 Respectfully submitted,

24 Dated:  March 26, 2024              LAW OFFICE OF WILLIAM CARLON

25 Attorney for Plaintiff              By:    /s/ William Carlon_____
26 CALIFORNIA OPEN LANDS                      William Carlon