UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS,<br><br>  Plaintiff,<br>  v.<br><br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, DENNIS SCHMIDT, and ERIC MILLER,<br><br>  Defendants. | No. 2:20-cv-00123-DJC-DMC<br><br>ORDER APPROVING CONSENT DECREE |

Pending before the Court is the Parties' joint request to approve their proposed Consent Decree, filed on June 28, 2024. (ECF No. 109.) Having reviewed and considered the submissions of the Parties, the Court finds this matter is suitable for resolution without oral argument. *See* L.R. 230(g). For the reasons set forth below, the Court will grant the Parties' joint request and approve the Consent Decree.

This suit arises from a complaint for declaratory and injunctive relief and civil penalties pursuant to the citizen suit enforcement provision of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251–1387 ("Clean Water Act"). (ECF No. 1.) Plaintiff California Open Lands is a non-profit land trust corporation based in Chico, California. (*Id.* ¶ 14.) Defendant Butte County Department of Public Works ("County") is a political subdivision which owns and operates the Neal Road Recycling and Waste Facility ("Facility") located at 1023 Neal Road in Paradise, California. (*Id.* ¶¶ 5, 9–10.)

Defendant Dennis Schmidt is the Director of the County, and Defendant Eric Miller is the Manager of the Facility.  (*Id.* ¶¶ 11–12.)

Plaintiff filed suit on January 16, 2020, alleging that Defendants discharged pollutant-contaminated storm water from the Facility into waters of the United States in violation of the Clean Water Act and California's General Industrial Permit for storm water discharges ("General Permit").  (*Id.* ¶¶ 5–7.)  Plaintiff also alleged Defendants violated various permitting, filing, monitoring, reporting, discharge and management practice requirements, and other procedural and substantive requirements of the General Permit and Clean Water Act.  (*Id.* ¶ 7.)

On April 30, 2024, the Parties filed a Notice of Settlement stating that they reached a proposed Consent Decree resolving the claims in this action.  (ECF No. 106.)  On June 28, 2024, the United States Department of Justice, Environment and Natural Resources Division provided to counsel of record a letter stating that it reviewed the proposed Consent Decree and did not object to its entry by the Court.  (*See* ECF No. 109-1.)  On June 28, 2024, the Parties filed a request for entry of the proposed consent decree.  (ECF No. 109.)

As part of the proposed Consent Decree, the County agrees to implement and incorporate into the Facility's Storm Water Pollution Prevention Plan various storm water source control measures and Best Management Practices.  (ECF No. 109-2 at 5–7.)  The County also agrees to abide by a set storm water sampling frequency for the 2024–2026 reporting years, and to test for certain sampling parameters.  (*Id.* at 8.)  Finally, the County agrees to permit Plaintiff's representatives to perform up to two inspections of the Facility during the term of the Consent Decree,[1] and to provide Plaintiff with copies of all documents submitted to or received from the Regional Water Board or State Water Board concerning storm water management.  (*Id.* at 9–10.)

---

[1] The Consent Decree shall terminate on April 1, 2027.  (ECF No. 109-2 at 14.)

Additionally, the proposed Consent Decree provides that the County will make a payment of $300,000 to the "Rose Foundation for Communities and the Environment," which will be used for grantmaking to acquire and manage land and conservation easements to study and improve water quality in Butte County. (*Id.* at 11-12.) The County must also pay Plaintiff up to $23,000 to defray Plaintiff's reasonable investigative, expert, consultant, and attorneys' fees and costs associated with monitoring the County's compliance with the Consent Decree. (*Id.* at 12.) Finally, the Parties agree that Plaintiff shall file a motion for fees and costs within sixty (60) days of the Court's entry of the Consent Decree. (*Id.*)

Plaintiff and the County agree they will mutually release all claims against one another which arise from or pertain to this action upon entry of the Consent Decree. (*Id.* at 13.) The Parties also agree that Plaintiff will file a joint stipulation dismissing Defendants Dennis Schmidt and Eric Miller within ten (10) days upon entry of the Consent Decree. (*Id.* at 5.)

"A consent decree is 'essentially a settlement agreement subject to continued judicial policing.'" *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983)). Before approving a consent decree, a district court must independently determine that the proposed agreement is "fundamentally fair, adequate, and reasonable" and "conform[s] to applicable laws." *Id.*; *see also Arizona v. City of Tucson*, 761 F.3d 1005, 1010-14 (9th Cir. 2014). "[T]he district court must balance several factors, including but not limited to: strength of the plaintiffs' case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel; governmental participation; and reaction of the class members." *Davis v. City & County of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989) (citing *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982)). Where a government agency is involved in the negotiation of a proposed consent decree, there is a presumption in

favor of the decree's enforceability, and courts should pay deference to the agency's judgment.  *See S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984).

The Court concludes that this Consent Decree will provide substantial relief to the Parties.  The Consent Decree as proposed is the product of an arms-length negotiation process and is fair, reasonable, and adequate, and not illegal, collusive, or against the public interest.  Though a government agency was not involved in the negotiation of the proposed Consent Decree, the United States' comments regarding and non-opposition to the Parties' request for the Court's approval further indicate that the proposed Consent Decree is an appropriate resolution of this case.  *See Pa. Env't Def. Found. v. Bellefonte Borough*, 718 F. Supp. 431, 435 (M.D. Pa. 1989) (considering comments from the United States, a nonparty, in approving a consent decree in a citizen suit action brought under the Clean Water Act).

In accordance with the above, it is hereby ORDERED:

1. The joint request for entry of the Parties' Consent Decree (ECF No. 109) is granted;
2. The Parties' proposed Consent Decree (ECF No. 109-2) is approved;
3. Plaintiff's claims against the County are dismissed with prejudice; and
4. The Court retains continuing jurisdiction to enforce the Consent Decree for the duration of the Decree (*see* ECF No. 109-2 at 13).

IT IS SO ORDERED.

Dated:   **July 12, 2024**

*[Signature]*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – CalOpenLands20cv123.ApprovalConsentDecree