ANDREW L. PACKARD (State Bar No. 168690)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
E-mail: andrew@packardlawoffices.com

BRIAN D. ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
Tel: (510) 517-5196
E-mail: brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115
E-mail: william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS,<br><br>          Plaintiff,<br><br>     v.<br><br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, ERIC MILLER, and DENNIS SCHMIDT,<br><br>          Defendants. | Case No: 2:20-cv-00123-DJC-DMC<br><br>**DECLARATION OF RICHARD PEARL IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing Date: October 3, 2024<br>Hearing Time: 1:30 p.m.<br>Courtroom: 10, Hon. Daniel J. Calabretta |

I, Richard M. Pearl, declare as follows:

1.      I am a member in good standing of the California State Bar. I am in private practice as the principal of my own law firm, the Law Offices of Richard M. Pearl, in Berkeley, California. I specialize in issues relating to court-awarded attorneys' fees, including: the representation of parties in fee litigation and appeals; serving as an expert witness; and serving as a mediator and arbitrator in disputes concerning attorneys' fees and related issues. I make this declaration in support of the Plaintiff California Open Lands' (COL's) motion for statutory attorneys' fees in the instant action. Specifically, I have been asked by the Law Offices of Andrew L. Packard, the Law Office of Brian Acree, and the Law Office of William Carlon (collectively, "COL's Counsel" or "Counsel"), to render my opinion as to the reasonableness of the hourly rates they are requesting for their work in this matter. I do so here.

2.      To form my opinion as to the reasonableness of the attorneys' fees COL requests for its attorneys' work in this case, I have reviewed documents that describe the history of this matter, counsel's qualifications and experience, the nature and quality of the work required by this case, the results achieved, and the attorneys' fees that COL requests. I have also consulted with Mr. Packard, Mr. Acree, and Mr. Carlon about this motion and the underlying facts of the case.

## MY BACKGROUND AND EXPERIENCE

3.      Briefly summarized, my background is as follows: I am a 1969 graduate of Berkeley School of Law (then Boalt Hall), University of California, Berkeley, California. I took the California Bar Examination in August 1969 and learned that I had passed it in November of that year, but because I was working as an attorney in Atlanta, Georgia for the Legal Aid Society of Atlanta (LASA), I was not formally admitted to the California Bar until February 1970. (I also was admitted to the Georgia Bar in early 1970.) I worked for LASA until the summer of 1971, then went to work in California's Central Valley for California Rural Legal Assistance, Inc. (CRLA), a statewide legal services program. From mid-1971 until mid-1974, I was staff attorney, then Directing Attorney of CRLA's four-attorney office in McFarland, Kern County. From 1974 to 1977, I was the Directing Attorney of CRLA's Statewide "Backup Center" in San Francisco, a

1  four-attorney program tasked with assisting other legal services programs with their impact

2  litigation. From 1977 to 1982, I was CRLA's Director of Litigation, supervising more than fifty

3  attorneys as well as handling my own impact litigation caseload.

4     4.     In 1982-1983, I transitioned into private practice, first in a small Oakland law firm

5  formed by myself and three other ex-CRLA attorneys, then as a sole practitioner. Martindale

6  Hubbell rates my law firm "AV," which it assigns to attorneys with "the highest level of

7  professional, peer-reviewed excellence." I also have been selected as a Northern California

8  "Super Lawyer" in Appellate Law for 2005–2008 and 2010–2024, a distinction reserved for only

9  5% of Northern California attorneys. A true and correct copy of my Resume is attached as

10  **Exhibit A.**

11     5.     Since 1982, the focus of my legal work has been in general civil litigation and

12  appellate practice, with an emphasis on class actions and attorney fee issues. More recently my

13  focus has been almost exclusively on matters involving attorney fee issues. I have lectured and

14  written extensively on both court-awarded and attorney-client fee disputes. I have been a

15  member of the California State Bar's Attorneys' Fees Task Force and have testified before the

16  State Bar Board of Governors and the California Legislature on attorneys' fee issues.

17     6.     I am the author of *California Attorney Fee Awards* (3d ed., Cal. CEB 2010) ("Cal.

18  Fee Awards") and its cumulative annual Supplements between 2011 and March 2024. I also was

19  the author of *California Attorney Fee Awards, 2d Ed.* (Cal. Cont. Ed. of Bar 1994), and its 1995

20  through 2008 annual Supplements. Several courts have referred to this treatise as "[t]he

21  leading California attorney fee treatise." *Calvo Fisher & Jacob LLP v. Lujan*, 234 Cal.App.4th 608,

22  621 (2015); *see also, e.g.*, *Int'l Billing Servs., Inc. v. Emigh*, 84 Cal.App.4th 1175, 1193 (2000)

23  ("the leading treatise"); *Stratton v. Beck*, 30 Cal.App.5th 901, 911 (2019) ("a leading treatise");

24  *Orozco v. WPV San Jose, LLC*, 36 Cal.App.5th 375, 409 (2019) ("a leading treatise on California

25  attorney's fees"). It also has been cited by the California Supreme Court and Court of Appeal on

26  many occasions, including the Court of Appeal in this case. (Sl. Op. at 36). *See also Graham v.*

27  *DaimlerChrysler Corp.*, 34 Cal.4th 553, 576, 584 (2004); *Lolley v. Campbell*, 28 Cal.4th 367, 373

28  (2002); *In re Conservatorship of Whitley*, 50 Cal.4th 1206, 1214–15, 1217 (2010); *Sonoma Land*

*Trust v. Thompson,* 63 Cal.App.5th 978, 986 (2021); *Yost v. Forestiere*, 51 Cal.App.5th 509, 530 n. 8 (2020); *Highland Springs Conference & Training Ctr. v. City of Banning*, 42 Cal.App.5th 416, 428 n. 11 (2019); *Sweetwater Union High Sch. Dist. v. Julian Union Elementary School Sch. Dist.*, 36 Cal.App.5th 970, 988 (2019); *Hardie v. Nationstar Mortg. LLC*, 32 Cal. App. 5th 714, 720 (2019); *Syers Props III, Inc. v. Rankin*, 226 Cal.App.4th 691, 698, 700 (2014). California Superior Courts also cite the treatise with approval. *See, e.g., Davis v. St. Jude Hosp.*, No. 30201200602596CUOECX, 2018 WL 7286170, at *4 (Orange Cty. Super. Ct. Aug. 31, 2018); *Hartshorne v. Metlife, Inc.*, No. BC576608, 2017 WL 1836635, at *10 (Los Angeles Super. Ct. May 02, 2017). Federal courts also have cited it. *See In re Hurtado*, Case No. 09-16160-A-13, 2015 WL 6941127 (E.D. Cal. Nov. 6, 2015); *TruGreen Companies LLC v. Mower Brothers, Inc.,* 953 F. Supp. 2d 1223, 1236 nn.50, 51 (D. Utah 2013). I also authored the 1984 through 1993 annual Supplements to the predecessor treatise, *CEB's California Attorney's Fees Award Practice*, which itself was based on a manual we produced at CRLA. In addition, I authored a federal manual on attorneys' fees entitled "Attorneys' Fees: A Legal Services Practice Manual," published by the Legal Services Corporation. I also co-authored the chapter on "Attorney Fees" in Volume 2 of CEB's Wrongful Employment Termination Practice, 2d Ed. (1997).

7.     More than 98% of my practice is devoted to issues involving court-awarded attorney's fees. I have appeared as an attorney of record in over two hundred attorneys' fee applications in state and federal courts, both trial and appellate, primarily representing other attorneys. I have briefed and argued more than 40 appeals, at least 30 of which have involved attorneys' fees issues. I have won five cases in the California Supreme Court involving court-awarded attorneys' fees: (1) *Maria P. v. Riles*, 43 Cal. 3d 1281 (1987), which upheld a C.C.P. section 1021.5 fee award based on a preliminary injunction obtained against the State Superintendent of Education, despite the fact that the case ultimately was dismissed under C.C.P. section 583; (2) *Delaney v. Baker*, 20 Cal. 4th 23 (1999), which held that heightened remedies, including attorneys' fees, are available in suits against nursing homes under California's Elder Abuse Act; (3) *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001), which reaffirmed

that contingent risk multipliers are an essential consideration under California attorney fee law (note that in *Ketchum,* I was primary appellate counsel in the Court of Appeal and "second chair" in the California Supreme Court); (4) *Flannery v. Prentice*, 26 Cal. 4th 572 (2001), which held that under California law, in the absence of an agreement to the contrary, statutory attorneys' fees belong to the attorney whose services they are based upon; and (5) *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553 (2004), which held, *inter alia,* that the "catalyst" theory of fee recovery remained viable under California law and that lodestar multipliers could be applied to fee motion work. In that case, I represented trial counsel in both the Court of Appeal (twice) and California Supreme Court, as well as on remand in the trial court. I also represented and argued on behalf of *amicus curiae* in *Conservatorship of McQueen*, 59 Cal. 4th 602 (2014), which held that attorneys' fees incurred for appellate work were not "enforcement fees" subject to California's Enforcement of Judgments law; I presented the argument relied upon by the Court. Along with Richard Rothschild of the Western Center on Law and Poverty, I also prepared and filed an *amicus curiae* brief in *Vasquez v. State of California,* 45 Ca1. 4th 243 (2009). An expanded list of reported decisions in cases I have handled is set out in **Exhibit A** at pages 4-8.

## MY EXPERT WITNESS EXPERIENCE

8.     I am frequently called upon to opine about the reasonableness of attorneys' fees. I estimate that I have prepared opinions and/or live testimony on attorneys' fee matters in over two hundred cases.

9.     Numerous federal and state courts have relied expressly on my testimony on attorneys' fee issues. For example:

a.     In *Wit v. United Behavioral Health* (N.D. Cal. Jan. 5, 2022) 578 F.Supp.3d 1060, 1079, vacated and remanded on the merits (9th Cir. 2023) 2023 U.S. App. LEXIS 33343, the district court's Fee Order states that "the Court places significant weight on Pearl's opinion that the rates charged by all of the timekeepers listed above are reasonable and 'in line with the standard hourly noncontingent rates charged by Bay Area law firms that regularly engage in civil litigation of comparable complexity.'… Pearl has extensive experience in the area of

attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California (including the undersigned) in determining reasonable billing rates." (Citations omitted).

   b.   In *Human Rights Defense Center v. County of Napa*, 2021 U.S.Dist.LEXIS 59778*; 2021 WL 1176640 (N.D. Cal. No. 20-cv-01296-JCS, Dkt. 50, filed March 28, 2021), the Court expressly stated that it had "place[d] significant weight on the opinion of Mr. Pearl that the rates charged by all of the timekeepers listed above are reasonable and in line with the rates charged by law firms that engage in federal civil litigation in the San Francisco Bay Area. Mr. Pearl has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California [] in determining reasonable billing rates." 2021 U.S. Dist. LEXIS 59778, at *32.

   c.   Subsequently, in *Andrews v. Equinox Holdings, Inc.,* N.D. Cal. No. 20-cv-00485-SK, Order on Motion for Attorney Fees and Costs filed November 9, 2021 (Dkt. 110), the court quoted the above language from the *Human Rights Defense Center* case and concluded the same: "This Court similarly finds Pearl's opinions well supported and persuasive." Order at p. 4:13-19.

   10.   In addition to the *Wit, Human Rights Defense Center,* and *Andrews* cases cited above, the following reported federal decisions also have referenced my testimony favorably:

- *Prison Legal News v. Ryan*, No. 19-17449 (9th Cir. 2023), Order filed March 21, 2023, at 4;
- *Antoninetti v. Chipotle Mexican Grill, Inc.,* No. 08-55867 (9th Cir. 2012), Order filed Dec. 26, 2012, at 6;
- *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 455 (9th Cir. 2010) (the expert declaration referred to is mine) ;
- *Roe v. SFBSC Mgmt., LLC*, 2022 U.S. Dist. LEXIS 215122 (N. D. Cal. Nov. 29, 2022);
- *Independent Living Center of S. Cal. v. Kent*, 2020 U.S. Dist. LEXIS 13019 (C.D. Cal. 2020);

- *Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017), *aff'd* 269 F.3d 1066 (9th Cir. 2020);

- *Beaver v. Tarsadia Hotels,* 2017 U.S. Dist. LEXIS 160214 (S.D. Cal. 2017);

- *Notter v. City of Pleasant Hill*, 2017 U.S. Dist. LEXIS 197404, 2017 WL 5972698 (N.D. Cal. 2017);

- *Villalpondo v. Exel Direct, Inc.*, 2016 WL 1598663 (N.D. Cal. 2016);

- *State Compensation Insurance Fund v. Khan et al,* Case No. SACV 12-01072-CJC(JCGx) (C.D. Cal.), Order Granting in Part and Denying in Part the Zaks Defendants' Motion for Attorneys' Fees, filed July 6, 2016 (Dkt. No. 408);

- *In re Cathode Ray Tube Antitrust Litig.,* Master File No. 3:07-cv-5944 JST, MDL No. 1917 (N.D. Cal. 2016) 2016 U.S. Dist. LEXIS 24951 (Report And Recommendation Of Special Master Re Motions (1) To Approve Indirect Purchaser Plaintiffs' Settlements With the Phillips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, And Technologies Displays Americas Defendants, and (2) For Award Of Attorneys' Fees, Reimbursement Of Litigation Expenses, And Incentive Awards To Plaintiffs' Representative), Dkt. 4351, dated January 28, 2016, *adopted in relevant part,* 2016 U.S. Dist. LEXIS 88665;

- *Gutierrez v. Wells Fargo Bank,* 2015 U.S. Dist. LEXIS 67298 (N.D. Cal. 2015);

- *Holman v. Experian Information Solutions, Inc.*, 2014 U.S. Dist. LEXIS 173698 (N.D. Cal. 2014);

- *In re TFT-LCD (Flat Panel) Antitrust Litig.,* No. M 07-1827 SI, MDL No. 1827 (N.D. Cal.), Report and Recommendation of Special Master Re Motions for Attorneys' Fees And Other Amounts By Indirect-Purchaser Plaintiffs' Plaintiffs And State Attorneys General, Dkt. 7127, filed Nov. 9, 2012, adopted in relevant part, 2013 U.S. Dist. LEXIS 49885 (N.D. Cal. 2013) *("TFT-LCD (Flat Panel)* Report & Recommendation");

- *Walsh v. Kindred Healthcare,* 2013 U.S. Dist. LEXIS 176319 (N.D. Cal. 2013);

- *A.D. v. California Highway Patrol,* 2009 U.S. Dist. LEXIS 110743, at *4 (N.D. Cal. 2009), rev'd on other grounds, 712 F.3d 446 (9th Cir. 2013), reaffirmed and additional fees awarded on remand, 2013 U.S. Dist. LEXIS 169275 (N.D. Cal. 2013);

- *Hajro v. United States Citizenship & Immigration Service*, 900 F.Supp.2d 1034, 1054 (N.D. Cal 2012);

- *Rosenfeld v. United States Dep't of Justice*, 904 F. Supp. 2d 988, 1002 (N.D. Cal. 2012);

- *Stonebrae, L.P. v. Toll Bros., Inc.,* 2011 U.S. Dist. LEXIS 39832, at *9 (N.D. Cal. 2011) (thorough discussion), *aff'd* 2013 U.S. App. LEXIS 6369 (9th Cir. 2013);

- *Armstrong v. Brown,* 2011 U.S. Dist. LEXIS 87428 (N.D. Cal. 2011);

- *Lira v. Cate,* 2010 WL 727979 (N.D. Cal. 2010);

- Californians for Disability Rights, Inc. v. California Dep't of Transportation, 2010 U.S. Dist. LEXIS 141030 (N.D. Cal. 2010);

- *Nat'l Federation of the Blind v. Target Corp.*, 2009 U.S. Dist. LEXIS 67139 (N.D. Cal. 2009);

- *Prison Legal News v. Schwarzenegger,* 561 F.Supp.2d 1095 (N.D. Cal. 2008) (an earlier motion);

- *Bancroft v. Trizechahn Corp.,* No. CV 02-2373 SVW (FMOx), Order Granting Plaintiffs Reasonable Attorneys' Fees and Costs In the Amount of $168,886.76, Dkt. 278 (C.D. Cal. Aug. 14, 2006);

- *Willoughby v. DT Credit Corp.,* No. CV 05-05907 MMM (CWx), Order Awarding Attorneys' Fees After Remand, Dkt. 65 (C.D. Cal. July 17, 2006);

- *Oberfelder v. City of Petaluma,* 2002 U.S. Dist. LEXIS 8635 (N.D. Cal. 2002), *aff'd* 2003 U.S. App. LEXIS 11371 (9th Cir. 2003).

