ANDREW L. PACKARD (State Bar No. 168690)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
E-mail: andrew@packardlawoffices.com

BRIAN D. ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
Tel: (510) 517-5196
E-mail: brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115
E-mail: william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS, | Case No: 2:20-cv-00123-DJC-DMC |
| Plaintiff, | **DECLARATION OF CHRISTOPHER SPROUL IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, ERIC MILLER, and DENNIS SCHMIDT, | Hearing Date: October 3, 2024<br>Hearing Time: 1:30 p.m.<br>Courtroom: 10, Hon. Daniel J. Calabretta |
| Defendants. | |

I, CHRISTOPHER SPROUL, hereby declare under penalty of law that the following facts are true and correct:

1.      The facts set forth in this declaration are based on my personal knowledge; if called to testify as a witness, I could and would competently testify thereto under oath.  As to those matters that reflect a personal opinion, they reflect my personal opinion and judgment upon the matter.

2.      I am more than eighteen years old, am competent to testify, and have personal knowledge of the matters stated in this declaration.

3.      I am an attorney licensed to practice law in the State of California. I am the senior lawyer in Environmental Advocates, a public interest law firm. I make this declaration based upon my personal knowledge, unless otherwise stated, and I am competent to testify to the matters set forth herein.

4.      I make this declaration to in support of Plaintiff's Motion for Attorney's Fees and Costs pursuant to 33 U.S.C. § 1365(d).

**I.      BIOGRAPHICAL INFORMATION**

5.      I earned my Juris Doctor from the University of California, Berkeley in June 1986 and a Master of Arts degree in political science from the University of California, Santa Barbara in August 1982.

6.      I have been a member of the California Bar since December 1986. I am also a member of several other federal bars, including the bars for the U.S. Supreme Court, the U.S. Court of Appeals for the Ninth Circuit, the U.S. Court of Appeals for the District of Columbia Circuit, the U.S. District Court for the Northern District of California, the U.S. District Court for the Central District of California, the U.S. District Court for the Eastern District of California, the U.S. District Court for the Southern District of California, the U.S. District Court for the District of Columbia, and the U.S. District Court for the District of Hawaii.

7.      I have directed or co-directed Environmental Advocates for 22 years. I have exclusively represented tribal governments, non-profit environmental organizations, and individuals seeking to advance environmental protection through judicial litigation and administrative advocacy under the major state and federal environmental and transparency laws, including the Clean Water Act ("CWA"), Endangered Species Act ("ESA"), Clean Air Act

("CAA"), Resource Conservation and Recovery Act ("RCRA"), National Environmental Policy Act ("NEPA"), the Coastal Zone Management Act ("CZMA"), the California Environmental Quality Act ("CEQA"), Freedom of Information Act ("FOIA"), the California Public Records Act ("PRA"), and other state and federal laws, including the Administrative Procedure Act ("APA") and California Code of Civil Procedure sections 1094.5 and 1085.

8.      During my time as the head of Environmental Advocates, I have represented environmental organization clients in many CWA, ESA, RCRA, CAA, NEPA, CZMA, FOIA, and/or APA citizen suits against various federal agencies, state agencies, businesses, and municipalities. I currently am lead counsel or co-lead counsel in several cases in active litigation and additional cases involving consent decree compliance monitoring. I have also provided advice to several environmental organization clients concerning the potential for various other citizen suit enforcement actions for violations of various environmental and transparency laws. I have also presented public hearing testimony and drafted written comments to government agencies concerning various environmental regulatory decisions.

9.      The cases I have brought and continue to bring on behalf of my clients are typically "impact litigation," *i.e.*, cases designed to have significant effect on environmental and transparency law and policy and significantly advance transparency and environmental protection. Numerous of these actions have resulted in court orders or judicial consent decrees imposing far-reaching injunctive relief for environmental remediation and/or remedies addressing agency responsibilities under the transparency and environmental laws. Cases where I have served as lead counsel or as co-lead counsel have had a significant impact on transparency and environmental law, as they have resulted in over 80 decisions published in the Federal Reporter, Federal Supplement, LEXIS, and/or Westlaw. That many of these cases have established important precedent in environmental law and under FOIA is further reflected in the numerous subsequent citations by other decisions to the cases where I served as counsel. A partial bibliography of these cases is set forth as Exhibit 1 to this Declaration. Many of these cases have involved issues or concerns of widespread public interest and that have accordingly attracted extensive media coverage in newspapers, radio, television, and/or environmental

periodicals or blogs and social media commentary.

10.     Prior to joining Environmental Advocates, I served as an Assistant Regional Counsel for the United States Environmental Protection Agency ("EPA") from 1987 until 2002. During my 15-year tenure at EPA, my primary concentration was representing EPA in judicial and administrative enforcement actions brought under the environmental statutes administered by EPA. The majority of these actions were brought under the CWA, but I also worked on EPA enforcement actions brought under RCRA, the CAA, the Safe Drinking Water Act, and the Marine Protection Research and Sanctuaries Act ("MPRSA"). I also worked on several permitting matters, including litigation challenges to EPA CWA NPDES permit decisions; assisted in EPA reviews of state environmental programs; counseled EPA staff in responding to FOIA responses; participated in work groups tasked with drafting EPA regulations and proposed amendments to the CWA; and provided client counseling to numerous EPA regulatory officials concerning compliance with the CWA, ESA, CZMA, MPRSA, and the APA.

11.     From 1997 to 1998, through an intergovernmental personnel agreement between EPA and the State of Hawaii, I worked for the Hawaii Attorney General as a staff attorney. In this role, I represented the Hawaii Department of Health in several water pollution enforcement actions under the Hawaii equivalent of the federal CWA, provided advice to the Department of Health concerning many regulatory matters, and provided advice to the Hawaii State Legislature concerning environmental legislation related to water pollution.

12.     From 2004 to 2010, I was an Adjunct Professor at Golden Gate University School of Law in San Francisco where I taught a course on environmental litigation.

13.     I also served as a law clerk to U.S. District Court Judge William J. Rea, in the U.S. District Court for the Central District of California in 1986 and 1987.

14.     Over the course of my thirty-eight years practicing law, I have filed numerous motions for attorneys' fees and costs as well as numerous mediation briefs in fee negotiation matters. I have also written several declarations in support of attorney fee motions filed by other attorneys in cases in which I was not counsel of record myself. As the managing attorney at Environmental Advocates, I am also in charge of setting attorney fee hourly rates for myself

and for the more junior attorneys in the firm and have done so for years in numerous state and federal courts. In carrying out these tasks, I have performed extensive reviews of fee awards in cases involving a wide variety of complex civil litigation in the U.S. District Court for the Northern District of California and other jurisdictions as well as other market data.

15.     In the course of my practice, I have developed expertise in all aspects of attorney fee recovery in environmental and transparency law public interest litigation, including pursuing attorney fee recovery via award in fee shifting motions practice. I utilized this expertise in designing and providing instruction in a California State Bar approved Mandatory Continuing Legal Education ("MCLE") course on attorney fee recovery in public interest civil litigation in June 2023 at an environmental law conference sponsored by the California Coastkeeper Alliance.

16.     In this case, I have consulted with counsel for Plaintiff regarding their fee application for their work in this matter before this Court. I have become familiar with the nature of this case, its results, and counsel's work. I also have been made aware of the lodestar requested by Plaintiff's counsel, their respective backgrounds and experience, and a description of the history of this litigation, including by my review of Plaintiff's briefing.

17.     Under governing precedent, Plaintiff's attorneys are entitled to their requested rates if those rates are commensurate with the hourly rates "prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Based on the information regarding hourly rates that I have gathered, some of which is summarized below, my opinion is that the hourly rates requested by Plaintiff's attorneys are well within the range of market rates charged for reasonably similar services in complex federal court litigation by San Francisco Bay Area attorneys of reasonably comparable skill, experience, and reputation.

## II.     ANDREW L. PACKARD

18.     Andrew L. Packard, lead counsel in this action, has 30 years of experience as of the time this motion is filed. As detailed in his concurrently filed declaration, Mr. Packard has extensive experience in environmental litigation, particularly under the CWA. I am

knowledgeable about Mr. Packard's highly developed environmental citizen suit skills through discussions with him and with other environmental law specialists practicing in the San Francisco Bay Area. I have also worked jointly with Mr. Packard in advising environmental non-profit clients regarding CWA case campaigns and related high-level strategy aimed at protecting the environment and clean water through litigation campaigns. I am aware of his skills in claim assessment and case strategy, knowledge of the substantive law and of civil procedure, facility with negotiation and framing settlement agreements/consent decrees, and managerial skills in directing the work of more junior attorneys. I am further aware from talking with colleagues that Mr. Packard enjoys a reputation for environmental citizen suit expertise, as reflected in numerous successful citizen suit case outcomes, many of which I have relied on in my own cases. I am aware that Mr. Packard has set his hourly rate at $1,015 per hour as an appropriate 2024 rate to claim in the San Francisco Bay Area legal market for an attorney of his level of skill, years of experience, and reputation for environmental law expertise.  This rate is commensurate with, even lower than, rates found reasonable in San Francisco Bay Area attorneys fee award decisions for attorneys with his level of skill, experience, and reputation working on cases involving complex civil litigation. In evaluating this hourly rate, I have reviewed market data and attorney fee awards in cases decided over the last few years involving various types of complex civil litigation in the U.S. District Court for the Northern District of California, which are described below.

