ANDREW L. PACKARD (State Bar No. 168690)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
E-mail: andrew@packardlawoffices.com

BRIAN D. ACREE (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
Tel: (510) 517-5196
E-mail: brian@brianacree.com

WILLIAM N. CARLON (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115
E-mail: william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS,<br><br>    Plaintiff,<br><br>  v.<br><br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, ERIC MILLER, and DENNIS SCHMIDT,<br><br>    Defendants. | Case No: 2:20-cv-00123-DJC-DMC<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing Date: October 3, 2024<br>Hearing Time: 1:30 p.m.<br>Courtroom: 10, Hon. Daniel J. Calabretta |

Plaintiff California Open Lands, by and through its attorneys, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents filed in the California Court of Appeal and the Superior Court for the County of Butte. (*Reyn's Pasta Bella, LLC v. Visa USA, Inc.* (9th Cir. 2006) 442 F.3d 741, 746 fn.6 [Court "may take judicial notice of court filings and other matters of public record."]; *Markel v. Union of Orthodox Jewish Congregations of America* (C.D. Cal. 2023) 648 F.Supp.3d 1181, 1185 )

1. On March 4, 2024, the Court of Appeal of the State of California for the Third Appellate District issued an opinion in the state court case, *California open Lands v. Butte County Dept. of Public Works*, Case No. C097297, Super. Ct. Case No, 20CV01220. A true and correct copy of that decision is attached hereto as **Exhibit 1**.

2. On June 26, 2024, after the above-referenced case was remanded back to the Superior Court of Butte County, the Honorable Tamara L. Mosbarger issued a minute order granting Plaintiff's Motion for Enforcement Costs in Superior Court Case No. 20CV01220. A true and correct copy of that minute order is attached as **Exhibit 2**.

Dated: July 18, 2024     LAW OFFICES OF ANDREW L. PACKARD

By:     /s/ Andrew L. Packard
        Andrew L. Packard
        Attorneys for Plaintiff
        CALIFORNIA OPEN LANDS

# EXHIBIT 1

Case 2:20-cv-00123-DJC-DMC   Document 113   Filed 07/24/24   Page 4 of 18

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 2/9/2024 by K. Wang, Deputy Clerk

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| CALIFORNIA OPEN LANDS, | |
| Plaintiff and Appellant, | C097297 |
| v. | (Super. Ct. No. 20CV01220) |
| BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, | |
| Defendant and Respondent. | |

California Open Lands (Open Lands) sued Butte County Department of Public Works (Public Works) alleging a violation of the terms of a conservation easement grant. After the parties reached a settlement, Open Lands moved for an award of attorney's fees and costs. The trial court granted the motion in part and denied it in part.

Open Lands now contends the trial court (1) should have applied out-of-area market rates for Open Lands counsel, (2) should not have reduced the fee award based on an unsubstantiated factual finding, (3) should have awarded attorney's fees for time spent replying in support of the motion for attorney's fees and costs, and (4) should have awarded costs related to experts and staff.

1

We conclude (1) the trial court should have fully considered the applicability of out-of-area market rates by determining whether qualified local counsel was unavailable to represent Open Lands, (2) the record does not support the factual finding upon which the trial court based its decision to reduce the Open Lands fee award by 30 percent, (3) the trial court should not have omitted attorney's fees for time reasonably spent replying in support of the motion for attorney's fees and costs, and (4) the trial court did not abuse its discretion in declining to award costs related to experts and staff.

We will reverse the trial court's order to the extent it did not fully consider the applicability of out-of-area market rates, imposed a 30 percent reduction in the attorney's fee award, and omitted attorney's fees for time reasonably spent replying in support of the motion for attorney's fees and costs.  We will otherwise affirm the trial court's order.

## BACKGROUND

To mitigate environmental impacts related to the expansion of its landfill and as required under a permit issued by the United States Army Corps of Engineers for impacts to waters of the United States anticipated as part of the landfill expansion, Public Works granted Open Lands a conservation easement over a portion of the property on which the landfill was located.  A conservation easement is an agreement between a landowner and a land trust or government entity to keep land predominantly in its natural, scenic, historical, agricultural, forested, or open-space condition in perpetuity.  (Civ. Code, §§ 815.1, 815.2; *Sonoma Land Trust v. Thompson* (2021) 63 Cal.App.5th 978, 982 (*Sonoma Land Trust*).)  Open Lands was a private, nonprofit corporation authorized to hold conservation easements under Civil Code section 815 et seq.  We will refer to the conservation easement grant as the easement.

