1  Diane G. Kindermann (SBN 144426)
   dkindermann@aklandlaw.com
2  Glen C. Hansen (SBN 166923)
   ghansen@aklandlaw.com
3  ABBOTT & KINDERMANN, INC.
   2100 21st Street
4  Sacramento, California 95818
   Telephone:   (916) 456-9595
5  Facsimile:    (916) 456-9599

6  Attorneys for Defendants
   BUTTE COUNTY DEPARTMENT OF
7  PUBLIC WORKS, DENNIS SCHMIDT,
   ERIC MILLER

8

9              **UNITED STATES DISTRICT COURT**

10             **EASTERN DISTRICT OF CALIFORNIA**

11

12  CALIFORNIA OPEN LANDS, a non-        No.  2:20-CV-00123-KJM-DMC
    profit land trust organization,
13                                        **DEFENDANTS' OPPOSITION TO**
                  Plaintiff,              **PLAINTIFF'S REQUEST FOR JUDICIAL**
14                                        **NOTICE IN SUPPORT OF MOTION FOR**
         v.                               **ATTORNEYS' FEES AND COSTS**
15
    BUTTE COUNTY DEPARTMENT OF
16  PUBLIC WORKS, a political             Hearing:    October 3, 2024
    subdivision of the State of California, Time:      1:30 p.m.
17  DENNIS SCHMIDT, an individual,        Location:   Courtroom: 10
    and ERIC MILLER, an individual,      Judge:      Hon. Daniel J. Calabretta
18
                  Defendants.
19

20

21

22

23

24

25

26

27

28

-1-

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

1    Defendants Butte County Department Of Public Works, Dennis Schmidt and Eric

2    Miller (collectively, "Defendants") object to Plaintiff California Open Lands' ("Plaintiff")

3    Request For Judicial Notice In Support Of Motion For Attorneys' Fees And Costs

4    ("Plaintiff's RJN").    Plaintiff requests judicial notice of the following:

5        1. On March 4, 2024, the Court of Appeal of the State of California
6        for the Third Appellate District issued an opinion in the state court
         case, California open Lands v. Butte County Dept. of Public
7        Works, Case No. C097297, Super. Ct. Case No, 20CV01220. A
         true and correct copy of that decision is attached hereto as Exhibit
8        1.

9        2. On June 26, 2024, after the above-referenced case was
         remanded back to the Superior Court of Butte County, the
10       Honorable Tamara L. Mosbarger issued a minute order granting
         Plaintiff's Motion for Enforcement Costs in Superior Court Case
11       No. 20CV01220. A true and correct copy of that minute order is
         attached as Exhibit 2.

12

13   Plaintiff's reason for seeking such judicial notice is to demonstrate that "[i]n the state

14   court proceedings on appeal, the Third District Court of Appeals found that Ms.

15   Nielsen's unsuccessful but good faith efforts to retain local counsel for that action

16   warranted the application of San Francisco Bay Area rates for all three of the attorneys

17   seeking fees in this motion. See Plaintiff's Request for Judicial Notice."   Motion For

18   Attorneys' Fees and Costs ("Motion"), 20:25-28.  Plaintiff also seeks judicial notice of

19   the State Court's decisions in order to demonstrate that "[t]he decision of the California

20   Court of Appeal for the Third District and the Butte County Superior Court that Plaintiff

21   met the requirement of showing that no local counsel were available to take on this

22   matter, despite Plaintiff's diligent but unsuccessful attempts to retain local counsel

23   willing and able to take this case on a contingent fee basis, is therefore relevant to this

24   matter, since those decisions were based largely on the same facts."  Motion, 21:4-9.

25   This Court should deny Plaintiff's RJN.

26       Defendants object to the Plaintiff's RJN on the following grounds:

27       First, Plaintiff improperly seeks judicial notice of the truth of matter stated in the

28   state court records. "'[R]ecords of other courts generally may be noticed only to

-2-

1    establish the fact of the litigation and actions of that court. In general, *documents may*

2    *not be judicially noticed for the truth of the matter stated in them.*'" *Wilson v. Maricopa*

3    *County, Arizona*, 2007 U.S. Dist. LEXIS 15451 at *9 (D.Ariz., case no. CV-04-2873

4    PHX-DGC, March 2, 2007), quoting 2 Jack B. Weinstein & Margaret A. Berger,

5    Weinstein's Federal Evidence § 201.12[3] at 201-38 (2006) (emphasis and underline

6    added). *See In re Bare Escentuals, Inc. Sec. Lit.*, 745 F. Supp. 2d 1052, 1067 (N.D.

7    Cal. 2010) [in considering defendant's motion to dismiss, the court noticed the existence

8    of unrelated court documents, but would not take judicial notice of the documents for

9    the truth of the matter asserted therein]; *McMunigal v. Bloch*, No. C 10-02765 SI, 2010

10   U.S. Dist. LEXIS 136086, 2010 WL 5399219, *2 n. 1 (N.D. Cal. 2010) [granting judicial

11   notice of documents filed in another lawsuit for purposes of noticing the existence of the

12   lawsuit, claims made in the lawsuit, and that various documents were filed, but not for

13   the truth of the matters asserted therein.] Thus, this Court cannot take judicial notice of

14   the State Court decisions to establish the truth of the matter stated in such decisions.

15   And yet, that is the very reason why Plaintiff seeks judicial notice of those State Court

16   decisions.

17          Second, Plaintiff improperly requests that this Court take judicial notice of what

18   Plaintiff alleges are findings of fact within the State Court decisions about whether "local

19   counsel" was available to Plaintiff for the Butte County Superior Court litigation.

