Diane G. Kindermann (SBN 144426)
dkindermann@aklandlaw.com
Glen C. Hansen (SBN 166923)
ghansen@aklandlaw.com
ABBOTT & KINDERMANN, INC.
2100 21st Street
Sacramento, California 95818
Telephone:  (916) 456-9595
Facsimile:   (916) 456-9599

Attorneys for Defendants
BUTTE COUNTY DEPARTMENT OF
PUBLIC WORKS, DENNIS SCHMIDT,
ERIC MILLER

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA OPEN LANDS, a non-profit land trust organization,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, a political subdivision of the State of California, DENNIS SCHMIDT, an individual, and ERIC MILLER, an individual,<br><br>Defendants. | No.  2:20-CV-00123-KJM-DMC<br><br>**DEFENDANTS' OBJECTION TO NEW EVIDENCE FILED BY PLAINTIFF IN REPLY IN SUPPORT OF MOTION FOR ATTORENYS' FEES AND COSTS**<br><br>(Eastern District Civil L.R. 230(m)(1))<br><br>Hearing:    October 3, 2024<br>Time:       1:30 p.m.<br>Location:   Courtroom: 10<br>Judge:      Hon. Daniel J. Calabretta |

-1-

**OBJECTION TO NEW EVIDENCE IN PLAINTIFF'S REPLY RE MOTION FOR ATTORNEYS' FEES**

Pursuant to Local Rule 230(m)(1), Defendants Butte County Department Of Public Works, Dennis Schmidt, and Eric Miller (collectively, "Defendants") object to the new evidence submitted by Plaintiff California Open Lands ("Plaintiff") in the Reply papers filed on August 19, 2024, in support of Plaintiff's Motion For Attorneys' Fees And Costs. This Court should not consider, and should strike, such new evidence. Alternatively, this Court should allow the County to file a sur-reply that addresses the new evidence plaintiff has filed with its Reply Brief.

**A.    Local Rule 230(m)(1) Allows A Party To File Objections To New Evidence Submitted In Reply Papers.**

"'It is well accepted that the raising of new issues and submission of new facts in [a] reply brief is improper.'" *Bruce v. Chaiken*, No. 2: 15-cv-960 TLN KJN P, 2017 U.S. Dist. LEXIS 204491 at *1 (E.D.Ca., Dec. 12, 2017), quoting *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999). See *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D.Cal. 2006) [sustaining an objection to new evidence in a plaintiff's reply]; *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) [granting a motion to strike information and expert opinions introduced for the first time on reply and allowing the opposing party to submit its own supplemental evidence responding to the reply evidence]; *American Traffic Solutions, Inc. v. Redflex Traffic Sys. Inc.*, No. CV-08-2051-PHX-FJM, 2009 U.S. Dist. LEXIS 26727, 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009) ("The remedy for dealing with new evidence first appearing in a reply is that we will not consider issues or evidence raised for the first time in plaintiff's reply"]; *Queensridge Towers LLC v. Allianz Global Risks US Ins. Co.*, No. 2:13-CR-197 JCM (PAL), 2015 U.S. Dist. LEXIS 38689, at *6 (D.Nev., March 26, 2015) ["Where a reply asserts new evidence, the court may strike the information, and should not consider it without giving the opposing party an opportunity to respond"]; *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 1:17-cv-00519-MMB, 2021 U.S. Dist. LEXIS 227999, 2021 WL 5567300, at *1-*2 (D. Idaho, Nov. 29, 2021)["The Ninth Circuit has recognized that a district court has discretion either to decline to consider new facts or

arguments raised for the first time on reply because the other party has no opportunity to respond or else to consider the material if the court allows the other party such an opportunity."]

**B.    This Court Should Not Consider, And Should Strike, The New Evidence Submitted By Plaintiff With Its Reply Papers.**

This Court should not consider, or strike, the following new evidence that Plaintiff filed with its Reply Brief, as well as the arguments that were made in reliance on that new evidence:

- Paragraph 25 of the Declaration of Andrew Packard; and Exhibit 5, "the SWAPE invoices from Plaintiff's environmental consultants referenced in Exhibit 3 to my [Mr. Packard's] July 24, 2024 declaration filed with the moving papers."  This is new evidence Defendants have not had any opportunity to review and comment on, and Plaintiff gives no reason as to why it was not included in the moving papers.  *See e.g., Willis v. Koning & Assocs.*, No. 21-cv-00819-BLF, 2023 WL 2541327, 2023 U.S. Dist. LEXIS 43764, at *4-*5 (N.D.Ca., March 15, 2023) [The Hamilton declaration is new evidence that was improperly submitted for the first time on reply. [Citation.]  Plaintiff has not provided a good reason why the declaration was not submitted with his opening brief. The Court SUSTAINS this objection and will STRIKE the declaration of Nancy Hamilton."]

