ANDREW L. PACKARD (State Bar No. 168690)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com

Brian D. Acree (State Bar No. 202505)
Law Office of Brian Acree
95 3rd Street, Second Floor
San Francisco, CA 94103-3103
Tel: (510) 517-5196
E-mail: brian@brianacree.com

William N. Carlon (State Bar No. 305739)
Law Office of William Carlon
437 Post Street
Napa, CA 94559
Tel: (530) 514-4115
E-mail: william@carlonlaw.com

Attorneys for Plaintiff
CALIFORNIA OPEN LANDS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA OPEN LANDS,<br><br>　　Plaintiff,<br><br>　v.<br><br>BUTTE COUNTY DEPARTMENT OF PUBLIC WORKS, ERIC MILLER, AND DENNIS SCHMIDT,<br><br>　　Defendants. | Case No: 2:20-cv-00123-DJC-DMC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE, ECF NO. 120** |

### I. Defendants' Objections to New Evidence Are Legally and Factually Unsupported, Again.

Defendants are trying the same objections and expecting different results. Recycling part of their previously-filed, and previously-unsuccessful, objections to evidence, Defendants take issue with the evidence submitted by Plaintiff in response to arguments made in Defendants' Opposition to Plaintiff's Motion for Attorneys' Fees and Costs. They make no effort to address the Court's previous ruling on this topic, which Plaintiff already raised in its Reply brief. (ECF No. 115 at 10, fn. 4.) "[P]arties can file 'rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition.'" (ECF No. 104 at 10:2, fn. 6) (internal citations omitted). They make no effort to address any of the case law that Plaintiff previously provided on this topic. *See* (ECF No. 96 at 3:2-10.)

Here, Defendants object to evidence Plaintiff submitted in response to arguments raised in Defendants' opposition. ECF No. 120 at 3:4-5:3. However, the exhibits in question merely provide additional context to the facts asserted by Plaintiff in the Motion and disputed by Defendants in the Opposition. The evidence submitted on Reply was not advancing some new legal theory or claim, but rather rebuts the specific arguments that Defendants raised in their Opposition. Paragraph 25 of the Declaration of Andrew Packard and Exhibit 5 provide the invoices that Defendants had said were missing. Plaintiff had previously provided information that would have allowed the Court to grant these costs, but when Defendants opposed the motion on the grounds that the information was not detailed enough, additional information was appropriately provided to fully respond to Defendants' concerns.

Paragraph 26 of Packard's Declaration and Exhibit 6 provide similar information in that Defendants protested that Mr. Pearl's costs were not provided with enough information, and Plaintiff responded by providing that information, even though adequate information was provided in the moving papers to support the requested costs.

Paragraph 28 describes an invoice related to the case that was not received until August 19, 2024, the day the reply was filed. Like paragraph 27 above it, which Defendants do not object to, it could not have been filed with the original fee motion because it had not been received yet. Defendants had ample time to review the invoice, but do not identify any particular problem with it warranting further briefing, or attempt to show good cause for why a sur-reply is needed.

Paragraph 29 of Packard's Declaration and Exhibit 9 provides the support for Plaintiff's request for hours spent responding to Defendants' comprehensive opposition to the fee motion. Defendants take issue with these hours on the grounds that "Plaintiff gives no reason as to why he [sic] could not have properly created and edited that table the first time when it was presented with the moving papers." (ECF No. 4:19-21.) The reason why these hours could not have been included in the moving papers is that *they had not yet be worked*. The additional hours, as explained in Packard's Declaration, were for the "additional attorney time to complete" Plaintiff's reply papers. (ECF No. 117 at 9:7-8; *Rodgers v. Fitzgerald* (N.D. Cal., Sept. 7, 2016, No. 14-CV-00985-DMR) 2016 WL 4658974, *8 ("Courts routinely consider the amount of hours worked through the reply brief in considering a motion for attorneys' fees"). Defendants' have had a week to review the actual hours worked, and all of the necessary information is provided in the spreadsheet, but Defendants are not able to make any specific objection, or provide citation to any entries to which they object. Accordingly, they have failed to show good cause for what further arguments they wish to make or why a sur-reply should be granted

The evidence submitted by Plaintiff with its reply was proper, routine, and permissible. It should not be stricken. Defendants also have not demonstrated good cause for a sur-reply because they have failed to identify any actual arguments that require a further response from what they have stated in their objection. "With its objections to the evidence . . . defendant has amply argued its position concerning the 'new evidence' and therefore, there is no need for a sur-reply." *Koerner v. Grigas*, 328

F.3d 1039, 1048-49 (9th Cir. 2003). Plaintiff therefore respectfully requests that the objection be overruled, and the request for a sur-reply be denied due to a failure to make a good faith showing of what actual additional arguments Defendants wish to make.

| | |
|---|---|
| Respectfully Submitted, | LAW OFFICE OF WILLIAM CARLON |
| Date: August 26, 2024 | By:   /s/ William Carlon  <br>Attorney for Plaintiff<br>CALIFORNIA OPEN LANDS |