11.     The California state courts also have recognized my expertise. For example, in *Sonoma Land Trust v. Thompson, supra,* 63 Cal.App.5th 978, 986 (2021), the Court of Appeal expressly held that my expert declaration provided evidentiary support for the trial court's fee

determination. My testimony also was cited favorably by the Second District of the Court of Appeal in *Wood v. Los Angeles County Waterworks Dist. No. 40 (Antelope Valley Groundwater Cases)*, 2021 Cal.App. Unpub. LEXIS 5506 (2021) and by the Sixth District in *Kerkeles v. City of San Jose*, 243 Cal.App.4th 88, 96, 105 (2015). The following California appellate and reported trial court cases also have referenced my testimony favorably:

- *Laffitte v. Robert Half Int'l Inc.*, 231 Cal.App.4th 860 (2014), *aff'd* (2016) 1 Cal.5th 480;

- *Habitat and Watershed Caretakers v. City of Santa Cruz*, 2015 Cal. App. Unpub. LEXIS 7156 (2015);

- *In re Tobacco Cases I*, 216 Cal.App.4th 570 (2013);

- Heritage Pacific Financial, LLC v. Monroy, 215 Cal.App.4th 972 (2013);

- *Wilkinson v. South City Ford*, 2010 Cal. App. Unpub. LEXIS 8680 (2010);

- Children's Hospital & Medical Center v. Bonta, 97 Cal.App.4th 740 (2002);

- Church of Scientology v. Wollersheim, 42 Cal.App.4th 628 (1996).

- *Kaku v. City of Santa Clara,* No. 17CV319862, 2019 WL 331053, at *3 (Santa Clara Cty. Super. Ct. Jan. 22, 2019), *aff'd* 59 Cal. App. 5th 385, 431 (2020);

- *Davis v. St. Jude Hosp.*, No. 30201200602596CUOECX, 2018 WL 7286170, at *4 (Orange Cty. Super. Ct. Aug. 31, 2018);

- *Hartshorne v. Metlife, Inc.*, No. BC576608, 2017 WL 1836635, at §*10 (Los Angeles Super. Ct. May 2, 2017).

## A SUMMARY OF MY OPINION

12.     Through my writing and practice, I have become familiar with the non-contingent market rates charged by attorneys in California and elsewhere. This familiarity has been obtained in several ways: (a) by handling attorneys' fee litigation; (b) by discussing fees with other attorneys; (c) by obtaining declarations regarding prevailing market rates in cases in which I represent attorneys seeking fees; and (d) by reviewing attorneys' fees applications and awards in other cases, as well as surveys and articles on attorneys' fees in the legal newspapers

1  and treatises. I also have testified before trial courts and arbitrators on numerous occasions,

2  and have submitted expert testimony by declaration on hundreds of occasions: each of those

3  efforts require me to be aware of the hourly rates being charged in the relevant community.

4      13.    Based on my knowledge of, and experience with, the hourly rates charged by

5  California attorneys, my opinion here is that the hourly rates requested by COL's Counsel for

6  their work on this matter are reasonable. More specifically, they are readily in line with the

7  non-contingent hourly rates charged by and awarded to attorneys in the San Francisco Bay

8  Area, which is the area in which each of their respective offices are located. My opinion is

9  based upon several factors: 1) Counsel's very impressive credentials and experience, all of

10 which appear to have come to bare in achieving an outstanding result for COL in this very

11 difficult case; 2) my extensive experience with attorneys' hourly rates in the San Francisco Bay

12 Area; 3) prior fee awards to other San Francisco Bay Area attorneys; 4) the rates stated in

13 credible sources by numerous San Francisco Bay Area law firms; and 5) credible surveys of San

14 Francisco Bay Area hourly rates.

15     14.    Although COL's Counsel are requesting San Francisco Bay Area rates in this

16 motion, I also address the hourly rates they have requested in the event the Court determines

17 that their home office rates do not apply. In that section, I present evidence showing that

18 Counsel's forum-based hourly rates are in line with the non-contingent hourly rates charged by

19 and awarded to comparably experienced Eastern District attorneys for similarly complex

20 litigation.

21                    **COUNSEL'S HOURLY RATES ARE REASONABLE**

22     15.    The following chart sets forth the hourly rates requested for Counsel's work in

23 this action:

24

25

26

| ATTORNEY | YEARS OF EXPERIENCE | HOURLY RATE |
|---|---|---|
| Andrew L. Packard | 30 | $1,015 |
| Brian Acree | 24 | $935 |
| William N. Carlon | 8 | $730 |

27

28

16.     The standards I have applied in forming my opinion are as follows:

➤     Under the Clean Water Act, Counsel's requested hourly rates are reasonable if they are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1983).[1]

➤     Although the general rule is that rates are based on those charged in the forum community – here, the Eastern District of California – prevailing counsel are entitled to be compensated at their higher home office rates where it was reasonable for the client to retain out-of-district counsel. See *Gates v Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992); *Yenidunya Invs., Ltd. v Magnum Seeds, Inc.* 2012 U.S. Dist. LEXIS 20421 (E.D. Cal, Feb. 17, 2012, No. CIV. 2:11–1787 WBS) (efficiency derived from attorneys' prior and ongoing representation of party justified deviation from forum rates); *Shany Co. v.Crain Walnut Shelling, Inc.,* 2015 U.S.Dist.LEXIS 8006, at *12-13 (E.D. Cal. Jan. 23, 2015) (same). Here, Counsel's entitlement to their home office rates has already been recognized by the Tentative Ruling in their parallel state court action.  See Plaintiff's Request for Judicial Notice, filed herewith.  Federal and state standards are very similar. Compare *Gates* 987 F.2d at 1405 and cases cited therein with *Center for Biological Diversity v County of San Bernardino (Hawarden Dev. Co.*)*,* 188 Cal.App.4th 603, 615 (2010). The same facts applicable to the state law action are present here, *i.e.* COL's diligent but unsuccessful attemps to retain local counsel willing and able to take this case on a contingent fee basis. See Declaration of Holly Nielsen, filed herewith. In addition, given Mr. Packard's prior experience with the underlying issue here, as well as the knowledge and expertise Counsel obtained by representing COL in the state court action, changing to local counsel for this litigation would have made no sense at all, as

---

[1] Legal authorities are not cited as argument but to define and clarify the legal standards on which my expert opinion is based.

both *Yenidunya* and *Shany* make clear. These facts readily meet the federal

standard as well as the state law standard.

➢ Current rates are generally used to determine statutory fees, as rough

compensation for the delay in payment experienced by the prevailing attorneys.

*Perdue v Kenny A.* 559 U.S. 542, 555 (2010); *Cal Fee Awards, 3d ed.* (Mar. 2024

Supp.) § 9.111, p. 9 -129.

➢ Attorneys representing non-profit organizations on a contingent fee basis in

public interest litigation are entitled to the rates charged for comparably

complex federal litigation. See *Blum, supra,* 465 U.S. at 895 n.11.

17.    Based on these standards and on my extensive experience reviewing and

assessing hourly rates, in my opinion, Counsel's rates are both modest and reasonable for such

important, strenuously resisted litigation to enforce the Clean Water Act, litigation that has

achieved the Act's goal of protecting our nation's waterways from pollution.

**The Five Factors Supporting My Opinion.**

18.    In the instant case, I have carefully reviewed COL's Counsel's qualifications,

backgrounds, experience, work product, and the results they have achieved. Based on this

information, and in light of my extensive background and experience, it is my opinion that the

hourly rates Counsel request here are readily in line with the non-contingent market rates

charged by San Francisco Bay Area attorneys of reasonably comparable experience, skill, and

reputation for reasonably comparable services. The following five factors support my opinion:

**Factor One: Counsel's Stellar Credentials, Trial Experience, and Performance**

19.    Initially, my opinion is based on my assessment of Counsel's very high levels of

skill, experience, and reputations, all of which would place them in the upper reaches of any

range of rates:

➢ Mr. Packard has practiced public interest environmental law in California for

over thirty years, specializing primarily in the Clean Water Act. Over the last 27

years his firm has been lead counsel in over ninety such cases, over fifty of which

were brought in the Northern District. See Packard Declaration filed in support of

this motion, ¶¶ 4-6.

➢ Mr. Carlon was an associate at Mr. Packard's firm for nearly seven years, and recently started his own public interest law practice.  Before joining the bar, Mr. Carlon worked at the Butte County District Attorney's Office and externed at the United States Federal District Court for the District of Oregon. He also has represented environmental groups in several CWA enforcement actions against industrial facilities that discharge storm water in violation of their permits. *Id.*, ¶¶ 34-36.

➢ Mr. Acree graduated with highest honors from Golden Gate University School of Law in San Francisco.  His environmental law firm of the past 24 years has represented non-profit organizations in a wide variety of environmental actions and was awarded the law school's prestigious *Judith G. McKelvey Award for Outstanding Achievement as an Alumnus*. *Id.*, ¶¶ 37-38.

20.	The great respect they have earned from their peers also are show reflect their skills and abilities. See, e.g., Sproul Decl., ¶ 18. These high levels of skill, expertise, and experience were put to great use here. Indeed, it is reflected in Counsel's efficient staffing: many comparable cases involve far more attorneys and non-attorney staff than Counsel employed here.

**Factor Two: The Testimony of their Peers**

21.	The testimony of their peers in the environmental law community provides even further support for Counsel's requested rates here. See Declaration of Christopher Sproul, filed herewith, ¶¶ 18, 21, 25. As Mr. Sproul demonstrates, the rates requested here are well in line with the hourly rates charged by and awarded to comparably skilled litigators in California's Northern District. *Id.*

**Factor Three: Recent Hourly Rate Determinations**

22.	In addition to the court awards charted by Mr. Sproul, my opinion also is based on numerous other findings of reasonable hourly rates made by San Francisco Bay Area courts. These findings are highly probative. *See United Steelworkers v Retirement Income Plan,* 512

F.3d 555, 5 (9th Cir. 2008). A complete list of the awards I have relied on is attached as **Exhibit B.** The following examples amply support my view:

- In *American Lung Assn. v. Breathe Southern California,* Alameda County Superior Ct. No. RG05228892, a contract dispute, the court tentatively awarded attorney fees to the prevailing Defendant based on hourly rates that included $1,010 per hour for a 42-year attorney, $950 per hour for an 11-year attorney, and paralegal rates of $250-475 per hour, with the final hearing in August 2024.

- In *Prison Legal News v. Ryan,* United States Court of Appeal for the Ninth Circuit, Order filed March 21, 2023, the following hourly rates were found reasonable for the Plaintiff-Appellee's work:

| Title | Law School Grad. Year | Rate |
|---|---|---|
| Partner | 1962 | $1,350 |
| Partner | 2006 | $850 |
| Associate | 2016 | $575 |
| Paralegal | NA | $400 |

- In *Montera v. Premier Nutrition Corp.,* N.D. Cal. No. 16-cv-06980-RS, Order Granting Renewed Motion for Attorney Fees and Expenses filed August 7, 2023 (Dkt. 346), a consumer law action, the district court found that the following 2022 hourly rates were reasonable:

| Firm | Title | Bar Admission Yr. | Rate |
|---|---|---|---|
| **Blood Hurst & O'Reardon** | | | |
| | Partner | 1990 | $960 |
| | Partner | 1995 | $810 |
| | Partner | 2006 | $710 |
| | Partner | 2007 | $660 |
| | Of Counsel | 1999 | $585 |
| | Associate | 2007 | $575 |
| | Associate | 2011 | $565 |

| Firm | Title | Bar Admission Yr. | Rate |
|------|-------|-------------------|------|
|  | Associate | 2014 | $410 |
|  | Paralegals | NA | $280 |

- In *Richmond Compassionate Care Collective v. Richmond Patient's Group et al,* Contra Costa Superior Ct. No. MSC16-01426, Order Granting Plaintiff RCCC's Motion for Attorneys' Fees etc., filed November 1, 2022, an antitrust case, as part of its lodestar cross-check, the court found that the following hourly rates billed by the prevailing Plaintiff's attorneys were reasonable:

| Firm | Title | Years of Experience | Rate |
|------|-------|---------------------|------|
| **Alioto Law Firm** |  |  |  |
|  | Joseph M. Alioto | 53 | $1,500 |
| **Foreman & Brasso** |  |  |  |
|  | Ronald D. Foreman | 48 | $1,050 |

- In *Yo LLC v. Krucker,* Santa Clara Superior Ct. No. 17CV306261, Fee Order filed February 9, 2022, a contractual fee case involving a disputed lease, the court found that the following hourly rates billed by the prevailing Defendant's attorneys were reasonable:

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|------------------------|------|
| **Cooley LLP** |  |  |  |
|  | Partner | 1994 | $1,275 |
|  | Special Counsel | 1994 | $1,090 |
|  | Associate (2020 rate) | 2009 | $1,010 |

- In *Kang v. Wells Fargo Bank NA,* 2021 U.S. Dist. LEXIS 235254, at *53 (N.D. Cal. Dec. 8, 2021), a consumer class action, the court found that plaintiffs' appellate attorneys' rates of $640 - $1,150 and trial counsel's rates of $325-$950 were "in

line with other fee awards in this district for similarly experienced attorneys". [2]

- In *Wit v. United Behavioral Health, supra,* 578 F.Supp.3d 1060, vacated on the merits vacated and remanded on the merits 2023 U.S. App. LEXIS 33343 (9th Cir. 2023), the district court found the following 2021 hourly rates reasonable:

| Firm | Title | Years of Experience | Rate |
|------|-------|---------------------|------|
| **Zuckerman Spaeder** | | | |
| | Partner | 35, 39 | $1,145 |
| | Partner | 24 | $1,040 |
| | Partner | 21 | $980 |
| | Associate | 6 | $595 |
| | Paralegals | | $250-390 |

- In *Andrews v. Equinox Holdings, Inc., supra,* 570 F. Supp. 3d 803, an individual age discrimination case that settled by acceptance of the defendant's FRCP Rule 68 offer, the district court found the following 2021 rates reasonable (before applying a 1.3 lodestar multiplier):

| Firm | Title | Law School Year | Rate |
|------|-------|-----------------|------|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,250 |
| | Partner | 1997 | $875 |
| | Senior Counsel | 2010 | $600 |
| | Associate | 2018 | $350 |
| | Summer Associates | NA | $300 |
| | Paralegals | NA | $240-$275 |

---

[2] Rates awarded in class actions are relevant to other hard-fought civil litigation. See *Heritage Pac. Fin., LLC v Monroy*, *supra,* 215 Cal.App.4th at 1009 (rejecting argument that rates found reasonable in class actions could not support rate determination for sole practitioner in individual case).