19.     In the charts below, I have set forth the rates that the Court found reasonable in the representative Northern District of California cases that I have relied on as support for as support for assessing Mr. Packard's rate in this matter and then what those rates would be as an inflation-adjusted 2024 attorney fee rate and then what those rates would be as an inflation-adjusted 2024 attorney fee rate (assuming a very modest inflation rate of 3%). This is a very conservative inflation assumption; available data suggests that inflation in the legal market has actually well exceeded 3% in recent years. It is common knowledge that in recent years inflation has increased at record rates, well above 3%. In fact, government data on inflation specific to the legal services sector, i.e. attorneys' fees, indicates that hourly rates rose by approximately

7.1% from January 2023 to January 2024, an increase of over twice what I have used to conservatively adjust rates in the charts below. See https://data.bls.gov/timeseries/PCU5411--5411--?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true. This Legal Services Index is what the Federal Department of Justice relies on to annually update its attorney fee settlement matrix to account for inflation in attorneys' fees. *See* https://www.justice.gov/usao-dc/page/file/1504361/download (note 11 explaining use of Legal Services Index). The way to determine a percentage increase in the legal services market over a time period is to take the Legal Services Index value at the later date, subtract the Legal Services Index value at the earlier date and then divide the resulting number by the Legal Services Index value for the earlier date. This will yield a decimal value that can be converted to a percentage increase by multiplying the decimal value by 100. The Legal Services Index went from 265.508 in January 2023 to 284.352 in January 2024, an increase of approximately 7.1%. This data would also support increasing counsel in this matter's 2023 rates by 7.1% to arrive at a reasonable 2024 rate for counsel. Indeed, this is what I have done for the attorneys in my law firm for 2024. Such an approach is conservative in that it only accounts for inflation and does not account for an attorney's additional year of experience over that time period, and therefore it likely underrepresents a reasonable year over year increase for any given attorney. Mr. Packard has informed me that counsel in this matter have increased their annual rates by 4%, which is under even a reasonable inflation adjustment for their time and which does not account for their increased years of experience. As a result, their rates are conservative and, as discussed below, are actually below what could be seen as reasonable market rates in the San Francisco Bay Area for attorneys with their level of experience. The average of these historical rates is $1,113.96 per hour, before correcting for inflation. Utilizing a 3% per year inflation adjustment, the average of the attorney hourly rates from the cases below is $1,219.30 per hour. This is substantially above Mr. Packard's rate of $1,015 per hour. If I were setting a rate for Mr. Packard as an attorney at my law firm, I would also set his rate even higher (for example, my colleague Fredric Evenson has four years less experience than Mr. Packard but has set his 2024 San Francisco Bay Area hourly rates as $1030 per hour). Given that his rate of $1,015 per hour

requested in this motion is consistent with and even somewhat lower than Mr. Evenson's rate, it

is in my opinion a reasonable rate consistent with (and even somewhat below) the prevailing

market rate in 2024 for an attorney of his experience, skill, and reputation in the San Francisco

Bay Area legal market.

| Name of Attorney and Years of Experience When Requesting Rate | Hourly Rate Found Reasonable | Hourly Rate Conservatively Adjusted for Inflation (3% per year) | Year of Rate | Case Citation |
|---|---|---|---|---|
| Gregory Coleman (32 years) | $918.00 | $1,003.12 | 2021 | *Chess v. Volkswagen Grp. of Am., Inc.*, No. 17-cv-07287-HSG, 2022 U.S. Dist. LEXIS 164145 (N.D. Cal. Sep. 12, 2022) |
| Arthur Stock (33 years) | $914.00 | $969.66 | 2022 | *Chess v. Volkswagen Grp. of Am., Inc.*, No. 17-cv-07287-HSG, 2022 U.S. Dist. LEXIS 164145 (N.D. Cal. Sep. 12, 2022) |
| Gregory Coleman (33 years) | $1,100.00 | $1,166.99 | 2022 | *Chess v. Volkswagen Grp. of Am., Inc.*, No. 17-cv-07287-HSG, 2022 U.S. Dist. LEXIS 164145 (N.D. Cal. Sep. 12, 2022) |
| Matthew J. Matern (32 years) | $1,075.00 | $1,107.25 | 2023 | *Dekker v. Vivint Solar, Inc.*, No. C 19-07918 WHA, 2023 U.S. Dist. LEXIS 148767 (N.D. Cal. Aug. 23, 2023) |
| Ann Marie Mortimer (29 years) | $1,085.00 | $1,185.61 | 2021 | *Facebook, Inc. v. Sahinturk,* No. 20-cv-08153-JSC, 2022 U.S. Dist. LEXIS 108565 (N.D. Cal. June 17, 2022) |
| Ann Marie Mortimer (30 years) | $1,165.00 | $1,235.95 | 2022 | *Facebook, Inc. v. Sahinturk,* No. 20-cv-08153-JSC, 2022 U.S. Dist. LEXIS 108565 (N.D. Cal. June 17, 2022) |
| Darren J. Robbins (29 years) | $1,325.00 | $1,405.69 | 2022 | *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 U.S. Dist. LEXIS 125595 (N.D. Cal. July 15, 2022) |
| David C. Walton (29 years) | $1,080.00 | $1,145.77 | 2022 | *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 U.S. Dist. LEXIS 125595 (N.D. Cal. July 15, 2022) |

| | | | | |
|---|---|---|---|---|
| Ellen A. Gusikoff Stewart (33 years) | $1,080.00 | $1,145.77 | 2022 | *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 U.S. Dist. LEXIS 125595 (N.D. Cal. July 15, 2022) |
| Spencer A. Burkholz (33 years) | $1,200.00 | $1,273.08 | 2022 | *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 U.S. Dist. LEXIS 125595 (N.D. Cal. July 15, 2022) |
| Jason A. Forge (27 years) | $1,100.00 | $1,238.06 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Joel Bernstein (27 years) | $995.00 | $1,119.88 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Mark J. Dearman (27 years) | $1,025.00 | $1,153.65 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Paul J. Geller (27 years) | $1,325.00 | $1,491.30 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Jonathan Gardner (29 years) | $1,050.00 | $1,181.78 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Travis E. Downs III (30 years) | $1,070.00 | $1,204.29 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Ellen A. Gusikoff Stewart (31 years) | $1,080.00 | $1,215.55 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Randi D. Bandman (31 years) | $1,070.00 | $1,204.29 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Darren J. Robbins (28 years) | $1,325.00 | $1,447.86 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Jason A. Forge (28 years) | $1,100.00 | $1,202.00 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Samuel H. Rudman (29 years) | $1,325.00 | $1,447.86 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |

| Matthew J. Matern (32 years) | $1,075.00 | $1,107.25 | 2023 | *Samora v. Chase Dennis Emergency Med. Grp., Inc.*, No. 20-cv-02027-BLF, 2023 U.S. Dist. LEXIS 136096 (N.D. Cal. Aug. 4, 2023) |
| Steven G. Kobre (27 years) | $1,275.00 | $1,435.02 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.*, 346 F.R.D. 588 (N.D. Cal. 2020) |
| Laurence D. King (32 years) | $910.00 | $1,024.21 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.*, 346 F.R.D. 588 (N.D. Cal. 2020) |
| Matthew I. Menchel (33 years) | $1,275.00 | $1,435.02 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.*, 346 F.R.D. 588 (N.D. Cal. 2020) |
| Michael Sobol (33 years) | $1,025.00 | $1,087.42 | 2022 | *Vianu v. AT&T Mobility LLC*, No. 19-cv-03602-LB, 2022 U.S. Dist. LEXIS 203520 (N.D. Cal. Nov. 8, 2022) |
| Edward Colbert (33 years) | $1,110.00 | $1,286.79 | 2019 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.*, No. 4:19-cv-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021) |