The easement identified an approximately three-acre area as the Preserve. The Preserve contained a stormwater detention basin, wetlands, and buffer zones.  The purpose of the easement was to ensure that the Preserve would be retained as open space in perpetuity and to prevent any use that would harm its natural resources.  The easement

required Public Works to maintain the Preserve in accordance with an open space management plan and it required Open Lands to prevent activities inconsistent with the purpose of the easement.  The easement prohibited the following activities in the Preserve, unless approved by the United States Army Corps of Engineers:  discharge of soil or waste materials; excavation of soil; destruction of natural trees or vegetation, except as provided in the open space management plan; and use of motorized vehicles, except as provided in the open space management plan or with the prior written approval of the United States Army Corp of Engineers.

In the event of a violation of the easement, Open Lands was required to give written notice of the violation and to demand corrective action.  Open Lands could bring an action to enforce the easement and to require restoration of the Preserve if Public Works failed to timely cure a violation.  The easement provided that the prevailing party in any action to enforce the easement would be entitled to costs of suit and attorney's fees.

In September and December 2019 and January 2020, Open Lands informed Public Works in writing of violations of the easement and demanded specified corrective actions.  On January 16, 2020, Open Lands filed a complaint in federal court against Public Works, its Director, and the manager of the landfill.  The federal action alleged that the defendants violated the Clean Water Act (33 U.S.C. § 1251 et seq.) and the state's General Industrial Permit for Stormwater Discharges when contaminated stormwater was discharged from the landfill into wetlands protected by the easement.  Three weeks later, Public Works responded to Open Lands' demands for remedial action, agreeing to some demands and rejecting or requesting clarification on the others.  In subsequent e-mails, Open Lands and Public Works disagreed about where in the Preserve Public Works had conducted excavation activities and whether those activities were prohibited.

Open Lands filed a complaint for declaratory and injunctive relief against Public Works in Butte County Superior Court on June 19, 2020. Its second amended complaint, the operative pleading here, sought a declaration that Public Works violated the easement by causing the following activities in the Preserve: discharge of leachate, excavation of soil, destruction of vegetation, use of motorized equipment, and discharge of methane and untreated landfill gases. Public Works filed a cross-complaint for declaratory relief, asserting that it could conduct maintenance or repair activities in the stormwater detention basin of the Preserve so long as those activities did not impact preserved wetlands or waters of the United States.

The parties ultimately settled the matter. Open Lands then moved for an award of $766,078.00 in attorney's fees and $59,325.07 in costs pursuant to the easement, Civil Code section 815.7, and Code of Civil Procedure section 1021.5.[1] Its request for fees was based on the market rates for attorneys in the San Francisco Bay area and a multiplier and was for fees for the Butte County action only. Public Works opposed the motion. The trial court granted the motion in part and denied it in part.

## DISCUSSION

### I

Open Lands contends the trial court applied an incorrect test for determining whether a fee award based on out-of-area market rates was appropriate.

---

[1] Civil Code section 815.7 authorizes an award of attorney's fees and costs to the prevailing party in an action to enforce the terms of a conservation easement. (Civ. Code, § 815.7, subd. (d).) Code of Civil Procedure section 1021.5 provides for the award of attorney's fees to a successful party in an action that has resulted in the enforcement of an important right affecting the public interest where a significant benefit has been conferred on a large class of persons and the necessity and financial burden of private enforcement are such as to make the award of fees appropriate. (*Ebbetts Pass Forest Watch v. Department of Forestry & Fire Protection* (2010) 187 Cal.App.4th 376, 381.)

In determining a reasonable attorney's fee award, a trial court generally begins by calculating a lodestar figure based on the hours reasonably spent multiplied by the reasonable prevailing hourly rate for private attorneys performing comparable legal services in the community on a noncontingency basis.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132-1136 (*Ketchum*); *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095; *Sonoma Land Trust, supra*, 63 Cal.App.5th at p. 983; *Environmental Protection Information Center v. Department of Forestry & Fire Protection* (2010) 190 Cal.App.4th 217, 248 (*Environmental Protection Information Center*).)  The determination of what constitutes reasonable attorney's fees is committed to the discretion of the trial court.  (*PLCM Group, Inc.,* at p. 1096.)  We will reverse the trial court's decision only if it exceeded the bounds of reason, such as when the trial court applied an incorrect legal standard.  (*Department of Water Resources Environmental Impact Cases* (2022) 79 Cal.App.5th 556, 573 (*DWR*); *Waterwood Enterprises, LLC v. City of Long Beach* (2020) 58 Cal.App.5th 955, 966-968 (*Waterwood Enterprises, LLC*); see *Sonoma Land Trust,* at p. 983.)