20   However, "taking judicial notice of findings of fact from another case exceeds the limits

21   of Rule 201." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003), *overruled on*

22   *other grounds, Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). *See*

23   *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.

24   1983) [stating general rule that "a court may not take judicial notice of proceedings or

25   records in another cause so as to supply, without formal introduction of evidence, facts

26   essential to support a contention in a cause then before it."] The Ninth Circuit

27   explained:

28               Factual findings in one case ordinarily are not admissible for their
                 truth in another case through judicial notice. See 21 Charles Alan

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Wright & Kenneth A. Graham, Jr., Federal Practice & Procedure § 5106 (Supp. 2001) (stating "courts should distinguish between taking judicial notice of the truth of some extrajudicial fact recited in a court record and the use of those facts for some purpose that does not depend on the truth of the facts recited"). In agreement with M/V Am. Queen, other circuits have held that a court may not take judicial notice of findings of fact from a different case for their truth. [*Wyatt,* 315 F.3d at 1114 n.5 [citing cases].]

There is no finding in the Third District Court of Appeal decision (Exhibit 1) that states, as Plaintiff alleges, "that Ms. Nielsen's unsuccessful but good faith efforts to retain local counsel for that action warranted the application of San Francisco Bay Area rates for all three of the attorneys seeking fees in this motion."  In fact, the Court of Appeal decision *actually* states:  "We will remand the matter to the trial court so that it can fully consider the  applicability of out-of-area market rates by determining whether qualified local counsel was unavailable to represent Open Lands."  Plaintiff's RJN, Ex. 1, at 7 (Docket 113, at 10).

Also, contrary to Plaintiff's argument, neither the decision by the California Court of Appeal for the Third District, nor the decision by the Butte County Superior Court, state, as Plaintiff alleges, that "Plaintiff met the requirement of showing that no local counsel were available to take on this matter, despite Plaintiff's diligent but unsuccessful attempts to retain local counsel willing and able to take this case on a contingent fee basis."  The Court of Appeal decision (Exhibit 1) says no such thing.  Nor does the Butte County Superior Court decision (Exhibit 2).  In fact, both decisions *could not* make such statements because "this matter" and "this case" (Plaintiff's words) means the instant federal litigation before this United States District Court, and those State Court decisions did not, and could not, issue an opinion referring this federal lawsuit, which was not before those courts.  At a minimum, the issue that Plaintiff seeks to have resolved by judicial notice is hotly disputed.   While judicial notice may be taken of the existence and authenticity of public and quasi-public documents, the facts contained within those documents which are subject to reasonable dispute may not be

-4-

1    judicially noticed. *See California ex rel. RoNo, LLC v. Altus Finance S.A.*, 344 F.3d 920,

2    931 & n.8 (9th Cir. 2003); *Cactus Corner, LLC v. United States Dep't of Agric.*, 346

3    F.Supp.2d 1075, 1100 (E.D. Cal. 2004).

4          Third, the State Court decisions (Exhibit 1 and 2 to Plaintiff's RJN) are not

5    relevant here. "The Court need not, however, take notice of facts that do not provide

6    any additional relevant information." *Jimenez v. Storey Hotel Mgmt. Grp., LLC*, No.

7    2:22-cv-01112-JAM-DB, 2023 U.S. Dist. LEXIS 29271, 2023 WL 2166990, at *4

8    (E.D.Ca. Feb. 21, 2023).  *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2

9    (9th Cir. 1990) [declining to take judicial notice of another action "not relevant" to the

10   case]; *Neylon v. Cty. of Inyo*, No. 1:16-CV-0712-AWI-JLT, 2016 U.S. Dist. LEXIS

11   161326, 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) ["[I]f an exhibit is irrelevant

12   or unnecessary to deciding the matters at issue, a request for judicial notice may be

13   denied."]  Here, the State Courts' decisions are not relevant because they never

14   considered whether Sacramento counsel was unavailable for this federal lawsuit.  The

15   California Court of Appeal considered "the *community where the court is located*, where

16   local counsel was unavailable or hiring local counsel was impracticable" (Exhibit 1, at 4,

17   5 (emphasis added).  That community was "Butte County" and the court was the "Butte

18   County Superior Court," *ibid*, and so the "local counsel" in the State Action was counsel

19   located within Butte County.  *Ibid.*  The Court of Appeal decision and the Superior Court

20   decision made no analysis of the availability of Sacramento counsel at all.  Thus, the

21   State Courts never even considered whether *Sacramento* counsel was "unwilling or

22   unable to perform because they lack the degree of experience, expertise, or

23   specialization required to handle properly the case." *Gates v. Deukmejian*, 987 F.2d

24   1392, 1392 (9th Cir. 1992).  Therefore, the State Courts' decisions are not relevant in

25   the case at bar, and have no persuasive effect regarding the present Motion.  "The rule

26   is settled that cases are not authority for matters not considered. *Maule v. Biter*, No.

27   1:11-CV-00486 AWI GSA, 2011 U.S. Dist. LEXIS 110150, 2011 WL 4500879, at *14

28   (E.D.Ca. 2011) (citing *People v. Stone* (2009) 46 Cal.4th 131, 140 (Ca. 2009)).

1       Accordingly, Plaintiff's RJN should be denied in its entirety.

2

3   Dated:  August 7, 2024          ABBOTT & KINDERMANN, INC.

4

5                         By: _____

6                         GLEN C. HANSEN
                           DIANE G. KINDERMANN

7                         Attorneys for Defendants
                          BUTTE COUNTY DEPARTMENT OF

8                         PUBLIC WORKS, DENNIS SCHMIDT,
                          ERIC MILLER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**