- Paragraph 26 of the Declaration of Andrew Packard; and Exhibit 6, "the fee expert Richard Pearl's invoice supporting his fees referenced in Exhibit 3 to my July 24, 2024 declaration filed with the moving papers."  This is new evidence Defendants have not had any opportunity to review and comment on, and Plaintiff gives no reason as to why it was not included in the moving papers.  *See e.g., Gutierrez v. 78th Judicial Dist. Court*, No. 1:07-cv-1268, 2009 U.S. Dist. LEXIS 45215, 2009 WL 1507415, at *1, (W.D. Mich. May 29, 2009) ["The opposing party should not have to incur the cost

**OBJECTION TO NEW EVIDENCE IN PLAINTIFF'S REPLY RE MOTION FOR ATTORNEYS' FEES**

and effort of additional filings -- a motion for leave to file a sur-reply, and the sur-reply itself -- because the movants deliberately, or more likely inadvertently, held back part of their case."]

- Paragraph 28 of the Declaration of Andrew Packard; and Exhibit 8, "the fee expert Christopher Sproul's August 19, 2024 invoice for services," which services were rendered from "7/9/2024" through "7/18/2024." This is new evidence Defendants have not had any opportunity to review and comment on, and Plaintiff gives no reason as to why it was not included in the moving papers. *See e.g., American Traffic Solutions, Inc. v. Redflex Traffic Sys. Inc.,* No. CV-08-2051-PHX-FJM, 2009 U.S. Dist. LEXIS 26727, 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009) ["The remedy for dealing with new evidence first appearing in a reply is that we will not consider issues or evidence raised for the first time in plaintiff's reply."])

- Paragraph 29 of the Declaration of Andrew Packard describes an *entirely new* 48-page table of "time entries," attached as Exhibit 9, which Mr. Packard "reviewed … and edited ... in the exercise of billing judgment to eliminate any duplicative or otherwise unbillable time." This is new evidence Defendants have not had any opportunity to review and comment on. Furthermore, Plaintiff gives no reason as to why he could not have properly created and edited that table the first time when it was presented with the moving papers. See e.g., *Wallace v. Countrywide Home Loans, Inc.*, NO. SACV 08-1463 AG (MLGx), 2009 U.S. Dist. LEXIS 110140, 2009 WL 4349534, at *18 (C.D.Ca., Nov. 23, 2009) ["A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence *should have been presented with the opening brief.*" (Emphasis added.)] And Mr. Packard does not explain how many hours he spent on that completely duplicative work in support of the motion; instead, he simply concludes that Plaintiff should receive an "additional fees in the

-4-
**OBJECTION TO NEW EVIDENCE IN PLAINTIFF'S REPLY RE MOTION FOR ATTORNEYS' FEES**

amount of $65,979.50" for that completely duplicative work, so that Plaintiff now seeks an astoundingly unreasonable amount of $163,889 for just its attorneys' fees motion in this case.

### C. Alternatively, This Court Should Allow The County To File A Sur-Reply That Addresses The New Evidence That Plaintiff Has Filed With Its Reply Brief.

Alternatively, this Court should allow the County to file a Sur-Reply that addresses the new evidence that Plaintiff has filed with its Reply Brief. *See In re Uber Text Messaging,* No. 18-cv-02931-HSG, 2019 U.S. Dist. LEXIS 23753, at *3-*4 (N.D. Ca., Feb. 13, 2019) ["The Local Rules thus 'recognize the potential inequities that might flow from the injection of new matter at the last round of briefing.' However, the 'unfairness inherent' in being unable to respond to new factual material may be mitigated by 'granting the objecting party leave to file a sur-reply opposition to the new matter.' (quoting *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171-72 (9th Cir. 2018).]

Defendants recognize this Court "generally views motions for leave to file a surreply with disfavor." *Perrotte v. Johnson*, No. 1:15-cv-00026-LJO-SAB (PC), 2019 U.S. Dist. LEXIS 174803 at *1 (E.D.Ca. 2019).  Therefore, if this Court denies the County an opportunity to file a sur-reply to respond to Plaintiff's new evidence, then this Court should simply not consider the new evidence and related arguments submitted by Plaintiff in its Reply papers. *See JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) [district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply.]

/ /

/ /

/ /

/ /

/ /

/ /

**OBJECTION TO NEW EVIDENCE IN PLAINTIFF'S REPLY RE MOTION FOR ATTORNEYS' FEES**

**D.      Conclusion.**

This Court should disregard all of the new evidence submitted by Plaintiff in its Reply papers, outlined above. Alternatively, this Court should provide the County with a reasonable opportunity to respond to the new evidence submitted by Plaintiff in its Reply papers.

Dated:  August 26, 2024                    ABBOTT & KINDERMANN, INC.

                                           By:   */s/ Glen C. Hansen*
                                                 GLEN C. HANSEN
                                                 DIANE G. KINDERMANN
                                                 Attorneys for Defendants
                                                 BUTTE COUNTY DEPARTMENT OF
                                                 PUBLIC WORKS, DENNIS SCHMIDT,
                                                 ERIC MILLER

**OBJECTION TO NEW EVIDENCE IN PLAINTIFF'S REPLY RE MOTION FOR ATTORNEYS' FEES**