1  Especially given the well-documented, significant rate increases in the legal marketplace

2  generally[3], Counsel's hourly rates here are well within the range of rates found reasonable in

3  these cases and those set out in **Exhibit B**.

4        **Factor Four: Hourly Rates Stated by Local Firms**

5        23.     Counsel's hourly rates also are well within the range of the stated non-

6  contingent hourly rates charged by numerous San Francisco Bay Area law firms that regularly

7  engage in civil litigation of comparable complexity. Attached hereto as **Exhibit C** is a list of the

8  hourly rates charged by numerous San Francisco Bay Area law firms that I have compiled from

9  court filings, depositions, surveys, and other reliable sources. The rates requested here are well

10  in line with that range of rates. For example:

11      • Goldstein Borgen Dardarian and Ho LLP, a prominent Bay Area litigation firm,

12        charged the following 2023 rates for its work:

| Law School Graduation Year | 2023 Rates |
|---|---|
| 1978-1997 | $1,075 |
| 2004-2005 | $878 |
| 2013-2019 | $538 |
| 2023 | $437 |
| Senior Paralegal | $395 |
| Paralegal | $325 |

---

[3]  Listed billing rates, court awards, and published articles show that over the past four years, San Francisco Bay Area rates have risen as much as 10% per year. For example, an article by Roy Strom in Bloomberg Law entitled "Rising Rates Are Law Firms' Salve as Layoffs and Pay Cuts Surge" (Bureau of National Affairs, Inc., Jan. 19, 2023, 5:30 AM (https://news.bloomberglaw.com/business-and-practice/rising-rates-are-law-firms-salve-as-layoffs-and-pay-cuts-surge) includes data showing that for commercial firms who submitted new 2023 hourly rates, those rates reflected increases over 2022 rates of nearly 10% on average for top partners and 9% for top associates. This rate increase prognosis has proven to be true. *See* Weiss, *This Big Law firm charges nearly $2,500 per hour for top billers' bankruptcy work,"* ABA Journal, December 19, 2023 (referring to Kirkland & Ellis's rates); Vaidehi Mehta, *Billing Rates Surge Past $2k in the World of High-Stakes Litigation,* FindLaw, Sept. 27, 2023, https://lp.findlaw.com/legalblogs/practice-of-law/billing-rates); Similarly, Wells Fargo's Legal Specialty Group reports that its 2023 year-end survey of 130 law firms' rates showed an 8.3% increase for 2023. See also Simons, *Big Law Should Raise Partner Billing Rates 10+ Percent Now*, The Recorder (Nov. 15, 2018) at 3 ("In a normal year, partner rates would go up around 5 or 6 percent").

- Feinberg, Jackson, Worthman & Wasow LLP, another prominent local litigation firm, billed the following rates in 2023:

| Title | Year Admitted | 2023 Rates |
|---|---|---|
| Partner | 1988 | $1,050 |
| Partner | 2004 | $1,050 |
| Partner | 2006 | $900 |
| Partner | 2010 | $800 |
| Fellow | 2020 | $350 |

- Keller, Rohrback, another comparable firm, charged the following rates in 2023:

| Years of Experience | 2023 Rates |
|---|---|
| 33+ | $1,200 |
| 27 | $1,100 |
| 22-23 | $1,045 |
| 27 | $1,100 |
| 18 | $1,010 |
| 14 | $815 |
| 13 | $795 |
| 11 | $725 |
| 9 | $700 |

- Altshuler Berzon, also a prominent public interest trial and appellate firm, billed its 2022 work at $1,225 for its 45-year attorney and $925 for its 13-year attorney.

- Olivier & Schreiber LLP, a prominent Bay Area appellate firm, bills its 25-year attorney at $925 per hour, its 16-year attorney at $825, its 14-year attorney at $800, and its paralegals at $200-250 per hour.

- In 2022-2023, Schneider Wallace Cottrell and Konecky LLP, an Emeryville-based litigation firm, has billed its attorneys at the following rates:

| Title | Year Admitted to Bar | 2022-2023 Rates |
|---|---|---|
| Partners | 1996 | $1,105 |
| | 2014 | $850 |
| Associates | 2004 | $935 |
| | 2016 | $775 |
| | 2018 | $725 |
| | 2009 | $680 |
| | 2004 | $935 |
| Staff Attorneys | | $680 |
| Law Clerks/Paralegals | | $275-$450 |

- In 2022, McGuinn, Hillsman & Palefsky, another well-respected litigation firm, charged and was awarded $1,100 per hour for its 45-year attorney.

The rates listed above show that the rates Counsel request here are readily in line with the range of rates charged in the San Francisco Bay Area legal marketplace.

**Factor Five: The Rates Shown By Credible Rate Surveys**

24.    My opinion that counsel's rates are within the range of Bay Area rates actually charged also is based in part on the 2023 Real Rate Report by Wolters Kluwer ("RRR"), relevant excerpts of which are attached as **Exhibit D.** Specifically, the Real Rate Report surveys and analyzes hundreds of law firm invoices to determine the range of hourly rates actually charged in a particular locale, which it then divides by "First Quartile," "Median," and "Third Quartile." As such, the Reports have been found to be a useful source for determining the reasonableness of hourly rates requested by successful litigants. See, e.g., *French v. City of Los Angeles, supra,* 2022 U.S. Dist. LEXIS 111194, at *52 ("this Court has found that the [2021] Real Rate Report provides a helpful reference point and consults it here," citing Report's Third Quartile rates); *Vogel v. MS Food Servs.* (C.D. Cal. Dec. 26, 2018) No. 16-cv-8433 DSF, 2018 WL 11027947, at *3 (Real Rate Report "is based on actual legal billing, matter information, and paid and processed invoices from more than 90 companies — not just on posted or advertised rates."); *RG Abrams*

1   *Ins. v. Law Offices of C.R. Abrams* (C.D. Cal. 2022) 342 F.R.D. 461, 524 n.13 (same).

2         25.    Here, the 2023 Real Rate Report squarely confirms that Counsel's rates here are

3   well "in line with" the hourly rates actually charged for litigation in the San Francisco Bay Area

4   legal marketplace. Specifically, pages 21 and 22 of the 2023 Report describe the rates charged

5   by 115 San Francisco Area "Litigation" partners. For that category, the Third Quartile San

6   Francisco Area rate was **$1,124** per hour. Given Counsel's high levels of experience, expertise,

7   and skills here, the Report's Third Quartile rates —i.e., the range of rates charged by the top

8   25% of San Francisco area litigators—are the most appropriate measure here. *See, e.g.,*

9   *Monster Energy Co. v. Vital Pharms., Inc.* (C.D. Cal. 2023) 2023 U.S. Dist.LEXIS 211875, at *69

10  (citing to Report's Third Quartile rates); *French v. City of Los Angeles, supra,* 2022 WL 2189649,

11  at *18 ("[T]his Court has found that the [2021] Real Rate Report provides a helpful reference

12  point and consults it here," citing Report's Third Quartile rates). Counsel's 2024 rates requested

13  here are well below that figure.

14        26.    Likewise, page 33 lists the 2023 Third Quartile rate charged by 114 San Francisco

15  partners with 21 or more years of experience at **$1,059** per hour. Page 42 lists Third Quartile

16  "Partner" rates at **$1,045** and "Associate" rates at **$691** per hour. Again, Counsel's requested

17  2024 rates here are readily in line with these rates.

18        27.    The LSI Laffey Matrix ([www.laffeymatrix.com](www.laffeymatrix.com)) also supports Counsel's requested

19  rates. The LSI Laffey Matrix is a survey of Washington D.C. Area attorney rates used by local

20  courts with adjustments for differences in regional rates. *See DL v. D.C.,* 924 F.3d 585 (D.C. Cir.

21  2019); *In re HPL Techs., Inc. Sec. Litig,.* 366 F.Supp.2d 912, 921 (N.D. Cal. 2005) (referring to the

22  LSI Laffey Matrix as a "well-established objective source for rates that vary by experience"). [4]

23        28.    The LSI Laffey Matrix rate for the period ending June 1, 2024 for attorneys like

24

25  ───────────────

[4]    There are two versions of the Laffey Matrix. The LSI Laffey Matrix set out in laffeymatrix.com reflects the rates actually charged in the DC area for complex litigation. The United States Attorney General's (USAO) version is now called the "Fitzpatrick Matrix" after the

26  law professor who prepared it from filed fee awards; it reflects the hourly rates the U.S. Attorney General's Office is willing to pay in settlement of fee claims. The District of Columbia

27  Circuit Court itself has held that for purposes of determining reasonable rates, the LSI version alone satisfies a fee-claimant's burden of proof in complex cases. See *DL v. D.C.* (D.C. Cir. 2019)

28  924 F.3d 585, 591.

1    Mr. Packard and Mr. Acree with 20 or more years of experience is **$1,057** per hour. For

2    attorneys with 8-10 years of experience like Mr. Carlon, the rate is **$777** per hour. When

3    adjusted to account for the 9% cost-of-living differential between the Washington D.C. Area

4    and the San Francisco Bay Area (*see* www.uscourts.gov/careers/compensation/judiciary-salary-

5    plan-pay-rates), those rates equal **$1,152** and **$847** per hour. Again, given Counsel's specialized

6    expertise and litigation experience, their requested rates are modest in comparison to the rates

7    suggested by the Laffey Matrix.

8          29.      My conclusion therefore is that in light of the five factors discussed above, COL's

9    Counsel's hourly rates are indisputably in line with the non-contingent rates charged by

10    comparably qualified San Francisco Bay Area attorneys for reasonably similar work.

11          **COUNSEL'S SACRAMENTO-BASED RATES**

12          30.      In the event this Court finds that Counsel may only recover rates that are in line

13    with Eastern District rates rather than the rates that prevail in the Northern District, where

14    their offices are located, Counsel have asked me to opine as to the reasonable Sacramento Area

15    hourly rates they may recover.

16          31.      As with Bay Area rates, my opinion is based on my knowledge of rates charged

17    and awarded in the Eastern District, having practiced and served as an attorney or expert

18    witness in numerous cases in this area.  See, e.g., *Orr v. Bram,* 727 Fed. Appx. 265, 2018 U.S.

19    App. LEXIS 6094 (9th Cir. 2018); *People of the State of California v. Native Wholesale Supply Co*,

20    Sacramento County Superior Court No. 34-2008-00014593-CU-CL-GDS, Minute Order filed

21    March 29, 2017, *affirmed* 37 Cal.App.5th 73, 96 (2019). Based on this experience and the other

22    factors listed above, in my opinion, the following hourly rates are in line with the hourly rates

23    charged by comparably qualfied Eastern District litigators handling work of reasonably

24    comparable difficulty, complexity, and importance:

25                ▪    Andrew Packard: $750 per hour

26                ▪    Brian Acree: $720 per hour

27                ▪    William Carlon: $550 per hour

28

32.     The following data supports my opinion:[5]

➢ In *Brown v. California Department of Corrections and Rehabilitation,* Sacramento Superior Ct. No. 34-2015-00176321, Order Granting Plaintiff's Motion for Reasonable Attorneys' Fees filed September 12, 2022, an individual employment discrimination case, the court found that the reasonable hourly rates in Sacramento for experienced attorneys were $750 and $700.

➢ In *Perez v. CVS Health Corp,* 2021 U.S. Dist. LEXIS 110216 at *35, 2021 WL 2402950 (E.D. Cal. 2021), the court found reasonable Eastern District partner rates of $720 and $750 per hour and associate rates of $575 per hour.

➢ In *Maciel v. Bar 20 Dairy LLC,* 2021 U.S. Dist. LEXIS 87242, at *30, 2021 WL 1813177 (E.D. Cal. 2021), the court found that hourly rates of $625 to $850 for partners, $350 to $450 for associates, $250 to $350 for paralegals, and $150 for secretaries were reasonable.

➢ In *Singh v. Roadrunner Intermodal Servs., LLC,* No. 1:15-cv-01497-DAD-BAM, 2019 U.S. Dist. LEXIS 11724, 2019 WL 316814, at *10 (E.D. Cal. Jan. 24, 2019) , the court found hourly rates of between $330 and $550 for associates, and $500 and $720 for partners were reasonable.

➢ In *Mathein v. Pier 1 Imports (U.S.), Inc.,* No. 1:16-cv-00087-DAD-SAB, 2018 U.S. Dist. LEXIS 71386, 2018 WL 1993727, at *11 (E.D. Cal. Apr. 27, 2018), the court accepted rates between $475 and $575 for associates, and $675 and $750 for senior counsel and partners as reasonable local rates;

➢ In *Orr v. Brame,* 727 Fed. Appx. 265, 2018 U.S. App. LEXIS 6094  (9th Cir. 2018)*,* an individual police misconduct case in which I represented the Plaintiff's attorneys for their trial court and appellate fee motions which resulted in two appellate attorneys' fee awards based on Eastern District of California rates, the Appellate Commissioner found that $630 was a reasonable 2020 rate for a 29-year attorney and $660 per hour was a reasonable 2021 rate for a 30-year attorney.

---

[5] Due to their bulk, I have not attached copies of any of the opinions, fee orders, or declarations cited below. Copies will be provided upon the Court's request.

➢ In *Orr,* well-known and highly respected Sacramento appellate attorney Jay-Allen Eisen testified in 2018 that he was "aware of attorneys in and around the Sacramento area with 20-30 years of experience whose rates are in the $600-$650 range, and attorneys with more than 30 years' experience whose rates are $750 to over $900 per hour."

➢ In *People of the State of California v. Native Wholesale Supply Co*, Sacramento County Superior Court No. 34-2008-00014593-CU-CL-GDS, Minute Order filed March 29, 2017, *aff'd* 37 Cal.App.5th 73, 96 (2019), a tobacco-tax enforcement action, the California Attorney General's Sacramento office was awarded its reasonable attorneys' fees pursuant to California law. Relying in part on my declaration testimony, the court found the following 2016 hourly rates reasonable and consistent with fees charged in the Sacramento area for comparable work: 31 years (lead attorney), $750; 33-41years, $675; 23 years, $525; 18 years, $500; 13 years, $400; and 5 years, $325.  On appeal, **t**hat Order was affirmed in full. See *People ex rel Becerra,* 37 Cal.App.5th 73, 96  (2019). (The Third District's discussion of its reasons for affirming the fee award in full is set forth in the unpublished section of the opinion, which I will provide upon request.) In my experience, rates have risen at least 15-20% since that trial court order. See ¶ 22, fn. 3.

➢ In three environmental cases out of the Sacramento Superior Court, three different judges found that the reasonable Sacramento-based rate for Defendants' lead counsel was $650 per hour for work performed between 2014 and 2018. See  *North Coast Rivers Alliance v. California Dept. of Food and Agriculture,* Sacramento County Superior Court No. 34-2015-80002005, Motion for Attorneys' Fees - Final Ruling filed September 4, 2018; *North Coast Rivers Alliance v. California Department of Food and Agriculture*, Civ. No. 80002424, Order After Hearing on Motions for (1) Attorney Fees and (2) To Tax Costs filed January 23, 2019; and *North Coast Rivers Alliance v. California Department of Food and Agriculture*, Civ. No. 34-2017-80002594, Ruling on Submitted Matter

re: Motion for Attorneys' Fees and Costs, Motion to Tax Costs filed October 2, 2018.  In each case, the Court also awarded a lodestar multiplier of 1.2.