20.     The 21 additional data points in the chart below further support the reasonableness of Mr. Packard's rate of $1,015 per hour. The attorneys in these cases had between 5 and 19 years *less* experience than Mr. Packard, and the Courts found that rates exceeding Mr. Packard's rate of $1,015 per hour were reasonable for those attorneys after conservatively correcting for inflation. Indeed, the Courts found rates exceeding Mr. Packard's rate, even without correcting for inflation at all, reasonable for attorneys with as many as 17 years less experience, in other words less than half as much experience as Mr. Packard.

| Name of Attorney and Years of Experience When Requesting Rate | Hourly Rate Found Reasonable | Hourly Rate Conservatively Adjusted for Inflation (3% per year) | Year of Rate | Case Citation |
| --- | --- | --- | --- | --- |

| | | | | | |
|---|---|---|---|---|---|
| Mark Poe (18 years) | $1,000.00 | $1,092.73 | 2020 | *Adtrader, Inc. v. Google LLC*, No. 17-07082-BLF, 2020 U.S. Dist. LEXIS 71654 (N.D. Cal. Mar. 16, 2020) |
| Randolph Gaw (18 years) | $1,000.00 | $1,092.73 | 2020 | *Adtrader, Inc. v. Google LLC*, No. 17-07082-BLF, 2020 U.S. Dist. LEXIS 71654 (N.D. Cal. Mar. 16, 2020) |
| Marie McCrary (12 years) | $950.00 | $1,038.09 | 2020 | *Carlotti v. Asus Comput. Int'l*, No. 18-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) |
| Matthew McCrary (11 years) | $925.00 | $1,010.77 | 2020 | *Carlotti v. Asus Comput. Int'l*, No. 18-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) |
| Seth Safier (22 years) | $1,050.00 | $1,147.36 | 2020 | *Carlotti v. Asus Comput. Int'l*, No. 18-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) |
| James E. Barz (22 years) | $1,025.00 | $1,120.05 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Jay Edelson (23 years) | $1,150.00 | $1,256.64 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Nicole Zeiss (24 years) | $950 | $1,038.09 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Shawn A. Williams (25 years) | $1,100.00 | $1,202.00 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Stuart Davidson (24 years) | $970.00 | $1,059.95 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Nicholas I. Porritt (25 years) | $1,000.00 | $1,060.90 | 2021 | *Kuraica v. Dropbox, Inc.*, No. 19-06348-BLF, 2021 U.S. Dist. LEXIS 235394 (N.D. Cal. Dec. 8, 2021) |
| Damali Taylor (12 years) | $935.00 | $991.94 | 2021 | *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-08431-TSH, 2022 U.S. Dist. LEXIS 83681 (N.D. Cal. May 9, 2022) |

| Damali Taylor (13 years) | $1,015.75 | $1,046.22 | 2022 | *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-08431-TSH, 2022 U.S. Dist. LEXIS 83681 (N.D. Cal. May 9, 2022) |
|---|---|---|---|---|
| Reed W. L. Marcy (25 years) | $950.00 | $978.50 | 2022 | *Nucci v. Rite Aid Corp.*, No. 19-01434-LB, 2022 U.S. Dist. LEXIS 94936 (N.D. Cal. May 26, 2022) |
| Debra J. Wyman (24 years) | $945.00 | $1,002.55 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Douglas R. Britton (25 years) | $970.00 | $1,029.07 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Joseph D. Daley (25 years) | $970.00 | $1,029.07 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Peter Borkon (25 years) | $950.00 | $1,007.86 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Javier Bleichmar (23 years) | $985.00 | $1,044.99 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Joseph Fonti (22 years) | $985.00 | $1,044.99 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.*, No. 19-04744-WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Hartley M.K. West (23 years) | $995 | $1,087.26 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588 (N.D. Cal. 2020) |

### III.     BRIAN ACREE

21.     Brian Acree graduated with highest honors from Golden Gate University School of Law in San Francisco and has been a member of the California State Bar for twenty-four years.  He was an editor of the Golden Gate University Law Review and earned specialization certificates in environmental and public interest law.  He also worked as a student attorney for the Golden Gate University School of Law Environmental Law and Justice Clinic, where he represented non-profit organizations and in Clean Water Act, CERCLA, and RCRA litigation.  He

also worked as a law clerk for Lead Safe California where he assisted in drafting model lead hazard abatement legislation.

22.     Since joining the bar, Mr. Acree has worked as a sole practitioner, and has served as either lead counsel or co-counsel in environmental matters involving the Clean Water Act, RCRA, the California Environmental Quality Act, and various government transparency statutes, including the Brown Act and the California Public Records Act.  He has appeared and argued before the California Court of Appeals for the Second Appellate District and have litigated cases in both federal and state courts throughout California.  In May 2003, he was awarded Golden Gate University School of Law's "Judith G. McKelvey Award for Outstanding Achievement as an Alumnus."

23.     In this case, Mr. Acree was tasked with leading the successful motion for summary judgment effort and trial preparation. Although Mr. Acree contributed to all aspects of the case strategy, his primary focus was on late-phase discovery, the motion for summary judgment and trial preparation.

24.     I am aware that Mr. Acree has set his hourly billing rate for the purposes of this action at $935 per hour.  This rate is easily defensible as it is considerably lower than rates found reasonable in Northern District of California attorneys fee decisions for attorneys with his level of experience working on cases involving complex civil litigation. In evaluating this hourly rate, I have reviewed market data and attorney fee awards in cases decided in the past few years involving various types of complex civil litigation in the U.S. District Court for the Northern District of California, which are described below. A $935 per hour rate is substantially lower than the rates awarded to several lawyers with comparable experience in recent cases and is consistent with the average of the below awarded rates. Accordingly, in my opinion, this is a reasonable market-based 2024 rate for his work in this case.

25.     Specifically, to evaluate Mr. Acree's 2024 rate, I collected data from numerous cases decided in the U.S. District Court for the Northern District of California in the past few years showing hourly rates that were awarded or found to be reasonable for attorneys with a range of 21-27 years of experience. The following chart shows the data points that I relied on.

Averaging the historically awarded hourly rates together results in an average of $984.84 per hour for an attorney with comparable years of experience to Mr. Acree. I have further adjusted these historic rates for inflation, assuming a very conservative 3% inflation rate, to derive the equivalent of inflation-adjusted 2024 rates (as I noted above, this assumed inflation rate understates the actual inflation experienced in the legal market in recent years and thus it is reasonable to conclude that rates would have gone up at least by this much in recent years and almost certainly more). Utilizing this 3% per year inflation adjustment, the average of the attorney hourly rates awarded in the cases below is $1,082.48 per hour. Mr. Acree's $935 per hour rate is well below this average of historically awarded rates and this average inflation adjusted rate.  It is also as much as $215 per hour less, before correcting for inflation, than a rate found reasonable for an attorney with two years less experience and $359 per hour after conservatively correcting for inflation-- and similarly substantially less than rates found reasonable for several attorneys with less experience than Mr. Acree. If I were setting a rate for Mr. Acree as an attorney at my law firm, I would set his rate at least as high as $990 per hour per hour. Notably, I have set the San Francisco Bay Area hourly rate for an associate of mine, Brian Orion, who has five years less experience than Mr. Acree, at $990 per hour. Given that Mr. Acree's rate of $935 per hour is substantially less than Mr. Orion's rate, it is, in my opinion, easily a reasonable rate that is consistent with, or actually fairly below, the prevailing market rate in 2024 for an attorney of his experience, skill, and reputation in the San Francisco Bay Area.

| Name of Attorney and Years of Experience When Requesting Rate | Hourly Rate Found Reasonable | Hourly Rate Conservatively Adjusted for Inflation (3% per year) | Year of Rate | Case Citation |
|---|---|---|---|---|
| Seth Safier (22 years) | $1,050.00 | $1,181.78 | 2020 | *Carlotti v. Asus Comput. Int'l*, No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) |