Although the general rule is that the reasonable hourly rate is the prevailing rate for similar work in the community where the court is located, where local counsel was unavailable or hiring local counsel was impracticable, a trial court must consider out-of-area market rates in calculating the lodestar amount.  (*Caldera v. Department of Corrections & Rehabilitation* (2020) 48 Cal.App.5th 601, 605, 609-611 (*Caldera*); *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 608-609, 618-619 (*Center for Biological Diversity*); *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 397-399 (*Horsford*); see *Marshall v. Webster* (2020) 54 Cal.App.5th 275, 284-287; *In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 581-583; *Environmental Protection Information Center, supra*, 190 Cal.App.4th at p. 248.)

Here, the trial court concluded the Open Lands lawsuit involved a breach of contract and did not require specialized expertise on the Clean Water Act. But the trial court should have fully considered the applicability of out-of-area market rates by determining whether qualified local counsel was unavailable to represent Open Lands. (*Caldera, supra*, 48 Cal.App.5th at p. 609; *Center for Biological Diversity, supra*, 188 Cal.App.4th at p. 619.)

The declaration of Open Lands' Executive Director Holly Nielsen showed that Nielsen could not find local counsel to represent Open Lands and the Law Offices of Andrew Packard was the only law firm Nielsen contacted that was willing to act as lead counsel for Open Lands on a contingency basis. Nielsen's declaration indicated that Open Lands made a good faith effort to find local counsel, and nothing more than a good faith effort to find local counsel is needed to justify the fees of out-of-town counsel. (*Environmental Protection Information Center, supra*, 190 Cal.App.4th at p. 249; *Horsford, supra*, 132 Cal.App.4th at p. 399.) The evidence Public Works presented in opposition to the Open Lands motion did not show that qualified local counsel was available to represent Open Lands in the Butte County action, nor did it contradict Nielsen's averments about her efforts to retain local counsel.

Public Works asserts it was not necessary for Nielsen to find a conservation easement or Clean Water Act specialist. But Nielsen's efforts to find counsel with expertise on conservation easements may have been reasonable inasmuch as Open Lands claimed Public Works violated the terms of a conservation easement. Her efforts to find counsel with expertise on the Clean Water Act may also have been reasonable because the easement provided that interpretation and performance of the easement shall be governed by laws including the Clean Water Act, and Open Lands alleged Public Works caused contaminated stormwater to be discharged into the Preserve, which the easement acknowledged included waters of the United States that were regulated under the Clean Water Act. That the Butte County action may have turned out to be less complex than

6

Open Lands had anticipated was not necessarily a reason to reject out-of-area rates.  (See *Environmental Protection Information Center, supra*, 190 Cal.App.4th at p. 249.)

We will remand the matter to the trial court so that it can fully consider the applicability of out-of-area market rates by determining whether qualified local counsel was unavailable to represent Open Lands.  (*Caldera, supra*, 48 Cal.App.5th at p. 611; *Center for Biological Diversity, supra*, 188 Cal.App.4th at p. 619.)

II

Open Lands next argues the trial court reduced the fee award by 30 percent based on a factual finding that had no evidentiary support:  that Public Works offered to restore the Preserve before Open Lands filed the Butte County action.

A discretionary ruling based on a finding of fact is an abuse of discretion if no substantial evidence supports the fact.  (See *Borissoff v. Taylor & Faust* (2004) 33 Cal.4th 523, 531; *DWR, supra*, 79 Cal.App.5th at p. 573; *Waterwood Enterprises, LLC, supra*, 58 Cal.App.5th at pp. 966-967.)  A finding is not supported by substantial evidence if there is no reasonable basis for it in the record.  (*DWR*, at p. 573.)

The trial court reduced the fee award by 30 percent based on its finding that before Open Lands filed the Butte County action, Public Works offered to restore the Preserve in a manner similar to the restoration provided in the settlement agreement.  The settlement agreement required Public Works to regrade and restore an area of the stormwater detention basin "pursuant to the Sedimentation Basin Reseeding specifications" used in the original construction of the stormwater detention basin.  However, no substantial evidence supports the trial court's finding that Public Works made a pre-lawsuit offer to restore the Preserve in the manner provided in the settlement agreement.  Letters from Public Works dated August 5, 2019, September 10, 2019, and February 6, 2020, and e-mails from Public Works dated January 13, 2020, February 5, 2020, and April 10, 2020, did not offer to restore the stormwater detention basin or any area of the property covered by the easement as described in the settlement agreement.