➢ In *Emmons v. Quest Diagnostics Clinical Labs., Inc.,* No. 1:13-cv-00474-DAD-BAM, 2017 U.S. Dist. LEXIS 27249, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017), the trial court adopted rates of between $370 and $495 for associates and $545 and $695 for senior counsel and partners as reasonable.

➢ In *Golden Gate Audubon Society, et al. v. State Water Resources Control Board*, Coordinated Proceeding No. JCCP 4118, Tentative Ruling, which I am informed was adopted in full on May 27, 2016, the Sacramento Superior Court found that a reasonable hourly rate for Stephan Volker was $686 for work performed between June 1, 2009 through May 31, 2010.  The Court based this determination on the LSI Laffey Matrix, which the California Attorney General agreed was suitable for calculating the market value of Sacramento-area attorneys in that case.  As shown above, under the current LSI Laffey Matrix, **$1,057** per hour is the prevailing market rate for attorneys who have been out of law school for more than 20 years, **$878** per hour for attorneys who have been out of law school for 11-19 years, and **$777** for attorneys who have been out of law school for 8-10 years.

➢ In November 2015, the California Attorney General's Sacramento office filed a motion for reasonable attorneys' fees in *People of the State of California v. Rose*, Shasta County Superior Court No. 176689, a tobacco-tax enforcement action, based in part on my supporting declaration.  In that case, the Attorney General's office claimed and was awarded the following hourly rates for its Sacramento office: 32 and 39-year attorneys: $650; 18-year attorney: $450; 11-year attorneys: $350; 5- and 4-year attorneys: $275; 25-year paralegal: $200.

➢ On April 24, 2015, in *Williams v. York Claims Service, Inc.,* Coordinated Proceeding No. JCCP 4560, the Sacramento Superior Court found that the $650 hourly rate requested by plaintiffs' lead counsel, a 25-year attorney, was within the range of Sacramento area rates, as were the $350 hourly rate requested for

a 9-year attorney and the $150 per hour for paralegal work.  The Court also applied a 1.7 lodestar multiplier.

➤ On February 10, 2015, also in *Williams v. York, supra,* William Kershaw, a 42-year Sacramento attorney, filed a Declaration attesting that his current hourly rates charged to fee-paying clients were $700 per hour for his work and $350 per hour for his associate. He also testified that he had been charging over $600 per hour for 15 years

Counsel's alternative Sacramento rates are well within the range of these awards and declarations.

## **CONCLUSION**

33.    My opinion is that based on the factors discussed above, the non-contingent hourly rates requested by COL's San Francisco Bay Area attorneys are plainly in line with the hourly rates charged by comparably qualified attorneys for comparable services. In the event this Court should find that Eastern District rates must be applied, my opinion is that based on the same factors, the Sacramento Area rates they request are also in line with the Sacramento legal marketplace.

I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

Executed on July 17, 2024, in Berkeley, California. I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

RICHARD M. PEARL

EXHIBIT A

# RESUME OF RICHARD M. PEARL

**RICHARD M. PEARL**
**LAW OFFICES OF RICHARD M. PEARL**
1816 Fifth Street
Berkeley, CA 94710
(510) 649-0810
(510) 548-3143 (facsimile)
rpearl@interx.net (e-mail)

## EDUCATION

University of California, Berkeley, B.A., Economics (June 1966)
Berkeley School of Law (formerly Boalt Hall), Berkeley, J.D. (June 1969)

## BAR MEMBERSHIP

Member, State Bar of California (admitted February 1970)
Member, State Bar of Georgia (admitted June 1970) (inactive)
Admitted to practice before all California State Courts; the United States Supreme Court; the
United States Court of Appeals for the District of Columbia and Ninth Circuits; the United States
District Courts for the Northern, Central, Eastern, and Southern Districts of California, for the
District of Arizona, and for the Northern District of Georgia; and the Georgia Civil and Superior
Courts and Court of Appeals.

## EMPLOYMENT

LAW OFFICES OF RICHARD M. PEARL (April 1987 to Present): Civil litigation practice (AV
rating), with emphasis on court-awarded attorney's fees, class actions, and appellate practice.
Selected Northern California "Super Lawyer" in Appellate Law for 2005, 2006, 2007, 2008,
2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, and 2022.

QUALIFIED APPELLATE MEDIATOR, APPELLATE MEDIATION PROGRAM, California
Court of Appeal, First Appellate District (October 2000 to 2013) (program terminated).

ADJUNCT PROFESSOR, HASTINGS COLLEGE OF THE LAW (January 1988 to 2014):
Taught *Public Interest Law Practice*, a 2-unit course that focused on the history, strategies, and
issues involved in the practice of public interest law.

PEARL, McNEILL & GILLESPIE, Partner (May 1982 to March 1987): General civil litigation
practice, as described above.

CALIFORNIA RURAL LEGAL ASSISTANCE, INC. (July 1971 to September 1983) (part-time May 1982 to September 1983):

>Director of Litigation (July 1977 to July 1982)
>Responsibilities: Oversaw and supervised litigation of more than 50 attorneys in CRLA's 15 field offices; administered and supervised staff of 4-6 Regional Counsel; promulgated litigation policies and procedures for program; participated in complex civil litigation.
>
>Regional Counsel (July 1982 to September 1983 part-time)
>Responsibilities: Served as co-counsel to CRLA field attorneys on complex projects; provided technical assistance and training to CRLA field offices; oversaw CRLA attorney's fee cases; served as counsel on major litigation.
>
>Directing Attorney, Cooperative Legal Services Center (February 1974 to July 1977) (Staff Attorney February 1974 to October 1975)
>Responsibilities: Served as co-counsel on major litigation with legal services attorneys in small legal services offices throughout California; supervised and administered staff of four senior legal services attorneys and support staff.
>
>Directing Attorney, CRLA McFarland Office (July 1971 to February 1974) (Staff Attorney July 1971 to February 1972)
>Responsibilities: Provided legal representation to low income persons and groups in Kern, King, and Tulare Counties; supervised all litigation and administered staff of ten.

HASTINGS COLLEGE OF THE LAW, Instructor, Legal Writing and Research Program (August 1974 to June 1978)
Responsibilities: Instructed 20 to 25 first year students in legal writing and research.

CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, Staff Attorney, General Counsel's Office (November 1975 to January 1976, while on leave from CRLA)
Responsibilities: Prosecuted unfair labor practice charges before Administrative Law Judges and the A.L.R.B. and represented the A.L.R.B. in state court proceedings.

ATLANTA LEGAL AID SOCIETY, Staff Attorney (October 1969 to June 1971)
Responsibilities: Represented low-income persons and groups as part of 36-lawyer legal services program located in Atlanta, Georgia.

**PUBLICATIONS**

Pearl, *California Attorney Fee Awards, Third Edition* (Cal. Cont. Ed. Bar 2010) and February 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, and March 2023 Supplements

Pearl, *California Attorney Fee Awards, Second Edition* (Cal. Cont. Ed. Bar 1994), and 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 Supplements

*Best Practices for Litigating a Civil Code Section 1717 Motion for Attorney Fees,* with the Hon. Elizabeth R. Feffer (Ret.), California Litigation (The Journal of the Litigation Section of the California Lawyers Association, Vol. 35, No. 1, 2022)

*Graham v. DaimlerChrysler Corp.* and *Tipton-Whittingham v. City of Los Angeles*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Feb. 2005)

*Current Issues in Attorneys' Fee Litigation*, California Labor and Employment Law Quarterly (September 2002 and November 2002)

*Flannery v. Prentice: Shifting Attitudes Toward Fee Agreements and Fee-Shifting Statutes*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Nov. 2001)

*A Practical Introduction to Attorney's Fees*, Environmental Law News (Summer 1995)

*Wrongful Employment Termination Practice, Second Edition* (Cal. Cont. Ed. Bar 1997) (co-authored chapter on "Attorney Fees")

*California Attorney's Fees Award Practice* (Cal. Cont. Ed. Bar 1982) (edited), and 1984 through 1993 Supplements

Program materials on attorney fees for numerous trainings, including for California Continuing Education of the Bar, the California Employment Lawyers Association, the California Lawyers Association, the California Department of Fair Housing and Employment, the Environmental Law, Labor Law, and Appellate Sections of the California State Bar, the California Academy of Appellate Lawyers, and many others.

*Settlors Beware/The Dangers of Negotiating Statutory Fee Cases* (September 1985) Los Angeles Lawyer

Program Materials on Remedies Training (Class Actions), sponsored by Legal Services Section, California State Bar, San Francisco (May 1983)

Attorneys' Fees: A Legal Services Practice Manual (Legal Services Corporation 1981)

**PUBLIC SERVICE**

Member, Attorneys' Fee Task Force, California State Bar

Member, Board of Directors, California Rural Legal Assistance Foundation

Former Member, Border of Directors, Meals on Wheels of San Francisco

**RECOGNITION**

"AV" Rating -- Martindale Hubbell

Northern California "Super Lawyer" in Appellate Law: 2005 – 2008; 2010 -2023.

**REPRESENTATIVE CASES**

*ACLU of N. Cal. v. DEA*
(N.D. Cal. 2012) 2012 U.S.Dist.LEXIS 190389

*Alcoser v. Thomas*
(2011) 2011 Cal.App.Unpub.LEXIS 1180

*Arias v. Raimondo*
(2018) 2018 U.S.App.LEXIS 7484

*Boren v. California Department of Employment*
(1976) 59 Cal.App.3d 250

*Cabrera v. Martin*
(9th Cir. 1992) 973 F.2d 735

*Camacho v. Bridgeport Financial, Inc.*
(9th Cir. 2008) 523 F.3d 973

*Campos v. E.D.D.*
(1982) 132 Cal.App.3d 961

*Center for Biological Diversity v. County of San Bernardino*
(2010) 185 Cal.App.4th 866

*Children & Families Commission of Fresno v. Brown*
(2014) 228 Cal.App.4th 45

*Committee to Defend Reproductive Rights v. A Free Pregnancy Center*
(1991) 229 Cal.App.3d 633

**REPRESENTATIVE CASES (cont.)**

*David C. v. Leavitt*
(D. Utah 1995) 900 F.Supp. 1547

*Delaney v. Baker*
(1999) 10 Cal.4th 23

*Dixon v. City of Oakland*
(2014) 2014 U.S.Dist.LEXIS 169688

*Employment Development Dept. v. Superior Court (Boren)*
(1981) 30 Cal.3d 256

*Environmental Protection Info. Ctr. v Department of Forestry & Fire Protection*
(2010) 190 Cal.App.4th 217

*Environmental Protection Information Center, Inc. v. Pacific Lumber Co.*
(N.D. Cal. 2002) 229 F. Supp.2d 993, *aff'd* (9th Cir. 2004) 103 Fed. Appx. 627

*Flannery v Prentice*
(2001) 26 Cal. 4th 572

*Graham v. DaimlerChrysler Corp.*
(2004) 34 Cal. 4th 553

*Guerrero v. Cal. Dept. of Corrections etc.*
(2016) 2016 U.S.Dist.LEXIS 78796, *aff'd in relevant part,* (9th Cir. 2017) 701 Fed.Appx. 613

*Heron Bay Home Owners Assn. v. City of San Leandro*
(2018) 19 Cal.App.5th 376

*Horsford v. Board of Trustees of Univ. of Calif.*
(2005) 132 Cal.App.4th 359

*Ketchum v. Moses*
(2001) 24 Cal.4th 1122

*Kievlan v. Dahlberg Electronics*
(1978) 78 Cal.App.3d 951, *cert. denied* (1979)
440 U.S. 951

*Lealao v. Beneficial California, Inc.*
(2000) 82 Cal.App.4th 19

5

**REPRESENTATIVE CASES (cont.)**

*Lewis v. California Unemployment Insurance Appeals Board*
            (1976) 56 Cal.App.3d 729

*Local 3-98 etc. v. Donovan*
            (N.D. Cal. 1984) 580 F.Supp. 714,
            *aff'd* (9th Cir. 1986) 792 F.2d 762

*Mangold v. California Public Utilities Commission*
            (9th Cir. 1995) 67 F.3d 1470

*Maria P. v. Riles*
            (1987) 43 Cal.3d 1281

*Martinez v. Dunlop*
            (N.D. Cal. 1976) 411 F.Supp. 5,
            *aff'd* (9th Cir. 1977) 573 F.2d 555

*McQueen, Conservatorship of*
            (2014) 59 Cal.4th 602 (argued for *amici curiae*)

*McSomebodies v. Burlingame Elementary School Dist.*
            (9th Cir. 1990) 897 F.2d 974

*McSomebodies v. San Mateo City School Dist.*
            (9th Cir. 1990) 897 F.2d 975

*Molina v. Lexmark International*
            (2013) 2013 Cal.App. Unpub. LEXIS 6684

*Moore v. Bank of America*
            (9th Cir. 2007) 2007 U.S. App. LEXIS 19597

*Moore v. Bank of America*
            (S.D. Cal. 2008) 2008 U.S. Dist. LEXIS 904

*Mora v. Chem-Tronics, Inc.*
            (S.D. Cal. 1999) 1999 U.S. Dist. LEXIS 10752,
            5 Wage & Hour Cas. 2d (BNA) 1122

*Nadaf-Rahrov v. Nieman Marcus Group*
            (2014) 2014 Cal.App. Unpub. LEXIS 6975

**REPRESENTATIVE CASES (cont.)**

*Orr v. Brame*
(9th Cir. 2018) 727 Fed.Appx. 265, 2018 U.S.App.LEXIS 6094

*Orr v. Brame*
(9th Cir. 2019) 793 Fed.Appx. 485

*Pena v. Superior Court of Kern County*
(1975) 50 Cal.App.3d 694

*Ponce v. Tulare County Housing Authority*
(E.D. Cal 1975) 389 F.Supp. 635

*Ramirez v. Runyon*
(N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20544

*Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017), *aff'd on merits (fees not appealed)* 269 F.3d 1066 (9th Cir. 2020)

*Robles v. Employment Dev. Dept.*
(2019) 38 Cal.App.5[th] 191

*Rubio v. Superior Court*
(1979) 24 Cal.3d 93 (amicus)

*Ruelas v. Harper*
(2015) 2015 Cal.App. Unpub.LEXIS 7922

*Sokolow v. County of San Mateo*
(1989) 213 Cal. App. 3d. 231

*S.P. Growers v. Rodriguez*
(1976) 17 Cal.3d 719 (amicus)

*Swan v. Tesconi*
(2015) 2015 Cal.App. Unpub. LEXIS 3891

*Tongol v. Usery*
(9th Cir. 1979) 601 F.2d 1091,
*on remand* (N.D. Cal. 1983) 575 F.Supp. 409,
*revs'd* (9th Cir. 1985) 762 F.2d 727

**REPRESENTATIVE CASES (cont.)**

*Tripp v. Swoap*
> (1976) 17 Cal.3d 671 (amicus)

*United States (Davis) v. City and County of San Francisco*
> (N.D. Cal. 1990) 748 F.Supp. 1416, *aff'd in part
> and revs'd in part sub nom Davis v. City and County
> of San Francisco* (9th Cir. 1992) 976 F.2d 1536,
> *modified on rehearing* (9th Cir. 1993) 984 F.2d 345