| | | | | |
|---|---|---|---|---|
| Adam Gutride (26 years) | $1,050.00 | $1,181.78 | 2020 | *Carlotti v. Asus Comput. Int'l,* No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) |
| Luke O. Brooks (22 years) | $945.00 | $1,002.55 | 2022 | *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 U.S. Dist. LEXIS 125595 (N.D. Cal. July 15, 2022) |
| Stephanie M. Schroder (22 years) | $895.00 | $949.51 | 2022 | *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 U.S. Dist. LEXIS 125595 (N.D. Cal. July 15, 2022) |
| Tricia McCormick (24 years) | $935.00 | $991.94 | 2022 | *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 U.S. Dist. LEXIS 125595 (N.D. Cal. July 15, 2022) |
| Joseph D. Daley (26 years) | $970.00 | $1,029.07 | 2022 | *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 U.S. Dist. LEXIS 125595 (N.D. Cal. July 15, 2022) |
| Craig Whitney (21 years) | $950.00 | $1,007.86 | 2022 | *Good Job Games Bilism Yazilim Ve Pazarlama A. v. SayGames LLC*, No. 19-cv-07916-EMC, 2023 U.S. Dist. LEXIS 78341 (N.D. Cal. May 4, 2023) |
| Craig Whitney (22 years) | $1,025.00 | $1,055.75 | 2023 | *Good Job Games Bilism Yazilim Ve Pazarlama A. v. SayGames LLC*, No. 19-cv-07916-EMC, 2023 U.S. Dist. LEXIS 78341 (N.D. Cal. May 4, 2023) |
| James E. Barz (22 years) | $1,025.00 | $1,153.65 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Jay Edelson (23 years) | $1,150.00 | $1,294.34 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Nicole Zeiss (24 years) | $950.00 | $1,069.23 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Stuart Davidson (24 years) | $970.00 | $1,091.74 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Shawn A. Williams (25 years) | $1,100.00 | $1,238.06 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Jason A. Forge (27 years) | $1,100.00 | $1,238.06 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Joel Bernstein (27 years) | $995.00 | $1,119.88 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |

| | | | | |
|---|---|---|---|---|
| Mark J. Dearman (27 years) | $1,025.00 | $1,153.65 | 2020 | *In re Facebook Biometric Info. Privacy Litig.,* 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Paul J. Geller (27 years) | $1,325.00 | $1,491.30 | 2020 | *In re Facebook Biometric Info. Privacy Litig.,* 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Matthew Borden (21 years) | $860.00 | $912.37 | 2022 | *In re Telescopes Antitrust Litig.,* No. 20-cv-03642-EJD (VKD), 2023 U.S. Dist. LEXIS 134368 (N.D. Cal. Aug. 2, 2023) |
| Matthew Borden (22 years) | $1,050.00 | $1,081.50 | 2023 | *In re Telescopes Antitrust Litig.,* No. 20-cv-03642-EJD (VKD), 2023 U.S. Dist. LEXIS 134368 (N.D. Cal. Aug. 2, 2023) |
| Nicholas I. Porritt (25 years) | $1,000.00 | $1,092.73 | 2021 | *Kuraica v. Dropbox, Inc.,* No. 19-cv-06348-BLF, 2021 U.S. Dist. LEXIS 235394 (N.D. Cal. Dec. 8, 2021) |
| Benjamin Fox (23 years) | $980.00 | $1,103.00 | 2020 | *Lynwood Invs. Cy Ltd. v. Konovalov*, No. 20-cv-03778-MMC, 2023 U.S. Dist. LEXIS 63582 (N.D. Cal. Apr. 11, 2023) |
| Benjamin Fox (24 years) | $1,029.00 | $1,124.42 | 2021 | *Lynwood Invs. Cy Ltd. v. Konovalov*, No. 20-cv-03778-MMC, 2023 U.S. Dist. LEXIS 63582 (N.D. Cal. Apr. 11, 2023) |
| Reed W. L. Marcy (25 years) | $950.00 | $1,007.86 | 2022 | *Nucci v. Rite Aid Corp.,* No. 19-cv-01434-LB, 2022 U.S. Dist. LEXIS 94936 (N.D. Cal. May 26, 2022) |
| Joseph Fonti (22 years) | $985.00 | $1,076.34 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Javier Bleichmar (23 years) | $985.00 | $1,076.34 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Debra J. Wyman (24 years) | $945.00 | $1,032.63 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Douglas R. Britton (25 years) | $970.00 | $1,059.95 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Joseph D. Daley (25 years) | $970.00 | $1,059.95 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |

| Peter Borkon (25 years) | $950.00 | $1,038.09 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022)* |
|---|---|---|---|---|
| James I. Jaconette (26 years) | $995.00 | $1,087.26 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022)* |
| Donald R. Hall (22 years) | $830.00 | $934.17 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.,* 338 F.R.D. 588 (N.D. Cal. 2020)* |
| Hartley M.K. West (23 years) | $995.00 | $1,119.88 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.,* 338 F.R.D. 588 (N.D. Cal. 2020)* |
| Steven G. Kobre (27 years) | $1,275.00 | $1,435.02 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.,* 346 F.R.D. 588 (N.D. Cal. 2020)* |
| Roger Heller (21 years) | $800.00 | $848.72 | 2022 | *Vianu v. AT&T Mobility LLC*, No. 19-cv-03602-LB, 2022 U.S. Dist. LEXIS 203520 (N.D. Cal. Nov. 8, 2022)* |
| William Merone (23 years) | $775.00 | $898.44 | 2019 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.,* No. 4:19-cv-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021)* |
| William Merone (24 years) | $800.00 | $900.41 | 2020 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.,* No. 4:19-cv-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021)* |
| William Merone (25 years) | $835.00 | $912.43 | 2021 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.,* No. 4:19-cv-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021)* |

## IV.    WILLIAM N. CARLON

26.     William N. Carlon was a senior associate at the Law Offices of Andrew L. Packard through 2023, until recently setting up his own firm. Mr. Carlon earned a Bachelor of Arts degree in Communications from the University of California, Davis in 2010. Subsequently, and prior to law school, he worked for a year and a half at the Butte County District Attorney's Office. In 2015, he graduated from University of Oregon School of Law and was admitted to the California bar. During law school, he worked as a summer associate at the Crag Law Center in Portland, Oregon, and externed at the U.S. District Court for the District of Oregon, in Eugene,

Oregon. He has represented Californians for Alternatives to Toxics and the California Sportfishing Protection Alliance in several CWA enforcement actions against industrial facilities that discharge storm water in violation of their permit requirements.

27.     Mr. Carlon has successfully served as counsel in dozens of cases involving citizen enforcement of the CWA, and participated in negotiating the terms of settlements, as well as drafting settlement agreements, for several cases brought under the CWA's citizen suit provisions. As detailed in Mr. Packard's concurrently filed declaration, Mr. Carlon has extensive experience in environmental litigation, particularly under the CWA.

28.     In this case, Mr. Carlon was tasked with developing the evidentiary record, obtaining documents through the California Public Records Act, drafting the Citizen Suit Notice Letters and Complaints, assisting with developing and propounding discovery, conducting legal and factual research, briefing the motion for summary judgment with Mr. Acree, and trial preparation.

29.     I am aware that Mr. Carlon has set his 2024 San Francisco Bay Area hourly rate at $730 per hour. This rate is easily defensible as it is considerably lower than rates found reasonable in Northern District of California attorneys fee decisions for attorneys with his level of experience working on cases involving complex civil litigation. In evaluating this hourly rate, I have reviewed market data and attorney fee awards in cases decided in the past few years involving various types of complex civil litigation in the U.S. District Court for the Northern District of California, which are described below. A $730 per hour rate is substantially lower than the rates awarded to several lawyers with comparable experience in recent cases and is consistent with the average of the below awarded rates. Accordingly, in my opinion, this is a reasonable market-based 2024 rate for his work in this case.

30.     Specifically, to evaluate Mr. Carlon's 2024 rate, I collected data from numerous cases decided in the U.S. District Court for the Northern District of California in the past few years showing hourly rates that were awarded or found to be reasonable for attorneys with a range of 8-10 years of experience. The following chart shows the data points that I relied on. Averaging the historically awarded hourly rates together results in an average of $719 per hour

for an attorney with comparable years of experience to Mr. Carlon. I have further adjusted these historic rates for inflation, assuming a very conservative 3% inflation rate, to derive the equivalent of inflation-adjusted 2024 rates (as I noted above, this assumed inflation rate understates the actual inflation experienced in the legal market in recent years and thus it is reasonable to conclude that rates would have gone up at least by this much in recent years and almost certainly more). Utilizing this 3% per year inflation adjustment, the average of the attorney hourly rates awarded in the cases below is $780.66 per hour. Mr. Carlon's $730 per hour rate is close to the average of these historically awarded rates and below the average of this inflation adjusted rate. It is also as much as $195 per hour less than a rate found reasonable for a comparably experienced attorney before correcting for inflation and $222 per hour less than a rate found reasonable for a comparably experienced attorney after conservatively correcting for inflation—and well less than the rates found reasonable for several other comparably experienced attorneys. If I were setting a rate for Mr. Carlon as an attorney at my law firm, I would set his rate at least at $730 per hour and perhaps even higher. Given that his rate of $730 per hour is consistent with, and even somewhat below rates awarded by recent Northern District decisions, it is, in my opinion, a reasonable rate consistent with the prevailing market rate in 2024 for an attorney of his experience, skill, and reputation in the San Francisco Bay area legal market.