7

The declarations of Brunella Wood and Eric Miller submitted in opposition to the Open Lands motion averred that Miller developed a proposal to restore an excavated area of the stormwater detention basin pursuant to the "Sedimentation Basin Reseeding specifications" used in the original construction of the "primary sedimentation pond/preserve." But none of the declarations presented by Public Works indicate that Public Works communicated Miller's proposal to Open Lands before Open Lands filed its lawsuit. Because no substantial evidence supports the factual finding upon which the trial court based its decision to reduce the Open Lands attorney fee award by 30 percent, we will reverse that portion of the trial court's order.

Open Lands appears to assert that the trial court also denied an Open Lands request for a multiplier based on the unsupported factual finding. We do not interpret the trial court's order to have done so.

### III

Open Lands also argues the trial court erred in refusing to award any attorney's fees for work on the Open Lands reply in support of its motion for attorney's fees and costs.

Absent circumstances rendering the award unjust, an attorney's fee award should include compensation for all hours reasonably spent, including time spent litigating a motion for attorney's fees. (*Ketchum, supra*, 24 Cal.4th at pp. 1133, 1141; *City of Los Angeles v. Metropolitan Water Dist. of Southern California* (2019) 42 Cal.App.5th 290, 308-309; *Roe v. Halbig* (2018) 29 Cal.App.5th 286, 311 (*Roe*).)

The trial court's award did not include the time Open Lands attorneys spent on reply papers in support of the motion for attorney's fees and costs. Public Works did not argue in the trial court and does not now contend that the time Open Lands attorneys spent on reply papers was unreasonable. The trial court did not state why it denied an award of attorney's fees for the reply papers and we do not discern a basis for the denial. We will reverse this portion of the trial court's order.

8

IV

Open Lands further contends the trial court should have awarded costs related to experts and staff.

A

Public Works designated Michael Mays as a retained expert and trial witness. Open Lands deposed Mays and sought an award of $2,000 for Mays's expert witness fee for the deposition and $2,219.51 for an item designated as "Nygard Reports" for Mays's deposition. There was no evidence describing the Nygard Reports. The trial court disallowed those cost items.

Under Code of Civil Procedure section 1032, except as otherwise expressly provided by statute, a prevailing party in a civil case is entitled to recover costs. (Code Civ. Proc., § 1032, subd. (b).) Code of Civil Procedure section 1033.5 lists the items that may and may not be allowed as costs under section 1032. (Code Civ. Proc., § 1033.5. subds. (a), (b).) The fees of experts not ordered by the trial court or agreed to by contract are not an allowable item of costs and are not recoverable as part of a cost award. (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 74 (*Gorman*); *Carwash of America-PO v. Windswept Ventures No. I* (2002) 97 Cal.App.4th 540, 544; *Ripley v. Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1619, 1622-1627; see generally *Hsu v. Semiconductor Systems, Inc.* (2005) 126 Cal.App.4th 1330, 1341-1342; cf. *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 Cal.App.4th 1050, 1065-1067.)

Nothing in the record shows that Mays was an expert ordered by the trial court. In addition, the easement does not expressly provide for the recovery of expert fees, and Open Lands did not seek costs associated with Mays's deposition pursuant to contract. *Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, a case cited by Open Lands, is inapposite because it relates to the recovery of expert fees under Code of Civil Procedure section 998, subdivision (c), a statute that is not applicable here.

9

Open Lands appears to complain that the trial court did not explain why it refused to award costs associated with Mays's deposition. But there is no requirement for a trial court to issue a statement of decision or explain its reasoning. (*Ketchum, supra*, 24 Cal.4th at p. 1140; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294-1295; *Gorman, supra*, 178 Cal.App.4th at pp. 65-67; *In re Tobacco Cases I, supra*, 216 Cal.App.4th at p. 589.) And reversal is not required where there can be a rational basis for the trial court's decision. (*Sonoma Land Trust, supra*, 63 Cal.App.5th at pp. 988-989; see *Roe, supra*, 29 Cal.App.5th at p. 312; see *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329-330.)

There was a rational basis for the trial court's decision and it did not abuse its discretion.

B

Open Lands also sought an award of $16,225 for the work of Wood Watershed Sciences as consulting expert fees. The trial court denied the request.

As we have explained, the fees of experts not ordered by the trial court or agreed to by contract are not allowable unless otherwise expressly authorized by law. (Code Civ. Proc., § 1033.5, subd. (b)(1).) The cases cited by Open Lands do not hold that the fees of a consulting expert witness are a recoverable cost, and the trial court did not abuse its discretion.