*United States v. City of San Diego*
> (S.D.Cal. 1998) 18 F.Supp.2d 1090

*Vasquez v. State of California*
> (2008) 45 Cal.4th 243 (*amicus*)

*Velez v. Wynne*
> (9th Cir. 2007) 2007 U.S. App. LEXIS 2194

**MARCH 2023**

EXHIBIT B

**Exhibit B**

**Rates Found Reasonable for San Francisco Bay Area Attorneys**

## 2023 Rates

- In *Prison Legal News v. Ryan,* United States Court of Appeal for the Ninth Circuit, Order filed March 21, 2023, the Appellate Commissioner found the following hourly rates reasonable for the Plaintiff-Appellee's appellate work:

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|-----------------------|------|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,350 |
| | Partner | 2006 | $850 |
| | Associate | 2016 | $575 |
| | Paralegal | NA | $400 |

## 2022 Rates

- In *Bronshteyn v. State of California*, Los Angeles County Superior Ct. No. 19SMCV00057, Order Granting Plaintiff's Motion for Statutory Attorneys' Fees and Costs filed March 30, 2023, an individual FEHA action brought by two Bay Area law firms (Levy, Vinick, Burrell & Hyams LLP and Law Offices of Wendy Musell, the court found the following 2022 hourly rates reasonable (before applying a 1.75 lodestar multiplier for work up to and through the verdict):

| Firm | Role | Law School Grad. Year | Rate |
|------|------|-----------------------|------|
| **Levy, Vinick, Burrell & Hyams LLP** | | | |
| | Co-Lead at trial | 1989 | $1,100 |

1

| Firm | Role | Law School Grad. Year | Rate |
|---|---|---|---|
| | Attorney | 1982 | $1,000 |
| | Attorney | 1987 | $1,000 |
| | Attorney | 1995 | $1,000 |
| | Law Student | NA | $300 |
| | Paralegal/Legal Assistant | NA | $225 |
| **Law Offices of Wendy Musell** | | | |
| | Overall Lead and Co-Lead at trial | 1999 | $1,000 |
| | Senior Associate | 2000 | $850 |
| | Associate | 2021 | $425 |
| | Law Clerks | NA | $350 |
| | Paralegal | NA | $225 |

- In *Richmond Compassionate Care Collective v. Richmond Patient's Group et al,* Contra Costa Superior Ct. No. MSC16-01426, Order Granting Plaintiff RCCC's Motion for Attorneys' Fees etc., filed November 1, 2022, an antitrust case, as part of its lodestar cross-check, the court found that the following hourly rates billed by the prevailing Plaintiff's attorneys were reasonable:

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| **Alioto Law Firm** | | | |
| | Joseph M. Alioto | 53 | $1,500 |
| **Foreman & Brasso** | | | |
| | Ronald D. Foreman | 48 | $1,050 |

2

**2021 Rates**

- In *Yo LLC v. Krucker,* Santa Clara Superior Ct. No. 17CV306261, Fee Order filed February 9, 2022, a contractual fee case involving a disputed lease, the court found that the following hourly rates billed by the prevailing Defendant's attorneys were reasonable:

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|----------------------|------|
| **Cooley LLP** | | | |
| | Partner | 1994 | $1,275 |
| | Special Counsel | 1994 | $1,090 |
| | Associate (2020 rate) | 2009 | $1,010 |

- In *Kang v. Wells Fargo Bank NA,* 2021 U.S. Dist. LEXIS 235254, at *53 (N.D. Cal. Dec. 8, 2021), a consumer class action, the court found that plaintiffs' appellate attorneys' rates of $640 - $1,150 and trial counsel's rates of $325-$950 were "in line with other fee awards in this district for similarly experienced attorneys".

- In *Wit v. United Behavioral Health* (N.D. Cal. Jan. 5, 2022) 578 F.Supp.3d 1060, the court found the following 2021 hourly rates reasonable:

| Firm | Title | Years of Experience | Rate |
|------|-------|---------------------|------|
| **Zuckerman Spaeder** | | | |
| | Partner | 35, 39 | $1,145 |
| | Partner | 24 | $1,040 |
| | Partner | 21 | $980 |
| | Associate | 6 | $595 |

3

| Firm | Title | Years of Experience | Rate |
|------|-------|---------------------|------|
|  | Paralegals |  | $250-390 |

- In *Andrews v. Equinox Holdings, Inc.,* N.D. Cal. No. 20-cv-00485-SK, Order on Motion for Attorney Fees and Costs filed November 9, 2021 (Doc. 110), an individual age discrimination case that settled by acceptance of the defendant's FRCP Rule 68 offer, the court found the following 2021 rates reasonable (before applying a 1.3 lodestar multiplier):

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|-----------------------|------|
| **Rosen Bien Galvan & Grunfeld LLP** |  |  |  |
|  | Partner | 1962 | $1,250 |
|  | Partner | 1997 | $875 |
|  | Senior Counsel | 2010 | $600 |
|  | Associate | 2018 | $350 |
|  | Summer Associates | NA | $300 |
|  | Paralegals | NA | $240-$275 |

## 2020 Rates

- In *UFCW & Employers Benefit Trust et al v. Sutter Health, et al,* San Francisco County Superior Court, Case No. CGC-14-538451, consolidated with Case No. CGC-18-565398, Order re Plaintiffs' Counsel's Joint Motion for Attorneys' Fees, Costs, and Service Award, filed August 27, 2021, the court found the following rates reasonable as part of its lodestar-cross check:

**Pillsbury & Coleman**

| Title | Law School Graduation | Rate |
|---|---|---|
| Of Counsel | 1979 | $960 |
| Partner | 1976 | $675 |
| Associate | 2010 | $475 |
| Paralegal | N/A | $225 |

**Farella Braun + Martel**

| Title | Bar Admission | Rate |
|---|---|---|
| Partners | 2003 | $785 |
| | 1994 | $895 |
| | 1972 | $1250 |
| | 1980 | $975 |
| | 1985 | $935 |
| | 1982 | $925 |
| | 1991 | $795 |
| Associates | 2012 | $675 |
| | 2014 | $650 |
| | 2015 | $560 |
| | 2018 | $515 |
| | 2017 | $460 |
| Paralegals | NA | $355-$190 |
| Litigation Support | NA | $325-$285 |

**McCracken, Stemerman & Holsberry LLP**

| Title | Law School Graduation Year | Rate |
|---|---|---|
| Partners | 1975 | $850 |
| | 1983 | $850 |
| | 1990 | $800 |
| | 2008 | $750 |
| Associates | 2011 | $575 |

| Title | Law School Graduation Year | Rate |
|---|---|---|
| Associates | 2012 | $575 |
| | 2014 | $575 |
| | 2014 | $575 |
| | 2017 | $400 |
| | 2018 | $400 |
| | 2019 | $400 |

## Kellogg, Hansen, Todd, Figel & Frederick PLLC

| Title | Bar Admission | Rate |
|---|---|---|
| Partners | 1995 | $1,095 |
| | 2005 | $890 |
| | 2011 | $890 |
| | 1997 | $890 |
| Of Counsel | 1988 | $835 |
| Associates | 2014 | $805 |
| | 2015 | $750 |
| | 2017 | $690 |
| | 2017 | $690 |
| | 2016 | $635 |
| | 2018 | $535 |
| Staff Attorneys | 2007 | $460 |
| | 2000 | $460 |
| | 1997 | $460 |
| | 2002 | $460 |
| | 1998 | $400 |
| | 1977 | $400 |
| | 1999 | $460 |
| | 1991 | $460 |
| | 2012 | $400 |
| Paralegal Director | N/A | $430 |
| Paralegals | N/A | $430-$275 |
| Summer Associates | N/A | $185 |
| Research Manager | N/A | $260 |

| Title | Bar Admission | Rate |
|---|---|---|
| Research Analyst | N/A | $160 |
| IT Director | N/A | $200 |
| Litigation Support | N/A | $145 |
| Trial Coordinator | N/A | $115 |

**Cohen Milstein Sellers & Toll PLLC**

| Title | Law School Graduation Year | Hourly Rate 2020* |
|---|---|---|
| Partners | 1975 | $975 |
| | 1983 | $995 |
| | 1986 | $975 |
| | 2005 | $720 |
| | 2007 | $680 |
| Of Counsel | 2003 | $725 |
| Associates | 2009 | $650 |
| | 2014 | $535 |
| Discovery Counsel | 2002 | $550 |
| Staff Attorneys | 1993 | $445 |
| | 2002 | $430 |
| | 2005 | $415 |
| | 2006 | $415 |
| Investigator | N/A | $515 |
| Paralegals | N/A | $325-$310 |

- In *Human Rights Defense Center v. County of Napa*, a prisoner rights action, the court found that Plaintiffs' counsel's 2020 hourly rates were reasonable, "plac[ing] significant weight on the opinion of Mr. Pearl . . . [who] has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California (including the undersigned) in etermining reasonable billing rates." Order Granting In Part And Denying In Part Motion For Attorneys' Fees, Costs And Expenses at 18, Doc. 50, No. 20-cv-01296 (N.D. Cal. March 28, 2021).

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,110 |
| | Partner | 1981 | $950 |
| | Senior Counsel | 2009 | $625 |
| | Senior Paralegal | NA | $350 |

- In *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2020 WL 7626410 (N.D. Cal. Dec. 22, 2020), a RICO action challenging the defendants' invasive tactics, the court found that Plaintiffs' counsel's 2020 hourly rates were "reasonable given the scope and complexity of this case, as well as in light of rates approved in this District for partners, associates, and paralegals for similarly experienced counsel and staff at similar firms." *Id.* at *3, *3 n.4.

| Firm | Title | Bar Admission | Rate |
|---|---|---|---|
| Arnold & Porter Kaye Scholer LLP | | | |
| | Partner | 1974 | $1,280 |
| | Partner | 1993 | $1,150 |
| | Partner | 1990 | $1,085 |
| | Partner | 2005 | $1,015 |
| | Partner | 2002 | $925 |
| | Senior Associate | 2005 | $910 |
| | Senior Associate | 2012 | $910 |
| | Senior Associate | 2015 | $815 |
| | Associate | 2018 | $675 |
| | Staff Attorney | 2008 | $545 |
| | Paralegal | NA | $405 |
| | Paralegal | NA | $390 |
| Planned Parenthood | | | |

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
|  | General Counsel | 1982 | $1,115 |
|  | Sr. Staff Attorney | 2012 | $910 |

- In *Schneider v. Chipotle Mexican Grill*, a consumer class action, the court found that counsel for the putative class's 2020 hourly rates were "on the high end, although in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation." *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 601 (N.D. Cal. 2020).

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| **Kobre & Kim** |  |  |  |
|  | Partner | 1993 | $1,275 |
|  | Partner | 1987 | $1,275 |
|  | Partner | 1997 | $995 |
|  | Associate | 2011 | $695 |
|  | Analyst | NA | $495 |
|  | Legal Assistant | NA | $195 |
|  | Legal Assistant | NA | $195 |

- In *Lashbrook v. City of San Jose,* N.D. Cal. Case No. 20-cv-01236-NC, a disability access class action, the court found the following hourly rates reasonable:

| **Bar Admission Year** | **Rate** |
|------------------------|----------|
| 1987 | $945 |
| 1992 | $895 |
| 2006 | $750 |
| 2017 | $415 |
| Senior Paralegal | $325 |

| Paralegals | $265-285 |
|---|---|

- In *Lee One, LLC v. Facebook, Inc.*, N.D. Cal. No. 4:16-cv-06232-JSW, Order and Judgment Granting Motion for Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Costs, and Service Awards, filed June 26, 2020 [Doc. 211], a class action challenging Facebook's systems for justifying the rates charged advertisers, the court approved a fee constituting 30% of the $40 million settlement fund, and in cross-checking that fee, found the following 2019 hourly rates reasonable (plus a 1.68 lodestar multiplier):

| Law Firm | Title | Bar Date | Rate |
|---|---|---|---|
| **Cohen Millstein Sellers & Toll** | | | |
| | Partners | 1983 | $940 |
| | | 2000 | $790 |
| | | 2004 | $740 |
| | Associates | 2012 | $545 |
| | | 2014 | $505 |
| | Staff Attorney | 2012 | $395 |
| | Contract Attorney | 2003 | $385 |
| | Law Clerk | 2019 | $290 |
| | Contract Attorneys | 2014 | $250 |
| | | 2017 | $250 |
| **Gibbs Law Group** | | | |
| | Partners | 1995 | $910 |
| | | 2000 | $750 |

|  |  | 2003 | $720 |
|---|---|---|---|
|  |  | 2007 | $710 |
|  | Associates | 2014 | $460 |
|  |  | 2016 | $430 |
| **Eglet Adams** |  |  |  |
|  | Partners | 1988 | $870 |
|  |  | 1998 | $800 |
|  |  | 1999 | $690 |
|  |  | 1999 | $650 |
|  | Associate | 2011 | $450 |
|  | Contract Attorney | 1998 | $200 |
|  | Investigator | -- | $490 |
|  | Paralegals | -- | $300-315 |

- In *Perez v. Rash Curtis & Associates*, N.D. Cal. No. 4:16-cv-03396-YGR, Order, *inter alia*, Granting in Part and Denying in Part Motion for an Award of Attorneys' Fees, Costs, and Expenses, filed April 17, 2020 [Doc. 427], a consumer protection action under both federal and state law resulting in a $267 million judgment, the court awarded counsel a percentage-based common fund fee of 25% of the fund, cross-checked against a lodestar-based fee comprised of a $634.48 blended rate,  and a lodestar multiplier ranging from 13.42 to 18.15 depending on the number of hours eventually spent. The 2020 hourly rates from which the blended rate was derived were as follows:

11

| Admission to Bar | Rate |
|---|---|
| **PARTNERS**: | |
| 1997 | $1,000 |
| 2002 | $850 |
| 2006 | $750 |
| 2009 | $650 |
| 2013 | $550 |
| **ASSOCIATES:** | |
| 2010 | $550 |
| 2013 | $525 |
| 2016 | $400 |
| 2017 | $375 |
| 2019 | $325 |
| Law Clerk | $300 |
| Senior Litigation Support Spclist. | $275-300 |
| Litig. Support Spclist. | $200-250 |

- In *In re Wells Fargo & Company Shareholder Derivative Litigation*, N.D. Cal. No. 16-cv-05541-JST, Order Granting Motion for Final Approval and Motion for Attorneys' Fees, filed April 7, 2020 [Doc. 312], a shareholder derivative class action, the court found the following 2020 hourly rates reasonable:

| Lieff, Cabraser, Heimann & Bernstein LLP | Law School Graduation Year | Rate |
|---|---|---|
| | 1972 | $1,075 |
| | 1998 | $950 |
| | 1993 | $900 |
| | 1984 | $850 |
| | 2000 | $775 |
| | 2001-2002 | $700 |
| | 2005 | $650 |
| | 2007 | $590 |
| | 2008 | $560 |

| Lieff, Cabraser, Heimann & Bernstein LLP | Law School Graduation Year | Rate |
|---|---|---|
| | 2012 | $480-510 |
| | 2015 | $440 |
| | 2017 | $395 |
| | Law Clerk | $375-395 |
| | Paralegal/Clerk | $345-390 |
| | Litigation Support/Research | $345-495 |

- In *Moen v. Regents of Univ. of California,* Alameda County Superior Court No. RG10-530493, Order (1) Granting Final Approval of Class Settlement and (2) Granting Motion for Award of Fees and Costs, filed April 10, 2020, a class action to enforce contractual health care rights, the court approved the following hourly rates as reasonable (indicating in addition that a 1.5 multiplier would have been applied but for the parties' agreed ceiling):

| Law Firm | Law School Graduation | Rate |
|---|---|---|
| **Law Offices of Dov Grunschlag** | 1966 | $975 |
| **Sinclair Law Office** | 1976 | $875 |
| **Calvo Fisher LLP** | 1976 | $875 |
| | 1990 | $775 |
| | 2000 | $650 |
| | 2004 | $625 |
| | Senior Paralegal | $300 |
| | Paralegal | $225 |

## 2019 Rates

- In *In re National Collegiate Athletic Assn. Athletic Grant-In-Aid Antitrust Litigation*, an antitrust class action, the court found the

13

following 2019 "hourly rates are reasonable." *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Attorneys' Fees, Expenses, Service Awards, and Taxed Costs, Doc. 1259, at 4, No. 14-md-02541 (N.D. Cal. Dec. 6, 2019).