| Name of Attorney and Years of Experience When Requesting Rate | Hourly Rate Found Reasonable | Hourly Rate Conservatively Adjusted for Inflation (3% per year) | Year of Rate | Case Citation |
|---|---|---|---|---|
| Jeff R. R. Nelson (8 years) | $675.00 | $716.11 | 2022 | *Erickson v. Builder Advisor Grp. LLC*, No. 22-mc-80094-JST, 2023 U.S. Dist. LEXIS 90182 (N.D. Cal. Feb. 3, 2023) |

| Jeff R. R. Nelson (8 years) | $865.00 | $917.68 | 2022 | *Facebook, Inc. v. Sahinturk*, No. 20-cv-08153-JSC, 2022 U.S. Dist. LEXIS 108565 (N.D. Cal. June 17, 2022) |
|---|---|---|---|---|
| Angel P. Lau (10 years) | $760.00 | $806.28 | 2022 | *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 U.S. Dist. LEXIS 125595 (N.D. Cal. July 15, 2022) |
| Nicole Bergstrom (8 years) | $675.00 | $716.11 | 2022 | *Good Job Games Bilism Yazilim Ve Pazarlama A. v. SayGames LLC*, No. 19-cv-07916-EMC, 2023 U.S. Dist. LEXIS 78341 (N.D. Cal. May 4, 2023) |
| Nicole Bergstrom (9 years) | $775.00 | $798.25 | 2023 | *Good Job Games Bilism Yazilim Ve Pazarlama A. v. SayGames LLC*, No. 19-cv-07916-EMC, 2023 U.S. Dist. LEXIS 78341 (N.D. Cal. May 4, 2023) |
| Jesse Medlong (8 years) | $840.00 | $891.16 | 2022 | *Hamilton Clark Sustainable Capital, Inc. v. Am. Biodiesel, Inc.*, No. 22-cv-05274-WHO, 2023 U.S. Dist. LEXIS 20509 (N.D. Cal. Feb. 7, 2023) |
| David I. Mindell (8 years) | $685.00 | $770.97 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Frank A. Richter (8 years) | $580.00 | $652.80 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| J. Dominic Larry (8 years) | $550.00 | $619.03 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Ross Kamhi (8 years) | $550.00 | $619.03 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |

| Christopher C. Gold (10 years) | $765.00 | $861.01 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| David W. Hall (10 years) | $530.00 | $596.52 | 2020 | *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) |
| Hunter Thomson (8 years) | $710.00 | $753.24 | 2022 | *In re Telescopes Antitrust Litig.*, No. 20-cv-03642-EJD (VKD), 2023 U.S. Dist. LEXIS 134368 (N.D. Cal. Aug. 2, 2023) |
| Ronald Fisher (8 years) | $730.00 | $774.46 | 2022 | *In re Telescopes Antitrust Litig.*, No. 20-cv-03642-EJD (VKD), 2023 U.S. Dist. LEXIS 134368 (N.D. Cal. Aug. 2, 2023) |
| J. Tobias Rowe (9 years) | $800.00 | $824.00 | 2023 | *In re Telescopes Antitrust Litig.*, No. 20-cv-03642-EJD (VKD), 2023 U.S. Dist. LEXIS 134368 (N.D. Cal. Aug. 2, 2023) |
| Ronald Fisher (9 years) | $925.00 | $952.75 | 2023 | *In re Telescopes Antitrust Litig.*, No. 20-cv-03642-EJD (VKD), 2023 U.S. Dist. LEXIS 134368 (N.D. Cal. Aug. 2, 2023) |
| Rachel E. Kaufman (9 years) | $730.00 | $821.62 | 2020 | *Izor v. Abacus Data Sys.*, No. 19-cv-01057-HSG, 2020 U.S. Dist. LEXIS 239999 (N.D. Cal. Dec. 21, 2020) |
| Avi R. Kaufman (10 years) | $800.00 | $900.41 | 2020 | *Izor v. Abacus Data Sys.*, No. 19-cv-01057-HSG, 2020 U.S. Dist. LEXIS 239999 (N.D. Cal. Dec. 21, 2020) |
| Brent Robinson (9 years) | $690.00 | $732.02 | 2022 | *Nucci v. Rite Aid Corp.*, No. 19-cv-01434-LB, 2022 U.S. Dist. LEXIS 94936 (N.D. Cal. May 26, 2022) |

| William Green (8 years) | $495.00 | $540.90 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
|---|---|---|---|---|
| Brian E. Cochran (9 years) | $760.00 | $830.47 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| George Bauer (10 years) | $655.00 | $715.74 | 2021 | *Police Ret. Sys. of St. Louis v. Granite Constr. Inc.,* No. C 19-04744 WHA, 2022 U.S. Dist. LEXIS 47749 (N.D. Cal. Mar. 17, 2022) |
| Dockery (10 years) | $695.00 | $782.23 | 2020 | *Schneider v. Chipotle Mexican Grill, Inc.*, 349 F.R.D. 588 (N.D. Cal. 2020) |
| Jeremy Boczko (8 years) | $850.00 | $956.68 | 2020 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.,* No. 4:19-cv-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021) |
| Jeremy Boczko (9 years) | $885.00 | $967.06 | 2021 | *Vineyard House, LLC v. Constellation Brands United States Operations, Inc.,* No. 4:19-cv-01424-YGR, 2021 U.S. Dist. LEXIS 141106 (N.D. Cal. July 28, 2021) |

31.     Finally, judges in this Court have sometimes relied on the "Laffey Matrix,"
available at http://www.laffeymatrix.com/see.html, in checking the reasonableness of
attorneys' hourly rates. *See, e.g., Vasquez v. Libre By Nexus, Inc.*, No. 17-00755-CW, 2023 U.S.
Dist. LEXIS 11334, at *42 n.7 (N.D. Cal. Jan. 23, 2023). While these Laffey Matrix rates are based
on data for complex federal litigation in Washington, D.C., they do provide a sense of scale for
complex federal litigation in other major urban areas. The Laffey Matrix provides for 2023
hourly rates of $1,057 per hour for attorneys with 20+ years of experience, and $777 per hour
for attorneys with 8-10 years of experience. *See* http://www.laffeymatrix.com/see.html.

Counsel's rates here are all lower than the Laffey Matrix rates, which is further evidence as to their reasonableness.

Pursuant to 29 U.S.C § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 17th day of July, 2024.

_____
Christopher Sproul

# Exhibit 1

**Bibliography of Cases Brought by Christopher Sproul**

Note: set forth below is a list of reported rulings in cases in which Christopher Sproul served as lead counsel or co-lead counsel. A brief description of the rulings and an indication of whether the ruling has been cited by subsequent decisions is included.

**Court of Appeals Decisions**

(1) *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502 (9th Cir. 2013):

-- Clean Water Act ("CWA") and Resource Conservation and Recovery Act ("RCRA") case holding defendant's stormwater discharges not subject to CWA regulation and release of wood preservatives from utility poles was not a solid waste subject to RCRA regulation.

-- Subsequently cited by 335 reported court decisions.

(2) *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 874 F.3d 1083 (9th Cir. 2017)

-- reversing District Court dismissal of plaintiff's claims in Resource Conservation and Recovery Act citizen suit.

-- Subsequently cited by 21 reported court decisions.

(3) *Friends of the River v. Nat'l Marine Fisheries Serv.*, 786 F. App'x 666 (9th Cir. 2019)

-- Endangered Species Act case reversing District Court judgment in favor of defendant National Marine Fisheries Service (NMFS) and directing District Court to enter judgment in favor of Friends of the River on claim that NMFS's 2014 Yuba River Biological Opinion was arbitrary and capricious in failing to explain switch in position from previous, more environmentally protective biological opinion.

(4) *In re Sierra Club, Inc.* 2017 U.S. Cir. LEXIS 26450 (1st Circuit May 8, 2013) (Case No. 12-1860):

-- Clean Water Act case denying petition for writ of mandamus to Petitioners Sierra Club and Our Children's Earth Foundation arguing that the EPA unreasonably delayed reissuing NPDES permits to two steam electric power plants, Mt. Tom Station in Massachusetts and

2

Schiller Station in New Hampshire.

(5)     *Inland Empire Waterkeeper v. Corona Clay Co.*, 13 F.4th 917 (9th Cir. 2021)

-- CWA citizen suit reversing district court jury verdict in favor of defendant, finding that citizen suit enforcement for violations of procedural conditions in NPDES permit may proceed without proof of discharge violations.

-- subsequently cited by two reported decisions.

(6)     *Our Children's Earth Found. v. United States EPA,* 506 F.3d 781 (9th Cir. 2007):

-- CWA citizen suit finding district court improperly dismissed certain of plaintiff's claims regarding EPA nondiscretionary CWA duties related to review of effluent guidelines.