C

In addition, Open Lands sought an award of $35,290 for the time charged by its Executive Director to enforce the easement. Among other things, the time involved reviewing documents, communicating with the Open Lands board of directors, media, and interested parties about the litigation, and conducting site visits. The trial court denied the request.

Code of Civil Procedure section 1033.5 does not authorize staff costs (Code Civ. Proc., § 1033.5, subd. (a)), nor does the easement, and Open Lands did not seek the

charges pursuant to contract.  None of the authorities cited by Open Lands hold that charges for staff time are recoverable as costs.  The trial court did not abuse its discretion.

## DISPOSITION

The trial court's order is reversed to the extent it did not fully consider the applicability of out-of-area market rates, imposed a 30 percent reduction in the attorney's fee award, and omitted attorney's fees for time reasonably spent replying in support of the motion for attorney's fees and costs.  The matter is remanded so the trial court can fully consider the applicability of out-of-area market rates by determining whether qualified local counsel was unavailable to represent Open Lands, and so it can consider a fee award that includes reasonable time spent litigating the motion for attorney's fees.  The order is otherwise affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

/s/ Mauro
MAURO, J.

We concur:

/s/ Earl
EARL, P. J.

/s/ Boulware Eurie
BOULWARE EURIE, J.

IN THE
# Court of Appeal of the State of California
IN AND FOR THE
**THIRD APPELLATE DISTRICT**

MAILING LIST

Re:  California Open Lands v. Butte County Department of Public Works
C097297
Butte County
No.   20CV01220

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

Andrew Lloyd Packard
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952

William Nazar Carlon
Law Offices of Andrew Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952-2321

Brian Darwin Acree
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103

William Ernest Camy
Porter Scott
350 University Avenue, Suite 200
Sacramento, CA 95825

Thomas L. Riordan
Porter Scott
350 University Avenue, Suite 200
Sacramento, CA 95825

Bradley Justin Stephens
Office of the County Counsel
25 County Center Drive, Suite 210
Oroville, CA 95965-3380

Honorable Stephen E. Benson
Judge of the Butte County Superior Court
One Court Street
Oroville, CA 95965
(By email)

# EXHIBIT 2



# Superior Court of California, County of Butte
## Minute Order

California Open Lands  vs Butte County Department of Public Works  20CV01220

| | | | |
|---|---|---|---|
| Hearing Type: | Review Hearing *Review of Order Vacating August 24, 2022 Order* | | |
| Hearing Date: | June 26, 2024 at 9:00 AM | Location: | NC-3; Department 1 - Tamara L. Mosbarger |
| Heard by: | Hon. Tamara L. Mosbarger, Judge | Courtroom Clerk: | Vivian M. Strang |
| Court Reporter: | N/A | Court Interpreter: | N/A |

**Appearances:**
3rd District Court of Appeal, Agency, not present
Butte County Department of Public Works, Defendant, Cross Complainant, not present
California Open Lands, Plaintiff, Cross Defendant, not present

David Norton, Retained Counsel, not present

William Carlon, Attorney, not present

**Proceedings:**
- The Court finds there are no appearances.

The tentative ruling is adopted, as follows:

This matter came on regularly for hearing on August 24, 2022, before the Honorable Stephen E. Benson, Judge Presiding, and an Order was thereafter entered that same date. The August 24, 2022 Order After Hearing, having been stricken, and this Court having considered the Third District Court's Decision of May 4, 2024, including fully considering the applicability of out-of-area market rates by determining whether qualified local counsel was unavailable to represent Plaintiff, rules as follows:

Plaintiff's Motion for Enforcement of Costs is granted as provided herein.

Plaintiff is awarded its full attorneys' fees for the proceedings in the trial court, minus the prior reduction by Judge Benson of 170 hours for time incurred litigating summary judgment motions, but including reasonable hours for work on the reply to the fee motion:

| | |
|---|---|
| Mr. Carlon: 425.5 hours x $400/hour = | $170,200.00 |
| Mr. Acree: 237.3 hours x $750/hour = | $177,975.00 |
| Mr. Packard: 242.7 hours x $825/hour = | $200,227.50 |
| Total Attorneys' Fees | $548,420.50 |
| Consulting Attorneys' Fees | $9,265.00 |
| Total Attorneys' Fees | $557,667.50 |
| Litigation Costs | $3,590.56 |

| | |
|---|---|
| Total Attorneys' Fees and Costs | $561,258.06 |

Counsel for the Plaintiff shall submit a form of order within two weeks.