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| **Winston & Strawn LLP** | | | |
| | Partner | 1978 | $1,515 |
| | Partner | 1985 | $1,245 |
| | Partner | 2002 | $1,105 |
| | Partner | 1996 | $1,025 |
| | Associate | 2012 | $825 |
| | Associate | 2016 | $660 |
| | Associate | 2017 | $615 |

- In an earlier decision in the same case, the court also found the following <u>2017</u> hourly rates were "in line with market rates in this District." *See id.* at Doc. 745 (N.D. Cal. Dec. 6, 2017).

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| **Hagens Berman Sobol Shapiro LLP** | | | |
| | Partner | 1982 | $950 |
| | Associate | 1999 | $630 |
| | Associate | 2014 | $475 |
| | Contract Attorney | 2013 | $350 |
| | Contract Attorney | 2006 | $300 |
| **Pearson, Simon & Warshaw LLP** | | | |
| | Partner | 1983 | $1,035 |
| | Partner | 1981 | $1,035 |
| | Of Counsel | 2001 | $900 |
| | Associate | 2006 | $635 |

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| | Associate | 2008 | $520 |

- In *Nevarez v. Forty Niners* , N.D. Cal. No. 5:16-cv-07013-LHK(SVK), Order Granting Motion for Final Approval of Class Action Settlement; Granting Motion for Service Awards; and Granting Motion for Attorney's Fees, Costs, and Expenses, filed July 23, 2020 [Doc. 416], a disability-access class action involving Levi's Stadium,  the court found the following 2019  hourly rates reasonable:

| Schneider Wallace Cottrell Konecky LLP: | Law School Grad. | Rate |
|------------------------------------------|------------------|------|
| | 1993 | $925 |
| | 1977 | $875 |
| | 1997 | $840 |
| | 2015 | $680 |
| | 2014 | $625-$680 |
| | 2007 | $625 |
| | 2017 | $575 |
| | 2009 | $725 |
| | Paralegal | $300 |
| | | |
| **Goldstein Borgen Dardarian & Ho** | | |
| | 1987 | $925 |
| | 2006 | $710 |
| | 2015 | $450 |
| | 2008 | $595 |
| | 2013 | $475 |
| | 2017 | $400 |
| | Law Student | $300 |
| | Sr. Paralegals | $325 |
| | Paralegals | $275-295 |

- In *National Federation of the Blind of California v. Uber Technologies, Inc.*, N.D. Cal. No. 14-cv-04086 NC Amended Order Granting in Part Plaintiffs' Motion for Attorneys' Fees and Costs, filed November 8, 2019 (Dkt. No. 203), a class action against Uber alleging that it violated federal antidiscrimination laws by allowing its drivers to refuse to accept service dogs, the court found the following 2019 hourly rates reasonable for monitoring Uber's

15

compliance with the settlement:

| Rosen Bien Galvan & Grunfeld LLP Class | Rate |
|---|---|
| 1997 | $800 |
| 2011 | $525 |
| 2016 | $400 |
| Senior Paralegal | $350 |
| Paralegals | $250-275 |

| Disability Rights Advocates | Rate |
|---|---|
| 1998 | $785 |
| 2014 | $470 |
| 2014 | $425 |
| Paralegals | $230-275 |

- In *Shaw et al v. AMN Service, LLC et al*, N.D. Cal. No. 3:16-cv-02816 JCS, Order Granting Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, filed May 31, 2019 [Doc. 167], a wage and hour class action, based in part on my testimony the court found the following 2019 hourly rates reasonable, before applying a 2.4 lodestar multiplier:

| BAR ADMISSION DATE | RATE |
|---|---|
| 1996 | $835 |
| 2009 | $750 |
| 2014 | $675 |
| 1996 (Florida) | $600 |
| 2016 | $400 |
| 2017 | $380 |

## 2018 Rates

- In *Department of Fair Employment and Housing v. Law School Admission Council, Inc.,*N.D. Cal. No. 12-cv-08130-JCS, filed Nov. 5, 2018, reported at 2018 WL 5791869, 2018 U.S. Dist. LEXIS 189191, an action for civil contempt based on violation of

a consent decree, the court found the following 2018 hourly rates reasonable:

| Years of Experience | Rate |
|---|---|
| 35 | $850 |
| 5 and 6 | $425 |
| Law Clerk and 1st year | $290 |

- In *Cornell v. City & County of San Francisco*, San Francisco Superior Court No. CGC-11-509240, Fee Order filed Oct. 9, 2018 (on remand from *Cornell v. City & County of San Francisco* (2017) 17 Cal. App. 5th 766), an individual police misconduct/employment case, the trial court found the following 2018 hourly rates reasonable for appellate work, before applying a 1.25 multiplier:

| Years of Experience | Rates |
|---|---|
| 49 | $827 |
| 27 | $800 |
| 23 | $800 |
| 9 | $475 |
| 6 | $425 |

- In *Kaku v. City of Santa Clara,* Santa Clara Superior Court No. 17CV319862, Fee Order filed January 22, 2019, reported at 2019 WL 331053 (Cal. Super. 2019), a voting rights action under the California Voting Rights Act, the court found the following 2018 hourly rates reasonable, before applying a 1.4 multiplier:

| Goldstein, Borgen, Dardarian & Ho | |
|---|---|
| Graduation Year | Rates |
| 1970 | $875 |
| 1994 | $860 |
| 2013 | $450 |
| 2015 | $405 |
| 2016 | $375 |
| Law Clerk | $295 |

| Statistician & Senior Paralegal | $300 |
|---|---|
| Paralegal | $250 |

| Law Office of Robert Rubin | |
|---|---|
| **Graduation Year** | **Rates** |
| 1978 | $975 |
| 2013 | $615 |

| Asian Law Alliance | |
|---|---|
| **Graduation Year** | **Rates** |
| 1978 | $550 |
| 2009 | $375 |

## 2017 Rates

- In *Max Sound Corp. v. Google Inc.*, N.D. Cal. No. 14-cv-04412-EJD, Order Granting in Part and Denying in Part Defendants' Motion for Attorneys' Fees, filed October 11, 2017 (Dkt. No. 198), a patent infringement action awarding fees for defending a frivolous action pursuant to, *inter alia,* 35 U.S.C. § 285 and 28 U.S.C. § 1927, the court found the following hourly rates reasonable:

| **Bar Admission** | **Rates** |
|---|---|
| 2000 | $650-950 |
| 1995 | $905 |
| 2014 | $520-715 |
| 2007 | $504-608 |
| 2012 | $335-575 |

- In *May v. San Mateo County,* N.D. Cal. No. 3:16-cv-00252-LB, Stipulation and Order re Settlement filed Nov. 10, 2017 [Doc. No. 218], an individual police misconduct action, the court found the following hourly rates reasonable:

18

| Years of Experience | Rates |
|---|---|
| 26 | $775 |
| 22 | $775 |
| 10 | $475 |
| 5 | $425 |
| 48 | $825 |
| Paralegal | $240 |

- In *Hoeper v. City & County of San Francisco*, No. CGC-15-543553, Order After Hearing Granting in Part and Denying in Part Plaintiff Joanne Hoeper's Motion for Attorney Fees, filed July 12, 2017, an individual whistleblower case under Government Code section 12653(b), the court found the following 2017 hourly rates reasonable, before applying a 1.35 lodestar multiplier:

| Bar | Rates |
|---|---|
| 1982 | $850-750 |
| 1979 | $750 |
| 2003 | $550 |
| Associate | $350 |
| Paralegal | $150-160 |

- In *Ridgeway v. Wal-Mart Stores, Inc.* (N.D. Cal. 2017) 269 F. Supp. 3d 975, a wage and hour class action, the court issued a statutory fee award against Wal-Mart based on the following 2017 rates (plus a 2.0 multiplier), to partially offset a 25% common fund fee award payable by the class:

| Years of Experience | Rates |
|---|---|
| 46 | $900 |
| 40 | $890 |
| 38 | $870 |
| 36 | $850 |
| 34 | $830 |
| 20 | $730 |
| 37 (Senior | $700 |

| | |
|---|---|
| 29 (Senior | $670 |
| 19 (Senior | $610 |
| 11 | $500 |
| 7 | $450-500 |
| 6 | $425 |
| 3 | $355 |
| 4 | $330 |
| 1 | $300 |
| Senior Paralegal | $225 |
| Paralegal | $195 |
| Law Clerk | $225 |

- In *Huynh v. Hous. Auth. Of Santa Clara,* 2017 U.S. Dist. LEXIS 39138 (N.D. Cal. 2017), a tenant class action challenging the Housing Authority's policy regarding the accommodation of households with disabled family members, the court found the following 2017 hourly rates reasonable:

| Law Foundation of Silicon Valley | |
|---|---|
| **Graduation Year** | **Rates** |
| 1990 | $800 |
| 2001 | $660 |
| 2004 | $635 |
| 2007 | $545 |
| 2008 | $545 |
| 2010 | $415 |
| 2014 | $325 |
| 2015 | $325 |

| Fish & Richardson PC | |
|---|---|
| **Graduation Year** | **Rates** |
| 1996 | $862.07 |
| 2002 | $700 |
| 2005 | $676.75 |
| 2011 | $530 |
| 2007 | $475 |
| 2014 | $362.54 |

20

| 2015 | $329.09 |
| 2016 | $330.11 |
| Paralegal | $236-275 |

- In *Armstrong v. Brown*, N.D. Cal. No. 4:94-cv-02307-CW, Stipulated Order Confirming Undisputed Attorneys' Fees and Costs for the Third Quarter of 2017, filed December 19, 2017 (Dkt. No. 2708), a prisoners' rights class action, the court approved the following 2017 hourly rates for monitoring the injunction in that matter:

| Years of Experience | Rates |
| --- | --- |
| 37 | $950 |
| 33 | $825 |
| 20 | $780 |
| 24 (Of Counsel) | $700 |
| 12 (Partner) | $650 |
| 9 (Associate) | $490 |
| 8 | $480 |
| 7 | $470 |
| 6 | $440 |
| Paralegal | $240-325 |

- In *Cotter et al. v. Lyft, Inc.*, N.D. Cal. No. 13-cv-04065- VC, Order Granting Final Approval of Settlement Agreement, filed March 16, 2017 (Dkt. No. 310), a class action against Lyft alleging Lyft underpaid its drivers by classifying them as independent contractors, the court approved the percentage-based fee award requested by plaintiffs based on the following 2017 hourly rates, plus a 3.18 multiplier:

| Graduation Year | Rates |
| --- | --- |
| 1996 | $800 |
| 2010 | $500 |
| 2014 | $325 |
| Paralegal | $200 |

21

- In *Dropbox, Inc. v. Thru, Inc.*, 2017 U.S. Dist. LEXIS 33325 (N.D. Cal.), a trademark action, the court found reasonable "rates ranging from $275/hr for a paralegal to $900 for a senior partner" and "rates of $365/hr and $420/hr" for mid-level associates.

EXHIBIT C

Exhibit C

Rates Charged by San Francisco Bay Area Law Firms

| *Akin Gump Strauss Hauer & Feld LLP* | | |
|---|---|---|
| **2022 Rates** | **Graduation Year** | **Rate** |
| | 2001 | $1,115 |
| | 1986 | $1,175-1,345 |
| | 2007 | $965 |
| | 2019 | $535-$625 |
| | | |

| *Alioto Law Firm* | | |
|---|---|---|
| **2022 Rate** | **Years of Experience** | **Rate** |
| | 53 | $1,500 |
| | | |

| *Altshuler Berzon LLP* | | |
|---|---|---|
| **2022 Rates** | **Graduation Year** | **Rate** |
| | 1983 | $1.225 |
| | 1989 | $1,125 |
| | 2008 | $950 |
| | 2010 | $875 |
| | 2019 | $625 |
| **2021 Rates** | **Graduation Year** | **Rate** |
| | 1977 | $1,150 |
| **2018 Rates** | **Graduation Year** | **Rate** |
| | 1968-1983 | $940 |
| | 1985 | $920 |
| | 1989 | $900 |
| | 1991 | $885 |
| | 1992 | $875 |
| | 1994 | $835 |
| | 1998 | $795 |

|  | 2000 | $740 |
|--|------|------|
|  | 2001 | $725 |
|  | 2008 | $540 |
|  | 2009 | $515 |
|  | 2010 | $485 |
|  | 2012 | $435 |
|  | 2013 | $415 |
|  | 2014 | $390 |
|  | 2015 | $365 |
|  | Law Clerks | $285 |
|  | Paralegals | $250 |
| **2017 Rates** | **Years of Experience/Level** | **Rates** |
|  | Senior Partners | $930 |
|  | Junior Partners (1991-2001) | $875-690 |
|  | Associates (2008-2013) | $510-365 |
|  | Paralegals | $250 |

| *Arnold Porter LLP* | | |
|---------------------|--|--|
| **2021 Rates** | **Level** | **Rates** |
|  | Partners | $750-$1,150 |
|  | Senior Counsel | $910-$1,280 |
|  | Associates | $545-$910 |
|  | Paralegals | $390-$405 |
| *Boies Schiller & Flexner LLP* | | |
| **2017 Rates** | **Bar Admittance or Law School Graduation** | **Rates** |
|  | 1986 | $1,049 |
|  | 2006 | $972 |
|  | 1999-2000 | $830 |
|  | 2004 | $760 |
|  | 2006 | $680 |
|  | 2007 | $714 |