(7)     *Our Children's Earth Found. v. United States EPA,* 527 F.3d 842 (9th Cir. 2008):

-- CWA citizen suit reversing ruling *Our Children's Earth Found. v. United States EPA*, 506 F.3d 781 (9th Cir. 2007).

--Subsequently cited by 19 reported decisions.

(8)     *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 581 F. Appx 693 (9th Cir. 2014):

-- ESA citizen suit granting plaintiffs' motion for attorneys fees and costs.

-- Subsequently cited by four reported court decisions.

(9)     *Wishtoyo Found. v. United Water Conservation Dist.*, 795 F. App'x 541 (9th Cir. 2020)

-- Endangered Species Act case affirming District Court injunction and attorney fee and cost award.

--Subsequently cited by two reported court decisions.

(10)    *Wishtoyo Found. v. United Water Conservation Dist.*, No. 19-55380, 2020 U.S. App. LEXIS 10773 (9th Cir. Apr. 6, 2020)

Endangered Species Act case establishing Wishtoyo Foundation's entitlement to attorneys fees and costs for prevailing on appeal.

3

**District Court Decisions**

(11)  *Cmtys. of the Better Env't v. Corteva, Inc.*, No. 19-cv-08277-JSW, 2020 U.S. Dist.

LEXIS 72652 (N.D. Cal. Apr. 15, 2020)

-- granting plaintiff's motion to strike defendant's affirmative defenses in Resource

Conservation and Recovery Act citizen suit.

(12)  *Ecological Rights Found. v. Fed. Emergency Mgmt. Agency*, 2017 U.S. Dist. LEXIS

1054 (N.D. Cal. January 3, 2017) (Case No. 15-cv-04068-DMR):

--The parties filed a joint discovery letter in which Defendant Federal Emergency

Management Agency ("FEMA") sought clawback of three documents inadvertently

produced to Plaintiff Ecological Rights Foundation in response to a Freedom of

Information Act ("FOIA") request. [Docket No. 34 (Jt. Letter).] Defendant's motion was

denied.

--Subsequently cited by 2 reported court decisions.

(13)  *Ecological Rights Found. v. Fed. Emergency Mgmt. Agency,* 2017 U.S. Dist. LEXIS

72356 (N.D. Cal. May 11, 2017) (Case No. 16-cv-05254-MEJ):

--Order re: Cross-Motions for Summary Judgment.

(14)  *Ecological Rights Foundation v. Fed. Emergency Mgmt. Agency*,

No. 16-05254, 2017 U.S. Dist. LEXIS 197451, 2017 WL 5972702

(N.D. Cal. Nov. 30, 2017)

--Order granting Plaintiff's motion for summary judgment in FOIA case.

(15)  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 803 F. Supp. 2d 1056 (N.D. Cal.

2011) (Case # C 09-03704 SBA):

--Ruling in CWA case holding defendant's stormwater discharges not subject to CWA

regulation.

--Subsequently cited by 4 reported court decisions.


(16)  *Rights Found. v. Pac. Gas & Elec. Co.*, 2010 U.S. Dist. LEXIS 54620 (N.D. *Ecological*

4

Cal. May 10, 2010) (Case No.# C 09-3704 SBA):

--Ruling in CWA and RCRA case denying Defendant's motion to dismiss.

--Subsequently cited by two reported court decisions.

(17) *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 2013 U.S. Dist. LEXIS 42179 (N.D. Cal. March 1, 2013) (Case No. C 10-0121 RS):

--Ruling in CWA and RCRA case, order granting defendant's motion for summary judgment on CWA claim.

--Subsequently cited by two reported court decisions.

(18) *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 2015 U.S. Dist. LEXIS 15645 (N.D. Cal. January 30, 2015) (Case No. 10-cv-00121-RS):

--Ruling in CWA and RCRA case, order granting defendant's motion for summary judgment on RCRA claim.

(19) *Ecological Rights Found. v. PG&E*, 2011 U.S. Dist. LEXIS 14140 (N.D. Cal. February 4, 2011) (Case No. C 10-0121 RS):

--Ruling in CWA and RCRA case denying defendant's motion to dismiss CWA claim and granting plaintiff's leave to amend dismissed RCRA claim.

(20) *Friends of the River v. United States Army Corps of Eng'rs*, 2016 U.S. Dist. LEXIS 162149 (E.D. Cal. November 22, 2016) (Case No. 16-cv-05052-YGR):

--Ruling in FOIA case granting defendant's motion to transfer for improper venue and denying motion to dismiss.

(21) *Humboldt Baykeeper v. Simpson Timber Co.*, 2006 U.S. Dist. LEXIS 91667 (N.D. Cal. December 8, 2006) (Case No. C 06-04188 CRB):

--Ruling in CWA citizen suit denying defendant's two motions to dismiss.

--Subsequently cited by six reported court decisions.

(22) *Our Children's Earth Found. v. Bay Area Air Quality Mgmt. Dist.*, 2011 Cal. Super. LEXIS 4596 (Cal. Super. Ct. Oct. 12, 2011) (Case No. CPF-11-511437):

--Ruling in Clean Air Act settlement agreement and stipulation for entry of order.

(23)   *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* 85 F. Supp. 3d 1074 (N.D. Cal. 2015) (Case No. 14-1130 SC):

--Ruling in FOIA case granting summary judgment. The request for declaratory judgment that the agency failed to respond to the advocates' FOIA requests and internal appeals within the statutory time limits was granted.

--Subsequently cited by ten reported court decisions.

(24)   *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* 2015 U.S. Dist. LEXIS 94997 (N.D. Cal July 20, 2015) (Case No. 14-4365 SC; Case No. 14-1130 SC):

--Additional ruling in FOIA case partially granting summary judgment concerning National Marine Fisheries Service FOIA violations.

--Subsequently cited by three reported court decisions.

(25)   *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* 2015 U.S. Dist. LEXIS 143392 (N.D. Cal. October 21, 2015) (Case No. 14-4365 SC; Case No. 14-1130 SC; Case No. 15-2558 SC):

--Additional ruling in FOIA case resolving remaining summary judgment issues.

--Subsequently cited by one reported court decisions.

(26)   *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* 2016 U.S. Dist. LEXIS 7312 (N.D. Cal. January 20, 2016) (Case No. 14-cv-01130-WHO; Case No. 14-cv-04365 WHO):

--Additional ruling in FOIA case resolving remaining summary judgment issues.

(27)   *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* 2017 U.S. Dist. LEXIS 29130 (N.D. Cal. March 1, 2017) (Case No. 14-cv-01130-WHO*)*:

--Ruling in FOIA case granting plaintiffs' attorney's fees and costs.

(28)   *Our Children's Earth Found. v. United States EPA,* 2005 U.S. Dist. LEXIS 45796 (N.D. Cal. May 20, 2005) (No. C 04-2132 PJH):

--Order in Clean Water Act case, where the U.S. Environmental Protection Agency ("EPA")'s motion for judgment on the pleadings and the parties' various motions for

summary judgment.  The court granted in part and denied in part EPA's motion for

judgment on the pleadings, denied plaintiffs' motion for summary judgment, and granted

defendants' and intervenors' motions for summary judgment.

--Subsequently cited by one reported court decision.

(29)   *Our Children's Earth Found. v. United States EPA,* 2008 U.S. Dist. LEXIS 81893 (D. Haw.

Oct. 15, 2008) (Civ. No. 08-00426 SOM/KSC):

--Ruling in CWA citizen suit denying motion to relate cases.

(30)   *Our Children's Earth Found. v. United States EPA,* 2016 U.S. Dist. LEXIS 40558 (N.D.

Cal. January 21, 2016) (Case No. 13-cv-02857-JSW (KAW):

--Ruling in CWA and Administrative Procedure Act (APA) case granting plaintiff's

attorney's fees and costs (heeding plaintiffs' objections to magistrate judge's

recommendations for substantially smaller award of fees and costs).


(31)   *Our Children's Earth Found. v. U.S. EPA,* 2016 U.S. Dist. LEXIS 40626 (N.D. Cal.

March 25, 2016) (Case No. 13-cv-02857-JSW):

--magistrate judge recommendations for granting but substantially reducing plaintiff's

attorneys fees and costs (recommendations objected to by plaintiffs generally not

followed in ruling referred to above).

(32)   *Our Children's Earth v. Leland Stanford Junior Univ.,* 2015 U.S. Dist. LEXIS 176517

(N.D. Cal. December 11, 2015) (Case No. 13-cv-00402-EDL):

--Ruling in Endangered Species Act ("ESA") case denying Defendant Leland Stanford

Junior University's motion for stay, granting defendant partial summary judgment, and

though denying summary judgment to plaintiffs, establishing the legal liability of

plaintiffs ESA section 9 claim.