2

|  | 2009 | $800 |
|---|---|---|
| *Burson & Fisher* | | |
| **2020 Rates:** | **Bar Admission Year** | **Rate** |
|  | **PARTNERS:** | |
|  | 1997 | $1,000 |
|  | 2002 | $850 |
|  | 2006 | $750 |
|  | 2009 | $650 |
|  | 2013 | $550 |
|  | **ASSOCIATES:** | |
|  | 2010 | $550 |
|  | 2013 | $525 |
|  | 2016 | $400 |
|  | 2017 | $375 |
|  | 2019 | $325 |
|  | Law Clerk | $300 |
|  | Senior Litigation Support Specialist | $275-300 |
|  | Litigation Support Specialist | $200-250 |
| *Cooley LLP* | | |
| **2021 Rates** | **Years of Experience** | **Rates** |
|  | 27 (Partner) | $1,275 |
|  | 27 (Special Counsel) | $1,090 |
| *Cotchett, Pitre, & McCarthy, LLP* | | |
| **2019 Rates** | **Year of Cal Bar Admission** | **Rates** |
|  | 1965 | $950 |
|  | 1992 | $925 |
|  | 1994 | $850 |
|  | 2006 | $750 |
|  | Senior Associate | $600 |
|  | Associates | $375-425 |
|  | Paralegals, Case Assistants, Law Clerks | $225-325 |

| *Farella Braun + Martel* | Bar Admission | Rates |
|---|---|---|
| **2020 Rates** | | |
| | 1972 | $1,250 |
| | 1980 | $975 |
| | 1982 | $925 |
| | 1985 | $935 |
| | 1991 | $795 |
| | 1994 | $895 |
| | 2003 | $785 |
| | 2011 (Assoc./Partner) | $710 |
| | **Associates** | |
| | 2012 | $675 |
| | 2014 | $650 |
| | 2015 | $560 |
| | 2017 | $460 |
| | 2018 | $515 |
| | Paralegals | $285-355 |
| | Case Clerk | $190 |
| | Practice Support Supervisor | $325 |
| | Practice Support Proj. Mgr. | $285 |
| | | |
| *Feinberg, Jackson, Worthman & Wasow LLP* | | |
| **2023 Rates** | **Year of Bar Admission** | **Rate** |
| | 1988 | $1,050 |
| | 2004 | $1,050 |
| | 2006 | $900 |
| | 2010 | $800 |
| | 2020 (Fellows) | $350 |
| | Law Clerk | $275 |

4

| | Legal Assistant | $275 |
|---|---|---|
| | | |
| *Fenwick & West* | | |
| **2021 Rates** | **Cal. Bar Admission** | **Rates** |
| | 1995 | $1,040 |
| | 2001 | $860 |
| | 2005 | $745 |
| | 2010 | $720 |
| | 2011 | $665 |
| | 2016 | $710 |
| | 2017 | $470-495 |
| | 2018 | $425 |
| | 2020 | $325 |
| | Paralegals | $395 |
| | | |
| *Foreman & Brasso* | | |
| **2022 Rates** | **Years of Experience** | **Rate** |
| | 48 | $1,025 |
| | | |
| *Gibson Dunn & Crutcher LLP* | | |
| **2020 Rates** | **Level** | **Rates** |
| | Senior Partners | $1,395 – 1,525 |
| | Senior Associates | $960 |
| | Mid-level Associate | $740 |
| | Paralegals | $480 |
| **2019 Rates** | **Level** | **Rates** |
| | Senior Partners | $1,335 – 1,450 |
| | Senior Associates | $915 |
| | Mid-level Associate | $625 |

| *Goldstein Borgen Dardarian & Ho* | | |
|---|---|---|
| **2020 Rates:** | **Bar Admission Year** | **Rates** |
| | 1987 | $945 |
| | 1992 | $895 |
| | 2006 | $750 |
| | 2017 | $415 |
| | Senior Paralegal | $325 |
| | Paralegals | $265-285 |
| **2019 Rates** | **Law School Graduation** | **Rates** |
| | 1987 | $925 |
| | 2006 | $710 |
| | 2008 | $595 |
| | 2013 | $475 |
| | 2015 | $450 |
| | 2017 | $400 |
| | Law Student | $300 |
| | Sr. Paralegals | $325 |
| | Paralegals | $275-$295 |
| | | |

| *Hooper, Lundy & Bookman* | | |
|---|---|---|
| **2019 Rates** | **Law School Graduation Year** | **Rates** |
| | 1975 | $1,025 |
| | 1976 | $965 |
| | 1979 | $1,025 |
| | 2007 | $815 |
| | 2011 | $800 |
| | 2015 | $640 |
| | 2016 | $600 |
| | 2019 | $440 |

6

| 2018 Rates | Law School Graduation Year | Rates |
|---|---|---|
| | 1975 | $1,025 |
| | 1976 | $930 |
| | 1979 | $995 |
| | 2015 | $570 |
| | | |

| *Keker & Van Nest, LLP* | | |
|---|---|---|
| **2019 Rates** | **Years of Experience** | **Rates** |
| | 39 | $1,075 |
| | 9 | $700 |
| **2018 Rates** | **Years of Experience** | **Rates** |
| | 16 | $875 |
| | 5 | $600 |
| | 3 | $500 |
| | | |

| *Kirkland & Ellis* | | |
|---|---|---|
| **2024 Rates** | **Level** | **Rates** |
| | Partners | $1,195 - $2,465 |
| | Associates | $745 - $1,495 |
| **2021 Rates** | **Level** | **Rates** |
| | Partners | $1,085-$1,895 |
| | Of Counsel | $625-1,895 |
| | Associates | $625-$1,195 |
| | Paraprofessional | $255-475 |
| | | |

| *Lieff Cabraser Heimann & Bernstein, LLP* | | |
|---|---|---|
| **2020 Rates** | **Law School Grad. Year** | **Rates** |
| | 1972 | $1,075 |
| | 1998 | $950 |
| | 1993 | $900 |
| | 1984 | $850 |

| | 2000 | $775 |
|---|---|---|
| | 2001-2002 | $700 |
| | 2005 | $650 |
| | 2007 | $590 |
| | 2008 | $560 |
| | 2012 | $480-$510 |
| | 2015 | $440 |
| | 2017 | $395 |
| | Law Clerk | $375-$395 |
| | Paralegal/Clerk | $345-390 |
| | Litigation Support/Research | $345-495 |
| **McCracken, Stemerman & Holsberry** | **Law School Grad. Year** | **Rates** |
| **2020 Rates** | | |
| | 1975 | $850 |
| | 2008 | $750 |
| | 2014 | $575 |
| | 2018-2019 | $400 |

| Morrison Foerster LLP | | |
|---|---|---|
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
| | 2002 | $1,200 |
| | 2011 | $1,075 |
| | 2014 | $925 |
| | 2018 | $745 |
| | Paralegal | $295 |
| **2020 Rates** | **Law School Grad. Year** | **Rate** |
| | 2002 | $1,125 |
| | 2011 | $975 |
| | 2014 | $810 |
| | 2018 | $640 |
| | Paralegal | $275 |
| **2018 Rates** | **Years of Experience** | **Rates** |
| | 40 | $1,050 |
| | 22 | $950 |
| | 11 | $875 |
| | 3 | $550 |
| | Paralegal | $325 |

9

| Munger, Tolles & Olson | | |
|---|---|---|
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
| | 1991 | $1,725 |
| | 2009 | $995 |
| | 2016 | $825 |
| | Paralegal (43 years) | $365 |
| **2020 Rates** | **Law School Grad. Yr.** | **Rate** |
| | 1991 | $1,610 |
| | 2001 | $950 |
| | 2009 | $920 |
| | 2016 | $725 |
| | Paralegal (42 years) | $345 |
| | | |

| O'Melveny & Myers | | |
|---|---|---|
| **2019 Rates** | **Level** | **Rates** |
| | Senior Partner | $1,250 |
| | Partner (1998 Bar Admitted) | $1,050 |
| | 3rd Year Associate | $640 |
| | 2nd Year Associate | $656 |
| | | |

| Paul Hastings LLP | | |
|---|---|---|
| **2020 Rates** | **Years of Experience** | **Rates** |
| | 25 | $1,425 |
| | 7 | $885 |
| | 5 | $775 |
| | 3 | $645 |
| | Research assistant | $335 |
| | | |

| Pearson Simon & Warshaw LLP | | |
|---|---|---|
| **2019 Rates** | **Years of Experience** | **Rates** |
| | 23-38 | $1,150 |

|  | 10 | $900 |
|  | Of Counsel | $825 |
|  | 6 | $500 |
|  | 4 | $450 |
|  | Paralegals | $225 |
| **2018 Rates** | **Years of Experience** | **Rates** |
|  | 22-37 | $1,050 |
|  | 9 | $650 |
|  | Of Counsel | $725 |
|  | 5 | $450 |
|  | 3 | $400 |
|  |  |  |
| *Quinn Emanuel Urquhart & Sullivan* |  |  |
| **2020 Rates** | **Level** | **Rate** |
|  | Partners | $870-$1,250 |
|  | Associates | $600-$905 |
| **2018 Rates** | **Law School Graduation Yr.** | **Rates** |
|  | 1980 | $1,135 |
|  | 2016 | $630 |

| Rosen, Bien, Galvan & Grunfeld LLP | | |
|---|---|---|
| **2023 Rates** | **Law School Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,475 |
| | 1997 | $1,050 |
| | 2005 | $925 |
| | 2010 | $825 |
| **Senior Counsel** | 2011 | $750 |
| **Associates** | 2009 | $800 |
| | 2015 | $625 |
| **Senior Paralegal** | | $435 |
| **Paralegal** | | $325 |
| **2022 Rates** | **Law School Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,350 |
| | 1980 | $1,400 |
| | 1981 | $1,100 |
| | 1984 | $1,000 |
| | 1997 | $950 |
| | 2005 | $850 |
| | 2008 | $800 |
| | 2010 | $750 |
| **Of Counsel** | | |
| | 1993 | $825 |
| | 2003 | $800 |
| **Senior Counsel** | | |
| | 2008 | $750 |
| | 2009 | $725 |
| | 2010 | $700 |
| | 2011 | $675 |
| **Associates** | | |

| | 2011 | $650 |
|---|---|---|
| | 2013 | $600 |
| | 2015 | $575 |
| | 2016 | $550 |
| | 2017 | $500 |
| | 2018 | $425 |
| | 2019 | $400 |
| **Senior Paralegals** | | $375-$400 |
| **Paralegals** | | $300 |
| **Litigation Support/Paralegal Clerks** | | $260 |
| **Law Students** | | $350 |
| **2021 Rates (partial)** | **Law School Class** | **Rates** |
| **Partner** | 1984 | $925 |
| **Senior Counsel** | 2008 | $675 |
| | 2010 | $600 |
| **Associate** | 2016 | $465 |
| **Summer Associate** | NA | $300 |
| **Senior Paralegal** | | $375 |
| **Paralegal** | | $275 |
| **2020 Rates** | **Law School Class** | **Rate** |
| **Partners** | | |
| | 1962 | $1,100 |
| | 1980 | $1,100 |
| | 1981 | $950 |
| | 1984 | $875 |
| | 1997 | $825 |
| | 2005 | $730 |
| | 2008 | $660 |

| **Of Counsel** | | |
|---|---|---|
| | 1993 | $740 |
| | 2003 | $715 |
| **Senior Counsel** | | |
| | 2008 | $635 |
| | 2009 | $625 |
| | 2010 | $565 |
| **Associates** | | |
| | 2011 | $540 |
| | 2013 | $480 |
| | 2015 | $460 |
| | 2016 | $440 |
| | 2017 | $395 |
| **Sr. Paralegals** | | $320-$350 |
| **Paralegals** | | $250-$275 |
| **Litigation Support/Paralegal Clerks** | | $225 |
| **Law Students** | | $275 |
| **Word Processing** | | $85 |
| **2019 Rates** | **Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,050 |
| | 1980 | $1,000 |
| | 1981 | $940 |
| | 1984 | $860 |
| | 1997 | $800 |
| | 2005 | $700 |
| | 2008 | $640 |
| **Of Counsel** | | |
| | 1993 | $725 |
| | 2003 | $700 |

| | | |
|---|---|---|
| **Senior Counsel** | | |
| | 2008 | $610 |
| | 2009 | $585 |
| **Associates** | | |
| | 2010 | $540 |
| | 2011 | $525 |
| | 2013 | $460 |
| | 2015 | $440 |
| | 2016 | $400 |
| | 2017 | $350 |
| **Senior Paralegals** | | $350 |
| **Litigation Support/Paralegal Clerks** | | $225 |
| **Law Students** | | $275 |
| **Word Processing** | | $85 |
| **2018 Rates** | **Class** | **Rates** |
| **Partners** | | |
| | 1962 | $1,000 |
| | 1980 | $965 |
| | 1981 | $920 |
| | 1984 | $835 |
| | 1997 | $780 |
| | 2005 | $650 |
| **Of Counsel** | | |
| | 1983 | $800 |
| | 1993 | $700 |
| | 2003 | $675 |
| **Senior Counsel** | | |
| | 2008 | $585 |
| **Associates** | | |
| | 2009 | $535 |

| | 2010 | $525 |
|---|---|---|
| | 2011 | $500 |
| | 2013 | $440 |
| | 2015 | $410 |
| | 2016 | $375 |
| **Paralegals** | | $340-$240 |
| **Litigation Support/Paralegal Clerks** | | $225 |
| **Law Students** | | $275 |
| **Word Processing** | | $85 |
| | | |

| *Schneider, Wallace Cottrell Konecky LLP* | | |
|---|---|---|
| **2022-2023 Rates** | **Year Admitted to Bar** | **Rate** |
| **Partners** | 1996 | $1,105 |
| | 2014 | $850 |
| **Associates** | 2004 | $935 |
| | 2016 | $775 |
| | 2018 | $725 |
| | 2009 | $680 |
| **Staff Attorneys** | | $680 |
| **Law Clerks/Paralegals** | | $275-$450 |
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
| | 1993 | $1,005 |
| | 1977 (Of Counsel) | $925 |
| | 1997 | $840 |
| | 2015 | $690 |
| **2020 Rates** | **Years of Experience** | **Rate** |
| | 1993 | $1,005 |
| | 1977 (Of Counsel) | $925 |
| | 1997 | $840 |

|  | 2015 | $690 |
| --- | --- | --- |
| **2019 Rates** | **Years of Experience** | **Rate** |
|  | 1993 | $925 |
|  | 1977 (Of Counsel) | $875 |
|  | 1997 | $840 |
|  | 2015 | $680 |
|  |  |  |
| *The Tidrick Law Firm* |  |  |
| **2022 Rates:** | **Graduation Year** | **Rate** |
|  | 1999 | $973 |
|  | 2004 | $873 |
|  |  |  |
| *Wilson Sonsini* |  |  |
| **2022 Rates** | **Level** | **Rates** |
|  | Members | $975-$2,220 |
|  | Associates | $550-$1,175 |
|  | Of Counsel | $640-$1,875 |
|  | Staff | $225-$935 |
|  | Library Personnel | $200-$300 |
|  |  |  |
| *Winston & Strawn* |  |  |
| **2019 Rates** | **Title** | **Rates** |
|  | Partners | $1,025-$1,515 |
|  | Associates | $615-$825 |
| **2018 Rates** | **Title** | **Rates** |
|  | Partners | $820-$1,445 |
|  | Associates | $585-$765 |
|  | Paralegals | $170-$340 |
|  | Litigation Support Mgr. | $275 |
|  | Review Attorneys | $85 |

17

EXHIBIT D



*ELM Solutions*

# 2023 Real Rate Report®

The industry's leading analysis of law firm rates, trends, and practices





**Report Editor**

**Jeffrey Solomon**
Vice President, Segment Leader
LegalVIEW® BillAnalyzer
Wolters Kluwer ELM Solutions

**Lead Data Analysts**

**Carol Au**
Business Systems Quantitative Analyst
Wolters Kluwer ELM Solutions

**Anand Kumar Pathinettam Padian**
Software and Data Engineer
Wolters Kluwer ELM Solutions

**ELM Solutions Creative**

**David Andrews**
Senior Graphic Designer
Wolters Kluwer ELM Solutions

**Contributing Analysts and Authors**

**Jason Bender**
Legal Analytics Product Manager
Wolters Kluwer ELM Solutions

**Haemi Jung**
Strategic Business Intelligence Manager
Wolters Kluwer ELM Solutions

**Margie Sleboda**
Lead Technology Product Manager
Wolters Kluwer ELM Solutions

**Executive Sponsor**

**Barry Ader**
Vice President, Product Management and
Marketing
Wolters Kluwer ELM Solutions

© 2004 - 2023 Wolters Kluwer ELM Solutions. All rights reserved. This material may not be reproduced, displayed, modified, or distributed in any form without the express prior written permission of the copyright holders. To request permission, please contact:

> ELM Solutions, a Wolters Kluwer business
> 3009 Post Oak Blvd, Suite 1000
> Houston, TX 77056 United States
> ATTN: Marketing
> ELMSolutionsSales@wolterskluwer.com

**LEGAL CAVEAT**

Wolters Kluwer ELM Solutions has worked to ensure the accuracy of the information in this report; however, Wolters Kluwer ELM Solutions cannot guarantee the accuracy of the information or analyses in all cases. Wolters Kluwer ELM Solutions is not engaged in rendering legal, accounting, or other professional services. This report should not be construed as professional advice on any particular set of facts or circumstances. Wolters Kluwer ELM Solutions is not responsible for any claims or losses that may arise from any errors or omissions in this report or from reliance upon any recommendation made in this report.