(33)   *Our Children's Earth v. Leland Stanford Junior Univ.,* 2015 U.S. Dist. LEXIS 188302

(N.D. Cal. October 29, 2015) (Case No. 13-cv-00402-EDL):

--Ruling in ESA case on Motion to Compel Discovery. While the Court denied Plaintiff's

motion to compel, it required that information directly relevant to the pending stay

motion in the case be equally available to Plaintiffs as to Defendant.

(34)   *Pacificans for a Scenic Coast v. Cal. DOT,* 204 F. Supp. 3d 1075 (N.D. Cal. 2016) (Case

No. 15-cv-02090-VC):

--Ruling in ESA and APA case granting plaintiffs partial summary judgment.

--Subsequently cited by two reported court decisions.

(35)   *Pacificans for a Scenic Coast v. Cal. DOT,* 2016 U.S. Dist. LEXIS 55672 (N.D. Cal.

April 25, 2016) (Case No. 15-cv-02090-VC):

--Ruling in ESA and APA case where the Court granted in part and denied in part motion

to supplement the record.

(36)   *Pacificans For A Scenic Coast v. Cal. DOT*, No. 15-02090, 2017 U.S. Dist. LEXIS

199145 (N.D. Cal. Nov. 22, 2017)

--Ruling in ESA and APA case granting Plaintiffs motion for attorneys fees and costs.

(37)   *San Francisco Baykeeper v. W. Bay Sanitary Dist.,* 791 F. Supp. 2d 719 (N.D. Cal. 2011)

(Case No. C-09-5676 EMC*)*:

--Ruling in CWA citizen suit partially granting summary judgment to plaintiff.

--Subsequently cited by 49 reported court decisions.

(38)   *San Francisco Baykeeper v. W. Bay Sanitary Dist.,* 2011 U.S. Dist. LEXIS 138093 (N.D.

Cal. December 1, 2011) (Case No. C-09-5676 EMC):

--Ruling in CWA citizen suit granting plaintiff interim attorneys fees based on holding

that plaintiff had established prevailing party status under 33 U.S.C. § 1365(d) after

obtaining partial summary judgment establishing defendant's CWA liability.

(39)   *San Francisco Baykeeper v. West Bay Sanitary Dist.,* 2011 U.S. Dist. LEXIS 2577 (N.D.

Cal. January 11, 2011) (No. C-09-5676 EMC):

--Ruling in CWA case declining to exercise supplemental jurisdiction over state law

claims and resolving various case management issues.

(40)   *San Francisco Baykeeper v. West Bay Sanitary Dist.,* 2011 U.S. Dist. LEXIS 143789

(N.D. Cal. December 14, 2011) (Civil Case No.: C-09-05676 EMC):

--Order requiring payment of Plaintiff's interim fees and costs award in CWA case.

(41)   *Sierra Club v. City & County of Honolulu, 415 F. Supp. 2d 1119,* (D. Hawaii, 2005) (CV NO 04-00463 DAE-BMK):

--Ruling in CWA citizen suit partially granting defendant's motion to dismiss claims on res judicata grounds (note: ruling reversed in relevant part by subsequent decision) and denying motion for summary judgment on finding of disputed material facts.

(42)   *Sierra Club v. City & County of Honolulu, 486 F. Supp. 2d 1185* (D. Hawaii, April 16, 2007) (CV. NO. 04-00463 DAE-BMK):

--Ruling in CWA case granting plaintiffs' motion to reconsider the court's previous denial of plaintiffs' summary judgment on their third and fourth causes of action.

(43)   *Sierra Club v. City & County of Honolulu,* 2007 U.S. Dist. LEXIS 67595 (D. Hawaii, September 11, 2007) (CV. NO. 04-00463 DAE-BMK):

--Ruling in CWA citizen suit, the Court denied Defendant's City and County of Honolulu's Motion to Stay without prejudice.

(44)   *Sierra Club v. City & County of Honolulu,* 2007 U.S. Dist. LEXIS 80452 (D. Hawaii, October 30, 2007) (CV. NO. 04-00463 DAE-BMK):

--Ruling in CWA citizen suit granting in part and denying in part plaintiffs' motion for partial summary judgment on plaintiffs' third, fourth and eighth claims.

(45)   *Sierra Club v. City & County of Honolulu,* 2008 U.S. Dist. LEXIS 14533 (D. Hawaii, February 26, 2008) (CV. NO. 04-00463 DAE-BMK):

--Ruling in CWA case reversing previous dismissal of plaintiffs' claims on res judicata grounds.

(46)   *Sierra Club v. City & County of Honolulu,* 2008 U.S. Dist. LEXIS 37896 (D. Hawaii, May 7, 2008) (CV. NO. 04-00463 DAE-BMK):

--Ruling in CWA citizen suit, where the Court denied Defendant City and County of Honolulu's Motion to Dismiss Plaintiffs' First and Second claims for Relief.

9

--Subsequently cited by three reported court decisions.

(47)   *Sierra Club v. City & County of Honolulu,* 2008 U.S. Dist. LEXIS 64262 (D. Hawaii, August 18, 2008) (CV. NO. 04-00463 DAE-BMK):

--Ruling in CWA case, order granting in part and denying in part without prejudice Plaintiffs' motion for partial summary judgment on Plaintiffs' first and second claims; and order denying Defendant's motion to dismiss Plaintiffs' second claim.

--Subsequently cited by three reported court decisions.

(48)   *Sierra Club v. City & County of Honolulu,* 2008 U.S. Dist. LEXIS 94061 (D. Hawaii, November 18, 2008) (CV. NO. 04-00463 DAE-BMK):

--Ruling in CWA case, denying Plaintiff's motion for permanent injunctive relief.

(49)   *Sierra Club v. City & County of Honolulu,* 2009 U.S. Dist. LEXIS 285 (D. Hawaii, January 6, 2009) (CV. NO. 04-00463 DAE-BMK):

--Ruling in in CWA case granting CCH's motion for partial reconsideration and/or revision and made the requested revisions.

(50)   *Sierra Club v. Ga. Power Co., 365 F. Supp. 2d 1283* (N.D. GA. July 12, 2003) (CIVIL ACTION NO. 3:02-CV-151-JTC):

--Ruling in Clean Air Act ("CAA") citizen suit denying defendant's motion to dismiss claims

(51)   *Sierra Club v. Ga. Power Co., 365 F. Supp. 2d 1287* (N.D. GA. June 10, 2004) (CIVIL ACTION NO. 3:02-CV-151-JTC):

--Ruling in CAA citizen suit granting partial summary judgment to defendant.

--Subsequently cited by three reported court decisions.

(52)   *Sierra Club v. Ga. Power Co., 365 F. Supp. 2d 1297* (D N.D. GA.  2004) (CIVIL ACTION NO. 3:02-CV-151-JTC*)*:

--Ruling in CAA citizen suit granting partial summary judgment to plaintiffs and partial summary judgment to defendant.

(53)   *Sierra Club v. Ga. Power Co.,* 2007 U.S. Dist. LEXIS 100219 (N.D. GA. January 11,

2007) (CIVIL ACTION NO. 3:02-CV-151-JTC):

--Ruling in CAA citizen suit partially granting defendant summary judgment.

--Subsequently cited by three reported court decisions.

(54)   *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.* 2007 U.S. Dist. LEXIS
81636 (E.D. Cal. Oct. 16, 2007) (Case NO. CIV. S-06-2845 LKK/JFM):

--Order in APA, ESA, and FOIA case granting in part and denying in part federal
defendants to dismiss the plaintiffs' second, third, fifth, and eighth claims.

--Subsequently cited by two reported court decisions.

(55)   *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2008 U.S. Dist. LEXIS
107177 (E.D. Cal. June 20, 2008) (NO. CIV. S-06-2845 LKK/JFM):

--Ruling in FOIA case ordering Defendants to produce Vaughn declarations or indices
addressing the deliberative process privilege asserted for documents responsive to FOIA
request.

--Subsequently cited by 15 reported court decisions.

(56)   *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.,* 2008 U.S. Dist. LEXIS
78328 (E.D. Cal. Aug. 25, 2008) (NO. CIV. S-06-2845 LKK/JFM):

--Ruling in ESA and APA case denying plaintiff's motion to compel discovery, but
reminding federal defendants of their obligation to provide in the administrative record
all documents directly or indirectly considered by the decisionmaker.

--Subsequently cited by three reported court decisions.

(57)   *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2009 U.S. Dist. LEXIS
42347 (E.D. Cal. May 6, 2009) (NO. CIV. S-06-2845 LKK/JFM):

--Ruling in ESA and APA case partially granting plaintiffs' motion to compel discovery.

--Subsequently cited by one reported court decision.