# Table of Contents – 2023 Real Rate Report

**A Letter to Our Readers • 4**

**Report Use Considerations • 5**

**Section I: High-Level Data Cuts • 8**
- Partners, Associates, and Paralegals
- Partners, Associates, and Paralegals by Practice Area and Matter Type
- Partners and Associates by City
- Partners and Associates by City and Matter Type
- Partners by City and Years of Experience
- Associates by City and Years of Experience
- Partners and Associates by Firm Size and Matter Type

**Section II: Industry Analysis • 62**
- Partners, Associates, and Paralegals by Industry Group
- Partners and Associates by Industry Group and Matter Type
- Basic Materials and Utilities
- Consumer Goods
- Consumer Services
- Financials (Excluding Insurance)
- Health Care
- Industrials
- Insurance
- Technology and Telecommunications

**Section III: Practice Area Analysis • 82**
- Bankruptcy and Collections
- Commercial
- Corporate: Mergers, Acquisitions, and Divestitures
- Corporate: Regulatory and Compliance
- Corporate: Other
- Employment and Labor
- Environmental
- Finance and Securities
- General Liability (Litigation Only)
- Insurance Defense (Litigation Only)
- Intellectual Property: Other
- Intellectual Property: Patents
- Intellectual Property: Trademarks
- Real Estate

**Section IV: In-Depth Analysis for Select US Cities • 164**
- Boston, MA
- Chicago, IL
- Los Angeles, CA
- New York, NY
- Philadelphia, PA
- San Francisco, CA
- Washington, DC

**Section V: International Analysis • 181**

**Section VI: Matter Staffing Analysis • 211**

# A Letter to Our Readers

**Welcome to the latest edition of Wolters Kluwer ELM Solutions Real Rate Report®, the industry's leading data-driven benchmark report for lawyer and paralegal rates.**

Our Real Rate Report has been a relied upon data analytics resource to the legal industry since its inception in 2010 and continues to evolve, providing you with the most comprehensive rate benchmarking insights, trends, and practices. The Real Rate Report is powered by the Wolters Kluwer ELM Solutions LegalVIEW® data warehouse, which has grown to include $160B+ in anonymized legal data.

The depth and granularity of the data within the Real Rate Report empowers users to benchmark and negotiate effectively and make well-informed investment and resourcing decisions for the organization.

As with previous Real Rate Reports, our data is sourced from corporations' and law firms' e-billing and time management solutions. We have included lawyer and paralegal rate data filtered by specific practice and sub-practice areas, metropolitan areas, and types of matters. This level of detail gives legal departments and law firms the precision they need to identify areas of opportunity. We strive to make the Real Rate Report a valuable and actionable reference tool for legal departments and law firms.

As always, we welcome your comments and suggestions on what information would make this publication more valuable to you. We thank our data contributors for participating in this program. And we thank you for making Wolters Kluwer ELM Solutions your trusted partner for legal industry domain expertise, data, and analytics and look forward to continuing to provide market-leading, expert solutions that deliver the best business outcomes for collaboration among legal departments and law firms.

Sincerely,

**Barry Ader**
Vice President, Product Management and Marketing
Wolters Kluwer ELM Solutions

# Report Use Considerations

**2023 Real Rate Report**
- Examines law firm rates over time
- Identifies rates by location, experience, firm size, areas of expertise, industry, and timekeeper role (i.e., partner, associate, and paralegal)
- Itemizes variables that drive rates up or down

All the analyses included in the report derive from the actual rates charged by law firm professionals as recorded on invoices submitted and approved for payment.

Examining real, approved rate information, along with the ranges of those rates and their changes over time, highlights the role these variables play in driving aggregate legal cost and income. The analyses can energize questions for both corporate clients and law firm principals.

Clients might ask whether they are paying the right amount for different types of legal services, while law firm principals might ask whether they are charging the right amount for legal services and whether to modify their pricing approach.

**Some key factors[1] that drive rates[2]:**

**Attorney location -** Lawyers in urban and major metropolitan areas tend to charge more when compared with lawyers in rural areas or small towns.

**Litigation complexity -** The cost of representation will be higher if the case is particularly complex or time-consuming; for example, if there are a large number of documents to review, many witnesses to depose, and numerous procedural steps, the case is likely to cost more (regardless of other factors like the lawyer's level of experience).

**Years of experience and reputation -** A more experienced, higher-profile lawyer is often going to charge more, but absorbing this higher cost at the outset may make more sense than hiring a less expensive lawyer who will likely take time and billable hours to come up to speed on unfamiliar legal and procedural issues.

**Overhead -** The costs associated with the firm's support network (paralegals, clerks, and assistants), document preparation, consultants, research, and other expenses.

**Firm size –** The rates can increase if the firm is large and has various timekeeper roles at the firm. For example, the cost to work with an associate or partner at a larger firm will be higher compared to a firm that has one to two associates and a paralegal.

1 **David Goguen, J.D., University of San Francisco School of Law (2020) Guide to Legal Services Billing** Retrieved from:
  https://www.lawyers.com/legal-info/research/guide-to-legal-services-billing-rates.html
2 **Source: 2018 RRR.** Factor order validated in multiple analyses since 2010

Partner with the leader in AI-powered bill review

# LegalVIEW® BillAnalyzer

Many vendors claim to have an advanced and innovative AI model; however, only BillAnalyzer leverages the most extensive industry database, expertise, and AI models to provide the best outcomes for your spend management program.

LegalVIEW BillAnalyzer can offer more than other legal bill review providers:

- Builds a custom AI model based on your guidelines

- Leverages industry-leading $160B+ in legal performance data

- Over 100 data scientists, 400 compliance experts and 50 process experts support the BillAnalyzer AI model

- Uses your actual historical data to train and optimize your custom AI model

- Industry and peer guideline benchmarking

- Surveys past billing in review to evaluate historical patterns

The benefits you can expect to realize from LegalVIEW BillAnalyzer include:



Control legal spend with up to 10% cost savings



Deliver up to 20% increase in billing guideline compliance



Optimize resources so attorneys can focus on higher value work

elmsolutionssales@wolterskluwer.com
1 800 780 3681 (Toll-free)

www.wolterskluwer.com



When you have to be right

# Mastering spend. Totally.



## Supercharged cost management

Maximize compliance, minimize spend leakage



## Better analytics, smarter decisions

Act on insights from advanced analytics



## Complete visibility

Visibility and management of all vendor invoices

Wolters Kluwer ELM Solutions redefines spend management and takes it to the next level with total spend management. By incorporating our artificial intelligence and advanced analytics solutions into your spend management program, you can push the very boundaries of cost savings, billing compliance, engagement with outside counsel, and the value of what your legal department delivers to your organization.

elmsolutionssales@wolterskluwer.com
1 800 780 3681 (Toll-free)

www.wolterskluwer.com

 Wolters Kluwer

When you have to be right

# Section I:
# High-Level
# Data Cuts

All data and analysis based on
data collected thru Q2 2023

# Section I: High-Level Data Cuts

## Cities
By Matter Type

**2023 - Real Rates for Associate and Partner**

**Trend Analysis - Mean**

| City | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|------|-------------|------|---|----------------|--------|----------------|------|------|------|
| **Richmond VA** | Non-Litigation | Associate | 41 | $382 | $539 | $689 | $557 | $505 | $474 |
| **Rochester NY** | Non-Litigation | Partner | 10 | $414 | $453 | $530 | $477 | $461 | $341 |
| **Sacramento CA** | Non-Litigation | Partner | 13 | $425 | $527 | $632 | $554 | $534 | $559 |
| | | Associate | 11 | $286 | $353 | $425 | $355 | $341 | $321 |
| **Salt Lake City UT** | Litigation | Partner | 11 | $348 | $398 | $481 | $398 | $372 | $333 |
| | Non-Litigation | Partner | 43 | $338 | $376 | $471 | $413 | $390 | $363 |
| | | Associate | 12 | $240 | $290 | $300 | $294 | $252 | $247 |
| **San Diego CA** | Litigation | Partner | 42 | $278 | $438 | $551 | $533 | $533 | $572 |
| | | Associate | 28 | $170 | $240 | $302 | $298 | $271 | $258 |
| | Non-Litigation | Partner | 75 | $385 | $495 | $944 | $655 | $703 | $672 |
| | | Associate | 54 | $226 | $336 | $420 | $359 | $375 | $378 |
| **San Francisco CA** | Litigation | Partner | 115 | $436 | $750 | $1,124 | $801 | $744 | $712 |
| | | Associate | 76 | $341 | $450 | $718 | $537 | $523 | $517 |
| | Non-Litigation | Partner | 173 | $563 | $796 | $1,035 | $812 | $769 | $755 |

wolterskluwer.com

# Section I: High-Level Data Cuts

**Cities**
By Matter Type

**2023 – Real Rates for Associate and Partner**                    **Trend Analysis – Mean**

| City | Matter Type | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|------|-------------|------|---|----------------|--------|----------------|------|------|------|
| **San Francisco CA** | Non-Litigation | Associate | 127 | $348 | $495 | $665 | $544 | $552 | $574 |
| **San Jose CA** | Litigation | Partner | 29 | $650 | $810 | $1,083 | $941 | $903 | $907 |
| | | Associate | 18 | $527 | $600 | $775 | $622 | $625 | $593 |
| | Non-Litigation | Partner | 46 | $700 | $909 | $1,386 | $1,064 | $1,025 | $986 |
| **Seattle WA** | Litigation | Partner | 53 | $455 | $641 | $835 | $639 | $633 | $567 |
| | | Associate | 49 | $405 | $511 | $530 | $475 | $442 | $453 |
| | Non-Litigation | Partner | 137 | $449 | $585 | $835 | $640 | $571 | $547 |
| | | Associate | 81 | $359 | $446 | $607 | $486 | $421 | $401 |
| **St. Louis MO** | Litigation | Partner | 38 | $268 | $342 | $457 | $399 | $388 | $373 |
| | | Associate | 12 | $198 | $200 | $250 | $221 | $228 | $237 |
| | Non-Litigation | Partner | 44 | $343 | $481 | $595 | $485 | $450 | $446 |
| **Tampa FL** | Litigation | Partner | 27 | $356 | $458 | $609 | $503 | $482 | $471 |
| | | Associate | 12 | $292 | $300 | $325 | $314 | $316 | $302 |
| | Non-Litigation | Partner | 45 | $345 | $400 | $572 | $486 | $457 | $479 |

# Section I: High-Level Data Cuts

## Cities
By Years of Experience

**2023 – Real Rates for Partner**

**Trend Analysis – Mean**

| City | Years of Experience | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|------|---------------------|---|----------------|--------|----------------|------|------|------|
| **Sacramento CA** | 21 or More Years | 11 | $456 | $524 | $632 | $562 | $563 | $508 |
| **Salt Lake City UT** | Fewer Than 21 Years | 17 | $365 | $375 | $412 | $375 | $368 | $334 |
| | 21 or More Years | 22 | $353 | $475 | $533 | $473 | $425 | $392 |
| **San Diego CA** | Fewer Than 21 Years | 21 | $429 | $477 | $845 | $628 | $603 | $612 |
| **San Francisco CA** | Fewer Than 21 Years | 69 | $588 | $798 | $1,067 | $830 | $754 | $706 |
| | 21 or More Years | 114 | $580 | $889 | $1,059 | $854 | $803 | $772 |
| **San Jose CA** | Fewer Than 21 Years | 17 | $736 | $987 | $1,504 | $1,068 | $1,025 | $934 |
| | 21 or More Years | 43 | $688 | $846 | $1,315 | $1,037 | $997 | $991 |
| **Seattle WA** | Fewer Than 21 Years | 45 | $325 | $543 | $715 | $601 | $530 | $451 |
| | 21 or More Years | 82 | $495 | $616 | $798 | $650 | $629 | $578 |
| **St. Louis MO** | Fewer Than 21 Years | 22 | $350 | $436 | $498 | $435 | $415 | $424 |
| | 21 or More Years | 46 | $324 | $460 | $583 | $466 | $450 | $434 |
| **Tampa FL** | Fewer Than 21 Years | 21 | $315 | $348 | $595 | $439 | $428 | $394 |
| | 21 or More Years | 29 | $350 | $540 | $590 | $519 | $485 | $508 |

# Section I: High-Level Data Cuts

## Cities
By Matter Type

### 2023 - Real Rates for Associate and Partner

**Trend Analysis - Mean**

| City | Role | n | First Quartile | Median | Third Quartile | 2023 | 2022 | 2021 |
|---|---|---|---|---|---|---|---|---|
| **Salt Lake City UT** | Associate | | | | | | | |
| | | 17 | $222 | $277 | $300 | $279 | $255 | $244 |
| **San Diego CA** | Partner | | | | | | | |
| | | 97 | $325 | $475 | $885 | $610 | $651 | $640 |
| | Associate | | | | | | | |
| | | 75 | $224 | $285 | $410 | $336 | $345 | $342 |
| **San Francisco CA** | Partner | | | | | | | |
| | | 261 | $500 | $783 | $1,045 | $808 | $760 | $738 |
| | Associate | | | | | | | |
| | | 189 | $345 | $470 | $691 | $542 | $541 | $552 |
| **San Jose CA** | Partner | | | | | | | |
| | | 67 | $684 | $861 | $1,301 | $1,020 | $977 | $957 |
| **Seattle WA** | Partner | | | | | | | |
| | | 167 | $455 | $585 | $835 | $640 | $592 | $554 |
| | Associate | | | | | | | |
| | | 119 | $367 | $457 | $573 | $482 | $429 | $422 |
| **St. Louis MO** | Partner | | | | | | | |
| | | 73 | $315 | $436 | $546 | $447 | $425 | $419 |
| | Associate | | | | | | | |
| | | 17 | $198 | $238 | $250 | $260 | $262 | $253 |
| **Syracuse NY** | Partner | | | | | | | |
| | | 10 | $253 | $295 | $350 | $308 | $291 | $239 |
| **Tampa FL** | Partner | | | | | | | |
| | | 61 | $345 | $442 | $595 | $493 | $465 | $475 |
| | Associate | | | | | | | |
| | | 21 | $276 | $300 | $317 | $303 | $302 | $299 |
| **Trenton NJ** | Partner | | | | | | | |
| | | 28 | $425 | $545 | $776 | $612 | $556 | $599 |