(58)   *South Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 257 F.R.D. 607 (E.D.
Cal. 2009) (NO. CIV. S-06-2845 LKK/JFM):

11

--Ruling in ESA case denying motion for preliminary injunction without prejudice.

--Subsequently cited by 15 reported court decisions.

(59)   *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2012 U.S. Dist. LEXIS 42287 (E.D. Cal. Mar. 26, 2012)

-- ruling in ESA and APA case granting plaintiffs' motion for attorneys fees and costs and awarding $1,875,951.20 in attorneys fees and costs to plaintiffs.

(60)   *South Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2012 U.S. Dist. LEXIS 157183 (E.D. Cal. Nov. 1, 2012) (NO. CIV. S-06-2845 LKK/JFM):

--Order in ESA case denying Plaintiffs' motion for a supplemental order directing the Federal Defendants to pay the attorneys' fees and costs awarded by the court pending appeal.

(61)   *S. Yuba River Citizens League v. NMFS*, 629 F. Supp. 2d 1123 (E.D. Cal. 2009) (NO. CIV. S-06-2845 LKK/JFM)*:*

--Ruling in ESA citizen suit granting defendant's motion to compel plaintiffs' response to expert discovery and denying preliminary injunction motion without prejudice pending completion of discovery (note: preliminary injunction subsequently granted by later ruling).

--Subsequently cited by 13 reported court decisions.

(62)   *S. Yuba River Citizens League v. NMFS*, 723 F. Supp. 2d 1247 (E.D. Cal. 2010) (NO. CIV. S-06-2845 LKK/JFM):

--Ruling in ESA citizen suit granting plaintiffs summary judgment that National Marine Fisheries Service biological opinion was arbitrary and capricious, but declining to grant judgment that the biological opinion was void ab initio.

--Subsequently cited by 23 reported court decisions.

(63)   *S. Yuba River Citizens League v. NMFS*, No. 06-2845, 2010 U.S. Dist. LEXIS 125403 (E.D. Cal. Nov. 16, 2010) (NO. CIV. S-06-2845 LKK/JFM):

--Ruling in ESA citizen suit denying motion for preliminary injunction without prejudice

(note: partial injunction was ordered in response to subsequent motion in this case) and dismissing certain claim without prejudice as prudentially moot.

--Subsequently cited by one reported court decisions.

(64) *S. Yuba River Citizens League v. NMFS*, No. 06-2845, 2011 U.S. Dist. LEXIS 49164 (E.D. Cal. April 28, 2011) (NO. CIV. S-06-2845 LKK/JFM):

--Ruling in ESA citizen suit setting appropriate timeline for remand to NMFS to complete a new biological opinion concerning federal action on the Yuba River.

(65) *S. Yuba River Citizens League v. NMFS*, 804 F. Supp. 2d 1045 (E.D. Cal. 2011) (NO. CIV. S-06-2845 LKK/JFM):

--Ruling in ESA citizen suit partially granting motion for injunction imposing remedy to ESA-listed species pending issuance of new biological opinion for federal action.

--Subsequently cited by six reported court decisions.

(66) *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 851 F. Supp. 2d 1246 (E.D. Cal. 2012) (NO. CIV. S-06-2845 LKK/JFM):

--Ruling in ESA citizen suit denying plaintiffs' motion for partial reconsideration of final remedy order and dismissal of one asserted claim.

--Subsequently cited by two reported court decisions.

(67) *S. Yuba River Citizens League v. NMFS*, No. 13-00059, 2013 U.S. Dist. LEXIS 114477 (E.D. Cal. Aug. 13, 2013) (No. 2:13-cv-00059-MCE-EFB; No. 2:13-cv-00042-MCE-CKD (Related Cases)):

--Ruling in ESA citizen suit granting voluntary dismissal and denying motion for attorneys fees and costs.

(68) *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2015 U.S. Dist. LEXIS 11423 (E.D. Cal. Jan. 29, 2015) (No. 2:13-cv-00059-MCE-EFB):

--Ruling in ESA and APA case granting voluntary dismissal and denying plaintiffs' motion for attorneys fees and costs.

(69) *Suncoast Waterkeeper v. City of Gulfport*, 2017 U.S. Dist. LEXIS 65959 (M.D. Fl. May

13

1, 2017) (CASE NO. 8:17-cv-35-T-24 MAP):

--Ruling in CWA citizen suit denying defendant's motion to dismiss.

(70)   *Suncoast Waterkeeper v. City of Gulfport*, 2017 U.S. Dist. LEXIS (M.D. Fl. May 9,

2017) (CASE NO. 8:17-cv-35-T-24 MAP):

--Ruling in CWA citizen suit denying Plaintiffs' Motion for Rule 11 Sanctions.

(71)   *Suncoast Waterkeeper v. City of St. Petersburg*, 2018 U.S. Dist. LEXIS 10622 (M.D. Fla.

Jan. 22, 2018)

--order denying defendant's motion to stay case in CWA citizen suit.

(72)   *Suncoast Waterkeeper v. City of St. Petersburg*, 2018 U.S. Dist. LEXIS 9849 (M.D. Fla.

Jan. 22, 2018)

--order granting in part and denying in part plaintiff's motion to strike defendant's

affirmative defenses in CWA citizen suit.

(73)   (*Suncoast Waterkeeper v. City of St. Petersburg*, No. 8:16-cv-3319-T-27AEP, 2018 U.S.

Dist. LEXIS 9849 (M.D. Fla. Jan. 22, 2018)

--ordered denying defendant's motion for summary judgment in CWA citizen suit.

(74)   *Suncoast Waterkeeper v. City of St. Petersburg*, No. 8:16-cv-3319-T-27AEP, 2020 U.S.

Dist. LEXIS 54877 (M.D. Fla. Mar. 30, 2020)

--awarding attorneys fees and costs to the plaintiff environmental organizations in Clean

Water Act citizen suit.

-- Subsequently cited by one reported decision.

(75)   *United States v. City & County of Honolulu,* 2007 U.S. Dist. LEXIS 54402 (D. Haw.,

July 26, 2007) (CIVIL NO. 07-00235DAE-KSC):

--Ruling in CWA action brought by the U.S. Environmental Protection granting

intervention to nonprofit environmental groups represented by Mr. Sproul.

(76)   *United States v. City & County of Honolulu*, 2007 U.S. Dist. LEXIS 100224 (D. Haw.

November 21, 2007) (CIVIL NO. 07-00235DAE-KSC):

--Ruling in CWA action brought by the U.S. Environmental Protection Agency adopting

14

conditions of intervention for nonprofit environmental groups represented by Mr. Sproul.

--Subsequently cited by three reported court decisions.

(77)   *United States v. City & County of Honolulu*, 2007 U.S. Dist. LEXIS 90532 (D. Haw.
Dec. 10, 2007) (CIVIL NO. 07-00235DAE-KSC):

--Order adopting magistrate's findings and recommendation.

(78)   *United States v. City & County of Honolulu*, 2007 U.S. Dist. LEXIS 100226 (D. Haw.,
December 23, 2007) (CIVIL NO. 07-00235DAE-KSC):

--Ruling amending magistrate's findings and recommendations.

(79)   *Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC (PLAx),
2017 U.S. Dist. LEXIS 153184 (C.D. Cal. Sep. 8, 2017)

--Ruling in ESA case granting in part plaintiffs' motion in limine.

(80)   *Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC (PLAx),
2017 U.S. Dist. LEXIS 213759 (C.D. Cal. Dec. 1, 2017)

--Ruling in ESA case granting in part plaintiffs' motion for summary judgment.

(81)   *Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC (PLAx),
2018 U.S. Dist. LEXIS 174505 (C.D. Cal. Sep. 23, 2018)

– post trial order in ESA case granting plaintiffs their requested injunction.

 ---Subsequently cited by one reported court decision.

(82)   *Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC (PLAx),
2018 U.S. Dist. LEXIS 222582 (C.D. Cal. Dec. 1, 2018)

-- final posttrial judgment granting Plaintiffs' requested ESA injunction.

(83)   *Wishtoyo Found. v. United Water Conservation Dist.*, No. CV 16-3869-DOC (PLAx),
2019 U.S. Dist. LEXIS 39927 (C.D. Cal. Mar. 5, 2019)

-- awarding attorneys $2,922,974.25 in fees and $297,328.76 in cost to plaintiffs.

--Subsequently cited by three reported court decisions.

(84)   *Wright v. Dunbar,* 1 Fed. Appx. 656 (January 8, 2001) (No. 99-15792, No. 99-16207):

--decision in case asserting CWA claims and claims arising under 42 U.S.C. § 1983

affirming summary judgment in favor of state defendants (note: Mr. Sproul represented the state defendants in this matter).

--Subsequently cited by one reported court decision.